UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,<br><br>    Plaintiff<br><br>v.<br><br>ASITRADE, AG, BOBST GROUP USA,<br>INC., and LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br><br>    DEFENDANTS | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION<br>UNDER 28 U.S.C. § 1441(a)<br>(DIVERSITY OF CITIZENSHIP)**<br><br>MAGISTRATE JUDGE RBC |

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. FOM
DATE 12/14/04

**TO:** CLERK OF COURT, UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Plaintiff's counsel, Jeffery S. Ahern, 44 School Street, 6th floor, Boston, Massachusetts 02108.

Pursuant to 28 U.S.C. § 1441(a), Defendant Bobst Group USA, Inc. ("Bobst") and Defendant Asitrade, AG ("Asitrade") hereby give notice of removal of this action from the Superior Court Department of the Trial Court in Essex County, State of Massachusetts (Case No. ESCV2004-01702), where it is now pending, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, Defendants state as follows:

    1.    On December 6, 2004, counsel for Defendants received a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint received by Bobst's counsel is attached hereto as <u>Exhibit 1</u>.

    2.    This Notice is filed pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441 and 1446, which provide for the removal of any civil action where there is diversity of citizenship and the matter in controversy exceeds the sum and value of $75,000,

exclusive of interests and costs.

3.  On information and belief, this removal is timely under 28 U.S.C. § 1446(b) as it was filed within thirty (30) days of receipt by Bobst through service or otherwise of the initial pleading, provided to Bobst, setting forth Plaintiff's claims for relief upon which this action is based.

4.  Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Massachusetts is the federal district court for the district embracing the place where the state court is pending.

## **DIVERSITY JURISDICTION**

5.  At all times relevant, this Court has had and does have original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship of the Plaintiff and all Defendants, and because the requisite amount is in controversy.

6.  Based on the allegations in the Complaint, Plaintiff Ramon Gonzalez is a resident of Lawrence, Massachusetts. Defendant Bobst is a duly organized corporation with a usual and primary place of business in Roseland, New Jersey. Defendant Asitrade, AG is a corporation domiciled in Switzerland. Co-Defendant Liberty-Standard LLC is a Minnesota corporation[1]. The citizenship of these parties, as stated above, existed at the time the Summons and Amended Complaint were first provided to Bobst and remains unchanged. Accordingly, pursuant to 28 U.S.C. § 1332, complete diversity of citizenship existed when the lawsuit was commenced and still exists at present.

---

[1] Upon reliable information, Liberty-Standard LLC/Bicknell & Fuller is defunct or no longer operating. Moreover, that entity is or was plaintiff's employer and may not be sued pursuant to G.L. c. 152, the Workers Compensation Act.

7. The amount and value in controversy exceeds $75,000, exclusive of interest and costs. The Plaintiff's Civil Action Cover Sheet alleges damages in the amount of $100,000, plus unliquidated claims for pain and suffering, plus interest and costs. A true and correct copy of the Civil Action Cover Sheet is attached hereto as Exhibit 2.

8. On this date, Defendants Bobst and Asitrade served upon Plaintiff's counsel written notice of the filing of this Notice of Removal and is filing a true and correct copy of the Notice of Removal with the court administrator for the Superior Court Department of the Trial Court in Suffolk County, State of Massachusetts, in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 3.

WHEREFORE, Defendants Bobst and Asitrade jointly remove the above-captioned action from the Superior Court Department to the United States District Court for the District of Massachusetts.

BOBST GROUP USA, INC.,
By its attorneys,

John A. Donovan, Jr., Esq.
BBO No. 130600
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA 02210
(617) 406-4500

ASITRADE, AG
By its attorney

*/s/ John A. Donovan, Jr.*
*/s/ Kevin G. Kenneally*

John A. Donovan, Jr., Esq.
BBO No. 130600
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA  02210
(617) 406-4500

Dated: 12/10/04
00881718.DOC

I HEREBY CERTIFY THAT A TRUE COPY OF THE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF
RECORD FOR EACH OTHER PARTY BY MAIL/HAND

*/s/ Kevin G. Kenneally* 12/10/04

4

(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved: - (TORT) - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-1702-C

RAMON GONZALEZ

........................................................................................................................, Plaintiff(s)

v.

ASITRADE, AG, BOBST GROUP USA, INC. and
LIBERTY STANDARD, LLC d/b/a BICKNELL & FULLER
SPECIALTY PACKAGING

........................................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant: Bobst Group USA, Inc.

You are hereby summoned and required to serve upon Jeffrey S. Ahearn plaintiff's attorney, whose address is 44 School St., 6th Fl., Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01841 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire at Salem, the 1st day of December, in the year of our Lord two thousand four

*[signature]*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — (TORT) — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-1702-C

RAMON GONZALEZ

............................................................................................................, Plaintiff(s)

v.

ASITRADE, AG, BOBST GROUP USA, INC. and
LIBERTY STANDARD, LLC d/b/a BICKNELL & FULLER
SPECIALTY PACKAGING

............................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant: Bobst Group USA, Inc.

You are hereby summoned and required to serve upon Jeffrey S. Ahearn plaintiff's attorney, whose address is 44 School St., 6th Fl., Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01841 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire at Salem, the 1st day of December, in the year of our Lord two thousand four

*[signature]*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - (TORT) - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-1702-C

RAMON GONZALEZ

..................................................., Plaintiff(s)

v.

ASITRADE, AG, BOBST GROUP USA, INC. and
LIBERTY STANDARD, LLC d/b/a BICKNELL & FULLER
SPECIALTY PACKAGING

..................................................., Defendant(s)

## SUMMONS

To the above named Defendant: Bobst Group USA, Inc.

You are hereby summoned and required to serve upon Jeffrey S. Ahearn

plaintiff's attorney, whose address is 44 School St., 6th Fl., Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01841 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 1st day of December, in the year of our Lord two thousand four

*[signature]*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                      ESSEX SUPERIOR COURT
                                                                CIVIL ACTION NO.:

RAMON GONZALEZ,
       Plaintiff
v.

ASITRADE, AG,
BOBST GROUP USA, INC., and
LIBERTY-STANDARD, LLC,
d/b/a BICKNELL & FULLER SPECIALTY
PACKAGING,
       Defendants

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

SEP 1 4 2004

CLERK

## COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1.  This is an action brought by the Plaintiff Ramon Gonzalez for significant and ongoing physical injuries caused when Plaintiff Ramon Gonzalez' left arm was pulled into an industrial machine in the course of Plaintiff Ramon Gonzalez' employment.

### PARTIES

2.  The Plaintiff Ramon Gonzalez is an individual residing at 693 Essex Street, Lawrence, Essex County, Massachusetts.

3.  The Defendant Asitrade, AG (hereinafter "Asitrade") is a Swiss Corporation with a principal place of business at Niklaus-Wengi-Strasse 109, 2540 Grenchen, Switzerland. At all times relevant, Defendant Asitrade had minimum contacts within Massachusetts and this Court has jurisdiction over Defendant Asitrade pursuant to M.G.L. c.223A (long arm statute).

4.  The Defendant Bobst Group USA, Inc. (hereinafter "Bobst") is a New Jersey Corporation with a principal place of business at 146 Harrison Avenue, Roseland, New Jersey. At all times relevant, Defendant Bobst had minimum contacts within Massachusetts and this Court has jurisdiction over Defendant Bobst pursuant to M.G.L. c.223A (long arm statute).

5. The Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Bicknell & Fuller") is a Minnesota Corporation registered as a foreign corporation to do business in Massachusetts with a registered office at 1 First Avenue, Peabody, Essex County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. On or about September 18, 2001 Plaintiff Ramon Gonzalez was in the usual course of his employment at 1 First Avenue, Peabody, Essex County, Massachusetts.

7. On or about September 18, 2001 while performing his usual job duties at 1 First Avenue, Peabody, Essex County, Massachusetts, Plaintiff Ramon Gonzalez' left arm was pulled between two rollers of a large industrial machine (hereinafter "the Machine").

8. Defendant Asitrade designed and manufactured the Machine.

9. Defendant Bobst marketed, sold, distributed, installed and/or serviced the Machine.

10. At relevant times, Defendant Bicknell & Fuller owned the Machine.

## COUNT I: NEGLIGENCE
(Gonzalez v. Asitrade AG)

11. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 10 inclusive with the same force and effect as though fully set forth herein.

12. The Defendant Asitrade had a duty to design the Machine with reasonable care.

13. The Defendant Asitrade was negligent and breached its duty.

14. As a result thereof Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT II: BREACH OF WARRANTY
(Gonzalez v. Asitrade AG)

15. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 14 inclusive with the same force and effect as though fully set forth herein.

16. Defendant Asitrade was, at all relevant times, in the business of designing and manufacturing the Machine.

2

17. The Machine was in a defective condition and was unreasonably dangerous and not fit for its particular purpose or use.

18. Defendant Asitrade impliedly warranted that the Machine they designed and manufactured would be of merchantable quality and would be fit for any ordinary or reasonable purpose contemplated for the Machine's use.

19. Plaintiff Ramon Gonzalez relied upon the skill and judgment of Defendant Asitrade to furnish a fit and suitable Machine when in fact said Machine was not of merchantable quality and was defective.

20. As a proximate result of breach of said warranties Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT III: NEGLIGENCE
(Gonzalez v. Bobst Group, USA, Inc.)

21. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 20 inclusive with the same force and effect as though fully set forth herein.

22. Defendant Bobst had a duty to market, sell, distribute, install and/or service the Machine with reasonable care.

23. The Defendant Bobst was negligent and breached its duty.

24. As a result thereof Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT IV: BREACH OF WARRANTY
(Gonzalez v. Bobst Group, USA, Inc.)

25. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 24 inclusive with the same force and effect as though fully set forth herein.

26. Defendant Bobst was, at all relevant times, in the business of marketing selling, distributing, installing and or servicing the Machine.

27. Defendant Bobst, in fact, marketed, sold, distributed, installed and/or serviced the Machine.

3

28. The Machine was in a defective condition and was unreasonably dangerous and not fit for its particular purpose or use.

29. Defendant Bobst impliedly warranted that the Machine they marketed, sold, distributed, installed, and/or serviced would be of merchantable quality and would be fit for any ordinary or reasonable purpose contemplated for the Machine's use.

30. Plaintiff Ramon Gonzalez relied upon the skill and judgment of Defendant Bobst to furnish a fit and suitable machine when in fact said Machine was not of merchantable quality and was defective.

31. As a proximate result of breach of said warranties Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT V: NEGLIGENCE
(Gonzalez v. Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging)

32. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 31 inclusive with the same force and effect as though fully set forth herein.

33. Defendant Bicknell & Fuller, at relevant times, owned the Machine.

34. Defendant Bicknell & Fuller had a duty to provide Plaintiff Ramon Gonzalez with a reasonably safe Machine.

35. The Defendant Bicknell & Fuller was negligent and breached its duty.

36. As a result thereof Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

**WHEREFORE**, the Plaintiff Ramon Gonzalez prays that this Court enter Judgment as follows:

1. Judgment against Defendant Asitrade AG on Count I and Count II, plus interest and costs of this action;

2. Judgment against Defendant Bobst Group USA, Inc. on Count III and Count IV, plus interest and costs of this action;

3. Judgment against Defendant Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging on Count V, plus interest and costs of this action; and

4

4. Judgment for whatever other relief this Honorable Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES AND ON ALL COUNTS CONTAINED HEREIN.**

                                                  Plaintiff, Ramon Gonzalez,
                                                  By his Attorney,

                                                  Jeffrey S. Ahern, BBO#558562
                                                  4 School Street, 6th Fl.
                                                  Boston, MA 02108
                                                  (617) 523-7471

Dated: September 13, 2003

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2004-01702-C

RE: Gonzalez v Asitrade AG et al

TO: Jeffrey S Ahearn, Esquire
44 School Street
6th floor
Boston, MA 02108

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 12/13/2004 |
| Response to the complaint filed (also see MRCP 12) | 02/11/2005 |
| All motions under MRCP 12, 19, and 20 filed | 02/11/2005 |
| All motions under MRCP 15 filed | 12/08/2005 |
| All discovery requests and depositions completed | 11/03/2006 |
| All motions under MRCP 56 served and heard | 01/02/2007 |
| Final pre-trial conference held and firm trial date set | 05/02/2007 |
| Case disposed | 09/14/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session C sitting in CtRm 3 (Lawrence), Essex Superior Court.

Dated: 09/14/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

Location: CtRm 3 (Lawrence)
Telephone: (978) 687-7463

BY: Kevin Jones
Assistant Clerk

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1702-C | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|

| PLAINTIFF(S) Ramon Gonzalez | DEFENDANT(S) Asitrade, AG, Bobst Group USA, Inc. and Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey S. Ahearn 44 School St., 6th Fl. Boston, MA 02108 (617) 523-7470 Board of Bar Overseers number: 558562 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 05 | Products Liability | (A) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $60,000+
2. Total Doctor expenses ............................................. $
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses ................................... $
5. Total other expenses (describe) ................................... $
   Subtotal $60,000+
B. Documented lost wages and compensation to date ..................... $40,000+
C. Documented property damages to date ............................... $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ................................. $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

severe crush injury to left arm, wrist and hand requiring lengthy hospitalization, multiple surgeries and skin grafting.
$
TOTAL $100,000+

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

FILED IN THE SUPERIOR COURT FOR THE COUNTY OF ESSEX
SEP 4 2004

TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Jeffrey S. Ahearn_  DATE: 9/13/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS
SUPERIOR COURT
CIVIL ACTION NO. 04-1702-C

| | |
|---|---|
| RAMON GONZALEZ, | ) |
| Plaintiff | ) |
| v. | ) |
| ASITRADE, AG, BOBST GROUP USA, INC., and LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING, | ) |
| Defendants | ) |

**NOTICE OF FILING NOTICE OF REMOVAL
BY DEFENDANT BOBST GROUP USA, INC. and ASITRADE, AG**

Notice is hereby given that on this date Defendants Bobst Group USA, Inc. and Asitrade, AG filed a Notice of Removal in the U.S. District Court, District of Massachusetts, pursuant to 28 U.S.C. § 1441(a). Accordingly, this action shall be removed from the Superior Court Department of the Trial Court in Essex County, State of Massachusetts (Case No. ESCV2004-01702), where it is now pending, to the United States District Court for the District of Massachusetts.

Defendant
BOBST GROUP USA, INC.,
By its attorneys,

John A. Donovan, Jr., Esq.
BBO No. 130600
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA 02210
(617) 406-4500

Defendant
ASITRADE, AG
By its attorney,

*/s/ John A. Donovan, Jr.*
*/s/ Kevin G. Kenneally*

John A. Donovan, Jr., Esq.
BBO No. 130600
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA 02210
(617) 406-4500

Dated:_____
00882344.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Ramon Gonzalez v. Asitrade, AG__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   _X_  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kevin G. Kenneally, Esq.__
ADDRESS __Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210__
TELEPHONE NO. __617-406-4500__

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ramon Gonzalez

**DEFENDANTS**

Asitrade, AG, Bobst Group USA, Inc., and Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Switzerland__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jeffrey S. Ahearn, Esq.
44 School Street
Boston, MA 02108

Attorneys (If Known)

Kevin G. Kenneally, Esq.
John A. Donovan, Jr., Esq.
Donovan Hatem LLP
Two Seaport Lane, Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **PERSONAL INJURY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | | ☐ 362 Personal Injury-- Med. Malpractice | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☒ 365 Personal Injury-- Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 371 Truth in Lending | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 380 Other Personal Property Damage | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 385 Property Damage Product Liability | Habeas Corpus: | |
| | | | ☐ 530 General | ☐ 891 Agricultural Acts |
| | | | ☐ 535 Death Penalty | ☐ 892 Economic Stabilization Act |
| | | | ☐ 540 Mandamus & Other | ☐ 893 Environmental Matters |
| | | | ☐ 550 Civil Rights | ☐ 894 Energy Allocation Act |
| | | | ☐ 555 Prison Condition | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

None

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** over $100,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE 12/13/04

SIGNATURE OF ATTORNEY OF RECORD
*John A. Donovan, Jr.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____