UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,<br><br>    Plaintiff<br><br>v.<br><br>ASITRADE, AG, BOBST GROUP USA,<br>INC., and LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br><br>    Defendants | Civil Action No. 04-12609-RGS |

### ANSWER AND JURY CLAIM
### BY DEFENDANT ASITRADE, AG

1. Denied.

2. Neither admitted nor denied for lack of sufficient information.

3. Admitted only insofar as defendant is a foreign corporation with a place of business at said address; otherwise, denied.

4. No answer required.

5. No answer required.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

## COUNT I

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## COUNT II

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNTS III, IV

21-31. To the extent any allegation or averment is directed against this defendant, denied.

## COUNT V

32-36. To the extent any allegation or averment is directed against this defendant, denied.

Prayers For Relief

1-4. Denied.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

If the plaintiff was injured or harmed as alleged, it was not the result of any act or omission of the defendant or anyone for whom it is legally liable or responsible.

## THIRD DEFENSE

The plaintiff is guilty of contributory negligence to such a degree as to bar recovery; but if he recovers, any recovery must be reduced to the extent of such negligence.

## FOURTH DEFENSE

The plaintiff is barred from recovery because he unreasonably used a product in a manner which he knew was dangerous or could cause harm and said unreasonable use of the product was the cause of any alleged harm.

## FIFTH DEFENSE

Plaintiff's claims are barred by the failure to give timely notice to the defendant, pursuant to Mass. Gen. L. ch. 106, §2-318, which has prejudiced the defendant.

## SIXTH DEFENSE

Plaintiff's recovery is barred by principles of spoliation of evidence, or failure to preserve essential evidence needed by defendant to protect its interests.

## SEVENTH DEFENSE

Plaintiff has unclean hands.

## EIGHTH DEFENSE

Plaintiff's recovery is barred by principles of laches, waiver, or estoppel.

## NINTH DEFENSE

Plaintiff is barred from recovery due to misuse of the product which was unforeseeable to the defendant.

## TENTH DEFENSE

Plaintiff has failed to commence this action within the applicable period of limitations or repose.

## ELEVENTH DEFENSE

Even if defendant can be held liable as alleged by plaintiff, which is denied, the defendant's liability in any or all of these events was terminated by the intervening acts, negligence, intentional conduct or violations by others for whom defendant is not legally liable or responsible.

## TWELFTH DEFENSE

Process was insufficient and/or in error.

## THIRTEENTH DEFENSE

Service of process was insufficient and/or flawed.

## FOURTEENTH DEFENSE

Plaintiff was acting in violation of law, statute, regulation, or ordinance which caused the alleged harm.

## FIFTEENTH DEFENSE

This Court lacks personal jurisdiction over defendant.

## SIXTEENTH DEFENSE

This Court lacks subject matter jurisdiction.

## SEVENTEENTH DEFENSE

Defendant is misnamed and/or plaintiff has sued an improper party.

## JURY CLAIM

Defendant hereby claims a trial by jury on all counts and issues so triable.

Defendant
ASITRADE, AG,
By its attorneys,

*/s/ Kevin G Kenneally*

John A. Donovan, Jr., Esq.
BBO No. 130600
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA 02210
(617) 406-4500

Dated: 12/20/04
00881713.DOC

*[certificate of service stamp, partially illegible]*
...RECORD FOR EACH OTHER... BY M...
...12/20/04

*/s/ Kevin G Kenneally*

5