UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAMON GONZALEZ, ) | |
| Plaintiff ) | |
| v. ) | Civil Action No.:04-12609-RGS |
| ) | |
| ASITRADE, AG, ) | |
| BOBST GROUP USA, INC., and ) | |
| LIBERTY-STANDARD, LLC, ) | |
| d/b/a BICKNELL & FULLER SPECIALTY ) | |
| PACKAGING, ) | |
| Defendants ) | |

**PLAINTIFF RAMON GONZALEZ' MEMORANDUM IN SUPPORT OF PLAINTIFF RAMON GONZALEZ' MOTION TO REMAND THIS ACTION TO THE MASSACHUSETTS SUPERIOR COURT**

**BACKGROUND**

On September 18, 2001 Plaintiff Ramon Gonzalez was seriously injured when his left arm was pulled between two rollers of a large industrial machine (hereinafter "the Machine") during the usual course of his employment at Defendant Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging's (hereinafter "Defendant Liberty-Standard, LLC") manufacturing plant in Peabody, Essex County, Massachusetts. (See Complaint and Request for Jury Trial attached hereto as EXHIBIT A at paras. 5-7.) On September 14, 2004 Plaintiff filed suit in the Massachusetts Superior Court, Essex Division, naming as defendants the manufacturer of the Machine, Asitrade AG (hereinafter "Defendant Asitrade"), the distributor of the Machine, Bobst Group USA, Inc. (hereinafter "Defendant Bobst") and the owner of the Machine, Liberty-Standard, LLC. (See id. at paras. 3-5.) On December 10, 2004 two of the three defendants,

Defendant Bobst and Defendant Asitrade, filed their Notice of Removal of Action Under 28 U.S.C. s.1441(a) (Diversity of Citizenship).

**THIS ACTION MUST BE REMANDED TO MASSACHUSETTS SUPERIOR COURT AS DEFENDANT LIBERTY-STANDARD, LLC DID NOT TIMELY FILE A NOTICE OF REMOVAL OR ASSENT TO DEFENDANT BOBST'S AND DEFENDANT ASITRADE'S REMOVAL AS REQUIRED BY U.S.C. s. 1446(a) and (b)**

Defendant Bobst and Defendant Asitrade timely filed their Notice of Removal of Action Under 28 U.S.C. s.1441(a) (Diversity of Citizenship) on December 10, 2004. Plaintiff served the Summons and Complaint on Defendant Liberty-Standard, LLC on December 7, 2004. (See Return of Service for Defendant Liberty-Standard, LLC attached hereto as EXHIBIT B.) Defendant Liberty Standard, LLC did not file its own notice of removal nor its consent to Defendant Bobst's and Defendant Asitrade's removal within thirty (30) days of being served.[1]

In order to remove a state court action to federal court a defendant shall file a notice of removal in the federal court within thirty (30) days after receipt by the removing defendant of the initial pleading or service of process. See 28 U.S.C. s.1446 (a) and (b). The removal statute is strictly construed. See Danca v. Private Healthcare Systems, Inc., 185 F. 3d 1, 4 (1st Cir. 1999). In cases involving multiple defendants all defendants must join or assent in the removal petition. See Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613, 620 (2002) (citing Chicago Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)). This "rule of unanimity" requires that all

---

[1] Defendant Liberty-Standard, LLC has not yet filed an Answer in this action. After service of the Summons and Complaint upon Defendant Liberty-Standard, LLC, Liberty Mutual Insurance Company, Defendant Liberty-Standard, LLC's insurance carrier, contacted Plaintiff's counsel requesting a thirty (30) day extension of time to answer the Complaint. Plaintiff's counsel informed Liberty Mutual that although Plaintiff would not seek to default Defendant Liberty-Standard, LLC within the next thirty (30) days for failure to answer the Complaint Plaintiff would not waive, delay or forego any other rights or remedies of the Plaintiff in connection with this litigation. (See letter dated December 23, 2004 attached hereto as EXHIBIT C.)

defendants must file their notice of removal or consent to removal within thirty (30) days of being served. See Murphy v. Newell Operating Co., 245 F. Supp. 2d 316, 318 (D. Mass. 2003) (citing Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002)). Failure of all defendants to file their notice of removal or consent to removal within thirty (30) days of being served constitutes a defect in the removal procedure and is grounds for remand. See id.

As Defendant Liberty Standard, LLC did not file its own notice of removal nor its consent to Defendant Bobst's and Defendant Asitrade's removal within thirty (30) days of being served, Defendant Bobst's and Defendant Asitrade's Removal Petition is invalid and this action must be remanded to the Massachusetts Superior Court.

WHEREFORE as Defendant Liberty Standard, LLC did not file its own notice of removal nor its consent to Defendant Bobst's and Defendant Asitrade's removal as required by 28 U.S.C. s.1446(a) and (b) Plaintiff Ramon Gonzalez respectfully requests that this Honorable Court allow Plaintiff Ramon Gonzalez' Motion to Remand this Action to the Massachusetts Superior Court.

Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,

_____
Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA  02108
(617) 523-7470

_____
George J. Nader, BBO#549149
RILEY & DEVER, P.C.
210 Broadway, Suite 201
Lynnfield, MA  01940
(781) 581-9880

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via U.S. mail, postage prepaid on January 13, 2005.

*[signature]*
Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470

Case 1:04-cv-12609-RGS     Document 9     Filed 01/14/2005     Page 5 of 15

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              ESSEX SUPERIOR COURT
                                                        CIVIL ACTION NO.:

RAMON GONZALEZ,                      )
            Plaintiff                )
                                     )       FILED
v.                                   )   IN THE SUPERIOR COURT
                                     )   FOR THE COUNTY OF ESSEX
ASITRADE, AG,                        )
BOBST GROUP USA, INC., and           )       SEP 1 4 2004
LIBERTY-STANDARD, LLC,               )
d/b/a BICKNELL & FULLER SPECIALTY    )   [signature]
PACKAGING,                           )       CLERK
            Defendants               )

# COMPLAINT AND REQUEST FOR JURY TRIAL

INTRODUCTION

1. This is an action brought by the Plaintiff Ramon Gonzalez for significant and ongoing physical injuries caused when Plaintiff Ramon Gonzalez' left arm was pulled into an industrial machine in the course of Plaintiff Ramon Gonzalez' employment.

PARTIES

2. The Plaintiff Ramon Gonzalez is an individual residing at 693 Essex Street, Lawrence, Essex County, Massachusetts.

3. The Defendant Asitrade, AG (hereinafter "Asitrade") is a Swiss Corporation with a principal place of business at Niklaus-Wengi-Strass 109, 2540 Grenchen, Switzerland. At all times relevant, Defendant Asitrade had minimum contacts within Massachusetts and this Court has jurisdiction over Defendant Asitrade pursuant to M.G.L. c.223A (long arm statute).

4. The Defendant Bobst Group USA, Inc. (hereinafter "Bobst") is a New Jersey Corporation with a principal place of business at 146 Harrison Avenue, Roseland, New Jersey. At all times relevant, Defendant Bobst had minimum contacts within Massachusetts and this Court has jurisdiction over Defendant Bobst pursuant to M.G.L. c.223A (long arm statute).

5.  The Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Bicknell & Fuller") is a Minnesota Corporation registered as a foreign corporation to do business in Massachusetts with a registered office at 1 First Avenue, Peabody, Essex County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6.  On or about September 18, 2001 Plaintiff Ramon Gonzalez was in the usual course of his employment at 1 First Avenue, Peabody, Essex County, Massachusetts.

7.  On or about September 18, 2001 while performing his usual job duties at 1 First Avenue, Peabody, Essex County, Massachusetts, Plaintiff Ramon Gonzalez' left arm was pulled between two rollers of a large industrial machine (hereinafter "the Machine").

8.  Defendant Asitrade designed and manufactured the Machine.

9.  Defendant Bobst marketed, sold, distributed, installed and/or serviced the Machine.

10. At relevant times, Defendant Bicknell & Fuller owned the Machine.

## COUNT I: NEGLIGENCE
(Gonzalez v. Asitrade AG)

11. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 10 inclusive with the same force and effect as though fully set forth herein.

12. The Defendant Asitrade had a duty to design the Machine with reasonable care.

13. The Defendant Asitrade was negligent and breached its duty.

14. As a result thereof Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT II: BREACH OF WARRANTY
(Gonzalez v. Asitrade AG)

15. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 14 inclusive with the same force and effect as though fully set forth herein.

16. Defendant Asitrade was, at all relevant times, in the business of designing and manufacturing the Machine.

17. The Machine was in a defective condition and was unreasonably dangerous and not fit for its particular purpose or use.

18. Defendant Asitrade impliedly warranted that the Machine they designed and manufactured would be of merchantable quality and would be fit for any ordinary or reasonable purpose contemplated for the Machine's use.

19. Plaintiff Ramon Gonzalez relied upon the skill and judgment of Defendant Asitrade to furnish a fit and suitable Machine when in fact said Machine was not of merchantable quality and was defective.

20. As a proximate result of breach of said warranties Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT III: NEGLIGENCE
(Gonzalez v. Bobst Group, USA, Inc.)

21. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 20 inclusive with the same force and effect as though fully set forth herein.

22. Defendant Bobst had a duty to market, sell, distribute, install and/or service the Machine with reasonable care.

23. The Defendant Bobst was negligent and breached its duty.

24. As a result thereof Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT IV: BREACH OF WARRANTY
(Gonzalez v. Bobst Group, USA, Inc.)

25. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 24 inclusive with the same force and effect as though fully set forth herein.

26. Defendant Bobst was, at all relevant times, in the business of marketing selling, distributing, installing and or servicing the Machine.

27. Defendant Bobst, in fact, marketed, sold, distributed, installed and/or serviced the Machine.

28. The Machine was in a defective condition and was unreasonably dangerous and not fit for its particular purpose or use.

29. Defendant Bobst impliedly warranted that the Machine they marketed, sold, distributed, installed, and/or serviced would be of merchantable quality and would be fit for any ordinary or reasonable purpose contemplated for the Machine's use.

30. Plaintiff Ramon Gonzalez relied upon the skill and judgment of Defendant Bobst to furnish a fit and suitable machine when in fact said Machine was not of merchantable quality and was defective.

31. As a proximate result of breach of said warranties Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

## COUNT V: NEGLIGENCE
(Gonzalez v. Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging)

32. The Plaintiff Ramon Gonzalez repeats and realleges all the allegations set forth in paragraphs 1 to 31 inclusive with the same force and effect as though fully set forth herein.

33. Defendant Bicknell & Fuller, at relevant times, owned the Machine.

34. Defendant Bicknell & Fuller had a duty to provide Plaintiff Ramon Gonzalez with a reasonably safe Machine.

35. The Defendant Bicknell & Fuller was negligent and breached its duty.

36. As a result thereof Plaintiff Ramon Gonzalez was caused to suffer serious personal injuries, great pain of body and anguish of mind, lost time from his usual employment and incurred significant lost wages and medical expenses.

**WHEREFORE**, the Plaintiff Ramon Gonzalez prays that this Court enter Judgment as follows:

   1. Judgment against Defendant Asitrade AG on Count I and Count II, plus interest and costs of this action;

   2. Judgment against Defendant Bobst Group USA, Inc. on Count III and Count IV, plus interest and costs of this action;

   3. Judgment against Defendant Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging on Count V, plus interest and costs of this action; and

4

    4.    Judgment for whatever other relief this Honorable Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES AND ON ALL COUNTS CONTAINED HEREIN.**

Plaintiff, Ramon Gonzalez,
By his Attorney,

*/s/ Jeffrey S. Ahearn*
Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470

Dated: September 13, 2003

Case 1:04-cv-12609-RGS    Document 9    Filed 01/14/2005    Page 11 of 15



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-699

Suffolk, ss.

December 7, 2004

I hereby certify and return that on 12/7/2004 at 9:50AM I served a true and attested copy of the Summons, Complaint and Cover Sheet, Tracking Order in this action in the following manner: To wit, by delivering in hand to Y.Concepcion,Process Clerk & agent in charge at time of service, for Liberty-Standard, LLC, dba Bicknell & Fuller Specialty Packaging, at CT Corporation System, 101 Federal Street, Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel ($15.68), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $51.68

Deputy Sheriff John Cotter

Deputy Sheriff

TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

, 20

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 04-01702-C

ESSEX, ss.

Ramon Gonzalez
Plaintiff(s)

v.

Asitrade, AG, Bobst Group USA, Inc. and Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01702-C

RAMON GONZALEZ ............................................, Plaintiff(s)

ASITRADE, AG, BOBST GROUP USA, INC., and LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING ............................................, Defendant(s)

## SUMMONS

To the above named Defendant: Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging

You are hereby summoned and required to serve upon Jeffrey S. Ahearn, plaintiff's attorney, whose address is 44 School St., 6th Fl., Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01841 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 6th day of December, in the year of our Lord two thousand four

*[signature]*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Case 1:04-cv-12609-RGS    Document 9    Filed 01/14/2005    Page 14 of 15

**JEFFREY S. AHEARN**

ATTORNEY AT LAW
6TH FLOOR
44 SCHOOL STREET
BOSTON, MASSACHUSETTS 02108

(617) 523-7470
FAX (617) 523-6310

December 23, 2004

VIA TELECOPIER TO (401) 521-3828
AND REGULAR MAIL

Catharine L. Scott, Sr. Technical Claim Specialist
Liberty Mutual Insurance Company
245 Waterman Street
Providence, RI 02906

RE:   Gonzalez v. Asitrade, AG, et al.
      U.S. District Court C.A. No.: 04-12609-RGS

Dear Ms. Scott:

Please find this letter in confirmation of our telephone conversation of earlier this day and in response to your letter to me of earlier this day sent via facsimile.

You telephoned on behalf of Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging and requested a thirty (30) day extension to answer the complaint. I informed you I would not within the next thirty (30) days move to default Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging for failure to answer the complaint. I also informed you the other two defendants have answered the complaint and that I would not waive, delay or forego any other rights or remedies of the plaintiff in connection with this litigation.

Thank you.

Very truly yours,

*[signature]*

Jeffrey S. Ahearn