UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,  )<br><br>  Plaintiff  )<br>  )<br>v.  )<br>  )<br>ASITRADE, AG, BOBST GROUP USA,  )<br>INC., and LIBERTY-STANDARD, LLC,  )<br>d/b/a BICKNELL & FULLER SPECIALTY )<br>PACKAGING,  )<br>  )<br>  Defendants  )  | Civil Action No. 04-12609-RGS |

### OPPOSITION BY DEFENDANTS ASITRADE, A.G. AND BOBST GROUP USA, INC. TO MOTION FOR REMAND TO STATE COURT

Defendants Asitrade, A.G. and Bobst Group USA, Inc. hereby oppose the plaintiff's motion for remand to the Essex County Superior Court.

### BACKGROUND

This action was properly removed by Asitrade and Bobst within the 30-day time period provided by 28 U.S.C. 1441. On January 14, 2005, Liberty-Standard, LLC filed a joinder to the removal. Plaintiff claims to have achieved proper service of process upon a former agent for service of Liberty-Standard LLC on December 7, 2004, thereby starting the removal period for all parties. Plaintiff, however, fails to inform this Court that Liberty-Standard LLC is an "inactive" corporation and is defunct. Ex. A and Ex. B. Plaintiff was aware of this when the sequencing of service was undertaken. CT Corp. was

an agent for service of process only as of the last corporate filing in 2001. There is a live dispute whether proper service of process can be or has been accomplished at all and whether service on an "agent" of a non-existent principal can be effectuated in this manner.

Separately, the former Liberty-Standard LLC was the employer of the plaintiff and likely will be found to be not a proper party to this action. Even if the inactive or defunct corporation is deemed to "exist" for purposes of suit, upon information, Liberty-Standard LLC cannot be sued pursuant to Mass. Gen. L. ch. 152, §24 (exclusivity of workers' compensation as remedy for workplace injury); _Columbus v. Biggio_, 76 F. Supp.2d 43 (D.Mass. 1999) (tort action vs. employer barred for work-related injury); and Fed. R. Civ. P. 8(c) ("injury by fellow servant").

Defendants endeavored to contact the defunct entity and eventually contacted the former insurer for Liberty-Standard LLC to obtain a "joinder" to the Petition for Removal. That joinder is timely. _Parrino v. FHP, Inc._, 146 F.3d 699, 703 (9th Cir. 1998). Defendants have not lost their right of removal on these facts, viz. due to sequenced service or purported non-action by a defunct corporation which may not yet have been properly served. On this record, the motion for remand should be denied.

I.  PLAINTIFF HIMSELF MISSED THE DEADLINE TO REMAND AND OBJECT TO REMOVAL.

Defendants Asitrade and Bobst filed their removal papers on December 10, 2004. Plaintiff did not object or otherwise endeavor to remand the action until January 13, 2005. Plaintiff has waived any objection by failing to act within 30 days.

The alleged failure of all defendants to join in removal is a "procedural defect" that is waivable. _Armistead v. C&M Transp. Inc._, 49 F.3d 43, 47 (1st Cir. 1995); _McMahon v._

*Bunn-O-Matic Corp.*, 150 F.3d 651, 653-54 (7th Cir. 1998); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (failure of one defendant to join in removal notice <u>until two months</u> after service is procedural defect cured by joinder). If in fact there is a viable corporate entity that is a proper party, that entity can join the removal after those thorny issues are sorted out.

Even if the removal were faulty, which is denied, plaintiff has waived his right to remand by failing to timely raise the issue by motion within the deadline. *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3rd Cir. 1995) (motion for remand must be filed within 30 days or is waived); *Medlin v. Boening Vertol Co.*, 620 F.2d 957, 960 (3rd Cir. 1980) (failure to object within 30 days waives putative defect in removal); *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983).

II. SERVICE UPON A DEFUNCT CORPORATION'S FORMER "AGENT" CANNOT FORECLOSE ASITRADE'S AND BOBST'S LATER RIGHT TO REMOVE ACTION TO U.S. DISTRICT COURT.

Plaintiff claims to have achieved service upon an inactive corporation by in hand delivery to CT Corp. Simultaneously, plaintiff sought and obtained leave in state court to extend the time for service upon Asitrade. Ex. C. Thus, if this motion is granted, plaintiff was able to extinguish defendants' rights by timing the accomplishment of service of process. <u>See</u>, Vol. 16, MOORE'S FEDERAL PRACTICE (3rd Ed.), §[3][a] (no remand where plaintiff intentionally delayed to prevent removal). The "emerging view" – also known as the "fairness approach" – permits a late-served party the opportunity to remove within 30 days of service upon that litigant. *Id.*; <u>see</u>, e.g., *Marano Enters. V. Z-Teca Restaurants*, 254 F.3d 753, 755-57 (8th Cir. 2001); *Murphy Brothers, Inc. v. Michetti Pipe*

3

*Stringing, Inc.*, 526 U.S. 344, 19 S.Ct. 1322, 143 L.Ed. 448 (1999); *Brierly v. Alusuiss Flexible Pkg., Inc.*, 184 F.3d 527, 532-33 (6th Cir. 1999) (holding that last-served defendant has full 30 days after service to remove); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp.2d 337, 343 (D.NJ 2001

The motion to remand should be denied as moot (due to timely joinder) or as waived. In the alternative, this Court should stay action on the remand to determine the following

    a.    Whether Liberty-Standard LLC exists for purposes of suit;

    b    If it exists, whether proper service of process yet has been accomplished upon the putative defendant;

    c    Whether suit against Liberty-Standard LLC is barred by the exclusivity provisions of Mass. Gen. L. ch. 152, §24;

    d.    Whether Liberty-Standard, LLC properly and timely filed a proper "joinder" after suit papers found their way to its former insurer.

WHEREFORE, for the foregoing reasons, the Motion to Remand should be denied.

                Defendant
                ASITRADE, AG
                By its attorneys,

                John A. Donovan, Jr., Esq.
                BBO No. 130600
                Kevin G. Kenneally, Esq.
                BBO No. 550050
                DONOVAN HATEM LLP
                World Trade Center East
                Two Seaport Lane, 8th Floor
                Boston, MA 02210
                (617) 406-4500



DA Home   UCC   Business Services   Account   Session Briefcase   Help/FAQs   About   Login

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 16780-LLC | **Entity Type:** | Limited Liability Company |
| **Original Date of Filing:** | 5/26/2000 | **Entity Status:** | Inactive |
| **Entity Date to Expire:** | | **Chapter:** | 322B |
| **Good Standing:** (date of last annual filing) | 2001 | | |
| **Name:** | LIBERTY-STANDARD, LLC | | |
| **Address:** (not registered office address) | 5600 N Hwy 169<br>Mpls, MN, 55428 | | |
| **Home State:** | | | |

[ Additional Entity Detail ]   [ Return to Search List ]   [ New Search ]

---

DA Home | OSS Home | Contacts | Privacy Policy | Terms & Conditions

Use of this site and services indicates your acceptance of the Terms & Conditions of Use.
©Copyright 2001 , Minnesota Office of the Secretary of State. All Rights Reserved.

Exhibit A

1/5/2005



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**LIBERTY-STANDARD, LLC** Summary Screen

Help with this form

Request a Certificate

| | |
|---|---|
| The exact name of the Foreign Limited Liability Company (LLC): | LIBERTY-STANDARD, LLC |
| Entity Type: Foreign Limited Liability Company (LLC) | Status: InActive |
| Identification Number: 411975133 | |
| Date of Registration in Massachusetts: 06/08/2000 | |
| Date of Withdrawal: 11/25/2003 | Last Date Certain: 10/15/03 |
| The is organized under the laws of: State: MN  Country: USA  on: May 26 2000 | |

The location of its principal office:
No. and Street:  5600 NORTH HGWY. 169
City or Town: MINNEAPOLIS    State: MN    Zip: 55428-0000    Country: USA

The location of its Massachusetts office, if any:
No. and Street:  ANNUAL REPORT FOR 2001
City or Town:  NONE    State: MA    Zip: 00000    Country: USA

The name and address of the Resident Agent:
Name:  CT CORPORATION SYSTEM
No. and Street:  101 FEDERAL STREET
City or Town:  BOSTON    State: MA    Zip: 02110    Country: USA

The name and business address of each manager:

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| Prior to August 27, 2001, Records can be obtained on Microfilm | | |

The name and business address of the person in addition to the manager, who is authorized to execute documents to be filed with the Corporations Division.

| Title | Individual Name | Address (no PO Box) |
|---|---|---|

1/5/2005

*Exhibit B*

| | First, Middle, Last, Suffix | Address, City or Town, State, Zip Code |
|---|---|---|
| | Prior to August 27, 2001, Records can be obtained on Microfilm | |

The name and business address of the person(s) authorized to execute, acknowledge, deliver and record any recordable instrument purporing to affect an interest in real property

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| REAL PROPERTY | MICHAEL FITERMAN | 00000-0000 U |
| REAL PROPERTY | STEVEN LEVKOFF | 00000-0000 U |
| REAL PROPERTY | DAVID LENZEN | 00000-0000 U |
| REAL PROPERTY | JEFF APPLEMAN | 00000-0000 U |
| REAL PROPERTY | STEPHEN RICHARDSON | 00000-0000 U |

__ Consent    __ Manufacturer    __ Confidential Data    __ Does Not Require Annual Report
__ Partnership    X Resident Agent    X For Profit    __ Merger Allowed

Select a type of filing from below to view this business entity filings:
ALL FILINGS
**Annual Report**
Application For Registration
Certificate of Amendment
Certificate of Cancellation

[View Filings]    [New Search]

**Comments**

BICKNELL & FULLER SPECIALTY PACKAGING

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

Help



Ex. B

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                             ESSEX SUPERIOR COURT
                                                       CIVIL ACTION NO.: 04-01702-C

RAMON GONZALEZ,                )
          Plaintiff            )
v.                             )
                               )
ASITRADE, AG,                  )
BOBST GROUP USA, INC., and     )
LIBERTY-STANDARD, LLC,         )
d/b/a BICKNELL & FULLER SPECIALTY )
PACKAGING,                     )
          Defendants           )

Motion Allowed Ruling

**PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME TO SERVE DEFENDANT ASITRADE, AG AND FILE RETURN OF SERVICE BY 112 DAYS**
Pursuant to Mass. R. Civ. P. 6(b)

NOW COMES the Plaintiff Ramon Gonzalez and hereby moves this Honorable Court, ex parte, pursuant to Mass. R. Civ. P. 6(b) to enlarge the time within which to serve the Defendant Asitrade, AG and file the return of service by 112 days from December 13, 2004 to April 4, 2005 to allow Plaintiff sufficient time to comply with the Hague Convention's requirements for service abroad of judicial documents.

As grounds therefore Plaintiff states as follows:

This is an action brought by the Plaintiff Ramon Gonzalez for significant and ongoing physical injuries caused when Plaintiff Ramon Gonzalez' left arm was pulled into an industrial machine in the course of Plaintiff Ramon Gonzalez' employment.

2.   Plaintiff has named Asitrade, AG, the manufacturer of the industrial

TRUE COPY ATTEST
DEPUTY ASS'T. CLERK

Exhibit C

Defendant
BOBST GROUP, INC.
By its attorneys,

*/s/ Kevin G. Kenneally*

John A. Donovan, Jr., Esq.
BBO No. 130600
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA 02210
(617) 406-4500

Dated: January 21, 2005
00889592.DOC

I HEREBY CERTIFY THAT A [TRUE] COPY OF THE ABOVE DOCUMENT WAS SERVED [ON] THE ATTORNEY OF RECORD FOR EACH OTHER [PARTY BY] MAIL/HAND ON 1/21/05

*/s/ Kevin G. Kenneally*

5