UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25 P 3: 22

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| RAMON GONZALEZ, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ASITRADE, AG, BOBST GROUP, USA, ) <br> INC., and LIBERTY-STANDARD, LLC, ) <br> d/b/a BICKNELL & FULLER SPECIALTY ) <br> PACKAGING, ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 04-12609-RGS |

**ANSWER OF DEFENDANT LIBERTY-STANDARD, LLC
d/b/a BICKNELL & FULLER SPECIALTY PACKAGING**

---

Now comes the defendant Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging ("Liberty-Standard, LLC") and responds to the allegations in the plaintiff's Complaint as follows:

1.  The defendant, Liberty-Standard, LLC, is without sufficient information to admit or deny the allegations in paragraph 1.

2.  The defendant, Liberty-Standard, LLC, is without sufficient information to admit or deny the allegations in paragraph 2.

3.  The defendant, Liberty-Standard, LLC, is without sufficient information to admit or deny the allegations in paragraph 3.

4.  The defendant, Liberty-Standard, LLC, is without sufficient information to admit or deny the allegations in paragraph 4.

5. The defendant, Liberty-Standard, LLC, denies the allegations in paragraph 5. The defendant, Liberty-Standard, LLC, a Minnesota limited liability company, terminated on or about October 15, 2003.

6. The defendant admits that on or about September 18, 2001, plaintiff Ramon Gonzalez was injured during the course of his employment by it at One First Avenue, Peabody, Essex County, Massachusetts. It is without sufficient information to admit or deny the remaining allegations in paragraph 6.

7. The defendant, Liberty-Standard, LLC, admits that on or about September 18, 2001 the plaintiff was injured during the course of his employment with Liberty-Standard, LLC at 1 First Avenue, Peabody, Essex County, Massachusetts, when he injured his left arm. It is without sufficient information to admit or deny the remaining allegations in paragraph 7.

8 and 9. The defendant is without sufficient information to admit or deny the allegations in paragraphs 8 and 9.

10. The defendant admits that Liberty-Standard, LLC, d/b/a Bicknell & Fuller Speciality Packaging owned the subject machine at the time of the plaintiff's accident.

**COUNT I: NEGLIGENCE**
(Gonzalez v. Asitrade)

11-14. These allegations are not made against this defendant, therefore no response is made by it.

**COUNT II: BREACH OF WARRANTY**
(Gonzalez v. Asitrade)

15-20. These allegations are not made against this defendant, therefore no response is made by it.

## COUNT III: NEGLIGENCE
(Gonzalez v. Bobst Group, USA, Inc.)

21-24. These allegations are not made against this defendant, therefore no response is made by it.

## COUNT IV: BREACH OF WARRANTY
(Gonzalez v. Bobst Group, USA, Inc.)

25-31. These allegations are not made against this defendant, therefore no response is made by it.

## COUNT V: NEGLIGENCE
(Gonzalez v. Liberty-Standard, LLC, d/b/a Bicknell & Fuller Speciality Packaging)

32. The defendant repeats its responses to paragraphs 1 through 31.

33. The defendant admits that Liberty-Standard, LLC, d/b/a Bicknell & Fuller Speciality Packaging owned the subject machine on the date of plaintiff's accident.

34. The defendant is without sufficient information to admit or deny the allegations in paragraph 34.

35. Denied.

36. Denied.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim on which relieve may be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim against this defendant is barred by General Laws Ch. 152, since this defendant was the plaintiff's employer at the time of his accident.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations and repose.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred or reduced by his own comparative negligence.

### FIFTH AFFIRMATIVE DEFENSE

This court does not have jurisdiction over the defendant.

### SIXTH AFFIRMATIVE DEFENSE

The process in this action is insufficient.

### SEVENTH AFFIRMATIVE DEFENSE

The service of process in this action is insufficient.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action against this defendant is a nullity since this defendant has been dissolved.

THE DEFENDANT CLAIMS TRIAL BY JURY.

LIBERTY-STANDARD, LLC

By its attorney,

James E. Harvey, Jr., Esq./BBO No. 224920
O'Malley and Harvey, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
TEL:  (617) 357-5544
FAX:  (617) 204-3477

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail on the date shown below
Date  1/21/05