UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -1  A 11: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RAMON GONZALEZ,<br>      Plaintiff | )<br>)<br>) |
| v. | )Civil Action No.:04-12609-RGS |
| | ) |
| ASITRADE, AG,<br>BOBST GROUP USA, INC., and<br>LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF RAMON GONZALEZ' REPLY MEMORANDUM TO OPPOSITION BY DEFENDANTS ASITRADE, A.G. AND BOBST GROUP USA, INC. TO MOTION FOR REMAND TO STATE COURT

### INTRODUCTION

The sole issue before this Court as raised in Plaintiff's remand motion is whether Defendant Bobst's and Defendant Asitrade's removal petition is defective based on Defendant Liberty-Standard, LLC's failure to timely join in said removal petition. In opposing Plaintiff's remand motion Defendant Bobst and Defendant Asitrade make a number of arguments related to the issue as follows:

1.  That Defendant Liberty-Standard, LLC timely joined in the removal petition (which it did not); and

2.  That Plaintiff waived objection to the defective removal petition (which Plaintiff did not).

Defendants also ask this Court to address matters unrelated to the issue before this Court as follows:

1.  Whether Defendant Liberty-Standard exists for purposes of suit;

2.      If Defendant Liberty-Standard exists for purposes of suit whether
        proper service of process has been accomplished upon it; and

3.      Whether suit against Defendant Liberty-Standard, LLC is barred by the
        exclusivity  provisions of M.G.L. c.152, s.24.

As to Defendant Bobst's and Defendant Asitrade's arguments related to the issue at bar, Plaintiff's remand motion and supporting memorandum state why Defendant Liberty-Standard, LLC did not timely join in the removal petition.  As for Defendant Bobst's and Defendant Asitrade's argument that Plaintiff waived objection to the defective removal petition Plaintiff replies as follows:

## I. PLAINTIFF DID NOT WAIVE OBJECTION TO DEFECTIVE REMOVAL

Defendant Bobst and Defendant Asitrade state that Defendant Bobst and Defendant Asitrade filed their removal papers on December 10, 2004 and as Plaintiff filed Plaintiff's remand motion on January 13, 2005 Plaintiff waived any objection to removal by not filing Plaintiff's remand motion within 30 days. Defendant Bobst and Defendant Asitrade are mistaken in using December 10, 2004 as the start of the 30 day period within which to object to defective removal as removal did not become defective until January 6, 2005 when Defendant Liberty-Standard, LLC failed to join in Defendant Bobst's and Defendant Asitrade's removal within 30 days of Defendant Liberty-Standard, LLC's being served. See Murphy v. Newell Operating Company, 245 F. Supp. 2d 316 (D. Mass. 2003).  Defendant Liberty-Standard, LLC was served on December 7, 2004. (See Return of Service attached hereto as Exhibit A.)    Therefore Defendant Liberty-Standard, LLC had until January 6, 2005 to join in removal. Defendant Liberty-Standard, LLC did not join in removal within 30 days of being served and the removal

2

petition thus became defective on January 7, 2005. Cases cited by Defendant Bobst and Defendant Asitrade in their opposition support Plaintiff's argument that it is the *defect* in the removal procedure which begins the 30 day period within which to object. See McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("any *defect* in the removal process other than the lack of subject matter jurisdiction must be raised within 30 days or is forfeited"); Armistead v. C. &M. Transport, Inc., 49 F.3d 43, 47 (1st Cir. 1995) ("objections based on a "*defect* in removal procedure" must be made within thirty days of removal"). As Plaintiff filed Plaintiff's remand motion on January 13, 2004 Plaintiff raised the issue of defective removal well within 30 days of the removal becoming defective.

Defendant Bobst and Defendant Asitrade cite Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998) for the proposition that Defendant Liberty-Standard, LLC's joinder of Defendant Bobst's and Defendant Asitrade's removal petition more than 30 days after Liberty-Standard, LLC was served cured the procedural defect in the removal procedure. In Parrino a defendant joined in removal two months after service. Parrino, at 703. Parrino is distinguishable from the case at bar in that the plaintiff in Parrino raised the issue of a defendant's failure to join in removal within thirty days of service for the first time on appeal after plaintiff's claims had been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the district court. Id. at 702-703. In addressing the issue of defendant's late joinder curing the defect in the removal procedure the Parrino Court quoted Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996) as follows:

> "To wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant

3

> cost on our dual court system, a cost
> incompatible with the fair and unprotracted
> administration of justice."

Parrino, at 703

The Parrino Court expressly stated that Caterpillar does not authorize district courts to ignore the procedural requirements for removal and that said procedural requirements remain enforceable by the federal trial court judges to whom these requirements are directly addressed. Parrino, at 703, fn 1.

As for Defendant Bobst's and Defendant Asitrade's arguments unrelated to the issue at bar, Defendant Bobst and Defendant Asitrade ask this Court to stay ruling on Plaintiff's remand motion pending its ruling on various substantive issues in this case unrelated to the remand issue. This Court must first determine whether this case has been properly removed before it rules on the aforementioned various substantive issues.

Should this Court determine that these substantive issues are properly before this Court Plaintiff replies to such issues as follows:

## II. LIBERTY-STANDARD, LLC, ALTHOUGH "INACTIVE" OR "DEFUNCT" CAN BE SUED

Defendant Bobst and Defendant Asitrade state "Defendant Liberty-Standard, LLC is an "inactive" corporation and is "defunct"" as a basis for their proposition that Defendant Liberty-Standard, LLC cannot be sued. Defendant Liberty-Standard, LLC, a foreign limited liability company organized under the laws of Minnesota and registered with the Massachusetts Secretary of State to do business in Massachusetts as a foreign limited liability company, filed a Certificate of Withdrawal with the Massachusetts Secretary of State on November 25, 2003. (See Certificate of Withdrawal attached hereto as EXHIBIT B.) Defendant Liberty-Standard, LLC's withdrawal from Massachusetts

4

and dissolution does not render Defendant Liberty-Standard, LLC immune from this action as Defendant Liberty-Standard, LLC may be sued for two years after filing its Notice of Dissolution. See Minnesota Statutes, Section 322B.82.3(b). As Defendant Liberty-Standard, LLC filed its Notice of Dissolution with the Minnesota Secretary of State on or about October 15, 2003[1] and suit was filed less than two years later on September 14, 2004 Defendant Liberty-Standard, LLC's status as "inactive" or "defunct" does not render Defendant Liberty-Standard, LLC immune from this lawsuit. See id.

## III. DEFENDANT LIBERTY-STANDARD, LLC WAS PROPERLY SERVED WITH THE COMPLAINT IN THIS LAWSUIT

Defendant Bobst and Defendant Asitrade mistakenly assert that "CT Corporation was an agent for service of process only as of the last corporate filing in 2001." In its Certificate of Withdrawal from Massachusetts, filed November 25, 2003, Liberty-Standard, LLC names CT Corporation as its resident agent for service of process. (See Exhibit B.) CT Corporation, in fact, accepted service of process as Defendant Liberty-Standard, LLC's agent on December 7, 2004. (See Exhibit A.)

## IV. DEFENDANT LIBERTY-STANDARD, LLC IS NOT IMMUNE FROM SUIT BY PLAINTIFF UNDER M.G.L. c.152.

Contrary to Defendant Bobst's and Defendant Asitrade's assertion, G.L. c.152 does not grant Defendant Liberty-Standard, LLC immunity from suit by Plaintiff. See G.L. c.152, s.15. Nothing in G.L. c.152 shall bar an action at law for damages for personal injuries by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by

---

[1] Although Defendant Liberty-Standard, LLC filed its Certificate of Withdrawal with the Massachusetts Secretary of State on November 25, 2003 the Minnesota Secretary of State has stated to Plaintiff's Counsel that Defendant Liberty-Standard, LLC filed its Notice of Dissolution with the Minnesota Secretary of State on or about October 15, 2003.

G.L.c.152 for the employee's injuries. See id. Thus, to gain immunity under G.L. c.152 from suit by Plaintiff, Defendant Liberty-Standard, LLC would have to be (1) the insured person employing such employee, and (2) liable for the payment of worker's compensation benefits provided by G.L. c.152. See id. Here an entity known as Liberty Diversified Industries, not Defendant Liberty-Standard, LLC, was the insured person liable for payment of worker's compensation benefits to Plaintiff. (See Agreement for Redeeming Liability by Lump Sum Under G.L. c.152 naming Liberty Diversified Industries as the insured attached hereto as EXHIBIT C.)  As Defendant Liberty-Standard, LLC was not the "insured person" and was not "liable for payment of the compensation provided by G.L.c.152 for the employee's injuries" Defendant Liberty-Standard, LLC is not immune from Plaintiff's lawsuit under G.L. c.152.  See Lang v. Edward J. Lamothe Co., Inc., 20 Mass. App. Ct. 231 (1985); Numberg v. GTE Transport, Inc., 34 Mass. App. Ct. 904 (1993).

## V. PLAINTIFF NEITHER SOUGHT NOR ACHIEVED ANY UNFAIR ADVANTAGE IN DEFEATING REMOVAL BY ENLARGING TIME TO SERVE DEFENDANT ASITRADE, AG

Plaintiff did not seek an unfair advantage in defeating Defendant Bobst's and Defendant Asitrade's removal by filing a Motion to Enlarge Time within which to Serve Defendant Asitrade and did so, prior to removal, only because the company Plaintiff retained to accomplish service upon Defendant Asitrade, AG, a Swiss Corporation, informed Plaintiff that service may take significantly longer to accomplish. (See Letter from APS International, LTD. dated November 8, 2004 attached hereto as Exhibit D.)  In any event Defendant Bobst and Defendant Asitrade argue that a last served defendant has 30 days within which to remove.  Plaintiff agrees that a last served defendant would have

6

thirty days from service to join in removal. Plaintiff argues as much in Plaintiff's remand motion. Here the last served defendant was Defendant Liberty-Standard, LLC which did not join in removal within thirty days of being served.

WHEREFORE, based upon the foregoing as well as based upon Plaintiff Ramon Gonzalez' Motion to Remand this Action to the Massachusetts Superior Court and Plaintiff Ramon Gonzalez' Memorandum in Support of Plaintiff Ramon Gonzalez' Motion to Remand this Action to The Massachusetts Superior Court Plaintiff's Motion for Remand should be allowed.

Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,

Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470

George J. Nader, BBO#549149
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940
(781) 581-9880

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via U.S. mail, postage prepaid on January 28, 2005.

Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

December 7, 2004
I hereby certify and return that on 12/7/2004 at 9:50AM I served a true and
attested copy of the Summons, Complaint and Cover Sheet, Tracking Order in this
action in the following manner: To wit, by delivering in hand to
Y.Concepcion,Process Clerk & agent in charge at time of service, for Liberty-
Standard, LLC, dba Bicknell & Fuller Specialty Packaging, at CT Corporation System,
101 Federal Street,   Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel
($15.68), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges
$51.68

Deputy Sheriff John Cotter

                                                    Deputy Sheriff

TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

, 20

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01702-C

Ramon Gonzalez

Plaintiff(s)

Asitrade, AG, Bobst Group USA, Inc.
and Liberty-Standard, LLC, d/b/a
Bicknell & Fuller Specialty Packaging

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

G9/

*4117-15/33*

Federal Identification
No. 41-1975113
Fee: $100.00

**FILED**

NOV 2 5 2003

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

**THE COMMONWEALTH OF MASSACHUSETTS**
**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

**CERTIFICATE OF WITHDRAWAL**

I, David Lenzen, Executive Vice President and Secretary of Liberty-Standard, LLC, a Limited Liability Company organized under the laws of the State of Minnesota, and registered as a foreign limited liability company in the State of Massachusetts, certify as follows:

1. The Federal ID Number: 41-1975113

2. The name of the foreign limited liability company and the name under which it is registered and doing business in the Commonwealth:   Liberty-Standard, LLC

3. The business address of its principal office:     5600 North Highway 169
                                                      Minneapolis, MN  55428

4. The business address of its principal office in the Commonwealth:     One 1st Avenue
                                                                         Peabody, MA  01960

5. The name and business address of its resident agent:     CT Corporation System
                                                            101 Federal Street
                                                            Boston, MA  02110

6. The foreign limited liability company has been dissolved and is not doing business in the Commonwealth; and

7. To the best of my knowledge and belief, all taxes and fees owed to the Commonwealth have been paid or provided for.

I, the undersigned David Lenzen, being the Executive Vice President and Secretary of the above-named company, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this 30th day of October, 2003.

LIBERTY-STANDARD, LLC

David Lenzen, Executive Vice President & Secretary
Telephone:  763 536-6636

## State of Minnesota

# SECRETARY OF STATE

Certificate of Termination

Articles of Termination, or in the case of a non-Minnesota limited liability company, a certificate of termination from the state of organization, for the limited liability company below have been filed with the Office of the Secretary of State of Minnesota on this date pursuant to the requirements of the chapter listed below. Therefore, the existence of the limited liability company is terminated as of this date, or in the case of a non-Minnesota limited liability company, the authority of the limited liability company to do business in Minnesota is terminated as of this date.

Name of Dissolving Limited Liability Company:

LIBERTY-STANDARD, LLC

State of Organization:  MN

Charter or Foreign Limited Liability Company Number: 16780-LLC

Terminated Pursuant to Chapter:  322B

This certificate has been issued on 10/15/2003.



_Mary Kiffmeyer_
Secretary of State.

Ck.# 445 264

The Commonwealth of Massachusetts
Limited Liability Company
(General Laws, Chapter 156C)

861397

Filed this_____25_____day_____November_____,2003.

A TRUE COPY ATTEST

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE _____ CLERK _____

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH

Phone:_____

EXHIBIT C



FORM 117

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass.  Outside Mass. – 617-727-4900 ext. 470
http://www.mass.gov/dia

AGREEMENT FOR REDEEMING LIABILITY
BY LUMP SUM UNDER G.L. CH. 152
FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986

DIA Board #
(If Known):

35499-01

Page 1 of 2
*Please Print or Type*

| | |
|---|---|
| EMPLOYEE  Ramon Gonzalez | LUMP SUM AMOUNT $ 27,500.00 |
| EMPLOYER  Liberty Diversified | TOTAL DEDUCTIONS $ 4,000.00 |
| INSURER  Liberty Mutual Insurance | NET TO CLAIMANT  $ 23,500.00 |
| BOARD NUMBER  35499-01 | TOTAL PAYMENTS  $ 46,500.00 |
| DATE OF INJURY  9-18-01 | (Weekly benefits plus lump sum) |

CHECK WHERE APPLICABLE

( x )  Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(   )  Liability has **NOT** been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( x )  In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

(   )  The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

| | NAME | ADDRESS |
|---|---|---|
| 1. $ 2,667<br>Attorney's Fee | Fairburn & Dike | 234 Essex St. Lawrence,MA 01840 |
| 2. $ 1,333.00<br>Attorney's Expenses | Mitchell Garabedian<br>(Please attach documentation) | 100 State Street Boston, MA 02109 |
| 3. $ N/A<br>Liens | (Please attach discharges) | |
| 4. $ N/A<br>Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | | |
| 7. $ | | |

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
APPROVED
JAN 29 2003
by _____

(OVER)

Form 117 - Revised 8/2001 - Reproduce as needed.

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT    *(Page 2 of 2)*

EMPLOYEE MEDICAL INFORMATION:

Age __45__  No. of Dependents __0__  Average Weekly Wage $ 440.77  Compensation Rate $ _____

Social Security No.*: 020 - 849465 Occupation Machine Operator  Educational Background 8th grade

On Social Security:  YES ( )  NO (x)

On Public Employee Disability Retirement:  YES ( )  NO (x)

DIAGNOSIS crush injury to left  PRESENT MEDICAL CONDITION End result with period:

arm, shoulder injuries  Treatment

Present Work Capacity: Limited & use of minor  Third Party Action Pending

arm

### PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):

See Attachment "A"

(Please attach a separate sheet if necessary.)

Received of. Liberty Mutual Insurance  the Lump Sum of Twenty-Seven thousand,

five hundred dollars and No cents ($ 27,500.00 )

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by Ramon Gonzalez

on or about 9-18-01 while in the employ of Liberty Diversified Industries

_____. I fully understand that after all of the deductions herein I will receive

$ 23,000.00 . I am fully satisfied with and request approval of this settlement. This agreement has been translated for me into my native language of english .

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | *Ramón Gonzalez* | 65 Shawsheen Rd. C/o of H-bea Date Below Lawrence, MA | 01843 |
| CLAIMANT'S COUNSEL: | | 234 Essex St. Lawrence, MA | 01840 |
| INSURER'S COUNSEL: | | | |

Signed this _____ day of January _____ 2003

*Disclosure of Social Security Number is Voluntary.  It will aid in the processing of this document.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS

EMPLOYEE: RAMON GONZALEZ
EMPLOYER: LIBERTY DIVERSIFIED INDUSTRIES
INSURER:   LIBERTY MUTUAL INSURANCE
DOI:       9-18-01
DIA#:      35499-01

ATTACHMENT "A" TO LUMP SUM AGREEMENT

Now come the parties asking this Honorable Court to approve the attached lump sum agreement. As reasons therefore the employee states as follows:

The Employee, Ramon Gonzalez, is a forty-five year old man, educated through the 8th grade in his native country of Dominican Republic. He immigrated into the United States in 1980 and taught himself English. He is a fluent speaker of English but has only a limited ability to read and write in that language. Upon coming to the United States he worked as a factory worker for Cardinal Shoe. He remained employed at Cardinal Shoe for approximately twenty years until the factory closed down. Thereafter, on March 26, 2001, he became employed at The Employer, Liberty Diversified Industries, as a Machine Operator. He has worked no other job in the United States.

On September 18, 2001 Mr. Gonzalez was working his normal job at the Employer when his left arm was caught in the intake rollers of his machine. The rollers pulled his arm into the machine causing sever crush injuries to his left wrist and arm. The twisting of his arm in the machine also injured his left shoulder. After being extricated from the machine Mr. Gonzalez was taken directly to a local hospital and ultimately his care was transferred to the Massachusetts General Hospital in Boston.

The Insurer commenced payments without prejudice but ultimately the Insurer accepted liability by continuing his payments beyond the 180-day period. On August 8, 2002 the Insurer had an Independent Medical Exam performed by John F. Duff, M.D. He opined that the Mr. Gonzalez had recovered well from his injuries and the subsequent surgeries he endured. Doctor Duff concluded that it would be appropriate for Mr. Gonzalez to attempt to return to the workforce with limitations. He further opined that Mr. Gonzalez would suffer some permanent impairment from the injury but did not quantify this in a percentage of loss of function pursuant to the AMA guidelines.

At about the same time period Mr. Gonzalez new treating physician at Massachusetts General Hospital, Dr. Phani Dantuluri, released him to p.r.n. care. Essentially indicating that Mr. Gonzalez was at an end result unless further complications arose. Based on these reports the Employee was entered into a vocational re-training program. Presently Mr. Gonzalez is in the early stages of this program, which includes

training for a G.E.D. certificate. Vocational retraining has assented to this settlement as in Mr. Gonzalez' best interest.

This settlement nets the Employee twenty-three thousand, five hundred dollars ($23,500.00). This amount represents over one and one half years of additional temporary total benefits. In fact this amount represents nearly the entire remaining s.34 exposure. Procedurally the Insurer has moved for a modification of benefits. Based upon the aforementioned medical records it is anticipated that Mr. Gonzalez' benefits would have been reduced at Conference and this matter would have been extensively litigated.

The settlement proceeds are to be based upon Mr. Gonzalez' life expectancy pursuant to <u>Sciarrota v. Bowden</u> . Pursuant thereto this settlement represents a lifetime monthly income of forty-one dollars and thirty-five cents ($41.35). This is calculated as follows:

| | |
|---|---|
| Total Settlement | $27,500.00 |
| Less | |
| Legal Fees & Liens | $ 4,000.00 |
| Loss of Function Award | $ 7,500.00 |
| Indemnity Award | $ 16,000.00 |

At forty-five years of age Mr. Gonzalez has a life expectancy of approximately forty years. As such for the purposes of Social Security offset provisions his indemnity award is equal to a monthly lifetime award of forty-one dollars and thirty-five cents ($41.35) pursuant to <u>Sciaratta</u>, *Ibid.*

Given the above information the Employee believes that this settlement is in his best interest and respectfully requests that this Honorable Court approve it. *Please send* *Employees check to Atty. Herbert Dike.*

_____
Employee

_____
Employee Counsel

_____
Insurer's Counsel

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
A P P R O V E D

MAR 29

by _____
Administrative Judge
in Accordance with Mass. G.L.c. 152

PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

Website: www.CivilActionGroup.com

My Email: JCobb@CivilActionGroup.com

November 8, 2004

Attn: Mr. Jeffrey S. Ahearn
JEFF AHEARN
44 School Street, 6th Floor
Boston, MA 02108

RE:    Gonzalez v Asitrade, AG
       Country: Switzerland
       APS File #242676

       -- Asitrade, AG

Dear Mr. Ahearn:

We have received your request in the above named case(s) for service of process in accordance with the Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters, TIAS #10072 (U.S. Treaties & other International Acts) and 20 UST 361 (U.S. Treaties & other International Agreements).

You can normally expect any requested translations to be completed within seven to ten working days, after which a copy is sent for your file. Thereafter, two to three working days are required for transit and customs clearing abroad. The documents are received by a Receiving Authority for Hague Service Requests. Foreign government officials usually effect service pursuant to international treaty law in six to eight weeks, and another four to six weeks are usually required for the Proof of Service to be completed, sealed, and returned to the United States. The whole matter usually requires twelve to sixteen weeks, and occasionally longer. However, we can neither guarantee the performance of the foreign officials nor predict the outcome based on constraints beyond our control.

The Treaty acknowledges that some member nations may be dilatory in either serving process or in returning the proof of service. A provision of the Hague Service Convention allows the plaintiff to enter a default judgment if a proof of service is not received within six months and if reasonable follow-up efforts have been made by the plaintiff to obtain service in accordance with the Treaty.

Although only a small percentage of cases fall into this category, following sixteen weeks of transmittal abroad, we will provide an initial follow-up with the foreign court wherein we will completely resubmit for service a second set of documents along with any translations into the appropriate foreign language. If necessary, a second follow-up will be done at twenty weeks. Finally, a six-month affidavit, which will assist you in the application for a default judgment, will be completed and sent to you if no response is received from the foreign government.

Your fee for service covers our preparation and processing of the necessary documents to request service abroad as well as the out-of-pocket costs of which we are aware. The only time you may be charged extra is if you would like APS to have one of our interpreters/paralegals call the foreign government directly to ascertain the exact status of your service request, if the foreign government imposes special surcharges to execute your request, OR if you ask APS to do something which is not normal to the Hague Service Convention process. Of course, you will always be informed in advance before any additional fees are incurred.

The fee charged includes the standard 16 and 20 week follow-ups done by APS. It also includes (if necessary) a six month affidavit which you can use to apply for a default judgment against the defendant - even if no proof has been received by the foreign government.

In the event service of process or any other APS service is determined to be improper or invalid for any reason occasioned by the acts or omissions of APS, we will cause the documents to be re-served at no additional cost, or make a full refund to the attorney. However, if service of process or any other APS service is determined to be improper or invalid for any reason occasioned by the acts or omissions of the U.S. Department of State Officials, government officials and/or foreign government officials, the documents will be resubmitted for a nominal charge. APS shall not be liable for any incidental or consequential damages. No refund will be made for failure to serve, copy or file documents because of ambiguous instructions, improper documents supplied, incomplete documents supplied, the unavailability of the party at the time of service, or inadequate or incorrect address.

We appreciate your business and enjoy handling this matter for you.

Sincerely,



Josh Cobb
Direct Extension: 338
APS International, Ltd. - International Division

**NOTE: Your documents for this matter are currently being translated.**