UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,<br>　　　　Plaintiff<br><br>v.<br><br>ASITRADE, AG,<br>BOBST GROUP USA, INC., and<br>LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br>　　　　Defendants | Civil Action No.:04-12609-RGS |

**PLAINTIFF RAMON GONZALEZ' RESPONSE TO DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF <u>MOTION FOR SUMMARY JUDGMENT</u>**

Now comes the Plaintiff Ramon Gonzalez and hereby responds to Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's (hereinafter "Defendant") statement of material facts as follows:

1.　　Plaintiff agrees with Defendant's material fact in paragraph 1 to the extent that Plaintiff's claim arises from a personal injury accident in the course of his employment on September 18, 2001. Plaintiff disagrees with statements contained in paragraphs 3-5 of the Affidavit of Nancy LaPlante attached to Defendant's Statement of Material Facts as EXHIBIT 1 to the extent that said Affidavit states that Plaintiff was an employee of Defendant (para. 3); that Ms. LaPlante initiated Plaintiff's workers' compensation claim for this accident under Defendant's workers' compensation policy (para. 4); and that EXHIBIT 1 to said Affidavit is a true copy of the Employer's First Report of Injury (para. 5). All documents filed with the Department of Industrial Accidents in connection with Plaintiff's workers' compensation claim indicate that Plaintiff was an employee not

of Defendant but of a distinct and separate corporate entity known as Liberty Diversified Industries, Inc.; that Plaintiff's workers' compensation claim was initiated and administered in its entirety not under any workers' compensation insurance policy issued to Defendant but under a workers' compensation insurance policy issued to a separate and distinct corporate entity known as Liberty Diversified Industries, Inc.; and that EXHIBIT 1 to the Affidavit of Nancy LaPlante is not the Employer's First Report of Injury or Fatality which was actually filed with the Department of Industrial Accidents in connection with Plaintiff's workers' compensation claim. (See certified copy of Employer's First Report of Injury or Fatality filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT A; certified copy of Average Weekly Wage Computation Schedule filed with the Department of Industrial Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT B; certified copy of Insurer's Notification of Payment filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT C; certified copy of Insurer's Notification of Termination or Modification of Weekly Compensation During Payment Without Prejudice Period filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT D; certified copy of Insurer's Complaint for Modification

Discontinuance or Recoupment of Compensation filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT E; and certified copy of Agreement for Redeeming Liability by Lump Sum Under G.L. CH 152 For Injuries Occurring on or after Nov. 1, 1986 filed with the Department of Industrial Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT F.)

2.  Plaintiff disagrees with Defendant's material fact in Paragraph 2. Defendant was not Plaintiff's employer at the time of the accident. All documents filed with the Department of Industrial Accidents in connection with Plaintiff's workers' compensation claim indicate that Plaintiff was an employee not of Defendant but of a distinct and separate corporate entity known as Liberty Diversified Industries, Inc. (See EXHIBITS A-F.)

3.  Plaintiff disagrees with Defendant's material fact in paragraph 3 to the extent that it is misleading. Although Plaintiff agrees Plaintiff made a claim for workers' compensation benefits with Liberty Mutual Insurance Company, although Liberty Mutual Insurance Company may have provided a workers' compensation insurance policy to the Defendant, Plaintiff's claim with Liberty Mutual was not administered under Defendant's policy but was administered and paid under the worker's compensation policy of a separate and distinct entity known as Liberty Diversified Industries, Inc. (See EXHIBITS A-F.)

4.  Plaintiff disagrees with Defendant's material fact in Paragraph 4 to the extent

that it is misleading. Although Liberty Mutual Insurance Company paid Plaintiff workers' compensation benefits, said benefits were paid under a workers' compensation policy issued to a separate and distinct entity known Liberty Diversified Industries, Inc. and not under any Liberty Mutual Insurance Company workers' compensation policy issued to Defendant. (See EXHIBITS A-F.)

PLAINTIFF SUBMITS THE FOLLOWING ADDITIONAL MATERIAL FACTS:

5. Plaintiff's workers' compensation benefits as a result of the injuries Plaintiff sustained on September 18, 2001 were paid under a workers' compensation policy issued to a separate and distinct corporate entity known as Liberty Diversified Industries, Inc. and not under any workers' compensation insurance policy issued to Defendant. (See EXHIBITS A-F.)

Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,

Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA  02108
(617) 523-7470

George J. Nader, BBO#549149
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA  01940
(781) 581-9880

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via U.S. mail, postage prepaid on May 25, 2005.

                                                                                                                                                     /s/ Jeffrey S. Ahearn
Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470



FORM 101

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 101
600 WASHINGTON STREET - 7TH FLOOR, BOSTON, MA 02111

EMPLOYER'S FIRST REPORT OF INJURY OR FATALITY

DIA BOARD NO.: 3549901
ENTER IF KNOWN

File this form if injury has resulted in death or in 5 or more calendar days of total or partial incapacity from earning wages.

Claim No. WC101-948495  HOD

INSTRUCTIONS AND CODES ON THE REVERSE SIDE. PLEASE PRINT OR TYPE:

**EMPLOYEE**

| 1. Employee's Name (Last, First, MI) GONZALEZ, RAMON | 2. Home Telephone (978) 682-0881 | 3. Social Security Number* 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 | 4. Sex M [X] F [ ] |
|---|---|---|---|
| 5. Home Address (No. and Street, City, State, Zip) 65 SHAWSHEEN RD 1ST FLOOR LAWRENCE MA 01843 | | 6. Marital Status M [ ] S [X] | 7. Number of Dependents 0 |
| 8. Date of Hire (mm/dd/yy) 03/26/2001 | 9. Date of Birth (mm/dd/yy) 08/31/1957 | 10. Average Weekly Wage $ [X] Estimated [ ] Actual | |

**EMPLOYER**

| 11. Employer's Name LIBERTY DIVERSIFIED INDUSTRIES | 12. Federal Tax I.D. Number |
|---|---|
| 13. Employer's Address (No. and Street, City, State, Zip) ONE FIRST AVE PEABODY MA 01960 Mailing Address FOUR FIRST AVE PEABODY, MA 01960 | 14. Employer's Telephone (978) 538-7630 15. Industry Code |
| 16. Workers' Compensation Insurance Carrier (Not Local Agent/Adjuster) LIBERTY MUTUAL INSURANCE | 17. W.C. Policy Number |
| 18. Self-Insured? [ ] Yes [X] No | 19. Self-Insurer Number: |

**INJURY**

| 20. Describe Nature of Business or Article Manufactured (check one) [ ] Service [ ] Wholesale [ ] Retail [ ] Manufacturing | 21. Dept. No. | Floor No. |
|---|---|---|
| 22. Date of Injury (mm/dd/yy) 09/18/2001 | | |
| 23. Location Where Injury Occurred (If Different Than #13) ONE FIRST AVE PEABODY, MA 01960 | 24. Injured on Employer's Premises? [X] Yes [ ] No | |
| 25. Employer's Location Code 210100 | 26. If Employee Has Died, Date of Death (mm/dd/yy) | |
| 27. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 09/19/2001 | 28. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 9/23/01 | |
| 29. Source of Injury (Chemicals, Machinery, Etc.) MACHINE ROLLERS | | |
| 30. Describe How Injury/Exposure Occurred (Struck By...Fell From...Exposed To...) EMPLOYEE WAS SPEEDING PAPERS WHILE RUNNING MACHINE LT LOWER ARM GOT CAUGHT BETWEEN WRAP ARM AND PRECONDITIONER ROLLERS. | | |

**INFORMATION**

| 31. To Whom Was Injury/Death Reported? BAXTER, GEORGE Position: | 32. Date Reported (mm/dd/yy) 09/18/2001 | 33. Date Reported as Work Related (mm/dd/yy) 09/18/2001 |
|---|---|---|
| 34. Injury Code(s) a. b. c. | 35. Body Part Code(s) a. b. c. | |
| 36. Description (Left Leg...Lower Back...) POSSIBLE FRACTURE OF LEFT LOWER ARM | | |
| 37. Witness(es) To The Injury? [ ] Yes [ ] No If "YES" Please Specify. GONZALEZ, ERASAMO (978) 573-2532 | | |
| 38. Has Employee Returned to Work? [ ] Yes [X] No | 39. Date of Return (mm/dd/yy) | |
| 40. Employee's Regular Occupation SINGLE FACE OPE | 40A. Returned to Regular Occupation? [ ] Yes [X] No | |
| 41. Preparer for Employer (Please Print or Type) LAPLANTE, NANCY | 42. Title HR MGR | |
| 43. Preparer's Signature Nancy LaPlante/sgh | 44. Date Prepared (mm/dd/yy) 09/19/2001 | |

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydston/KDR
5/24/05

*Disclosing Social Security Number is voluntary. It will assist in the processing of your report.
REPRODUCE AS NEEDED
20-CSF-7 R5

Form #101 (2/93)

"EXHIBIT B"

\*\* TOTAL PAGE.12 \*\*
FORM 117



# The Commonwealth of Massachusetts
DEPARTMENT OF INDUSTRIAL ACCIDENTS - Department 117
600 Washington Street - 7th Floor, Boston, Massachusetts 02111

## AVERAGE WEEKLY WAGE COMPUTATION SCHEDULE

**FILE**

PLEASE PRINT OR TYPE:

Date (MM/DD/YY):

| Employer Name and Address | Insurer Case File Number |
|---|---|
| Liberty Diversified Industries<br>4 First Ave<br>Peabody, MA 01960 | 101-948495 |

| Employee Name | Children Under 18 Years Old | Dependents Other Than Children |
|---|---|---|
| Ramon Gonzalez | no | no |

| Date of injury (MM/DD/YY) | First Date of Disability (MM/DD/YY): | Date Employed (MM/DD/YY): |
|---|---|---|
| 09/18/01 | 09/19/01 | 03/26/01 |

Has Employee been certified by U.S. Veterans Administration for any type of disability?  ☐ Yes  ☑ No

Indicate only those wages earned by the injured employee during the 52 week period immediately preceding the accident. If the injured employee has worked less than 52 weeks, report wages for the time worked and, for the remaining weeks on this schedule, substitute wages of a fellow employee in the same class of employment who has worked for one year or more.

| Week No | Year: 2001 Week Ending Month | Day | Gross Amount Paid Including Overtime | No. of Meals Per Week | Week No | Year: 2001 Week Ending Month | Day | Gross Amount Paid Including Overtime | No. of Meals Per Week | Week No | Year: Week Ending Month | Day | Gross Amount Paid Including Overtime | No. of Meals Per Week |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | 19 | 5 | 05 | 460.00 | | 37 | 9 | 08 | 484.38 | |
| 2 | | | | | 20 | 5 | 12 | 439.88 | | 38 | 9 | 15 | 523.44 | |
| 3 | | | | | 21 | 5 | 19 | 460.00 | | 39 | 9 | 22 | 200.00 | |
| 4 | | | | | 22 | 5 | 26 | 431.25 | | 40 | | | | |
| 5 | | | | | 23 | 6 | 02 | 460.00 | | 41 | | | | |
| 6 | | | | | 24 | 6 | 09 | 437.00 | | 42 | | | | |
| 7 | | | | | 25 | 6 | 16 | 460.00 | | 43 | | | | |
| 8 | | | | | 26 | 6 | 23 | 442.75 | | 44 | | | | |
| 9 | | | | | 27 | 6 | 30 | 460.00 | | 45 | | | | |
| 10 | | | | | 28 | 7 | 07 | 457.13 | | 46 | | | | |
| 11 | | | | | 29 | 7 | 14 | 460.00 | | 47 | | | | |
| 12 | | | | | 30 | 7 | 21 | 460.00 | | 48 | | | | |
| 13 | | | | | 31 | 7 | 28 | 109.25 | | 49 | | | | |
| 14 | 3 | 31 | 460.00 | | 32 | 8 | 04 | 503.13 | | 50 | | | | |
| 15 | 4 | 07 | 460.00 | | 33 | 8 | 11 | 460.00 | | 51 | | | | |
| 16 | | | | | 34 | 8 | 18 | 460.00 | | 52 | | | | |
| 17 | 4 | 21 | 460.00 | | 35 | 8 | 25 | 498.81 | | TOTAL AVERAGE | | | 10,994.52 | |
| 18 | 4 | 28 | 460.00 | | 36 | 9 | 01 | 487.50 | | | | | | |

Was Room Furnished To Employee?  ☐ Yes  ☑ No

If Tips or Other Benefits Were Earned, Describe and State Value Per Week:

Comments

Average Weekly Wage computed above is based on 25 weeks wage data.

THIS IS A TRUE COPY OF THE PAYROLL RECORD OF THE ABOVE NAMED EMPLOYEE OR OF A FELLOW EMPLOYEE IN THE SAME CLASS OF EMPLOYMENT

| Name of Fellow Employee | Employer Preparer's Signature | Preparer's Title |
|---|---|---|
| | Pamela Georgenes | Payroll Administrator |

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydaton/KDR

20-CSF-139

FORM 103



COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 103
600 WASHINGTON STREET-7TH FLOOR, BOSTON, MA 02111

DIA BOARD NO.: 3549901
ENTER IF KNOWN

## INSURER'S NOTIFICATION OF PAYMENT

FILE THIS FORM WHEN WEEKLY BENEFITS ARE PAID WITHIN 14 DAYS OF INSURER'S RECEIPT OF A FIRST REPORT OF INJURY OR AN INITIAL WRITTEN CLAIM FOR WEEKLY BENEFITS

INSTRUCTIONS ARE ON THE REVERSE SIDE. PLEASE PRINT OR TYPE:

**INSURER**

1. Insurance Carrier's name and Address
LIBERTY MUTUAL GROUP
PO Box 9102
Weston, MA 02493-9102

2. Self-Insured?  ☐ Yes  ☒ No
3. Self - Insurer Number:

4. Claims Representative's Name
Lois Deharo

5. Claims Representative's Telephone
1-800-762-5026

6. Insurer's Case File Number
101-948495

7. Did Insurer Receive First Report of Injury from Employer?  ☒ Yes  ☐ No

8. Date Received (mm/dd/yy) 09/19/2001

9. Did Insurer Receive a Written Claim for Weekly Benefits from the Employee?  ☐ Yes  ☐ No

10. Date Received (mm/dd/yy)

**EMPLOYEE**

11. Employee's Name (Last, First, MI)
Gonzalez, Ramon

12. Social Security Number*
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

13. Employee's Address (No. and Street, City, State, Zip)
65 Shawsheen Road, 1st Floor, Lawrence, MA 01843

14. Date of Birth (mm/dd/yy)
08/31/57

15. Employer's Name
Liberty Diversified Industries, Inc.

16. Employer's Address (No. and Street, City, State, Zip)
Attn: Nancy Laplante, 4 First Ave, Peabody, MA 01960

**INJURY**

17. Date of Injury
09/18/2001

18. First Date of Total or Partial Incapacity to Earn Wages (mm/dd/yy)
09/19/2001

19. Injury Code(s)
a. 210  b.  c.

20. If Employee has Died Date of Death (mm/dd/yy)

21. Fifth Date of Total or Partial Incapacity to Earn Wages (mm/dd/yy)
09/23/2001

22. Body Part Code(s)
a. 315  b.  c.

23. Description (left Leg...Lower Back...) Possible fracture of left forearm

RECEIVED 2001 OCT -2 A 10: 22 DIA-CLAIMS

**COMPENSATION**

24. ☐ ACCEPTED   ☒ PAID WITHOUT PREJUDICE

Average Weekly Wage: $ 400.00    ☒ Estimated   ☐ Actual
(See M.G.L. Chapter 152, section 1(1) for definition.)

Date Insurer Mailed First Payment (mm/dd/yy) 09/26/01

Amount Paid to Date: $ 240.00

Paid Through (mm/dd/yy) 09/26/2001

Type of Weekly Compensation

Weekly Compensation Amount

a. ☒ Temporary, Total Incapacity (s.34)    $ 240.00
b. ☐ Permanent & Total Incapacity (s.34 A)  $
c. ☐ Partial Incapacity (s.35)              $
d. ☐ Dependency Coverage (s.35 A)           $
e. ☐ Survivor's Benefits (s.31)             $

25. Insurer's Signature

26. Date Prepared (mm/dd/yy)
09/26/2001

*Disclosing Social Security Number is voluntary. It will assist in the processing of your report.
REPRODUCE AS NEEDED

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST.
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Claire M. Lydston /KoE
5/24/05

FORM #103 (2/93)

20-CSF-99 R2

"EXHIBIT D"

**FORM 106**

The Commonwealth of Massachusetts
Department of Industrial Accidents - Department 106
600 Washington Street - 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. -617-727-4900 ext. 470
http://www.state.ma.us/dia

## INSURER'S NOTIFICATION OF TERMINATION OR MODIFICATION OF WEEKLY COMPENSATION DURING PAYMENT WITHOUT PREJUDICE PERIOD

DIA Board # (If Known): 3549901

CHECK ONE BOX:  TERMINATION [ ]  MODIFICATION [✓]

FILE ONLY WHEN PAYMENT HAS BEEN MADE WITHIN 14 DAYS. AT LEAST 7 DAYS WRITTEN NOTICE MUST BE GIVEN TO EMPLOYEE OF THE INTENT TO STOP PAYMENTS, UNLESS BASED ON ACTUAL INCOME OF EMPLOYEE

**INSURER**

1. Insurance Carrier's Name and Address: Liberty Mutual Group, PO Box 9102, Weston, MA 02493-9102
2. Self-insured?: [ ] Yes [✓] No — If Yes Please Give Self-insurer Number:
3. Name & Address of Insurer's Attorney:
4. Telephone Number of Insurer's Attorney:
5. Claim Representative's Name: Lois Deharo
6. Claim Representative's Tel. Number & Ext.: (800) 762-5026
7. Insurer's Case File Number: 101-948495
8. Did Insurer Receive First Report of Injury (Form 101): [✓] Yes [ ] No - If Yes - Date Received (mm/dd/yyyy): 09/19/2001

**EMPLOYEE**

9. Employee's Name (Last, First, MI): Gonzalez, Ramon
10. Employee's Social Security Number*: 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
11. Employee's Address (No. and Street, City, State, Zip Code): 65 Shawsheen Road, 1st Floor, Lawrence, MA 01843
12. Date of Birth (mm/dd/yyyy): 08/31/1957
13. Date of Injury (mm/dd/yyyy): 09/18/2001
14. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy): 09/19/2001
15. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy): 09/23/2001
16. Employer's Name & Address (No. and Street, City, State, Zip code): Libert Diversified Industries, Inc., 4 First Ave, Attn: Nancy Laplante, Peabody, MA 01960
17. Employer's Federal Tax ID #:
18. Employee Returned to Work: [ ] Yes [ ] No (If Yes - 7 days written notice not required) If Yes - Date Return (mm/dd/yyyy):   Employee's Income $

**GROUNDS**

19. Specify grounds for termination and give a brief statement of the specific facts supporting the grounds for termination. Failure to do so may cause loss of defenses under M.G.L. c 152, Sections 7(1) and 7(2).
    A. [ ] No Personal Injury
    B. [ ] No Injury Arising Out of and in the Course of Employment
    C. [ ] No Disability
    D. [ ] No Casual Relation Between Personal Injury and Disability
    G. [ ] Lack of Jurisdiction
    X. [ ] Lack of Notice
    Y. [ ] Late Claim
    H. [ ] Other (Specify)
    Use additional space on back of form if needed.

20. Last Date Through Which Payment Will Be Made (mm/dd/yyyy):
21. Date of Notification of Termination or Modification to the Employee (mm/dd/yyyy): 10/05/2001

22. If this is a Modification rather than a Termination, please state the grounds and factual basis for the Modification and the prior rate(s) of weekly compensation paid and the Modification rate(s) of weekly compensation.  *Basis for Modification (use reverse side if needed).*

Prior Rate(s):  $ 240.00      $ _____      Employee's benefits are being modified
Modified Rate(s): $ 269.86    $ _____      based on receipt of wage statement.

23. Insurer's Signature: *Lois Deharo*
24. Date Prepared (mm/dd/yyyy): 10/05/2001

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of documents. Form 106 - Revised 8/2001 - Reproduce as needed. Please Print Clearly or Type. Unreadable forms will be returned.

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
*Elaine M. Lydeston/KOR*

20-CSF-102 R2

**FORM 108**



DIA BOARD # (If Known): **354990**

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 108**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.state.ma.us/dia

## INSURER'S COMPLAINT FOR MODIFICATION, DISCONTINUANCE OR RECOUPMENT OF COMPENSATION

**CHECK ONE BOX:** ☐ MODIFICATION   ☑ DISCONTINUANCE   ☐ RECOUPMENT

INSURER **MUST** SEND A COPY OF THIS NOTICE TO THE EMPLOYEE AND THE EMPLOYEE'S REPRESENTATIVE

### INSURER

1. Insurance Carrier Name and Address:
Liberty Mutual Group
PO Box 9102, Weston MA 02493-9102

2. Self-insured? ☐ Yes ☑ No
If Yes Please Give Self-insurer Number:

3. Name & Address of Insurer's Attorney:

4. Telephone Number of Insurer's Attorney:

5. Claim Representative's Name:
LOIS DEHARO

6. Claim Representative's Tel. Number & Ext.:
(800) 762-5026    27420

7. Insurer's Case File Number:
WC101-948495

8. Did Insurer Receive First Report of Injury (Form 101):
☑ Yes ☐ No If Yes - Date Received (mm/dd/yyyy): 09/19/2001

### EMPLOYEE

9. Employee's Name (Last, First, MI):
GONZALEZ, RAMON

10. Employee's Social Security Number*:
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

11. Employee's Address (No. and Street, City, State, Zip Code):
525 ESSEX STREET - PMB #1143, LAWRENCE, MA. 01841

12. Date of Birth (mm/dd/yyyy):
08/31/1957

13. Date of Injury (mm/dd/yyyy):
09/18/2001

14. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):
09/19/2002

15. Name, Address & Telephone Number of Employee's Attorney:
DAVID J. RHEIN
100 STATE STREET - 6TH FLOOR
BOSTON, MA. 02109                                   Tel. Number - (617) 523-6250

16. Employer's Name & Address (No. and Street, City, State, Zip Code):
LIBERTY DIVERSIFIED INDUSTRIES
FOUR FIRST AVENUE
PEABODY, MA. 01960

### GROUNDS

17. This is the Insurer's Request to MODIFY Weekly Compensation    ☐ Attach Proper Document under 452 CMR 1.07(J)

    This is the Insurer's Request to DISCONTINUE Weekly Compensation    ☑ Attach Proper Document under 452 CMR 1.07(J)

    This is the Insurer's Request to RECOUP Weekly Compensation    ☐ Attach Proper Document under 452 CMR 1.07(K)

18. Give Specific Basis for Complaint (continue on reverse side if necessary):
BASED ON DR. DUFF'S IME OF 8/8/02 WHICH FINDS THAT THE EMPLOYEE IS CAPABLE OF RETURNING TO WORK.

23. Insurer's Signature: *(signed)* Lois Deharo

24. Date Prepared (mm/dd/yyyy): 08/16/2002

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of documents.
Please Print Clearly or Type. Unreadable forms will be returned.

Form 108 - Revised 11/2001 - Reproduce as needed.

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
*Elaine M. Pydleton/KDR*

20-CSF-104 R2

"EXHIBIT F"

FORM 117        The Commonwealth of Massachusetts         DIA Board #
                Department of Industrial Accidents        (If Known):

                600 Washington Street – 7th Floor, Boston, Massachusetts 02111
                Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470    35499-01
                http://www.mass.gov/dia

**AGREEMENT FOR REDEEMING LIABILITY
BY LUMP SUM UNDER G.L. CH. 152
FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986**

Page 1 of 2
*Please Print or Type*

EMPLOYEE __Ramon Gonzalez__     LUMP SUM AMOUNT $ __27,500.00__

EMPLOYER __Liberty Diversified__     TOTAL DEDUCTIONS $ __4,000.00__

INSURER __Liberty Mutual Insurance__     NET TO CLAIMANT $ __23,500.00__

BOARD NUMBER __35499-01__     TOTAL PAYMENTS $ __46,500.00__
                                                       (Weekly benefits plus lump sum)
DATE OF INJURY __9-18-01__

CHECK WHERE APPLICABLE

( x ) Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(   ) Liability has **NOT** been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( x ) In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

(   ) The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

|   | NAME | ADDRESS |
|---|---|---|
| 1. $ __2,667__ Attorney's Fee | Fairburn & Dike | 234 Essex St. Lawrence, MA 01840 |
| 2. $ __1,333.00__ Attorney's Expenses | Mitchell Garabedian (Please attach documentation) | 100 State St. Boston, MA 02109 |
| 3. $ __N/A__ Liens | (Please attach discharges) | |
| 4. $ __N/A__ Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | | |
| 7. $ | | |

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
**APPROVED**
JAN 29 2003

*Administrative Judge
in Accordance with Mass. G.L.c. 152*

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS by
Elaine M. Lydston/KOR
5/24/05     (OVER)

Form 117  Revised 8/2001

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT   (Page 2 of 2)

EMPLOYEE MEDICAL INFORMATION:

Age __45__   No. of Dependents __0__   Average Weekly Wage $ __440.77__   Compensation Rate $ _____

Social Security No.*: __020 - 849465__ Occupation __Machine Operator__  Educational Background __8th grade__

On Social Security: YES ( )   NO (__x__)

On Public Employee Disability Retirement: YES ( )   NO (__x__)

DIAGNOSIS __crush injury to left arm, shoulder injuries__   PRESENT MEDICAL CONDITION __End result with perio[dic] Treatment__

Present Work Capacity: __Limited & use of minor arm__   Third Party Action __Pending__

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):*

See Attachment "A"

(Please attach a separate sheet if necessary.)

**DEPARTMENT OF INDUSTRIAL ACCIDENTS**
**DIVISION OF DISPUTE RESOLUTION**
**APPROVED**
**JAN 29 2003**
by ____ Administrative Judge
the Lump Sum of ____ in accordance with Mass. G.L. c. 152

Received of __Liberty Mutual Insurance__ the Lump Sum of __Twenty Seven thousand, five hundred__ dollars and __No__ cents ($ __27,500.00__)

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by __Ramon Gonzalez__ on or about __9-18-01__ while in the employ of __Liberty Diversified Industries__. I fully understand that after all of the deductions herein I will receive $ __23,000.00__. I am fully satisfied with and request approval of this settlement. This agreement has been translated for me into my native language of __english__.

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | Ramon Gonzalez | ~~65 Shawsheen Rd.~~ c/o Herbert Mike Lawrence, MA Below | 01843 |
| CLAIMANT'S COUNSEL: | [signature] | 234 Essex St. Lawrence, MA | 01840 |
| INSURER'S COUNSEL: | [signature] | [illegible] Andover, MA 01811 | |

Signed this __29th__ day of __January__ 2003

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS

EMPLOYEE: RAMON GONZALEZ
EMPLOYER: LIBERTY DIVERSIFIED INDUSTRIES
INSURER:  LIBERTY MUTUAL INSURANCE
DOI:      9-18-01
DIA#:     35499-01

ATTACHMENT "A" TO LUMP SUM AGREEMENT

Now come the parties asking this Honorable Court to approve the attached lump sum agreement. As reasons therefore the employee states as follows:

The Employee, Ramon Gonzalez, is a forty-five year old man, educated through the 8th grade in his native country of Dominican Republic. He immigrated into the United States in 1980 and taught himself English. He is a fluent speaker of English but has only a limited ability to read and write in that language. Upon coming to the United States he worked as a factory worker for Cardinal Shoe. He remained employed at Cardinal Shoe for approximately twenty years until the factory closed down. Thereafter, on March 26, 2001, he became employed at The Employer, Liberty Diversified Industries, as a Machine Operator. He has worked no other job in the United States.

On September 18, 2001 Mr. Gonzalez was working his normal job at the Employer when his left arm was caught in the intake rollers of his machine. The rollers pulled his arm into the machine causing sever crush injuries to his left wrist and arm. The twisting of his arm in the machine also injured his left shoulder. After being extricated from the machine Mr. Gonzalez was taken directly to a local hospital and ultimately his care was transferred to the Massachusetts General Hospital in Boston.

The Insurer commenced payments without prejudice but ultimately the Insurer accepted liability by continuing his payments beyond the 180-day period. On August 8, 2002 the Insurer had an Independent Medical Exam performed by John F. Duff, M.D. He opined that the Mr. Gonzalez had recovered well from his injuries and the subsequent surgeries he endured. Doctor Duff concluded that it would be appropriate for Mr. Gonzalez to attempt to return to the workforce with limitations. He further opined that Mr. Gonzalez would suffer some permanent impairment from the injury but did not quantify this in a percentage of loss of function pursuant to the AMA guidelines.

At about the same time period Mr. Gonzalez new treating physician at Massachusetts General Hospital, Dr. Phani Dantuluri, released him to p.r.n. care. Essentially indicating that Mr. Gonzalez was at an end result unless further complications arose. Based on these reports the Employee was entered into a vocational re-training program. Presently Mr. Gonzalez is in the early stages of this program, which includes

training for a G.E.D. certificate. Vocational retraining has assented to this settlement as in Mr. Gonzalez' best interest.

This settlement nets the Employee twenty-three thousand, five hundred dollars ($23,500.00). This amount represents over one and one half years of additional temporary total benefits. In fact this amount represents nearly the entire remaining s.34 exposure. Procedurally the Insurer has moved for a modification of benefits. Based upon the aforementioned medical records it is anticipated that Mr. Gonzalez' benefits would have been reduced at Conference and this matter would have been extensively litigated.

The settlement proceeds are to be based upon Mr. Gonzalez' life expectancy pursuant to Sciarrota v. Bowden . Pursuant thereto this settlement represents a lifetime monthly income of forty-one dollars and thirty-five cents ($41.35). This is calculated as follows:

| | |
|---|---|
| Total Settlement | $27,500.00 |
| Less | |
| Legal Fees & Liens | $ 4,000.00 |
| Loss of Function Award | $ 7,500.00 |
| Indemnity Award | $ 16,000.00 |

At forty-five years of age Mr. Gonzalez has a life expectancy of approximately forty years. As such for the purposes of Social Security offset provisions his indemnity award is equal to a monthly lifetime award of forty-one dollars and thirty-five cents ($41.35) pursuant to Sciaratta, Ibid.

Given the above information the Employee believes that this settlement is in his best interest and respectfully requests that this Honorable Court approve it. Please send Employee's Check C/o Herbert C Dike.

_____
Employee

_____
Insurer's Counsel

_____
Employee Counsel

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
APPROVED
JAN 29 2003
by _____
Administrative Judge
in Accordance with Mass. G.L.c. 152

FORM 116C



The Commonwealth of Massachusetts
Department of Industrial Accidents – Department 116C
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board # (If Known):

35499-01

# LIEN DISCLOSURE FORM
## TO BE COMPLETED BY THE EMPLOYEE

I, __Ramon Gonzalez__,
(Print Name)

hereby certify that, to the best of my knowledge, there are no outstanding liens or claims for reimbursement out of the proceeds of my workers' compensation settlement by the Department of Transitional Assistance, Department of Revenue Child Support Enforcement Unit, Veterans Services, prior counsel, or any medical, dental, hospital or disability income provider. My workers' compensation DIA Board number(s) is (are): __35499-01__

*SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.*

_Ramon Gonzalez_
**Signature of Employee**

65 Shawsheen Rd. Lawrence, MA 01843
**Address of Employee**

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
**Social Security Number***

1-28-03
**Date**

*Disclosure of Social Security Number is voluntary. It will assist in the processing of this document.

Reproduce as needed.                                                          FORM 116C Revised 8/2001

FORM 116A

DIA BOARD NO:

ENTER IF KNOWN

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS
DEPARTMENT 116A
600 WASHINGTON STREET - 7TH FLOOR
BOSTON, MA 02111

I, Stephen Richardson, sole proprietor/partner/corporate officer of Liberty Diversified Industries Company of Liberty Diversified Industries New Hope (city), Minnesota (state)

experience-modified insured of Liberty Mutual Insurance (insurer)

Company, hereby consent to the payment of a lump sum settlement in the gross amount of $ 27500.00 in the workers' compensation case of Ramon Gonzales (WC101-948495). The terms of such settlement are more fully set forth in the attached lump sum agreement.

Signed this 27th day of January

Year 2003, pursuant to the provisions of Section 48 of Chapter 152 of the General Laws of Massachusetts as most recently amended by Section 74 of Chapter 398 of the Acts of 1991.

(signature)

REPRODUCE AS NEEDED

FORM 116A (2/93)

Form 116B

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 116B**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line (800) 323-3249 ext. 470 in Mass. Outside Mass. - (617) 727-4900 ext. 470
http://www.state.ma.us/dia

DIA Board # (If Known):

## ADDENDUM TO LUMP SUM SETTLEMENT AGREEMENT PURSUANT TO M.G.L. c. 398 § 75 OF THE ACTS OF 1991, EFFECTIVE DECEMBER 23, 1991 - VOCATIONAL REHABILITATION STATUS

Employee Name: Ramon Gonzalez    Board #: 03549901

**PART A**
Written consent of the Office of Education and Vocational Rehabilitation is not required as a condition precedent to the validity of the lump sum agreement where:

**PLEASE CHECK ONE:**

☐ No determination has been made with respect to the employee's suitability for vocational rehabilitation pursuant to G.L. c. 152, § 30G.

☐ The employee has been found unsuitable by the Office of Education and Vocational Rehabilitation for vocational rehabilitation pursuant to G.L. c. 152, § 30G.

☐ The employee has returned to continuous employment for a period of six months or more.

☐ The employee has completed an approved rehabilitation plan.

Signed this _____ day of _____ 20___.

**SIGNATURE**                                              **ADDRESS**

_____    _____
**CLAIMANT**

_____    _____
**CLAIMANT'S COUNSEL**

_____    _____
**INSURER'S**

**PART B**
Where the employee has been found suitable for vocational rehabilitation services pursuant to G.L. c. 152, § 30G and has not returned to continuous employment for a period of six or more months or completed an approved rehabilitation plan, the Office of Education and Vocational Rehabilitation may nevertheless consent in writing to the lump sum, or an administrative judge or administrative law judge, by order or decision may authorize such agreement. G.L. c. 152, § 48 (3). "Any employee who receives a [lump sum] amount in violation of [§ 48(3)] shall have the right to re-open his or her claim for compensation." Id.

**PART C**
Please note that when liability is established, the lump sum agreement shall not redeem liability for the payment of medical benefits or vocational rehabilitation benefits with respect to such injury. An employee may seek vocational rehabilitation within two (2) years of perfection of the lump sum settlement. G.L. c. 152, § 48 (2).

Consented to: _Robert B. Demetri_    Date: Jan. 29, 2003
*Office of Education and Vocational Rehabilitation*

OEVR Comments: The insurer agrees to fund all necessary reasonable services pursuant to the development of an Individual Written Rehabilitation Plan.

Order/Decision: _____
*Administrative Judge/Administrative Law Judge*

FORM 116B Revised 7/200_