UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,<br>            Plaintiff<br><br>v.<br><br>ASITRADE, AG,<br>BOBST GROUP USA, INC., and<br>LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br>            Defendants | )<br>)<br>)<br>)Civil Action No.:04-12609-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF RAMON GONZALEZ' OPPOSITION TO DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM

NOW COMES the Plaintiff Ramon Gonzalez and hereby opposes Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion For Summary Judgment.

As separate and distinct grounds therefore Plaintiff states as follows:

1.      Defendant is not entitled to immunity from this lawsuit by Plaintiff under G.L. c.152, s.24 because G.L. c.152, s.15 provides immunity from suit only to the insured person employing Plaintiff and liable for payment of Plaintiff's workers' compensation benefits. See G.L. c.152, s.15. As there is ample evidence that Defendant was not Plaintiff's employer and that Defendant was not the insured person liable for payment of Plaintiff's workers' compensation insurance benefits to Plaintiff, Defendant is not immune from Plaintiff's suit.

2.      Discovery does not close in this action until November 11, 2005 and Defendant has not yet provided Plaintiff with the required automatic disclosure.

WHEREFORE as there exist genuine issues of material facts and, separately, as discovery is open until November 11, 2005 and Defendant has yet to provide required automatic disclosure, Plaintiff Ramon Gonzalez respectfully requests that this Honorable Court deny Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion For Summary Judgment.

**PLAINTIFF RAMON GONZALEZ' MEMORANDUM IN SUPPORT OF PLAINTIFF RAMON GONZALEZ' OPPOSITION TO DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

This is an action for personal injuries brought by Plaintiff Ramon Gonzalez (hereinafter "Plaintiff"). Plaintiff was seriously and permanently injured when his left arm was pulled between the rollers of an industrial machine (hereinafter the "machine") in the usual course of Plaintiff's employment on September 18, 2001. Defendant Asitrade, AG manufactured the machine. Defendant Bobst Group USA, Inc. marketed, sold, distributed, installed and/or serviced the machine. Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging owned the machine.

Plaintiff's Complaint alleges, among other things, Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Defendant") owned the machine, had a duty to provide Plaintiff with a reasonably safe machine and that Defendant breached said duty thereby substantially contributing to the cause of Plaintiff's injuries. Although Defendant claims immunity from Plaintiff's suit under G.L. c.152, s.24, as discussed below Defendant is not entitled to immunity from Plaintiff' suit.

2

## II. ARGUMENT

### A. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED SINCE GENUINE ISSUES OF MATERIAL FACTS EXIST

A motion for summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court is to examine the materials presented "in the light most favorable to the nonmoving party and indulge in all inferences in that party's favor." Moody v. Boston and Maine Corporation, 921 F.2d 1, 5 (1 Cir. 1990); Casas Office Machines Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 684 (1 Cir. 1994). As there exist genuine issues of material facts as discussed below, Defendant's Motion for Summary Judgment must be denied.

### B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE THERE IS A GENUINE ISSUE AS TO WHETHER DEFENDANT IS IMMUNE FROM LIABILITY FOR PLAINTIFF'S INJURIES UNDER G.L. c.152, s. 24

Contrary to Defendant's assertion, G.L. c.152, s.24 does not grant Defendant immunity from Plaintiff's suit. See G.L. c.152, s.15. In claiming immunity from suit by Plaintiff under G.L. c.152, s. 24 Defendant ignores the plain language of G.L. c. 152, s. 15 which permits actions at law for "damages for personal injuries . . . by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by this chapter. . . ." G.L. c.152, s.15.

G.L. c. 152, s.15 thus creates a two-part test to determine whether Defendant is immune from suit for Plaintiff's injuries. See Numberg v. GTE Transport, Inc., 34 Mass.

3

App. Ct. 904, 904, 607 N.E.2d 1 (1993); Lang v. Edward J. Lamothe Co., Inc., 20 Mass.
App. Ct. 231, 232 (1985). Pursuant to G.L. c.152, s.15 in order to gain immunity from
suit by Plaintiff Defendant must be both (1) the insured person liable for the payment of
the [workers'] compensation, and (2) the direct employer of the employee. See Numberg,
at 904; Lang, at 232.   Where either part of this two-part test is not satisfied, there is no
immunity under G.L. c.152. Id.   There is ample evidence that Defendant fails not only
one but both parts of this two-part test and is therefore not immune from suit by Plaintiff
under any section of G.L. c.152 thus Defendant's motion for Summary Judgment must be
denied.

The evidence shows that a separate and distinct corporate entity from Defendant
known as Liberty Diversified Industries, Inc. was both Plaintiff's employer and the
insured person liable for payment of worker's compensation benefits to Plaintiff. (See
certified copy of Employer's First Report of Injury or Fatality filed by Liberty Mutual
Insurance Company with the Department of Industrial Accidents in connection with
Board No.: 035499-01 indicating Plaintiff's employer to be Liberty Diversified Industries
and not Defendant attached hereto as EXHIBIT A; certified copy of Average Weekly
Wage Computation Schedule filed with the Department of Industrial Accidents in
connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty
Diversified Industries and not Defendant attached hereto as EXHIBIT B; certified copy
of Insurer's Notification of Payment filed by Liberty Mutual Insurance Company with the
Department of Industrial Accidents in connection with Board No.: 035499-01 indicating
Plaintiff's employer to be Liberty Diversified Industries and not Defendant attached
hereto as EXHIBIT C; certified copy of Insurer's Notification of Termination or

4

Modification of Weekly Compensation During Payment Without Prejudice Period filed

by Liberty Mutual Insurance Company with the Department of Industrial Accidents in

connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty

Diversified Industries and not Defendant attached hereto as EXHIBIT D; certified copy

of Insurer's Complaint for Modification Discontinuance or Recoupment of Compensation

filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents

in connection with Board No.: 035499-01 indicating Plaintiff's employer to be Liberty

Diversified Industries and not Defendant attached hereto as EXHIBIT E; and certified

copy of Agreement for Redeeming Liability by Lump Sum Under G.L. CH 152 For

Injuries Occurring on or after Nov. 1, 1986 filed with the Department of Industrial

Accidents in connection with Board No.: 035499-01 indicating Plaintiff's employer to be

Liberty Diversified Industries and not Defendant attached hereto as EXHIBIT F.)

All documentation in connection with Plaintiff's worker's compensation claim as

a result of the injuries sustained on September 18, 2001 indicate that Liberty Diversified

Industries was Plaintiff's employer and that Plaintiff's worker's compensation claim was

initiated and administered in its entirety under a worker's compensation policy issued to

Liberty Diversified Industries. (See EXHIBITS A-E.) As Defendant was not the "direct

employer" and was not the "insured person liable for payment of the compensation

provided by G.L.c.152 for the employee's injuries" Defendant is not immune from

Plaintiff's lawsuit. See Numberg, at 904-905; Lang, at 232. As there is evidence that

Defendant was not Plaintiff's direct employer nor the insured person responsible for

payment of Plaintiff's workers' compensation benefits Defendant is not immune from

Plaintiff's suit and Defendant's Motion for Summary Judgment must be denied.

The mere fact that Liberty Diversified Industries may have owned some amount of the stock of Defendant does not change the above analysis as Massachusetts courts have consistently denied immunity to subsidiary or closely affiliated entities which are distinct entities.  See Searcy v. Paul, 20 Mass. App. Ct. 134, 139, 478 NE 2d 1275 (1985).  Defendant and Liberty Diversified Industries, Inc. are separate and distinct entities. (See certified copy of Application for Registration as a Foreign Limited Liability Company indicating Defendant was a foreign limited liability company organized in Minnesota with a date of organization of May 26, 2000 attached hereto as EXHIBIT G and Minnesota Secretary of State Business Organizations Inquiry indicating Liberty Diversified Industries, Inc. is a Minnesota domestic corporation originally filed on September 25, 1972 attached hereto as EXHIBIT H.)

## C. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ON THE SEPARATE GROUND THAT DISCOVERY HAS NOT CLOSED IN THIS MATTER AND DEFENDANT HAS FAILED TO YET PROVIDE ANY REQUIRED AUTOMATIC DISCLOSURE

Although there is ample evidence that Defendant is not immune from Plaintiff's suit as discussed above, should this Honorable Court not be inclined to deny Defendant's Motion for Summary Judgment after review of the foregoing, this Court should deny Defendant's Motion for Summary Judgment on the separate ground that non-expert discovery in this matter remains open until November 11, 2005.  (See Joint Statement Pursuant to Local Rule 16.1 attached hereto as EXHIBIT I.)  Not only does non-expert discovery remain open until November 11, 2005, to date Defendant has failed to comply with Local Rule 26.2(A) and has not provided any automatic disclosure to Plaintiff.  (See Rule 56(f) Affidavit of Jeffrey S. Ahearn attached hereto as EXHIBIT J.)  Defendant was to provide said automatic disclosure by February 28, 2005. (See EXHIBIT I.)  As non-

expert discovery remains open until November 11, 2005 and as Defendant has failed to even provide the automatic disclosure as required by Local Rule 26.2(A) and the Joint Statement Pursuant to Local Rule 16.1 Defendant's Motion for Summary Judgment should be denied. See Fed.R.Civ.P. 56(f). In the alternative, this Court should order Defendant to forthwith provide Plaintiff with required automatic disclosure and allow Plaintiff to conduct discovery through November 11, 2005 in order to determine if there exists any evidence, in addition to the documents filed with the Department of Industrial Accidents, which supports Plaintiff's claim that Defendant is not immune from Plaintiff's suit. Id.

## IV. CONCLUSION

For the reasons discussed above, the Plaintiff Ramon Gonzalez respectfully requests that this Honorable Court deny Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion for Summary Judgment.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d) Plaintiff hereby requests that oral argument be heard on this matter as oral argument may assist the Court in ruling on Defendant's Motion for Summary Judgment.

Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,

Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470

7

George J. Nader, BBO#549149
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940
(781) 581-9880

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via U.S. mail, postage prepaid on May 25, 2005.

Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470

8

"EXHIBIT A"

**FORM 101**



Deborah

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 101
600 WASHINGTON STREET - 7TH FLOOR, BOSTON, MA 02111

**EMPLOYER'S FIRST REPORT OF INJURY OR FATALITY**

**DIA BOARD NO.:**

354990 1

**ENTER IF KNOWN**

File this form if injury has resulted in death or in 5 or more calendar days of total or partial incapacity from earning wages.

Claim No.   WC101-948495   HOD

INSTRUCTIONS AND CODES ON THE REVERSE SIDE. PLEASE PRINT OR TYPE:

**EMPLOYEE**

| 1. Employee's Name (Last, First, MI) GONZALEZ, RAMON | | 2. Home Telephone (978) 682-0881 | 3. Social Security Number* 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 | 4. Sex M [X] F [ ] |
|---|---|---|---|---|
| 5. Home Address (No. and Street, City, State, Zip) 65 SHAWSHEEN RD 1ST FLOOR LAWRENCE MA 01843 | | | 6. Marital Status M [ ]  S [X] | 7. Number of Dependents 0 |
| 8. Date of Hire (mm/dd/yy) 03/26/2001 | 9. Date of Birth (mm/dd/yy) 08/31/1957 | | 10. Average Weekly Wage $ _____ [X] Estimated    [ ] Actual | |

**EMPLOYER**

| 11. Employer's Name LIBERTY DIVERSIFIED INDUSTRIES | | 12. Federal Tax I.D. Number |
|---|---|---|
| 13. Employer's Address (No. and Street, City, State, Zip) ONE FIRST AVE PEABODY MA 01960 Mailing Address FOUR FIRST AVE PEABODY          , MA 01960 | | 14. Employer's Telephone (978) 538-7630 15. Industry Code |
| 16. Workers' Compensation Insurance Carrier (Not Local Agent/Adjuster) LIBERTY MUTUAL INSURANCE | | 17. W. C. Policy Number |
| 18. Self-Insured? [ ] Yes  [X] No | 19. Self-Insurer Number: | |
| 20. Describe Nature of Business or Article Manufactured (check one) [ ] Service  [ ] Wholesale  [ ] Retail  [ ] Manufacturing | 21. Dept. No. | Floor No. |

**INJURY**

| 22. Date of Injury (mm/dd/yy) 09/18/2001 | | |
|---|---|---|
| 23. Location Where Injury Occurred (If Different Than # 13) ONE FIRST AVE PEABODY, MA 01960 | | 24. Injured on Employer's Premises? [X] Yes  [ ] No |
| 25. Employer's Location Code 210100 | 26. If Employee Has Died, Date of Death (mm/dd/yy) | |
| 27. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 09/19/2001 | 28. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 9/23/01 | |
| 29. Source of Injury (Chemicals, Machinery, Etc.) MACHINE ROLLERS | | |
| 30. Describe How Injury/Exposure Occurred (Struck By...Fell From...Exposed To...) EMPLOYEE WAS SPEEDING PAPERS WHILE RUNNING MACHINE LT LOWER ARM GOT CAUGHT BETWEEN WRAP ARM AND PRECONDITIONER ROLLERS. | | |

**INFORMATION**

| 31. To Whom Was Injury/Death Reported? BAXTER, GEORGE Position: | 32. Date Reported (mm/dd/yy) 09/18/2001 | 33. Date Reported as Work Related (mm/dd/yy) 09/18/2001 |
|---|---|---|
| 34. Injury Code(s) a.        b.        c. | 35. Body Part Code(s) a.       b.       c. | |
| 36. Description (Left Leg...Lower Back...) POSSIBLE FRACTURE OF LEFT LOWER ARM | | |
| 37. Witness(es) To The Injury? [ ] Yes  [ ] No    If "YES" Please Specify. GONZALEZ, ERASAMO       (978) 573-2532 | | |
| 38. Has Employee Returned to Work? [ ] Yes [X] No | 39. Date of Return (mm/dd/yy) | |
| 40. Employee's Regular Occupation  SINGLE FACE OPE | 40A. Returned to Regular Occupation? [ ] Yes  [X] No | |
| 41. Preparer for Employer (Please Print or Type) LAPLANTE, NANCY | 42. Title HR MGR | |
| 43. Preparer's Signature Nancy LaPlante/egh | 44. Date Prepared (mm/dd/yy) 09/19/2001 | |

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydston / KOR
5/24/05

*Disclosing Social Security Number is voluntary. It will assist in the processing of your report.
REPRODUCE AS NEEDED                                                                 Form #101 (2/93)
20-CSF-7 R5

FORM 117 

# The Commonwealth of Massachusetts

DEPARTMENT OF INDUSTRIAL ACCIDENTS - Department 117
600 Washington Street - 7th Floor, Boston, Massachusetts 02111

## AVERAGE WEEKLY WAGE COMPUTATION SCHEDULE

**FILE**

PLEASE PRINT OR TYPE:

Date (MM/DD/YY):

| Employer Name and Address | Insurer Case File Number |
|---|---|
| Liberty Diversified Industries<br>4 First Ave<br>Peabody, MA 01960 | 101-948495 |

| Employee Name | Children Under 18 Years Old | Dependents Other Than Children |
|---|---|---|
| Ramon Gonzalez | no | no |

| Date of injury (MM/DD/YY)<br>09/18/01 | First Date of Disability (MM/DD/YY):<br>09/19/01 | Date Employed (MM/DD/YY):<br>03/26/01 |
|---|---|---|

Has Employee been certified by U.S. Veterans Administration for any type of disability?  ☐ Yes  ☒ No

Indicate only those wages earned by the injured employee during the 52 week period immediately preceding the accident. If the injured employee has worked less than 52 weeks, report wages for the time worked and, for the remaining weeks on this schedule, substitute wages of a fellow employee in the same class of employment who has worked for one year or more.

| Week No | Year: 2001 Month | Week Ending Day | Gross Amount Paid Including Overtime | No. of Meals Per Week | Week No | Year: 2001 Month | Week Ending Day | Gross Amount Paid Including Overtime | No. of Meals Per Week | Week No | Year: Month | Week Ending Day | Gross Amount Paid Including Overtime | No. of Meals Per Week |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | 19 | 5 | 05 | 460.00 | | 37 | 9 | 08 | 484.38 | |
| 2 | | | | | 20 | 5 | 12 | 439.88 | | 38 | 9 | 15 | 523.44 | |
| 3 | | | | | 21 | 5 | 19 | 460.00 | | 39 | 9 | 22 | 200.00 | |
| 4 | | | | | 22 | 5 | 26 | 431.25 | | 40 | | | | |
| 5 | | | | | 23 | 6 | 02 | 460.00 | | 41 | | | | |
| 6 | | | | | 24 | 6 | 09 | 437.00 | | 42 | | | | |
| 7 | | | | | 25 | 6 | 16 | 460.00 | | 43 | | | | |
| 8 | | | | | 26 | 6 | 23 | 442.75 | | 44 | | | | |
| 9 | | | | | 27 | 6 | 30 | 460.00 | | 45 | | | | |
| 10 | | | | | 28 | 7 | 07 | 457.13 | | 46 | | | | |
| 11 | | | | | 29 | 7 | 14 | 460.00 | | 47 | | | | |
| 12 | | | | | 30 | 7 | 21 | 460.00 | | 48 | | | | |
| 13 | | | | | 31 | 7 | 28 | 109.25 | | 49 | | | | |
| 14 | 3 | 31 | 460.00 | | 32 | 8 | 04 | 503.13 | | 50 | | | | |
| 15 | 4 | 07 | 460.00 | | 33 | 8 | 11 | 460.00 | | 51 | | | | |
| 16 | | | | | 34 | 8 | 18 | 460.00 | | 52 | | | | |
| 17 | 4 | 21 | 460.00 | | 35 | 8 | 25 | 498.81 | | | TOTAL | | $ | |
| 18 | 4 | 28 | 460.00 | | 36 | 9 | 01 | 487.50 | | | AVERAGE | | 10,994.52 | |

Was Room Furnished To Employee?

☐ Yes  ☒ No

If Tips or Other Benefits Were Earned, Describe and State Value Per Week:

Comments

Average Weekly Wage computed above is based on  25  weeks wage data.

THIS IS A TRUE COPY OF THE PAYROLL RECORD OF THE ABOVE NAMED EMPLOYEE OR OF A FELLOW EMPLOYEE IN THE SAME CLASS OF EMPLOYMENT

| Name of Fellow Employee | Employer Preparer's Signature | Preparer's Title |
|---|---|---|
| | Pamela Geagenest | Payroll Administrator |

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydeton/KOR
5/24/05

20-CSF-139

FORM 103



COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 103
600 WASHINGTON STREET-7TH FLOOR, BOSTON, MA 02111

DIA BOARD NO.:



ENTER IF KNOWN

### INSURER'S NOTIFICATION OF PAYMENT

FILE THIS FORM WHEN WEEKLY BENEFITS ARE PAID WITHIN 14 DAYS OF INSURER'S RECEIPT OF
A FIRST REPORT OF INJURY OR AN INITIAL WRITTEN CLAIM FOR WEEKLY BENEFITS

**INSTRUCTIONS ARE ON THE REVERSE SIDE. PLEASE PRINT OR TYPE:**

**INSURER**

1. Insurance Carrier's name and Address
**LIBERTY MUTUAL GROUP**
PO Box 9102
Weston, MA 02493-9102

2. Self-Insured?  ☐ Yes  ☒ No

3. Self - Insurer Number:

4. Claims Representative's Name
Lois Deharo

5. Claims Representative's Telephone
1-800-762-5026

6. Insurer's Case File Number
101-948495

7. Did Insurer Receive First Report of Injury from Employer?  ☒ Yes  ☐ No

8. Date Received (mm/dd/yy)   09/19/2001

9. Did Insurer Receive a Written Claim for Weekly Benefits from the Employee?
☐ Yes  ☐ No

10. Date Received (mm/dd/yy)

**EMPLOYEE**

11. Employee's Name (Last, First, MI)
Gonzalez, Ramon

12. Social Security Number*
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

13. Employee's Address (No. and Street, City, State, Zip)
65 Shawsheen Road, 1st Floor, Lawrence, MA 01843

14. Date of Birth (mm/dd/yy)
08/31/57

15. Employer's Name
Liberty Diversified Industries, Inc.

16. Employer's Address (No. and Street, City, State, Zip)
Attn: Nancy Laplante, 4 First Ave, Peabody, MA 01960

**INJURY**

17. Date of Injury
09/18/2001

18. First Date of Total or Partial Incapacity to Earn Wages (mm/dd/yy)
09/19/2001

19. Injury Code(s)
a. 210    b.    c.

20. If Employee has Died Date of Death (mm/dd/yy)

21. Fifth Date of Total or Partial Incapacity to Earn Wages (mm/dd/yy)
09/23/2001

22. Body Part Code(s)
a. 315    b.    c.

23. Description (left Leg...Lower Back...) Possible fracture of left forearm

**COMPENSATION**

24. ☐ ACCEPTED    ☒ PAID WITHOUT PREJUDICE

Average Weekly Wage: $ 400.00   ☒ Estimated   ☐ Actual
(See M.G.L. Chapter 152, section 1(1) for definition.)

Date Insurer Mailed First Payment (mm/dd/yy)  09/26/01

Amount Paid to Date:
$ 240.00

Paid Through (mm/dd/yy)
09/26/2001

Type of Weekly Compensation

Weekly Compensation Amount

a. ☒ Temporary, Total Incapacity (s.34)  $ 240.00

b. ☐ Permanent & Total Incapacity (s.34 A)  $

c. ☐ Partial Incapacity (s.35)  $

d. ☐ Dependency Coverage (s.35 A)  $

e. ☐ Survivor's Benefits (s.31)  $

25. Insurer's Signature

26. Date Prepared (mm/dd/yy)
09/26/2001

*Disclosing Social Security Number is voluntary. It will assist in the processing of your report.
REPRODUCE AS NEEDED

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydston /KDC
5/20/05

20-CSF-99 R2

FORM #103 (2/93)

RECEIVED
DIA - CLAIMS
2001 OCT -2  A 10: 22

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents - Department 106**
600 Washington Street - 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. -617-727-4900 ext. 470
http://www.state.ma.us/dia



**FORM 106**

**INSURER'S NOTIFICATION OF TERMINATION OR MODIFICATION OF WEEKLY COMPENSATION DURING PAYMENT WITHOUT PREJUDICE PERIOD**

DIA Board #
(If Known):

3549901

CHECK ONE BOX:   *TERMINATION* ☐   **MODIFICATION** ☑

**FILE ONLY WHEN PAYMENT HAS BEEN MADE WITHIN 14 DAYS. AT LEAST 7 DAYS WRITTEN NOTICE MUST BE GIVEN TO EMPLOYEE OF THE INTENT TO STOP PAYMENTS, UNLESS BASED ON ACTUAL INCOME OF EMPLOYEE**

**INSURER**

| 1. Insurance Carrier's Name and Address<br>Liberty Mutual Group<br>PO Box 9102, Weston, MA 02493-9102 | 2. Self-insured?: ☐ Yes ☑ No<br>If Yes Please Give Self-insurer Number: |
|---|---|
| 3. Name & Address of Insurer's Attorney: | 4. Telephone Number of Insurer's Attorney: |
| 5. Claim Representative's Name:<br>Lois Deharo | 6. Claim Representative's Tel. Number & Ext.:<br>(800) 762-5026 |
| 7. Insurer's Case File Number:<br>101-948495 | 8. Did Insurer Receive First Report of Injury (Form 101):<br>☑ Yes ☐ No - If Yes - Date Received (mm/dd/yyyy):<br>09/19/2001 |

**EMPLOYEE**

| 9. Employee's Name (Last, First, MI):<br>Gonzalez, Ramon | 10. Employee's Social Security Number*:<br>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 |
|---|---|
| 11. Employee's Address (No. and Street, City, State, Zip Code):<br>65 Shawsheen Road, 1st Floor<br>Lawrence, MA 01843 | 12. Date of Birth (mm/dd/yyyy):<br>08/31/1957 |
| | 13. Date of Injury (mm/dd/yyyy):<br>09/18/2001 |
| 14. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):<br>09/19/2001 | 15. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):<br>09/23/2001 |
| 16. Employer's Name & Address (No. and Street, City, State, Zip code):<br>Libert Diversified Industries, Inc.<br>4 First Ave, Attn: Nancy Laplante, Peabody, MA 01960 | |
| 17. Employer's Federal Tax ID #: | 18. Employee Returned to Work: ☐ Yes ☐ No (If Yes - 7 days written notice not required)<br>If Yes - Date Return (mm/dd/yyyy):    Employee's Income $ |

**GROUNDS**

19. Specify grounds for termination and give a brief statement of the specific facts supporting the grounds for termination. Failure to do so may cause loss of defenses under M.G.L. c 152, Sections 7(1) and 7(2).

A. ☐ No Personal Injury _____

B. ☐ No Injury Arising Out of and in the Course of Employment _____

C. ☐ No Disability _____

D. ☐ No Casual Relation Between Personal Injury and Disability _____

G. ☐ Lack of Jurisdiction _____

X. ☐ Lack of Notice _____

Y. ☐ Late Claim _____

H. ☐ Other (Specify) _____

Use additional space on back of form if needed.

| 20. Last Date Through Which Payment Will Be Made (mm/dd/yyyy): | 21. Date of Notification of Termination or Modification to the Employee (mm/dd/yyyy): 10/05/2001 |
|---|---|

22. If this is a Modification rather than a Termination, please state the grounds and factual basis for the Modification and the prior rate(s) of weekly compensation paid and the Modification rate(s) of weekly compensation.   *Basis for Modification (use reverse side if needed).*

| Prior Rate(s):   $ 240.00   $ _____ | Employee's benefits are being modified |
|---|---|
| Modified Rate(s):   $ 269.86   $ _____ | based on receipt of wage statement. |

| 23. Insurer's Signature: | 24. Date Prepared (mm/dd/yyyy):<br>10/05/2001 |
|---|---|

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of documents.   Form 106 - Revised 8/2001 - Reproduce as needed.
Please Print Clearly or Type. Unreadable forms will be returned.

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydeton/KER
5/24/05

20-CSF-102 R2

**FORM 108**



**The Commonwealth of Massachusetts**

**Department of Industrial Accidents – Department 108**

600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.state.ma.us/dia

DIA BOARD #
(If Known):

354990

## INSURER'S COMPLAINT FOR MODIFICATION, DISCONTINUANCE OR RECOUPMENT OF COMPENSATION

**CHECK ONE BOX:** ☐ *MODIFICATION*   ☑ *DISCONTINUANCE*   ☐ *RECOUPMENT*

INSURER **MUST** SEND A COPY OF THIS NOTICE TO THE EMPLOYEE AND THE EMPLOYEE'S REPRESENTATIVE

### INSURER

| | |
|---|---|
| 1. Insurance Carrier Name and Address:<br>Liberty Mutual Group<br>PO Box 9102, Weston MA 02493-9102 | 2. Self-insured?: ☐ Yes ☑ No<br>If Yes Please Give Self-insurer Number: |
| 3. Name & Address of Insurer's Attorney: | 4. Telephone Number of Insurer's Attorney: |
| 5. Claim Representative's Name:<br>LOIS DEHARO | 6. Claim Representative's Tel. Number & Ext.:<br>(800) 762-5026          27420 |
| 7. Insurer's Case File Number:<br>WC101-948495 | 8. Did Insurer Receive First Report of Injury (Form 101):<br>☑ Yes ☐ No If Yes - Date Received (mm/dd/yyyy):<br>09/19/2001 |

### EMPLOYEE

| | |
|---|---|
| 9. Employee's Name (Last, First, MI):<br>GONZALEZ,RAMON | 10. Employee's Social Security Number*:<br>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 |
| 11. Employee's Address (No. and Street, City, State, Zip Code):<br>525 ESSEX STREET - PMB #1143, LAWRENCE, MA. 01841 | 12. Date of Birth (mm/dd/yyyy):<br>08/31/1957 |

| 13. Date of Injury (mm/dd/yyyy):<br>09/18/2001 | 14. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):<br>09/19/2002 |
|---|---|

15. Name, Address & Telephone Number of Employee's Attorney:
DAVID J. RHEIN
100 STATE STREET - 6TH FLOOR
BOSTON, MA. 02109
                              Tel. Number -   (617) 523-6250

16. Employer's Name & Address (No. and Street, City, State, Zip Code):
LIBERTY DIVERSIFIED INDUSTRIES
FOUR FIRST AVENUE
PEABODY, MA. 01960

### GROUNDS

| 17. | This is the Insurer's Request to MODIFY Weekly Compensation | ☐ Attach Proper Document under 452 CMR 1.07(J) |
|---|---|---|
| | This is the Insurer's Request to DISCONTINUE Weekly Compensation | ☑ Attach Proper Document under 452 CMR 1.07(J) |
| | This is the Insurer's Request to RECOUP Weekly Compensation | ☐ Attach Proper Document under 452 CMR 1.07(K) |

18. Give Specific Basis for Complaint (continue on reverse side if necessary):
BASED ON DR. DUFF'S IME OF 8/8/02 WHICH FINDS THAT THE EMPLOYEE IS CAPABLE OF RETURNING TO WORK.

| 23. Insurer's Signature:<br>*Lois Deharo Lia* | 24. Date Prepared (mm/dd/yyyy):<br>08/16/2002 |
|---|---|

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of documents.     Form 108 - Revised 11/2001 - Reproduce as needed.
Please Print Clearly or Type. Unreadable forms will be returned.

20-CSF-104 R2

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:

DEPARTMENT OF INDUSTRIAL ACCIDENTS

*Elaine M. Appleton/KDR*

**FORM 117**



**The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

**AGREEMENT FOR REDEEMING LIABILITY**
**BY LUMP SUM UNDER G.L. CH. 152**
**FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986**

DIA Board #
(If Known):

35499-01

Page 1 of 2
*Please Print or Type*

EMPLOYEE __Ramon Gonzalez__          **LUMP SUM AMOUNT $** __27,500.00__

EMPLOYER __Liberty Diversified__     **TOTAL DEDUCTIONS $** __4,000.00__

INSURER __Liberty Mutual Insurance__  NET TO CLAIMANT $ __23,500.00__

BOARD NUMBER __35499-01__            TOTAL PAYMENTS $ __46,500.00__
                                     (Weekly benefits plus lump sum)
DATE OF INJURY __9-18-01__

CHECK WHERE APPLICABLE

( x )  Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(   )  Liability has **NOT** been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( x )  In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

(   )  The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

| | NAME | ADDRESS |
|---|---|---|
| 1. $ 2,667<br>Attorney's Fee | Fairburn & Dike | 234 Essex St. Lawrence,MA 01840 |
| 2. $ 1,333.00<br>Attorney's Expenses | Mitchell Garabedian<br>(Please attach documentation) | 100 State St. Boston, MA 02109 |
| 3. $ N/A<br>Liens | (Please attach discharges) | |
| 4. $ N/A<br>Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | | |
| 7. $ | | |

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
**A P P R O V E D**
JAN 29 2003

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS

*Elaine M. Lydston/KOR*
5/24/05    (OVER)

Administrative Judge
in Accordance with Mass. G.L.c. 152

Form 117 - Revised 8/2001 - Reproduce as needed.

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT    *(Page 2 of 2)*

EMPLOYEE MEDICAL INFORMATION:

Age __45__  No. of Dependents __0__  Average Weekly Wage $ _440.77_  Compensation Rate $ _____

Social Security No.*: _020 - 849465_ Occupation _Machine Operator_ Educational Background _8th grade_

On Social Security:  YES ( )  NO (x)

On Public Employee Disability Retirement:  YES ( )  NO (x)

DIAGNOSIS _crush injury to left_  PRESENT MEDICAL CONDITION _End result with peric_

____arm, shoulder injuries____  _Treatment_

Present Work Capacity: _Limited & use of minor_  Third Party Action _Pending_

____arm____

***PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS
IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):***

See Attachment "A"

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION

**APPROVED**

JAN 29 2003

(Please attach a separate sheet if necessary.)

By _____

Received of.___ Liberty Mutual Insurance ___ the Lump Sum of _Twenty Seven thousand,_

__five hundred__ dollars and __No__ cents ($ _27,500 in accordance with Mass. G.L. c. 152_

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers'

Compensation Act, for all injuries received by __Ramon Gonzalez__

on or about __9-18-01__ while in the employ of __Liberty Diversified Industries__

_____. I fully understand that after all of the deductions herein I will receive

$ __23,000.00__ . I am fully satisfied with and request approval of this settlement. This agreement

has been translated for me into my native language of _english_ .

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| **CLAIMANT:** | *Ramon Gonzalez* | 65 Shawsheen Rd. C/o Herbert Mike Lawrence,MA Below | 01843 |
| **CLAIMANT'S COUNSEL:** | | 234 Essex St. | 01840 |
| **INSURER'S COUNSEL:** | | Lawrence,MA | |
| | | 100 N E Business Ctr Suite Andover MA 01811 | |

Signed this _____ day of __January__ _2003_

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS

EMPLOYEE: RAMON GONZALEZ
EMPLOYER: LIBERTY DIVERSIFIED INDUSTRIES
INSURER:    LIBERTY MUTUAL INSURANCE
DOI:         9-18-01
DIA#:       35499-01

## ATTACHMENT "A" TO LUMP SUM AGREEMENT

Now come the parties asking this Honorable Court to approve the attached lump sum agreement. As reasons therefore the employee states as follows:

The Employee, Ramon Gonzalez, is a forty-five year old man, educated through the 8th grade in his native country of Dominican Republic. He immigrated into the United States in 1980 and taught himself English. He is a fluent speaker of English but has only a limited ability to read and write in that language. Upon coming to the United States he worked as a factory worker for Cardinal Shoe. He remained employed at Cardinal Shoe for approximately twenty years until the factory closed down. Thereafter, on March 26, 2001, he became employed at The Employer, Liberty Diversified Industries, as a Machine Operator. He has worked no other job in the United States.

On September 18, 2001 Mr. Gonzalez was working his normal job at the Employer when his left arm was caught in the intake rollers of his machine. The rollers pulled his arm into the machine causing sever crush injuries to his left wrist and arm. The twisting of his arm in the machine also injured his left shoulder. After being extricated from the machine Mr. Gonzalez was taken directly to a local hospital and ultimately his care was transferred to the Massachusetts General Hospital in Boston.

The Insurer commenced payments without prejudice but ultimately the Insurer accepted liability by continuing his payments beyond the 180-day period. On August 8, 2002 the Insurer had an Independent Medical Exam performed by John F. Duff, M.D. He opined that the Mr. Gonzalez had recovered well from his injuries and the subsequent surgeries he endured. Doctor Duff concluded that it would be appropriate for Mr. Gonzalez to attempt to return to the workforce with limitations. He further opined that Mr. Gonzalez would suffer some permanent impairment from the injury but did not quantify this in a percentage of loss of function pursuant to the AMA guidelines.

At about the same time period Mr. Gonzalez new treating physician at Massachusetts General Hospital, Dr. Phani Dantuluri, released him to p.r.n. care. Essentially indicating that Mr. Gonzalez was at an end result unless further complications arose. Based on these reports the Employee was entered into a vocational re-training program. Presently Mr. Gonzalez is in the early stages of this program, which includes

training for a G.E.D. certificate. Vocational retraining has assented to this settlement as in Mr. Gonzalez' best interest.

This settlement nets the Employee twenty-three thousand, five hundred dollars ($23,500.00). This amount represents over one and one half years of additional temporary total benefits. In fact this amount represents nearly the entire remaining s.34 exposure. Procedurally the Insurer has moved for a modification of benefits. Based upon the aforementioned medical records it is anticipated that Mr. Gonzalez' benefits would have been reduced at Conference and this matter would have been extensively litigated.

The settlement proceeds are to be based upon Mr. Gonzalez' life expectancy pursuant to Sciarrota v. Bowden . Pursuant thereto this settlement represents a lifetime monthly income of forty-one dollars and thirty-five cents ($41.35). This is calculated as follows:

| | |
|---|---|
| Total Settlement | $27,500.00 |
| Less | |
| Legal Fees & Liens | $4,000.00 |
| Loss of Function Award | $7,500.00 |
| Indemnity Award | $16,000.00 |

At forty-five years of age Mr. Gonzalez has a life expectancy of approximately forty years. As such for the purposes of Social Security offset provisions his indemnity award is equal to a monthly lifetime award of forty-one dollars and thirty-five cents ($41.35) pursuant to Sciaratta, *Ibid.*

Given the above information the Employee believes that this settlement is in his best interest and respectfully requests that this Honorable Court approve it. Please Send employees Check C/o Herbert C Dyke.

Ramon Gonzalz
Employee

_____
Employee Counsel

Insurer's Counsel

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
**APPROVED**

JAN 2 9 2003

by _____
Administrative    Judge
in Accordance with Mass. G.L.c. 152

FORM 116C



**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 116C**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board #
(If Known):

35499-01

# LIEN DISCLOSURE FORM
## TO BE COMPLETED BY THE EMPLOYEE

I,   Ramon Gonzalez   ,
### (Print Name)

hereby certify that, to the best of my knowledge, there are no outstanding liens or claims for reimbursement out of the proceeds of my workers' compensation settlement by the Department of Transitional Assistance, Department of Revenue Child Support Enforcement Unit, Veterans Services, prior counsel, or any medical, dental, hospital or disability income provider. My workers' compensation DIA Board number(s) is (are):  35499-01

*SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.*

*Ramon Gonzals*
**Signature of Employee**

65 Shawsheen Rd. Lawrence, MA 01843
**Address of Employee**

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
**Social Security Number\***

1 - 28-03
**Date**

*Disclosure of Social Security Number is voluntary. It will assist in the processing of this document.

Reproduce as needed.

FORM 116C Revised 8/2001

JAN 28 '03 09:02 FR DIA OFFICES
Case 1:04-cv-12609-RGS    Document 33    Filed 05/25/2005    Page 6 of 15
** 20 'BGE PAGE.02 **
JAN.27.2003  4:05PM   LDI  ...OUNTING                    NO.635   P.2/2
JAN 18 2003 1:54PM   HP LASERJET 3200                              p.2
LMG                  1/18/2003 10:08   PAGE  3/3   RightFax

**FORM 116A**

> **DIA BOARD NO:**
>
> **ENTER IF KNOWN**

### THE COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF INDUSTRIAL ACCIDENTS
### DEPARTMENT 116A
### 600 WASHINGTON STREET - 7TH FLOOR
### BOSTON, MA 02111

I,   _Stephen Richardson_   , sole proprietor/partner/corporate

officer of   _Liberty Diversified Industries_

Company of   _Liberty Diversified Industries_

_New Hope_ (city)    _Minnesota_ (state)

experience-modified insured of   _Liberty Mutual Insurance_ (insurer)

Company, hereby consent to the payment of a lump sum settlement in the gross amount

of $   _27500.00_   in the workers' compensation

case of   _Ramon Gonzalez  (WC101-948495)_   . The terms of such

settlement are more fully set forth in the attached lump sum agreement.

Signed this   _27th_   day of   _January_

Year _2003_  , pursuant to the provisions of Section 48 of Chapter 152 of the General Laws of

Massachusetts as most recently amended by Section 74 of Chapter 398 of the Acts of 1991.

_(signature)_

REPRODUCE AS NEEDED

20-CSF-125

FORM 116A (2/93)

| Form 116B | **The Commonwealth of Massachusetts** | DIA Board # |
|---|---|---|
| | **Department of Industrial Accidents – Department 116B** | (If Known): |
| | 600 Washington Street – 7th Floor, Boston, Massachusetts 02111 | |
| | Info. Line (800) 323-3249 ext. 470 in Mass. Outside Mass. - (617) 727-4900 ext. 470 | |
| | http://www.state.ma.us/dia | |

# ADDENDUM TO LUMP SUM SETTLEMENT AGREEMENT
## PURSUANT TO M.G.L. c. 398 § 75 OF THE ACTS OF 1991,
## EFFECTIVE DECEMBER 23, 1991 - VOCATIONAL REHABILITATION STATUS

Employee Name: Ramon Gonzalez    Board #: 03549901

**PART A**

Written consent of the Office of Education and Vocational Rehabilitation is not required as a condition precedent to the validity of the lump sum agreement where:

**PLEASE CHECK ONE:**

☐ No determination has been made with respect to the employee's suitability for vocational rehabilitation pursuant to G.L. c. 152, § 30G.

☐ The employee has been found unsuitable by the Office of Education and Vocational Rehabilitation for vocational rehabilitation pursuant to G.L. c. 152, § 30G.

☐ The employee has returned to continuous employment for a period of six months or more.

☐ The employee has completed an approved rehabilitation plan.

Signed this _____ day of _____ 20___.

**SIGNATURE**                                    **ADDRESS**

_____    _____

**CLAIMANT**

_____    _____

**CLAIMANT'S COUNSEL**

_____    _____

**INSURER'S**

**PART B**

Where the employee has been found suitable for vocational rehabilitation services pursuant to G.L. c. 152, § 30G and has not returned to continuous employment for a period of six or more months or completed an approved rehabilitation plan, the Office of Education and Vocational Rehabilitation may nevertheless consent in writing to the lump sum, or an administrative judge or administrative law judge, by order or decision may authorize such agreement. G.L. c. 152, § 48 (3). "Any employee who receives a [lump sum] amount in violation of [§ 48(3)] shall have the right to re-open his or her claim for compensation." Id.

**PART C**

Please note that when liability is established, the lump sum agreement shall not redeem liability for the payment of medical benefits or vocational rehabilitation benefits with respect to such injury. An employee may seek vocational rehabilitation within two (2) years of perfection of the lump sum settlement. G.L. c. 152, § 48 (2).

Consented to: Robert Demello    Date: Jan. 29, 2003

*Office of Education and Vocational Rehabilitation*

OEVR Comments: The insurer agrees to fund all necessary reasonable services pursuant to the development of an Individual Written Rehabilitation Plan.

Order/Decision: _____

Administrative Judge/Administrative Law Judge

FORM 116B Revised 7/2001

"EXHIBIT G"

002

## APPLICATION FOR REGISTRATION
## AS A FOREIGN LIMITED LIABILITY COMPANY
(Massachusetts General Laws, Chapter 156C, Section 48)

To the State Secretary
Commonwealth of Massachusetts

Federal Employer
Identification Number
41-1975133

1) The name of the foreign limited liability company (hereinafter referred to as the "company")  Liberty-Standard, LLC

The name, if different than the aforesaid name, under which the company proposes to do business in the Commonwealth of Massachusetts is _____

2) The jurisdiction where the company was organized is _____ Minnesota _____ and the date of its organization is  May 26, 2000

3) The general character of the business the company proposes to do in the Commonwealth of Massachusetts is   manufacture and sale of laminated paper packaging

4) The address of the principal office of the company, wherever located, is _____
5600 North Highway 169, Minneapolis, MN  55428

5) The company has no managers.

6) The address of the company's principal office in the Commonwealth of Massachusetts, if any, is _____ One 1st Avenue, Peabody, MA  01960

31228/1

1

4

7) The name and address of the company's resident agent in the Commonwealth of Massachusetts is _____ CT Corporation System. 101 Federal Street, Boston, MA 02110 _____

8) The company has no specific date of dissolution.

9) The name of each person authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property, whether to be recorded with a registry of deeds or a district office of the land court, is _____
_____ Michael Fiterman, David Lenzen, Stephen Richardson _____
_____ Steven Levkoff, Jeff Appleman _____

IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, the person whose signature appears below, does hereby affirm and execute thus document as an authorized person this _____ 7th _____ day of _____ June _____ , 2000.

_____
Name and Title
David Lenzen, Secretary

31228/1                              2

# State of Minnesota

# SECRETARY OF STATE

## CERTIFICATE OF GOOD STANDING

I, Mary Kiffmeyer, Secretary of State of Minnesota, do certify that: the limited liability company listed below is a limited liability company formed or registered to do business under the laws of Minnesota: the limited liability company was formed by filing an application for a certificate of authority with the Office of the Secretary of State on the date listed below: the limited liability company is governed by Chapter 322B of Minnesota Statutes: and this limited liability company is authorized to do business as a limited liability company at the time this certificate is issued.

**Name: LIBERTY-STANDARD, LLC**

**Date Formed or Registered: 05/26/2000**

**State of Organization: Minnesota**

This certificate has been issued on May 26, 2000.



_Mary Kiffmeyer_
Secretary of State

709392

Ck.# 1004

The Commonwealth of Massachusetts
Limited Liability Company
(General Laws, Chapter 156C)

Filed this _____ 9th _____ day _____ June _____ ,2000.

A TRUE COPY ATTEST

*William Francis Galvin*
WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE 6/10/5 CLERK

$ 500.00

JUN 0 9 2000

CASHIER'S
SECRETARY'S OF ...

*William Francis Galvin*

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH

CT

Phone: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAMON GONZALEZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-12609-RGS |
| | ) | |
| ASITRADE, AG, BOBST GROUP USA, | ) | |
| INC., and LIBERTY-STANDARD, LLC, | ) | |
| d/b/a BICKNELL & FULLER SPECIALTY | ) | |
| PACKAGING, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Plaintiff, Ramon Gonzalez, and Defendants, Asitrade, AG, Bobst Group USA, Inc., and Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packing, have conferred pursuant to Local Rule 16.1 and proposed the following pretrial schedule for the Court's consideration at the initial scheduling conference set for February 14, 2005, at 2:30 p.m.

1. **Proposed Discovery Schedule**

   a. L.R.26.2(A) automatic disclosure provided on or before **February 28, 2005**;

   b. All trial experts are to be designated and disclosure of information contemplated by FRCP, Rule 26 provided by the plaintiff no later than **September 16, 2005**, and by the defendants no later than **September 30, 2005**; deposition discovery of experts may be conducted through **November 11, 2005**;

   c. Non-expert discovery is to be completed by **November 11, 2005**, unless shortened or enlarged by Order of this Court;

d.    Motions for summary judgment are to be filed by **December 9, 2005**, after completion of the necessary discovery and responses are to be filed within fourteen (14) calendar days thereafter pursuant to Local Rule 7.1 and all filings must conform to the requirements of Local Rule 56.1;

e.    Motions to add or drop parties may be filed by **June 30, 2005**;

f.    A further scheduling/status conference is set for **December 30, 2005** (or other date which is convenient to this Court).

## 2.    **Certification**

The parties will file the certifications required by Local Rule 16.1 at or before the conference.

Plaintiff
RAMON GONZALEZ
By its attorney,


/s/ Jeffrey S. Ahearn
Jeffrey S. Ahearn, Esq.
BBO No.558562
44 School Street, 6th Floor
Boston, MA 02108
(617) 523-7470



Defendant
LIBERTY-STANDARD, LLC, d/b/a
Bicknell & Fuller Specialty Packaging
By its attorneys,


/s/ James E. Harvey, Jr.
James E. Harvey, Jr., Esq.
BBO No. 224920
O'MALLEY AND HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA 02109-4908
(617) 357-5544

Defendant
ASITRADE, AG
By its attorneys,


/s/ Kevin G. Kenneally
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA  02210
(617) 406-4500


Defendant
BOBST GROUP, INC.
By its attorneys,


/s/ Kevin G. Kenneally
Kevin G. Kenneally, Esq.
BBO No. 550050
DONOVAN HATEM LLP
World Trade Center East
Two Seaport Lane, 8th Floor
Boston, MA  02210
(617) 406-4500

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,<br>       Plaintiff<br>v.<br><br>ASITRADE, AG,<br>BOBST GROUP USA, INC., and<br>LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br>       Defendants | )<br>)<br>)<br>)Civil Action No.:04-12609-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT PURSUANT TO FED. R. CIV. P. 56(f) SUBMITTED IN SUPPORT
OF PLAINTIFF RAMON GONZALEZ' OPPOSITION TO DEFENDANT
LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY
PACKAGING'S MOTION FOR SUMMARY JUDGMENT**

I, Jeffrey S. Ahearn, do hereby on oath depose and state:

1.      I am a member of the Massachusetts bar and have been admitted pro hac vice

as counsel to Plaintiff Ramon Gonzalez in this action.

2.      Other than copies of certified documents obtained from the Department of

Industrial Accidents in connection with Plaintiff's workers' compensation matter Plaintiff

cannot now present, by affidavit or otherwise, facts supporting his opposition to

Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion

for Summary Judgment (hereinafter "Defendant's Motion").

3.      As set forth in Plaintiff's opposition to Defendant's Motion and memorandum

in support thereof  discovery does not close until November 11, 2005 and Defendant

Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter

"Defendant") has not yet provided Plaintiff with any required automatic disclosure.

4.      Automatic disclosure was due from all parties on February 28, 2005.

5.    By March 28, 2005 Plaintiff had not received any required automatic disclosure from Defendant thus I telephoned counsel for Defendant to discuss this matter.

6.    Counsel for Defendant informed me that he would "look into it" with regard to providing said automatic disclosure and that Defendant intended to file Defendant's Motion.

7.    On May 11, 2005 Defendant served Defendant's Motion despite still not having produced any required automatic disclosure to Plaintiff.

8.    Defendant's Motion is premature as discovery is open until November 11, 2005 and as Defendant has yet to even produce to Plaintiff any required automatic disclosure.

9.    Defendant should be ordered to forthwith provide Plaintiff with required automatic disclosure.

10.   Defendant's Motion should thus be denied.  In the alternative, if Defendant's Motion is to be reached Plaintiff must first be allowed to conduct discovery through November 11, 2005 in order to determine whether there exists any evidence, in addition to the documents filed with the Department of Industrial Accidents, which supports Plaintiff's claim that Defendant is not immune from Plaintiff's suit.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF MAY 2005.

_____
Jeffrey S. Ahearn

2