UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
RAMON GONZALEZ,                    )
                                   )
        Plaintiff                  )
                                   )
v.                                 )        Civil Action No. 04-12609-RGS
                                   )
ASITRADE, AG, BOBST GROUP, USA,    )
INC., and LIBERTY-STANDARD, LLC,   )
d/b/a BICKNELL & FULLER SPECIALTY  )
PACKAGING,                         )
                                   )
        Defendants                 )
_____)
```

## LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT LIBERTY-STANDARD, LLC d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S MOTION FOR SUMMARY JUDGMENT

The defendant Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging ("Liberty-Standard") states that the material facts are:

1.    The plaintiff's claim arises from a personal injury accident which occurred in the course of his employment at Bicknell & Fuller Specialty Packaging on September 18, 2001.  See Affidavit of Nancy LaPlante, Ex. 11.

2.    At the time of plaintiff's injury, the defendant Liberty-Standard was a Minnesota corporation with an ordinary place of business located at 1 First Avenue, Peabody, Massachusetts.  See affidavit of Stephen Richardson, Ex. 20.

3.    During the course of discovery for this case, plaintiff and Liberty-Standard produced documents indicating that Liberty-Standard was his employer on the date of his injury.  See Exhibits 2, 3, 4, 5, 6, 7, 8.

4.    Although there was some confusion when the original workers' compensation claim was

filed, Liberty Mutual Insurance Company's internal documents indicate Liberty-

Standard's workers' compensation policy paid for the plaintiff's compensation claim.  See

Affidavit of Joseph Colucci, attached as Exhibit 16; Affidavit of Colleen Verrault,

attached as Exhibit 18; and associated documents.

Respectfully submitted,

LIBERTY-STANDARD, LLC

By its attorneys,


/s/ James E. Harvey, Jr.
James E. Harvey, Jr./BBO No. 224920
Corinne E. Casarino/BBO No. 638081
O'Malley and Harvey, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
TEL:   (617) 357-5544
FAX:   (617) 204-3477

Dated: March 13, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RAMON GONZALEZ,                          )
                                         )
  Plaintiff                              )
                                         )
v.                                       )        Civil Action No. 04-12609-RGS
                                         )
ASITRADE, AG, BOBST GROUP, USA,          )
INC., and LIBERTY-STANDARD, LLC,         )
d/b/a BICKNELL & FULLER SPECIALTY        )
PACKAGING,                               )
                                         )
  Defendants                             )
_____)

**LOCAL RULE 7.1 CERTIFICATION OF DEFENDANT LIBERTY-STANDARD, LLC d/b/a BICKNELL & FULLER'S MOTION FOR SUMMARY JUDGMENT**

I hereby certify pursuant to Local Rule 7.1 my associate, Corinne Casarino, spoke to plaintiff's counsel Jeffrey Ahearn on March 10, 2006 and attempted in good faith to resolve or narrow the issue which is the subject of the motion for summary judgment.

LIBERTY-STANDARD, LLC

By its attorneys,


/s/ James E. Harvey, Jr.
James E. Harvey, Jr./BBO #224920
Corinne E. Casarino/BBO #638081
O'Malley and Harvey, LLP
155 Federal Street, 12th Floor
Boston, MA 02210
Tel: (617) 357-5544
Fax: (617) 204-3477

Date: March 13, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RAMON GONZALEZ,              )
                                     )
       Plaintiff           )
                                     )
v.                            )       Civil Action No. 04-12609-RGS
                                     )
ASITRADE, AG, BOBST GROUP, USA,   )
INC., and LIBERTY-STANDARD, LLC,    )
d/b/a BICKNELL & FULLER SPECIALTY )
PACKAGING,                 )
                                     )
       Defendants     )
_____)

## DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S MOTION FOR SUMMARY JUDGMENT

Now comes defendant Liberty-Standard LLC, d/b/a Bicknell & Fuller Specialty Packaging ("Liberty-Standard") and moves that this court grant summary judgment in its favor on Count V of plaintiff's complaint, the only count against it.

As reason therefore, Liberty-Standard states that it was Mr. Gonzalez's employer on September 18, 2001, the date of the accident; that it paid Mr. Gonzalez's workers' compensation claim; and that it is therefore immune from suit under M.G.L. c. 152, §24. Please see the attached Memorandum in Support of defendant's Motion, attached, for further analysis.

Liberty-Standard filed a motion for summary judgment on May 11, 2005. It was denied on May 26, 2005 without prejudice to it being refiled after close of discovery. Discovery is now

essentially complete and the evidence supports Liberty-Standard's position.

Respectfully submitted,

LIBERTY-STANDARD, LLC

By its attorneys,


/s/ James E. Harvey, Jr.
James E. Harvey, Jr./BBO No. 224920
Corinne E. Casarino/BBO No. 638081
O'Malley and Harvey, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
TEL:   (617) 357-5544
FAX:   (617) 204-3477

Date: March 13, 2006

1 of 1 DOCUMENT

CARMELO MELENDEZ, EMPLOYEE
vs.
GIBRALTAR ASSOCIATES, INC., EMPLOYER; GIBRALTAR LIMITED,
PARTNERSHIP, EMPLOYER; LIBERTY MUTUAL INSURANCE CO., INSURER;
WORKERS' COMPENSATION TRUST FUND, INSURER

Board Numbers: 015588-97; 030262-97

REVIEWING BOARD OF THE DEPARTMENT OF INDUSTRIAL ACCIDENTS OF
MASSACHUSETTS

*2001 MA Wrk. Comp. LEXIS 53*

April 25, 2001

**HEADNOTE: 1. EMPLOYERS** -- Limited Partnerships -- *M.G.L. c. 109, § 1(7)*

Limited partnership is created solely by statute and is defined as partnership formed by two or more persons under laws of commonwealth and having one or more general partners and one or more limited partners.

**2. EMPLOYERS** -- General Partnerships -- *M.G.L. c. 108A, § 6*

General partnership is association of two or more persons to carry on as co-owners of business for profit.

**3. EMPLOYERS** -- Limited Partnerships

Limited partnership has no existence outside of statutory provisions that establish it as legal entity.

*See Saulnier v. Fanaras Enterprises, Inc.*, 618 A.2d 841, 843, 136 N.H. 565 (1992) (applying Massachusetts law)

*See Fusco v. Rocky Mountain I Investments Ltd. Partnership*, 42 Mass. App. Ct. 441 (1997)

**4. EMPLOYERS** -- Employment Relationship With Employee -- *M.G.L. c. 152, § 1(4)*

Employment relationship, as defined in Workers' Compensation Act, is concept of service to another under contract of hire with employee/employer relationship rooted in common law master and servant concepts.

*See McDermott's Case*, 283 Mass. 74 (1933)

**5. EMPLOYERS** -- Employment Relationship

With Employee With contract of hire comes subjection to direction and control, which is key to exactly who is employer; person with whom employee entered into the contract of hire is sole employer unless employee agreed to new employer.

*See Sargentilli's Case*, 331 Mass. 193 (1954)

**6. EVIDENCE**

Although evidence may suggest certain result, additional findings are necessary before conclusion can be reached.

*O'Rourke v. Town of West Bridgewater*, 13 Mass Workers' Comp. Rep. 415 (1999)

**COUNSEL:**
APPEARANCES: Karen E. Wier, Esq., for the employee.

Gerard Pugsley, Esq., for the Liberty Mutual Insurance Co.

Richard A. Fairbrothers, Esq., for the Workers' Comp. Insurance Trust Fund

**JUDGES:** REVIEWING BOARD: Judges Maze-Rothstein, McCarthy and Wilson

**OPINION:**
  [*1]

    MAZE-ROTHSTEIN, J.

The Workers' Compensation Trust Fund appeals from a decision that ordered it to pay benefits to an employee of an uninsured putative employer, Gibraltar Limited Partnership. The Trust Fund argues that the judge should have held Liberty Mutual, insurer for a related entity, Gibraltar Associates, Inc., liable as the real employer. The threshold question, according to the administrative judge, was which of these two entities was the employer. Because the Gibraltar Limited Partnership never came into being, G. L. c. 109, and because the decision lacks findings with respect to the identity of the employer when the employee started this job in June 1995, we reverse and recommit for further findings.

    In June 1995, Carmelo Melendez started working in building maintenance for either Gibraltar Associates, Inc. or Gibraltar Limited Partnership, both of which were located at 51A Humboldt Avenue in Boston. (Dec. 5, 8.) Gibraltar Associates, Inc., was incorporated in 1990, and was insured for workers' compensation by Liberty Mutual. Gibraltar Limited Partnership was proposed for formation in 1994, and was uninsured for workers' compensation. (Dec. 5; October 28, 1998 Tr. 8.) [*2] On March 25, 1997, while painting an apartment Mr. Melendez fell from a ladder landing on his back. (Dec. 10.) The injury left him totally incapacitated for work. (Dec. 13.) The only issue in this appeal is the identity of the employer on the date of the industrial injury.

    After the employee's injury, Liberty Mutual audited Gibraltar Associates, Inc., to assess whether the premium accurately reflected an appropriate risk rating in accordance with then current payroll and job classifications. The auditor determined that Gibraltar Associates, Inc., had only two clerical employees, with an annual payroll of $ 125,000, although the information sheet for the policy, (Ex. 8), indicated that it carried two maintenance workers. The auditor also determined that Gibraltar Limited Partnership had thirty-nine employees, with a total payroll of $ 989,000. (August 18, 1998 Tr. 54.) Five hundred and thirty thousand dollars of that payroll was for maintenance workers. The auditor's conclusion was based on the payroll records and quarterly federal tax forms. Armed with this audit, Liberty Mutual concluded that its policy holder, Gibraltar Associates Inc., was entitled to a rebate and denied compensation [*3] for the employee's industrial accident, because maintenance workers were not included in the policy coverage. (Dec. 3, 6.)

    The judge addressed the issue of the employer's identity in the following findings of fact:

        The following evidence supports a finding that Mr. Melendez was employed by Associates: all documents related to Melendez' work activity were on Associates letterhead: the insurance cover sheet for Associates had job classification for maintenance workers; release ([June 14, 1995] -- Ex.11) indicates Associates was the employer.

        The following evidence supports a finding that Melendez was employed by Partnership: All payroll checks for Melendez were drawn on the Partnership checking account (Ex. 3); the payroll records of Associates reflect no wages paid to maintenance workers; the payroll records reflect that Partnership had a maintenance worker payroll of $ 530,000 per year; when the employee was injured on March 25, 1997, the First Report of Injury prepared by Carolyn Snow named Partnership as the employer; job assignments were sometimes made by Carolyn Snow.

        Carolyn Gibson was sole officer of Associates, which on March 25, 1997, was responsible for 900-1200 [*4] units, and had 39 employees, and was, she believed, covered by workers' compensa-

tion insurance. Partnership was intended to be a limited partnership, with five limited partners. No corporation was ever formed. Because no corporation was formed, Partnership did business under the name of Associates, which in essence became a "masthead" as a cover for Partnership. Associates and Partnership had the same address, the same workers, and the same clients. Gibson thought Partnership had workers' compensation coverage, but it did not.

The preponderance of the evidence supports a conclusion that, although the forms in the employee's personnel folder all bear the letterhead of Associates, the documents submitted to the federal government and to Liberty Mutual lead inexorably to the finding that Associates had no actual maintenance employees, whereas Partnership had 39 employees, and a maintenance payroll of $ 530,000. I therefore find Melendez to be an employee of Partnership, a finding which is supported by the fact that all the employee's payroll records indicate Partnership as the payer. Although all job orders for work to be performed by the employee were on Associates letterhead, all wages [*5] paid to the employee were on checks issued by Partnership.

(Dec. 7-8.) The judge concluded that the uninsured Gibraltar Limited Partnership was the employer, and therefore ruled that the Trust Fund was liable for payment of compensation benefits to the employee for his March 25, 1997 industrial injury. (Dec. 13.) This conclusion is grounded in evidence which has little or no bearing on the question as to who hired Mr. Melendez.

The Trust Fund argues on appeal, inter alia, that the uninsured Gibraltar Limited Partnership was really not a legal entity, separate from the insured Gibraltar Associates, Inc. (Trust Fund br., 6-10.) We agree.

A limited partnership is entirely a creature of statute. It is defined as "a partnership formed by two or more persons under the laws of the commonwealth and having one or more general partners and one or more limited partners." n15 *G.L. c. 109, § 1(7).* Unlike a general partnership, which was not alleged here and is merely "an association of two or more persons to carry on as co-owners of a business for profit[,]" *G.L. c. 108A, § 6,* a limited partnership has no existence outside of the statutory provisions that establish it as a legal entity. "Limited [*6] partnerships did not exist at common law; they are statutory creatures that must be formed and conducted in substantial compliance with the statutes authorizing such a business relationship." *Saulnier v. Fanaras Enterprises, Inc., 618 A.2d 841, 843, 136 N.H. 565 (1992)* (applying Massachusetts law). See *Fusco v. Rocky Mountain I Investments Ltd. Partnership, 42 Mass. App. Ct. 441, 446-447 (1997)* (limited partnership and corporation distinguished from general partnership by statutory requirement of "notice of [the] arrangement to the world"). *General Laws c. 109, § 8,* establishes the requirements for the formation of a limited partnership:



- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n15 Generally speaking, "a limited partner is not liable for the obligations of a limited partnership

. . ." *G.L. c. 109, § 19.*

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - ->ENDFN>

(a) In order to form a limited partnership a certificate of limited partnership shall [*7] be executed. The certificate shall be filed in the office of the secretary of state and shall set forth:

(1) the name of the limited partnership;

(2) the general character of its business;

(3) the address of the office and the name and address of the agent for service of process required to be maintained by section four;

(4) the name and the business address of each general partner;

(5) the latest date upon which the limited partnership is to dissolve; and

(6) any other matters the general partners determine to include therein.

*(b) A limited partnership is formed at the time of the filing of the certificate of limited partnership in the office of the secretary of state or at any later time specified in the certificate of limited partnership if, in either case, there has been substantial compliance with the requirements of this section.*

*G.L. c. 109, § 8,* as amended by St. 1988, c. 286, § 4 (emphasis added). Where there is no certificate of limited partnership, filed with the secretary of state, there is no limited partnership, regardless of any intent of proposed partners to enter into such an arrangement. n16 See *Saulnier, supra* [*8] ("The intent of the parties to form a limited partnership means nothing if the parties do not comply with the statutory requirements for formation"). An employer, under *G.L. c. 152, § 1(5),* must be "an individual, partnership, association, corporation, or other legal entity, or any two or more of the foregoing engaged in a joint enterprise . . ." Gibraltar Limited Partnership simply did not exist. The hearing judge must make a factual determination based on the record evidence whether the employer was one or more of the individuals who proposed to form a limited partnership or whether Gibraltar Associates Inc. was the employer. n17

- - - - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - - -

n16 Although the judge correctly noted that a business certificate had been filed for Gibraltar Limited Partnership d/b/a Gibraltar Associates, (Dec. 9), this certificate was filed with the City of Boston, and is not at all germane to the legal existence of the limited partnership. (October 28, 1998 Tr. 8, 14.)

[*9]

n17 Mr. Melendez testified that he believed that he was hired by Gibraltar Associates Inc. (October 28, 1998 Tr. 8.) Carol Gibson, the president of Gibraltar Associates Inc., testified that she hired Melendez for the corporation. (August 18, 1998 Tr. 14, 20, 27.) This testimony was uncontradicted. The judge should make findings on it.

- - - - - - - - - - - - - - - End Footnotes - - - - - - - - - - - - - - - ->ENDFN>

Central to the employment relationship, as defined in *G.L. c. 152, § 1(4),* is the concepts of service to another under a contract of hire. The employee/employer relationship is rooted in the common law master and servant concepts. See *McDermott's Case, 283 Mass. 74 (1933).* With the contract of hire comes subjection to direction and control. *Id.* This, rather than peripheral matters, such as the time spent at hearing on examination of payroll methods or the non-issue arising from the insurer's belated audit and how insurance determinations were made, is the key to who employed Mr. Melendez. Once it is determined with whom the employee entered into [*10] the contract of hire, there the employee remained unless he assented to becoming an employee of a new employer. See *Sargentilli's Case, 331 Mass. 193 (1954).* Amidst the obfuscating evidentiary tangents offered at hearing, the judge did not distill this pivotal finding in the employment relationship. It is missing from the decision.

Accordingly, because there was absolutely no evidence adduced at hearing that Gibraltar Limited Partnership had come into existence by the appropriate filing of a limited partnership certificate in the office of the secretary of state, and could not therefore be considered a § 1(5) employer, we reverse the decision and recommit the case for additional findings on the employment relationship. "Although the evidence may suggest a certain result, additional findings are

necessary before a conclusion can be reached." *O'Rourke v. Town of West Bridgewater, 13 Mass Workers' Comp. Rep. 415, 421 1999).* On recommittal, though not advanced at the original hearing, the judge may also want the parties to take a position on § 18 n18 and § 26B, n19 which may have bearing on the employment relationship.


- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n18 *General Laws c. 152, § 18*, as amended by St. 1969, c. 755, § 2, reads in part:

> In any case where there shall exist with respect to an employee a general employer and a special employer relationship, as between the general employer and the special employer, the liability for the payment of compensation for the injury shall be borne by the general employer or its insurer, and the special employer or its insurer shall be liable for such payment if the parties have so agreed or if the general employer shall not be an insured or insured person under this chapter.

[*11]


n19 *General Laws c. 152, § 26B*, added by St. 1957, c. 276 reads:

> When an employee employed in the concurrent service of two or more insured employers receives a personal injury compensable under this chapter while performing a duty which is common to such employers, the liability of their insurers under this chapter shall be joint and several. Each insurer or self-insurer liable under this section shall pay compensation according to the proportion of the wages paid by its insured in relation to the concurrent wage which the employee received from all insured employers.


- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - ->ENDFN>

So ordered.

Judges McCarthy and Wilson concur.

☐ LIBERTY DIVERSIFIED INDUSTRIES ☐ LIBERTY CARTON CO., TEXAS
☐ LIBERTY CARTON CO. ☐ SOUTHERN DIVERSIFIED INDUSTRIES
☐ FIDELITY PRODUCTS ☐ DIVERSI-PLAST, INC.
☐ SAFCO PRODUCTS CO. ☐ NORTHERN PACKAGE
☐ ☐ LIBERTY PAPER, INC.
☐ VALLEY CRAFT, INC ☒ BICKNELL FULLER   *Specialty*

# PERSONNEL ACTION FORM

Current Date: **3/26/01**

Effective Date: **3/26/01**

**I** FOR ALL ACTIONS (FOR NAME CHANGES, ENTER NAME USED BEFORE CHANGE)

| LAST NAME | FIRST NAME | INITIAL | CLOCK NO. | SENIORITY DATE |
|---|---|---|---|---|
| Gonzales | Ramon | | | |

**II** FOR PAYROLL CHANGES:    ☒ FT  ☐ FTT  ☐ PTP  ☐ PTT

| SALARY | INC. AMT. | PERCENT | EFF. DATE | REASON |
|---|---|---|---|---|
| | | | | |

REASON FOR RATE CHANGE:
- ☐ MERIT INCREASE
- ☐ PROMOTION
- ☐ CONTRACT CHANGE
- ☐ ADJUSTMENT
- ☐ AUTOMATIC INCREASE
- ☐ DEMOTION
- ☐ OTHER

☐ NEW HIRE   ☐ TRANSFER
☐ REHIRE

SEPARATION:
- ☐ RESIGN   ☐ DISCHARGE
- ☐ RETIRE   ☐ OTHER _____
- ☐ LAYOFF

NEW SALARY (Please list exempt salaries in weekly and annual terms and nonexempt salaries in hourly terms.)

HOURLY $ **11.50**    WEEKLY $    ANNUALLY $

% ____    GROUP/ CLASS ____    GRADE ____

PERFORMANCE EVALUATION ____    NEXT REVIEW DATE

MERIT AMT. $ ____ %    PROMO AMT. $ ____ %    ADJ AMT. $ ____ %

COMMENTS:

**III** PERSONAL DATA

NEW HIRES AND CHANGED ITEMS (FOR CHANGES, ENTER CHANGED ITEMS ONLY):

| LAST NAME | FIRST NAME | INITIAL | SOCIAL SECURITY NO. | ☒ MALE ☐ FEMALE |
|---|---|---|---|---|
| Gonzales | Ramon | | ___9465 | |

STREET ADDRESS **65 Chauncey St Law Mass 01843**    STATE **MA**    ZIP **-01843**    AREA CODE/PHONE **978-682-0881**

BIRTH DATE ___57    VETERAN STATUS ☒ N/A  ☐ DISABLED VET  ☐ VIETNAM ERA VET

RACE/ETHNIC INDICATION
- ☐ CAUCASIAN  ☐ ASIAN
- ☐ BLACK  ☐ AMERICAN INDIAN  ☒ HISPANIC

MARITAL STATUS ☐ MARRIED  ☒ SINGLE  ☐ MARRIED, BUT WITHHOLD AT SINGLE

NO. OF EXEMPTIONS **1**

HEALTH INSURANCE ☐ DOUBLE GOLD/PRIMARY PLUS  ☐ CMM (STANDARD)    ☒ SINGLE  ☐ NONE  ☐ FAMILY

EMERGENCY NAME **Reye Gonzales**    AREA CODE/PHONE **978 - 688-7094**

ADDRESS **150 Newbery St**    CITY **Lawrence**    STATE **Mass**    ZIP **01841**

**IV** POSITION DATA

| FROM POSITION TITLE | | START DATE / / |
|---|---|---|
| | ☐ EXEMPT  ☐ NONEXEMPT | |

| TO POSITION TITLE | | START DATE / / |
|---|---|---|
| | ☐ EXEMPT  ☐ NONEXEMPT | |

FROM SUPERVISOR'S NAME    TO SUPERVISOR'S NAME    FROM SHIFT ☐1 ☐2 ☐3    TO SHIFT ☐1 ☐2 ☐3

FROM DEPARTMENT    FROM DEPT. NO.    TO DEPARTMENT    TO DEPT. NO.

FROM COMPANY    TO COMPANY    COST CENTER    BACK PAY DUE $

**V** APPROVAL SIGNATURES

IS THIS PERSON ONE FOR WHOM WE SHOULD CONSIDER A RESTRICTIVE COVENANT (NONCOMPETE ) AGREEMENT?
☐ YES  ☐ NO  IF YES, PLEASE CONTACT HUMAN RESOURCES FOR APPROPRIATE FORM

| | DATE |
|---|---|
| RECOMMENDED BY (NAME AND TITLE) | |
| APPROVED BY (NAME AND TITLE) | |
| GENERAL MANAGER APPROVAL: | |
| HUMAN RESOURCES APPROVAL: | |
| PAYROLL RECORD CHANGED BY (NAME AND TITLE) | |

**VI** ROUTING

FOR NEW HIRES:
1 - SUPERVISOR    3 - PAYROLL

FOR PAYROLL CHANGES:
1- RECOMMENDING SUPERVISOR    4 - HUMAN RESOURCES

**BICKNELL & FULLER**
**HUMAN RESOURCES**
**SPECIALTY PLANT**

COMPLETED

1. PAF

2. Federal/State Tax Withholding Form

3. Immigration Form (I-9)

4. Safety Rules Issued (2 pgs.)

5. Time Card Issued

6. Hazard Communication Orientation

7. Reporting of Injuries Supervisor & Workwell

8. ISO Awareness, Training Documentation, Hist asst.

9. Inclement weather form

10. Direct Deposit

12. Leaving Building Form

13. Call in for absences

14. Sexual Harassment Policy

15. Emergency Contacts Form

Presented By: _Deborah Carigan_
Date: _3/26/01_
New Employee Signature: _Ramon Gonzales_

U.S. Department of Justice
Immigration and Naturalization Service

**Employment Eligibility Verification**

Please read instructions carefully before completing this form. The instructions must be available during completion of this form. **ANTI-DISCRIMINATION NOTICE.** It is illegal to discriminate against work eligible individuals. Employers **CANNOT** specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins

| Print Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| Gonzalez | RAMON | F. | |

| Address (Street Name and Number) | Apt. # | Date of Birth (month/day/year) |
|---|---|---|
| 65 Chaucher St Shawsheen Rd. | | -5-7 |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| Lawrence | MA | 01843 | -9465 |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
- ☐ A citizen or national of the United States
- ☑ A Lawful Permanent Resident (Alien # A 34365443
- ☐ An alien authorized to work until ___
  (Alien # or Admission # ___

| Employee's Signature | Date (month/day/year) |
|---|---|
| Ramon Gonzalez | 3 26 01 |

**Preparer and/or Translator Certification.** (To be completed and signed if Section 1 is prepared by a person other than the employee.) I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B **and** one from List C as listed on the reverse of this form and record the title, number and expiration date, if any, of the document(s)

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title: ___ | | Resident Alien | | Social Sec Adm (Car |
| Issuing authority: ___ | | U.S Dept A Justice | | Social Sec. Adm/Car |
| Document #: ___ | | Resident Alien | | 020 84-9465 |
| Expiration Date (if any): __/__/__ | | __/__/__ | | __/__/__ |
| Document #: ___ | | | | |
| Expiration Date (if any): __/__/__ | | | | |

**CERTIFICATION** - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on (month/day/year) 3 /26 /01 and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment).

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| Deborah Carignan | Deborah Carignan | Administ-Asst-HR D |

| Business or Organization Name | Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|---|
| Bicknell & Fuller Specialty | 1 First Ave Peabody MA 01960 | 3/26/01 |

**Section 3. Updating and Reverification.** To be completed and signed by employer

| A. New Name (if applicable) | B. Date of rehire (month/day/year) (if applicable) |
|---|---|
| | |

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

Document Title: ___   Document #: ___   Expiration Date (if any): __/__/__

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date (month/day/year) |
|---|---|
| | |

Form I-9 (Rev. 11-21-91) N

| /ages, tips, other comp. 11188.58 | 2 Federal income tax withheld 1263.18 |
|---|---|
| 3 Social security wages 11275.52 | 4 Social security tax withheld 699.08 |
| 5 Medicare wages and tips 11275.52 | 6 Medicare tax withheld 163.50 |

| a Control Number 977321 VBS | Dept. 204201 | Corp. D | Employer use only A | 25 |
|---|---|---|---|---|

**c Employer's name, address, and ZIP code**

LIBERTY-STANDARD LLC
5600 N HIGHWAY 169
NEW HOPE MN 55428

Batch #00523

| b Employer's FED ID number 41-1975133 | d Employee's SSA number ▓▓▓-9465 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 D 86.94 |
| 14 Other | 12b |
| | 12c |
| | 12d |
| | 13 Stat emp. Ret. plan X 3rd party sick pay |

**e/f Employee's name, address and ZIP code**

RAMON GONZALEZ FABIAN
693 ESSEX STREET
LAWRENCE,MA 01843

| 15 State MA | Employer's state ID no. 411-975-133 06 | 16 State wages, tips, etc. 11188.58 |
|---|---|---|
| 17 State income tax 454.86 | 18 Local wages, tips, etc. | |
| 19 Local income tax | 20 Locality name | |

Safe, accurate, FAST! Use **e-file**    Visit the IRS Web Site at www.irs.gov.

**Employee Reference Copy**

**W-2** Wage and Tax Statement **2001**

OMB No. 1545-0008

# 2001 W-2 and EARNINGS SUMMARY

This blue Earnings Summary section is included with your W-2 to help describe portions in more detail. The reverse side includes general information that you may also find helpful.

1. The following information reflects your final 2001 pay stub plus any adjustments submitted by your employer.

| Gross Pay | 11454.52 | Social Security Tax Withheld Box 4 of W-2 | 699.08 | MA. State Income Tax Box 17 of W-2 | 454.86 |
|---|---|---|---|---|---|
| | | | | SUI/SDI Box 14 of W-2 | |
| Fed. Income Tax Withheld Box 2 of W-2 | 1263.18 | Medicare Tax Withheld Box 6 of W-2 | 163.50 | | |

2. Your Gross Pay Was Adjusted as follows to produce your W-2 Statement.

| | Wages, Tips, other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 5 of W-2 | MA. State Wages, Tips, Etc. Box 16 of W-2 |
|---|---|---|---|---|
| Gross Pay | 11,454.52 | 11,454.52 | 11,454.52 | 11,454.52 |
| Less 401(k) (D-Box 12) | 86.94 | N/A | N/A | 86.94 |
| Less Other Cafe 125 | 179.00 | 179.00 | 179.00 | 179.00 |
| Reported W-2 Wages | 11,188.58 | 11,275.52 | 11,275.52 | 11,188.58 |

3. Employee W-4 Profile. To change your Employee W-4 Profile Information, file a new W-4 with your payroll dept.

RAMON GONZALEZ FABIAN
693 ESSEX STREET
LAWRENCE,MA 01843

Social Security Number: 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
Taxable Marital Status: SINGLE
Exemptions/Allowances:
FEDERAL: 1
STATE: 1

© 2001 AUTOMATIC DATA PROCESSING, INC.



LIBERTY-STANDARD LLC
DBA/ BICKNELL & FULLER SPECIALTY PACKAGING
ONE FIRST AVENUE
PEABODY, MA 01960

Payroll check number: 14392838
Pay date: 09/28/2001

Pay to the
order of: RAMON GONZALEZ FABIAN
This amount: ONE HUNDRED FIFTY SEVEN AND 04/100 DOLLARS                    $157.04

First Bank of Massachusetts
National Association

| CO/CORP CODE | COMPANY/CORP. NAME | QUARTER ENDING / FEDERAL EIN | Wage and Tax Register | | | |
|---|---|---|---|---|---|---|
| BS | LIBERTY-STANDARD LLC | 06/30/2001 41-1975133 | *** DETAIL PAGE *** | | | |



**ADP** Automatic Data Processing
NEW ENGLAND REGION

| 08/29/2001 | TSR | RUN NUMBER/ DBU NUMBER | PAGE NUMBER |
|---|---|---|---|
| 01.00.20 1 86.00 | H | 2001/2/00513 | 8 |

| SUB CO. CODE | FILE NUMBER | EMPLOYEE NAME | DEPT. NUMBER | GENDER | QUAL PEN | T D | GROSS EARNINGS | SOCIAL SECURITY WAGES 80400 | MEDICARE WAGES | TOTAL SUI WAGES | STATE INCOME TAX WAGES | EXCLUDABLE SICK PAY | 3RD PARTY SICK PAY-TAXABLE | 401 (K) | GROUP TERM LIFE | WEEKS WORKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SOCIAL SECURITY NUMBER | DATA CONTROL | TAX CODES State / SUI / Local | | | | T Y | FEDERAL INCOME TAX WAGES | SOCIAL SECURITY TAX WITHHELD | MEDICARE TAX WITHHELD | SUI TAXABLE WAGES | STATE INCOME TAX WITHHELD | OTHER (1099) COMPENSATION | 3RD PARTY SICK PAY NON-TAXABLE | 3PSP | MA HEALTH INSURANCE | DEPENDENT FSA |
| 2ND TAXES State / Local | CORP CODE | ESTAB. NUMBER | TAXABLE BLOCKS FICA / FUTA / SUI | WITHHOLDING BLOCKS FED / STATE / LOCAL | | | FEDERAL INCOME TAX WITHHELD | MEDICAL FSA | OTHER EXEMPT CAF125 BENEFITS | CAFE-125 ADOPTION ASSISTANCE | | | | | | |
| | OPTIONS | | ADDL BLOCK | FEDERAL EXEMPT | | | | FUTA TAXABLE 7000 | | | | | | | WEEKS WORKED REPORTABLE |

| | 977321 GONZALEZ,FABIAN,RAM | 204201 | Q | Q | | 589088 | 582823 | 582823 | 5890BB | 579692 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| -9465 | 02 02 | M QPEN | Q | Q | | 579692 | 36135 | 8451 | 5890BB | 23817 | | | | | 3191 |
| | | 1 | | | | 66142 | | 6285 | | | | | | | 589088 |
| | | | | | | | 582823 | | | | | | | | |
| | | | | | | 589088 | 582823 | 582823 | 589088 | 579692 | | | | | 3191 |
| | | | | | | 579692 | 36135 | 8451 | 589088 | 23817 | | | | | 589088 |

| JB CO. CODE | COMPANY/CORP. NAME | QUARTER ENDING/ FEDERAL EIN | Wage and Tax Register | | ADP Automatic Data Processing NEW ENGLAND REGION | 10/03/2001 | TSR | RUN NUMBER/ CBU NUMBER | PAGE NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| S | LIBERTY-STANDARD LLC | 09/30/2001 41-1975133 | *** DETAIL PAGE *** | | | 01.00 20 1 88.00 H | | 2001/3/00483 | 5 5 |

| JB CO. CODE | FILE NUMBER | EMPLOYEE NAME | DEPT. NUMBER | GROSS EARNINGS | SOCIAL SECURITY WAGES 80400 | MEDICARE WAGES | TOTAL SUI WAGES | STATE INCOME TAX WAGES | EXCLUDABLE SICK PAY | 3RD PARTY SICK PAY-TAXABLE | 401(k) | GROUP TERM LIFE | WEEKS WORKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SOCIAL SECURITY NUMBER | DATA CONTROL | TAX CODES State SUI Local | CODES | QUAL PEN | FEDERAL INCOME TAX WAGES | SOCIAL SECURITY TAX WITHHELD | MEDICARE TAX WITHHELD | SUI TAXABLE WAGES | STATE INCOME TAX WITHHELD | OTHER (1099) COMPENSATION | 3RD PARTY SICK PAY NON-TAXABLE | SPSP | MA HEALTH INSURANCE | DEPENDENT FSA |
| 2ND TAXES State Local | CORP. CODE | ESTAB. NUMBER TAXABLE BLOCKS FICA FUTA | WITHHOLDING BLOCKS SUI REG STATE LOCAL | FEDERAL INCOME TAX WITHHELD | MEDICAL FSA | OTHER EXEMPT CAF125 BENEFITS | CAFE-125 ADOPTION ASSISTANCE | | | | | | |
| OPTIONS | | ADDL BLOCK | FEDERAL EXEMPT | FUTA TAXABLE 7000 | | | | | | | | | WEEKS WORKED REPORTABLE |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 977321 | GONZALEZ FABIAN,RAM | 20420 1 | | 556364 | 544729 | 544729 | 556364 | 539186 | | | | 5583 | |
| 9465 | 02 02 | M QPEN | Q Q | 539186 | 33773 | 7889 | 490912 | 21689 | | | | | 556364 |
| | | 1 | | 60176 | | 11635 | | | | | | | |
| | | | | 117177 | | | | | | | | |
| | | | | 1145452 | 1127552 | 1127552 | 1145452 | 1118858 | | | | 8694 | |
| | | | | 1118858 | 69806 | 16350 | 1080000 | 45486 | | | | | 1145457 |
| | | | | 126318 | | 17900 | | | | | | | |

| GO/CORP CODE | COMPANY/CORP NAME | QUARTER ENDING FEDERAL EIN | Wage and Tax Register | | | | | |
|---|---|---|---|---|---|---|---|---|
| VBS | LIBERTY-STANDARD LLC | 12/31/2001 41-1975133 | *** DETAIL PAGE *** | | | | | |


Automatic Data Processing
NEW ENGLAND REGION

| 12/28/2001 01.00 20 1 $6.00 H | | RUN NUMBER PAGE DBU NUMBER NUMBER 2001/4/00523 |
|---|---|---|

| SUB CO CODE | FILE NUMBER | EMPLOYEE NAME | DEPT NUMBER | GROSS EARNINGS | SOCIAL SECURITY WAGES 80400 | MEDICARE WAGES | TOTAL SUI WAGES | STATE INCOME TAX WAGES | EXCLUDABLE SICK PAY | 3RD PARTY SICK PAY-TAXABLE | 401 (K) | GROUP TERM LIFE | WEEKS WORKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SOCIAL SECURITY NUMBER | DATA CONTROL | TAX CODES State SUI Local | QUAL PEN | FEDERAL INCOME TAX WAGES | SOCIAL SECURITY TAX WITHHELD | MEDICARE TAX WITHHELD | SUI TAXABLE WAGES | STATE INCOME TAX WITHHELD | OTHER (1099) COMPENSATION | 3RD PARTY SICK PAY NON-TAXABLE | SPSP | MA HEALTH INSURANCE | DEPENDENT FSA |
| 2ND TAXES State Local | CORP CODE | ESTAB. NUMBER | TAXABLE BLOCK FICA FUTA SUI FED STATE LOCAL | WITHHOLDING BLOCKS | FEDERAL INCOME TAX WITHHELD | MEDICAL FSA | OTHER EXEMPT CAF125 BENEFITS | CAFE-125 ADOPTION ASSISTANCE | | | | | |
| OPTIONS | | | ADDL BLOCK | FEDERAL EXEMPT | FUTA TAXABLE 7000 | | | | | | | | WEEKS WORKED REPORTABLE |

|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 53 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 30 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 15 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 23 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 42 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 55 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 52 |

977321 GONZALEZ FABIAN,RAM 204201
-9465    02 02    M QPEN
1

| 1145452 | 1127552 | 1127552 | 1145452 | 1118858 | | 8694 | 26 |
|---|---|---|---|---|---|---|---|
| 1118858 | 69908 | 16350 | 1080000 | 45486 | | | |
| 126318 | | 7900 | | | | | |

# QUARTERLY WAGE REPORT

* WAGE REPORT *

REFERENCE COPY

| LIBERTY—STANDARD LLC          VBS | | |
|---|---|---|
| 5600 N HIGHWAY 169 | | |
| N   HOPE MN 55428 | | |

| Batch Number | | Substitute for State Form # |
|---|---|---|
| 2001/2/00513 | | WR-2 |
| Date Quarter Ended | Page Number | Name of State |
| 06/30/2001 | 1 | MASSACHUSETT |
| Employer's State Identification Number | | Federal Identification Numb |
| 411-975-133 06 | | 41-1975133 |

**************************
** DO NOT FILE THIS FORM **
Employer's Name and Address************

| EMPLOYEE'S SOCIAL SECURITY ACCOUNT NUMBER | NAME OF EMPLOYEE | GROSS—QTD | | | FILE NO. |
|---|---|---|---|---|---|
| | | | | | 502268 |
| | | | | | 502253 |
| | | | | | 900142 |
| | | | | | 900134 |
| | | | | | 977320 |
| | | | | | 097712 |
| | | | | | 502334 |
| | | | | | 097645 |
| | | | | | 502327 |
| | | | | | 900110 |
| | | | | | 097698 |
| | | | | | 900102 |
| | | | | | 015143 |
| | | | | | 097688 |
| | | | | | 097724 |
| —9465 | GONZALEZ FABIAN,RAM | 5890 88 | | | 977321 |
| | | | | | 001219 |
| | | | | | 502200 |
| | | | | | 502195 |
| | | | | | 010429 |
| | | | | | 977318 |
| | | | | | 977316 |
| | | | | | 012786 |
| | | | | | 068176 |
| | | | | | 097706 |
| | | | | | 022214 |
| | | | | | 900183 |
| | | | | | 097659 |
| | | | | | 900192 |
| | | | | | 900171 |
| | | | | | 900132 |
| | | | | | 097720 |
| | | | | | 036356 |
| | | | | | 977313 |
| | | | | | 502196 |
| | | | | | 502198 |
| | | | | | 977317 |
| | | | | | 097739 |
| | | | | | 097641 |
| | | | | | 001274 |
| | | | | | 900161 |
| | | | | | 977315 |

| TOTALS FOR THIS PAGE | | |
|---|---|---|
| NUMBER OF EMPLOYEES | Number of employees  42 | |
| PAID WAGE TOTALS | | 351393.96 |

**************************

QUARTERLY WAGE REPORT

**\* WAGE REPORT \***

REFERENCE COPY

| LIBERTY—STANDARD LLC        VBS | Batch Number | Substitute for State Form |
| 5^00 N HIGHWAY 169 | | |
| I HOPE MN 55428 | **2001/2/00513** | **WR-2** |

| | Date Quarter Ended | Page Number | Name of State |
| **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | **06/30/2001** | **2** | **MASSACHUSETT** |
| **\* \*   DO NOT FILE THIS FORM   \* \*** | Employer's State Identification Number | | Federal Identification Numb |
| Employer's Name and Address **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | **411—975-133 06** | | **41-1975133** |

| EMPLOYEE'S SOCIAL SECURITY ACCOUNT NUMBER ▼ | NAME OF EMPLOYEE | GROSS—QTD | | | FILE NO. |
|---|---|---|---|---|---|
| | | | | | 977319 |
| | | | | | 977322 |
| | | | | | 071711 |
| | | | | | 977314 |
| | | | | | 066997 |
| | | | | | 977325 |
| | | | | | 900163 |
| | | | | | 977323 |

| OTALS FOR THIS PAGE UMBER OF EMPLOYEES ND WAGE TOTALS | Number of employees   **8** | **45088.93** |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

# QUARTERLY WAGE REPORT

* WAGE REPORT *

# REFERENCE COPY

| LIBERTY-STANDARD LLC   VBS 5600 N HIGHWAY 169 ↑ ` HOPE MN 55428 | Batch Number 2001/3/00483 | | Substitute for State Form # WR-2 |
|---|---|---|---|
| | Date Quarter Ended 09/30/2001 | Page Number 1 | Name of State MASSACHUSETTS |
| ************************** ** DO NOT FILE THIS FORM ** ************************** | Employer's State Identification Number 411-975-133 06 | | Federal Identification Number 41-1975133 |

| EMPLOYEE'S SOCIAL SECURITY ACCOUNT NUMBER | NAME OF EMPLOYEE | GROSS-QTD | | | FILE NO. |
|---|---|---|---|---|---|
| | | | | | 502253 |
| | | | | | 900142 |
| | | | | | 900134 |
| | | | | | 977320 |
| | | | | | 097712 |
| | | | | | 502334 |
| | | | | | 097645 |
| | | | | | 502327 |
| | | | | | 900110 |
| | | | | | 097698 |
| | | | | | 900102 |
| | | | | | 015143 |
| | | | | | 097688 |
| | | | | | 097724 |
| ████-9465 | GONZALEZ FABIAN,RAM | [   5563.64 ] | | | 977321 |
| | | | | | 001219 |
| | | | | | 502195 |
| | | | | | 010429 |
| | | | | | 012786 |
| | | | | | 068176 |
| | | | | | 097706 |
| | | | | | 022214 |
| | | | | | 900183 |
| | | | | | 097659 |
| | | | | | 900192 |
| | | | | | 900171 |
| | | | | | 900132 |
| | | | | | 097720 |
| | | | | | 036356 |
| | | | | | 977313 |
| | | | | | 977317 |
| | | | | | 097739 |
| | | | | | 097641 |
| | | | | | 001274 |
| | | | | | 900161 |
| | | | | | 977315 |
| | | | | | 977322 |
| | | | | | 071711 |
| | | | | | 977314 |
| | | | | | 066997 |
| | | | | | 977325 |
| | | | | | 900163 |

| LS FOR THIS PAGE ER OF EMPLOYEES VAGE TOTALS | Number of employees   42 | 360003.44 |
|---|---|---|

**************************

# QUARTERLY WAGE REPORT

**\* WAGE REPORT \***

# REFERENCE COPY

| LIBERTY–STANDARD LLC          VBS<br>5600 N HIGHWAY 169<br>HOPE MN 55428 | Batch Number<br><br>**2001/3/00483** | | Substitute for State Form #<br><br>**WR–2** |
| --- | --- | --- | --- |
| | Date Quarter Ended<br>**09/30/2001** | Page Number<br>**2** | Name of State<br>**MASSACHUSETTS** |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***<br>**\*\*  DO NOT FILE THIS FORM  \*\***<br>**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | Employer's State Identification Number<br><br>**411–975–133 06** | | Federal Identification Number<br><br>**41–1975133** |

| EMPLOYEE'S<br>SOCIAL SECURITY<br>ACCOUNT NUMBER | NAME OF EMPLOYEE | GROSS–QTD | | | FILE NO. |
| --- | --- | --- | --- | --- | --- |
| | | | | | 977323 |

| S FOR THIS PAGE<br>OF EMPLOYEES<br>AGE TOTALS | Number of<br>employees    **1** | **6026.63** |
| --- | --- | --- |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

```
CO.    FILE    DEPT.    CLOCK  NUMBER
VBS    977321  204201          00141350f8  1
```

*LIBERTY-STANDARD LLC*
*DBA/BICKNELL & FULLER SPECIALTY PACKAGING*
*ONE FIRST AVENUE*
*PEABODY, MA 01960*

Social Security Number: ████-9465
Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State:   1

# Earnings Statement



Period Ending:     09/08/2001
Pay Date:          09/14/2001

**RAMON GONZALEZ FABIAN**
**65 SHAWSHEEN RD**
**LAWRENCE, MA 01843**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular/Earn1 | 12.5000 | 30.75 | 384.38 | 9,652.14 |
| Holiday Pay | 12.5000 | 8.00 | 100.00 | 376.00 |
| Ot/Earns 2 | | | | 81.94 |
| Funral | | | | 276.00 |
| Vac/Pto Hours | | | | 345.00 |
| | | Gross Pay | $484.38 | 10,731.08 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| 401Ytd | | 79.71 |
| Vac/Pto Hours | | 20.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -54.58 | 1,190.45 |
| | Social Security Tax | -29.48 | 655.34 |
| | Medicare Tax | -6.89 | 153.26 |
| | MA State Income Tax | -19.58 | 428.24 |
| | **Other** | | |
| | Health Care | -8.95* | 161.10 |
| | 401K-Contr-Fac | -4.84* | 79.71 |
| | **Net Pay** | **$360.05** | |

**\* Excluded from federal taxable wages**
  Your federal taxable wages this period are $470.59

© 1991 ADP, Inc.

## Policy Certification Form

Re:  Name Insured:     LIBERTY STANDARD LLC

**Policy Number:**     WC2-141-433102-011
**Effective Dates:**     05-31-2001                          to      5-31-2002

☐     I certify this is to be a true copy of the original policy issued.

☐     I certify this to be a true copy of the original declarations page issued.

☐     I certify this to be a true copy of the original Uninsured/Underinsured Motor
      Rejection and/or the Personal Injury Rejection form(s).

☒     This policy was retrieved from Liberty Mutual file and is Liberty Mutual's best
      current evidence of the policy.  Liberty Mutual, however, reserves the right to
      supplement or amend this policy should further or different terms, conditions,
      endorsements, or exclusions become known.  Liberty Mutual does not
      acknowledge that this is a certified copy of the policy, or that it is the exact copy
      of the policy that was delivered to the Insured.

**Liberty Mutual reserves the right to further amend or supplement this
policy should any additional terms conditions, or exclusions come to our
attention.**

*Jane A. Bronowicz*

Jane A. Bronowicz
Wausau Records
Wausau, Wisconsin


Date:   05-09-2005

## Policy Cancellation Notice

| PCN ID | Received On | Sales Office | | By | |
|---|---|---|---|---|---|
| 03F6B1 | 04/04/2002 | MINNEAPOLIS, MN/0465 | | | |
| **Requested By** | | **Production Office** | | **Underwriter** | FILTZ, BRIAN |
| FREILING JR, RONALD | | WAUSAU(BPAP) | | **CC Underwriter** | |
| **Policy Number** | **Account No.** | **Sub Acct. No.** | **Term From** | **Term To** | **Cancellation Effective Date** |
| WC2-141-433102-011 | 4-433102 | | 05/31/2001 | 05/31/2002 | 03/01/2002 |

| Name Insured | LIBERTY STANDARD LLC          C/O | Name if Changed | |
|---|---|---|---|
| **Mail Address** | 5600 N HIGHWAY 169<br>MINNEAPOLIS, MN 554283027 | **Address if Changed** | |
| **Type of Cancellation** | Mid Term : Pro Rate | **Cancellation Reason** | 4E - Out of Business, No New Owner |
| **Name of New Carrier** | None | **Number of New Carrier** | |
| **Actual Annual Premium Reported** | | | $ 52,180 |
| **HSP:** | | **LG. DED:** | |
| **Equivalent Premium for Large Deductible Policies and Helmsman Service Contracts** | | | $ 0 |
| **A Copy of this PCN was sent to the policy holder** | | | YES |
| **Sales Office Name/Number** | MINNEAPOLIS, MN/0465 | **Sales Rep Name/Number** | JOHN KELLY/6912 |
| **Policy Is New** | | **Policy is First Renewal** | |
| **Original Sales Rep Name/Number** | | | |

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

**THIS POLICY IS NONASSESSABLE**



**Liberty Mutual Insurance Group/Boston**

**FOR PROMPT INSURANCE SERVICE - CALL YOUR SERVICE OFFICE**

**THIS POLICY IS CLASSIFIED IN DIVIDEND CLASS XIII WORKERS COMPENSATION AND EMPLOYERS LIABILITY**

––––––––

The named insured is hereby notified that by virtue of this policy he is a member of the Liberty Mutual Fire Insurance Company and is entitled to vote either in person or by proxy at any and all meetings of said company.

––––––––

The annual meetings are held at its home office, Boston, Massachusetts on the third Wednesday of April in each year, at eleven o'clock in the morning.

**Liberty Mutual Fire Insurance Company** (A mutual insurance company, herein called the company)

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows.

## GENERAL SECTION

### A. The Policy

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

### B. Who Is Insured

You are insured if you are an employer named in item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

### C. Workers Compensation Law

Workers Compensation Law means the workers or workmen compensation law and occupational disease law of each state or territory named in item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include the provisions of any law that provide nonoccupational disability benefits.

### D. State

State means any state of the United States of America, and the District of Columbia.

### E. Locations

This policy covers all of your workplaces listed in items 1 or 4 of the Information Page; and it covers all other workplaces in item 3.A. states unless you have other insurance or are self-insured for such workplaces.

## PART ONE - WORKERS COMPENSATION INSURANCE

### A. How This Insurance Applies

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

### B. We Will Pay

We will pay promptly when due the benefits required of you by the workers compensation law.

C. **We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

D. **We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgement as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

E. **Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

F. **Payments You Must Make**

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1. of your serious and willful misconduct;

2. you knowingly employ an employee in violation of law;

3. you fail to comply with a health or safety law or regulation; or

4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

G. **Recovery From Others**

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

H. **Statutory Provisions**

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.

2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.

4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5.   This insurance conforms to the parts of the workers compensation law that apply to:

   a.   benefits payable by this insurance;

   b.   special taxes, payments into security or other special funds, and assessments payable by us under that law.

6.   Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

## PART TWO - EMPLOYERS LIABILITY INSURANCE

### A.   How This Insurance Applies

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.   The bodily injury must arise out of and in the course of the injured employee's employment by you.

2.   The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the Information Page.

3.   Bodily injury by accident must occur during the policy period.

4.   Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5.   If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

### B.   We Will Pay

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1.   for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2.   for care and loss of services; and

3.   for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4.   because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

### C.   Exclusions

This insurance does not cover:

1.   liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2.   punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3.   bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4.   any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5.   bodily injury intentionally caused or aggravated by you;

6.  bodily injury occuring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries; or

7.  damages arising out of the discharge of, coercion of, or discrimination against any employee in violation of the law.

D.  **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E.  **We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1.  reasonable expenses incurred at our request, but not loss of earnings;

2.  premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3.  litigation costs taxed against you;

4.  interest on a judgment as required by law until we offer the amount due under this insurance; and

5.  expenses we incur.

F.  **Other Insurance**

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G.  **Limits of Liability**

Our liability to pay for damages is limited. Our limits of liability are shown in item 3.B. of the Information Page. They apply as explained below.

1.  Bodily Injury by Accident. the limit shown for "bodily injury by accident-each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident. A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2.  Bodily Injury by Disease. The limit shown for "bodily injury by disease-policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease-each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3.  We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H.  **Recovery From Others**

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I.  **Actions Against Us**

There will be no right of action against us under this insurance unless:

1.  You have complied with all the terms of this policy; and

2.  The amount you owe has been determined with our consent or by actual trial and final judgement.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability.

## PART THREE - OTHER STATES INSURANCE

### A.  How This Insurance Applies

1.  This other states insurance applies only if one or more states are shown in item 3.C. of the Information Page.

2.  If you begin work in any one of those states and are not insured or are not self-insured for such work, the policy will apply as though that state were listed in item 3.A. of the Information Page.

3.  We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

### B.  Notice

Tell us at once if you begin work in any state listed in item 3.C. of the Information Page.

## PART FOUR - YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1.  Provide for immediate medical and other services required by the workers compensation law.

2.  Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3.  Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.

4.  Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5.  Do nothing after an injury occurs that would interfere with our right to recover from others.

6.  Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE - PREMIUM

### A.  Our Manuals

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

### B.  Classifications

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period . If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

### C.  Remuneration

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons; the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

## D. Premium Payments

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

## E. Final Premium

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is cancelled, final premium will be determined in the following way unless our manauls provide otherwise.

1. If we cancel, final premium will be caculated pro-rata based on the time this policy was in force. Final premium will not be less than the pro-rata share of the minimum premium.

2. If you cancel, final premium will be more than pro-rata; it will be based on the time this policy was in force, and increased by our short rate cancelation table and procedure. Final premium will not be less than the minimum premium.

## F. Records

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

## G. Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audit during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

## PART SIX - CONDITIONS

## A. Inspection

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

## B. Long Term Policy

If the policy is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

## C. Transfer of Your Rights and Duties

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

D.  **Cancelation**

   1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

   2.  We may cancel this policy. we must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect.  Mailing that notice to you at your mailing address shown in item 1 of the Information Page will be sufficient to prove notice.

   3.  The policy period will end on the day and hour stated in the cancelation notice.

   4.  Any of these provisions that conflicts with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with that law.

E.  **Sole Representative**

   The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

In witness whereof, the company has caused this policy to be signed by its President and its Secretary at Boston, Massachusetts, and countersigned on the Information Page by a duly authorized representative of the company.

Barry S. Gibson
SECRETARY

Edmund F. Kelly
PRESIDENT



## LIBERTY MUTUAL WORKERS COMPENSATION AND GROUP BENEFITS PRIVACY PRACTICES DISCLOSURE NOTICE

Some states have enacted legislation that regulates the use of nonpublic information maintained by financial services institutions on their customers who are insured for workers compensation and/or group benefit coverage. In the interest of complying with existing state law and in providing you with an affirmation of our commitment to maintaining the privacy of customer and claimant information, we have prepared the following Privacy Practices Disclosure Notice. Please take the time to review the information, as it is relevant to our business partnership with you.

This Privacy Practices Disclosure Notice outlines the privacy practices for Liberty Mutual Insurance Company (175 Berkeley Street, Boston, Massachusetts 02117) and its subsidiaries and affiliates listed below (collectively referred to as "Liberty Mutual"):

- Liberty Mutual Fire Insurance Company
- LM Insurance Corporation
- Liberty Insurance Company of America
- Liberty Life Assurance Company of Boston

- Liberty Insurance Corporation
- The First Liberty Insurance Corporation
- Liberty Northwest Insurance Corporation
- Helmsman Management Services, Inc.

This Privacy Practices Disclosure Notice will notify you of:

- The categories of nonpublic personally identifiable information, not corporate information, Liberty Mutual collects from you or from a third party about you or about participants, beneficiaries or claimants under your insurance coverage;

- How Liberty Mutual uses the information;

- The categories of affiliates and non-affiliate third parties with whom Liberty Mutual shares the information, as permitted by law;

- The kind of security policies and procedures that are in place to protect the confidentiality and security of nonpublic personal information provided to Liberty Mutual.

If you have questions or concerns regarding this Privacy Practices Disclosure Notice, you should contact us by sending an email to pstprivacy@libertymutual.com or writing to us at:

> **Presidential Service Team**
> **Liberty Mutual Insurance Company**
> **175 Berkeley Street**
> **Boston, MA 02117**

> Please include your policy number with any correspondence.

GPO 4756
(Ed. 6/1/2001)

## 1.    PERSONALLY IDENTIFIABLE INFORMATION COLLECTED

Liberty Mutual wants you to conduct business with us knowing that we protect personal information. Liberty Mutual collects personally identifiable information from you or from third parties about you or about participants, beneficiaries or claimants under your insurance coverage as part of the insurance application, underwriting, claims, administration and servicing process. We collect nonpublic personal information from the following sources:

- Information we receive on applications or other forms and which may include policyholder, participant, beneficiary or claimant name, address, phone number, social security number, household information, vehicle and driver information, date of birth, medical information related to underwriting and claims, and insurance coverage information;

- Information about transactions with us, our affiliates, or others including information about previous claims or accidents, medical information related to claims, information about the circumstances of your accident or injury (if applicable), and the names of witnesses and other contact information; and

- Information we receive from consumer reporting agencies, state motor vehicle departments, and inspection services.

## 2.    HOW THE INFORMATION IS USED

The information Liberty Mutual collects is used to: provide policy and premium quotes, underwrite applications, administer claims, and to answer questions or concerns about our insurance products and services. We also use the information for account administration, reporting, investigating, or preventing fraud or material misrepresentation, processing premium billings payments, processing and defending insurance claims, administering insurance benefits (including utilization review activities), participating in insurance research projects, or as otherwise required or permitted by federal or state law.

Liberty Mutual maintains paper copies or electronic archives of the information provided by you or by a third party for policy quoting and for processing and administering your application or claims made under your policy and for improving our products and services. This information is kept internal to Liberty Mutual except when needed to verify the information provided, to service your policy or claim or as required or permitted by law. The information is not available to the general public. Liberty Mutual retains the information collected when a claim is filed under your policy for as long as required by law or regulation, or as long as the claim is open, and thereafter, for a period set by the appropriate Underwriting or Claims' records retention policies of the Liberty Mutual.

## 3.    SHARING INFORMATION GATHERED

We do not disclose nonpublic personal information about you or about participants, beneficiaries or claimants under your insurance policy to anyone, except as permitted by law. We may share information about you or about participants, beneficiaries or claimants under your insurance policy in the normal business of conducting insurance operations, such as providing you with an insurance quote, processing, servicing, administering and enforcing your insurance policy and your claims.

We are permitted by law to share information about you when and if you become a Liberty Mutual customer or claimant, even without your authorization, with, for example:

- A third party, if it is reasonably necessary to enable the party to perform services for us, such as claims investigations, appraisals, or the detection of fraud or material misrepresentations;
- Any of our affiliated companies who provide services to you;
- Insurance regulatory authorities, reporting agencies, or if applicable involuntary market administrators;
- State Motor Vehicle Department to obtain a report of any accidents or convictions;
- Law enforcement agencies or other governmental authorities to protect our interest or to report illegal activities;
- Persons or organizations conducting insurance actuarial or research studies, subject to appropriate confidentiality agreements; and,
- As otherwise permitted or required by law.

We are also permitted by law to disclose the following information to companies that perform marketing services on our behalf or with whom we have joint marketing agreements, including:

- Information we receive on applications or other forms, such as policyholder or claimant name, address, social security number, insurance coverages, vehicle and driver information, and certain claims information;
- Information about transactions with us, our affiliates, or others, such as insurance coverages, vehicle and driver information; and claims information; and
- Information we receive from third parties, such as a consumer reporting agency, or state motor vehicle records and claims history.

We do not sell any customer or policyholder information to mailing list companies or mass marketing companies. We treat our policyholder information as confidential.


4.    SECURITY POLICIES AND PROCEDURES

We restrict access to nonpublic personal information about you or about participants, beneficiaries and claimants under your insurance policy to those employees who need to know that information to provide products or services to you. We maintain physical, electronic, and procedural safeguards that comply with state and federal regulations to guard your nonpublic personal information.

Liberty Mutual also uses a wide variety of data protection procedures, computer hardware and software tools to guard system and data privacy and integrity. Liberty Mutual's computer systems are also protected by additional measures such as encrypted data transmissions, network routers and firewalls intended to prevent unauthorized access.

ISSUING OFFICE 443     **LIBERTY MUTUAL**      Workers Compensation and
INFORMATION PAGE                            Employers Liability Policy

| ACCOUNT NO.<br>43 31 02 | SUB ACCT NO.<br>0000 | Liberty Mutual Insurance Group/Boston<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY 16586 |

| POLICY NO. | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | CODE | N/R | 1ST YEAR |
|---|---|---|---|---|---|---|---|
| WC2-141-433102-011 | 22/8 | MINNEAPOLIS | 465 | BALL       G | 7651 | 2 | 2000 |

Item 1. Name of LIBERTY-STANDARD LLC AND BICKNELL
       Insured    AND FULLER SPECIALTY PACKAGING
                 AND AS PER ENDORSEMENT NO 1          FEIN 411975133
       Address    5600 HWY 169
                 NEW HOPE, MN 55428

       Status     CORPORATION

       Other workplaces not shown above:    SEE ITEM FOUR

---

| | Mo.   Day   Year | | Mo.   Day   Year |
Item 2. Policy Period: From    05   31   2001   to   05   31   2002
                        12:01 AM       standard time at the address of the insured as stated herein.

Item 3. Coverage

     A.   Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states
         listed here:
               MA

     B.   Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits
         of our liability under Part Two are:
               Bodily Injury by Accident $     500,000   each accident
               Bodily Injury by Disease   $     500,000   policy limit
               Bodily Injury by Disease   $     500,000   each employee

     C.   Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
         ALL STATES EXCEPT THOSE LISTED IN ITEM 3A AND THE STATES OF
         ND OH WA WV WY AK

     D.   This policy includes these endorsements and schedules:    SEE EXTENSION OF INFORMATION PAGE

---

Item 4. Premium — The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates
         and Rating Plans. All information required below is subject to verification and change by audit.

| | | Premium Basis | Rates | LINE   110 |
|---|---|---|---|---|
| Classifications | Code<br>No. | Estimated<br>Total Annual<br>Remuneration | Per $100<br>of Re-<br>muneration | Estimated<br>Annual<br>Premiums |
| SEE EXTENSION OF INFORMATION PAGE<br>MA ASSESSMENT       $     2,362 | | | | |

Minimum Premium $ 428    (MA)             Total Estimated Annual Premium $      52,120

Interim adjustment of premium shall be made: ANNUALLY        Deposit Premium    $      52,120

\*N\*4N00\*   SCPP

---

This policy, including all endorsements issued therewith, is hereby countersigned by _____

                                                 Authorized Representative      Date 06/25/2001

---

| Loc. Code | Term. Oper.   JO | Audit Basis | Periodic Payment | Rating Basis | Pol. H.G. | Home State | Dividend | RENEWAL OF |
|---|---|---|---|---|---|---|---|---|
| 1 | 06/25/2001 | 1 | | NR | | MA | | WC2-141-433102-010 |

# Policy Writing Instructions

WC2-141-433102-011                                              PAGE    1

| FORM NUMBER | FORM NAME | INSTRUCTIONS |
|---|---|---|
| 102 | NAMED INSURED ENDORSEMENT | |
| WC200303B | MA NOTICE TO POLICYHOLDER END. | |
| WC200601 | MA CANCELATION ENDORSEMENT | |
| WC200301 | MA LIMITS OF LIABILITY END. | |
| WC200302 | MA ASSESSMENT CHARGE | |
| WC000414 | NOTIFICATION OF OWNERSHIP CHNG | |
| WC000311A | VOL COMP EMP LIAB COV END | |
| WC000106A | L AND HW COMP. ACT. COV. END. | |
| WC990437R2 | AMENDATORY ENDORSEMENT | |
| WC000406 | PREMIUM DISCOUNT ENDORSEMENT | |
| WC000403 | EXP. RATING MOD. FACTOR END. | |
| WC200401 | MA PENDING PREM. CHANGE END. | |

## Miscellaneous Forms Schedule

WC2-141-433102-011

FORM NUMBER                    FORM NAME

GP04662R3                      LOSS PREVENTION SERVICE NOTICE

xtension of Information Page WC 00 00 0₁ A  Item 4. Summary of Estimated Premium

| PREMIUM | | PREMIUM | |
|---|---|---|---|
| )T SUBJECT TO DISCOUNT | | | |
| XPENSE CONSTANT (MA)    214 | | | |
| TOTAL: | 214 | | |
| JBJECT TO DISCOUNT | | | |
| \                        56,115 | | | |
| )ISCOUNT (.075)        4,209 | 51,906 | | |
| TOTAL | 52,120 | | |
| | | | |
| | | | 52,120 |

cy No.  WC2-141-433102-011

**Page No.**    1

2925

*Extension of Information Page WC 0ᵥ ᵥ0 01 A  Item 4. Index of Classifications*

| CLASSIFICATION OF OPERATIONS | CODE NO. |
|---|---|
| EXPENSE CONSTANT | 0900 |
| BOX MFG - FOLDING PAPER - NOC | 4243 |
| DRIVERS NOC | 7380 |
| SALESPERSONS, COLLECTORS OR MESSENGERS - OUTSIDE | 8742 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 |
| INCREASED LIMIT EMPLOYERS LIABILITY PART II | 9807 |

*Extension of Information Page WC 00 00 01 A  Item 4.*

| Classification of Operations<br>Entries in this Item, except as specifically<br>provided elsewhere in this policy, do<br>not modify any of the other provisions of this policy. | Code<br>No. | Premium Basis<br>Estimated<br>Total Annual<br>Remuneration | Rate<br>Per $100<br>of<br>Remuneration | Estimated<br>Annual<br>Premium |
|---|---|---|---|---|
| MA | | | | |
| | 4243 | 1,546,000 | 3.25 | 50,245 |
| | 7380 | 80,000 | 5.26 | 4,208 |
| | 8742 | 200,000 | .31 | 620 |
| | 8810 | 286,000 | .17 | 486 |
| VOLUNTARY COMPENSATION WC000311A | 8742 | IF ANY | .31 | |
| 1% | 9807 | | | 556 |
| | | PREM.SUBJ.TO MOD. | | 56,115 |
| | | MODIFIED-PREMIUM | | 56,115* |
| EXPENSE CONSTANT | 0900 | | | 214 |
| | | STATE TOTAL | | 56,329 |

| Experience Modification:*    (1.00 ) PENDING | | | | 56,329 |
|---|---|---|---|---|

Policy No.  WC2-141-433102-011

Page No.        3

GPO 2923

WC 00 00 01 A

*Extension of Information Page WC 00 00 01 A  Item 4*

## UNITED STATES LONGSHORE AND
## HARBOR WORKERS' COMPENSATION ACT — INCIDENTAL

| States | Percentage of increase — non-Federal rates | States | Percentage of increase — non-Federal rates |
|--------|-------------------------------------------|--------|-------------------------------------------|
| MA | 38.4% | | |

Increased Limit — Part II — % of Premium — (Percentage is the same as shown
for the individual states in Item 4. of the declarations.)

## CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.


All names and addresses are replaced with the following:


See Schedule Attached


This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

| | | |
|---|---|---|
| ☐ | 15628 | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | 16586 | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | 21814 | LIBERTY INSURANCE CORPORATION |
| ☐ | 27243 | LM INSURANCE CORPORATION |
| ☐ | 27359 | THE FIRST LIBERTY INSURANCE CORPORATION |

Policy Effective Date
Endorsement Effective Date          Expiration Date

For attachment to Policy No.   WC2-141-433102-011

Issued to

*Barry L. Silvas*  SECRETARY          *Edmund F Kelly*  PRESIDENT

Countersigned by ...........................................
Authorized Representative

Issued                    Sales Office and No.                    End. Serial No. 1
                                                                   PAGE 1 OF 2

102

LIBERTY-STANDARD LLC
AND AS PER ENDORSEMENT NO. 1
WC2-141-433102-011

| Name Link Code | Insured Name | | | |
|---|---|---|---|---|
| 001 | LIBERTY-STANDARD LLC FEIN 411975133 | | | |
| 001 | 5600 HIGHWAY 169 | NEW HOPE | MN | 55428 |
| 001 | 1 FIRST AVE | PEABODY | MA | 01960 |
| 002 | BICKNELL AND FULLER SPECIALTY PACKAGING FEIN 411975133 | | | |
| 002 | 5600 HIGHWAY 169 | NEW HOPE | MN | 55428 |

END. SERIAL NO. 1
PAGE 2 OF 2

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

## MASSACHUSETTS NOTICE TO POLICYHOLDER ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A of the Information Page.

1.  Rates and Premium

    The policy contains rates and classifications that apply to your type of business.  If you have any questions regarding the rates or classifications, please contact your agent or us.

    You may obtain pertinent rating information by submitting a written request to us at our address shown on this endorsement.  We may require you to pay a reasonable charge for furnishing the information.

    You may also submit a written request for a review of the method by which your classification, rates or premiums were determined.  If you are not satisfied with the results of the review, you may appeal to the Commissioner of Insurance at the address shown in the endorsement.

2.  Reserves or Settlements

    You may request a loss run which contains reserve and settlement information for claims that relate to the premium for this policy.  Such a request must be in writing and should be sent to our address shown on this endorsement.  We will provide you with the information within thirty (30) days of receipt of your request, and at reasonable intervals thereafter.

    If you have any questions or believe that we set unreasonable reserves or made unreasonable settlements that affected your premiums or losses, you may make a written request through your agent or directly to us for a meeting with our company representative.  If you are not satisfied with the results of the meeting, you may make a written appeal to the insurance Commissioner at the address shown on the endorsement.

Addresses

Commissioner of Insurance
Division of Insurance
Department of Banking and Insurance
One South Station
Boston, MA  02110

LIBERTY MUTUAL FIRE INSURANCE COMPANY
15700 WEST BLUEMOUND RD.
BROOKFIELD, WI  53005


ATTN: SALES MANAGER


This endorsement is executed by the   LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.   WC2-141-433102-011

Audit Basis

Issued To


1                              Countersigned by ...........................................................
                                                               Authorized Representative


            Issued              Sales Office and No.          End. Serial No.      2


**WC 20 03 03B**
**(Ed. 07-99)**

Copyright 1990 National Council on Compensation Insurance.

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

## MASSACHUSETTS CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A. of the Information Page.

The **Cancelation** Condition of the policy is replaced by the following:

**Cancelation**

1.  You may cancel this policy by mailing or delivering to us advance written notice requesting cancelation. Such cancelation shall not be effective until ten days after written notice is given by us to The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

2.  We may cancel this policy only if based on one or more of the following reasons: (I) nonpayment of premium; (II) fraud or material misrepresentation affecting your policy; or (III) a substantial increase in the hazard insured against. Such cancelation shall not be effective until ten days after written notice is given by us to you and The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

3.  Any of these provisions that conflict with the law that controls the cancelation of this insurance policy is changed by this statement to comply with the law.

This endorsement is executed by the   **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date                          Expiration Date

For attachment to Policy No.   **WC2-141-433102-011**

Audit Basis

Issued To

1                                    Countersigned by .................................................................
                                                          Authorized Representative

              Issued              Sales Office and No.        End. Serial No.        **3**

**WC 20 06 01**
(Ed.6-92)

Copyright 1992 National Council on Compensation Insurance.

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

### MASSACHUSETTS LIMITS OF LIABILITY ENDORSEMENT

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because Massachusetts is listed in item 3.A of the Information page.

Our liability to you under Section 25 of Chapter 152 of the General Laws of Massachusetts is not subject to the limit of liability that applies to Part Two (Employers Liability Insurance).

This endorsement is executed by the   LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium $

Effective Date                      Expiration Date

For attachment to Policy No.   WC2-141-433102-011

Audit Basis

Issued To

1                                        Countersigned by ............................................................
                                                              Authorized Representative

|         | Issued | Sales Office and No. | End. Serial No. | 4 |
|---------|--------|----------------------|-----------------|---|

WC 20 03 01

Copyright 1984 National Council on Compensation Insurance.

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

### MASSACHUSETTS — ASSESSMENT CHARGE

Massachusetts General Laws, Chapter 152, Section 65, as amended by Chapter 572 of the Acts of 1985, establishes a workers' compensation special fund and a workers' compensation trust fund.

On behalf of the Department of Industrial Accidents (DIA), the insurance company providing workers' compensation coverage is required to bill and collect an assessment charge covering the special and trust funds from insured employers and remit the amounts collected to the State Treasury.

The assessment charge, which is determined by applying a rate (subject to annual change) to the standard premium developed under your policy, is shown as a separate item on the information page of the policy. The rate may be different for private employers and for the Commonwealth and its political subdivisions.

The income derived from the assessment charge will be used to fund the operating expenses of the DIA and to fund certain employee benefits as described in Chapter 152.


This endorsement is executed by the   **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date                        Expiration Date

For attachment to Policy No.   **WC2-141-433102-011**

Audit Basis

Issued To


**1**

Countersigned by ..............................................................................

Authorized Representative

Issued                    Sales Office and No.              End. Serial No.        **5**

**WC 20 03 02**

Copyright 1986 National Council on Compensation Insurance.

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

## NOTIFICATION OF CHANGE IN OWNERSHIP ENDORSEMENT

Experience rating is mandatory for all eligible insureds.  The experience rating modification factor, if any, applicable to this policy, may change if there is a change in your ownership or in that of one or more of the entities eligible to be combined with you for experience rating purposes.  Change in ownership includes sales, purchases, other transfers, mergers, consolidations, dissolutions, formations of a new entity and other changes provided for in the applicable experience rating plan manual.

You must report any change in ownership to us in writing within 90 days of such change.  Failure to report such changes within this period may result in revision of the experience rating modification factor used to determine your premium.

This endorsement is executed by the  **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date                           Expiration Date

For attachment to Policy No.   **WC2-141-433102-011**

Audit Basis

Issued To

1                                          Countersigned by ....................................................................................
                                                                    Authorized Representative

Issued                    Sales Office and No.              End. Serial No.        6

**WC 00 04 14**

Copyright 1990 National Council on Compensation Insurance.

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

## VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT

This endorsement adds Voluntary Compensation Insurance to the policy.

A.  **How This Insurance Applies**

This insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.  The bodily injury must be sustained by an employee included in the group of employees described in item 1 of the Schedule.

2.  The bodily injury must arise out of and in the course of employment necessary or incidental to work in a state listed in item 1 of the Schedule.

3.  The bodily injury must occur in the United States of America, its territories or possessions or Canada, and may occur elsewhere if the employee is a United States or Canadian citizen temporarily away from those places.

4.  Bodily injury by accident must occur during the policy period.

5.  Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B.  **We Will Pay**

We will pay an amount equal to the benefits that would be required of you if you and your employees described in item 1 of the Schedule were subject to the workers compensation law shown in item 1 of the Schedule. We will pay those amounts to the persons who would be entitled to them under the law.

C.  **Exclusions**

This insurance does not cover:

1.  any obligation imposed by a workers compensation or occupational disease law, or any similar law.

2.  bodily injury intentionally caused or aggravated by you.

D.  **Before We Pay**

Before we pay benefits to the persons entitled to them, they must:

1.  Release you and us, in writing, of all responsibility for the injury or death.

2.  Transfer to us their right to recover from others who may be responsible for the injury or death.

3.  Cooperate with us and do everything necessary to enable us to enforce the right to recover from others.

If the persons entitled to the benefits of this insurance fail to do those things, our duty to pay ends at once. If they claim damages from you or from us for the injury or death, our duty to pay ends at once.

E.  **Recovery From Others**

If we make a recovery from others, we will keep an amount equal to our expenses of recovery and the benefits we paid. We will pay the balance to the persons entitled to it. If the persons entitled to the benefits of this insurance make a recovery from others, they must reimburse us for the benefits we paid them.

**WC 00 03 11 A**
Page 1 of 2

Copyright 1991 National Council on Compensation Insurance.

**VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT**
**(Continued)**

F.  **Employers Liability Insurance**

Part Two (Employers Liability Insurance) applies to bodily injury covered by this endorsement as though the State of employment shown in the Schedule were shown in item 3.A. of the Information Page.

Schedule

| Employees | State of Employment | Designated Workers Compensation Law |
|---|---|---|
| ALL EMPLOYEES EXCLUDING DOMESTIC WORKERS | ALL STATES EXCEPT NJ - WI | STATE OF HIRE |

This endorsement is executed by the  **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.  **WC2-141-433102-011**

Audit Basis

Issued To

1

Countersigned by ..........................................................................................................
                                                                        Authorized Representative

Issued              Sales Office and No.              End. Serial No.      7

**WC 00 03 11 A**
Page 2 of 2

Copyright 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

**LONGSHORE AND HARBOR WORKERS'**
**COMPENSATION ACT COVERAGE ENDORSEMENT**

This endorsement applies only to work subject to the Longshore and Harbor Workers' Compensation Act in a state shown in the Schedule. The policy applies to that work as though that state were listed in item 3.A of the Information Page.

General Section C. **Workers' Compensation Law** is replaced by the following:

C.    **Workers' Compensation Law**

Workers' Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page and the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950). It includes any amendments to those laws that are in effect during the policy period. It does not include any other federal workers or workmen's compensation law, other federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

Part Two (Employers Liability Insurance), C. Exclusions., exclusion 8, does not apply to work subject to the Longshore and Harbor Workers' Compensation Act.

This endorsement does not apply to work subject to the Defense Base Act, the Outer Continental Shelf Lands Act, or the Nonappropriated Fund Instrumentalities Act.

| | Schedule | Longshore and Harbor Workers' Compensation Act Coverage Percentage |
|---|---|---|

State

REFER TO SCHEDULE GPO 2926 FOR STATES AND PERCENTAGES

The rates for classifications with code numbers not followed by the letter "F" are rates for work not ordinarily subject to the Longshore and Harbor Workers' Compensation Act. If this policy covers work under such classifications and if the work is subject to the Longshore and Harbor Workers' Compensation Act, those non-F classification rates will be increased by the Longshore and Harbor Workers' Compensation Act Coverage Percentage shown in the Schedule.

This endorsement is executed by the  **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date                          Expiration Date

For attachment to Policy No.   **WC2-141-433102-011**

Audit Basis

Issued To

**1**                                        Countersigned by ..................................................................................
                                                                           Authorized Representative

|  | Issued | Sales Office and No. | End. Serial No. | **8** |
|---|---|---|---|---|

**WC 00 01 06 A**
**(Ed. 4-92)**

Copyright 1983, 1991 National Council on Compensation Insurance.

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY
## AMENDATORY ENDORSEMENT

It is hereby agreed that Item 3. B. of the Information Page is amended.  Unless you have specifically elected an increased limit of liability, the following basic limits for Employers Liability Insurance apply.  If you have elected an increased limit of liability, the increased limit will continue to apply.

Limit:   500,000 BI by accident
           500,000 BI by disease
           500,000 BI by disease - policy limit

States: Alaska*, Arizona, Arkansas, Colorado, Connecticut*****, Delaware, District of Columbia, Georgia, Hawaii**, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana###, Maine, Maryland, Michigan+, Minnesota, Mississippi, Montana, Nebraska***, New Hampshire, New Mexico *****, North Carolina ##, North Dakota, Ohio, Oklahoma****, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Texas, Utah, Vermont, Virginia#, Washington, West Virginia, Wyoming

Limit:   100,000 BI by accident
           100,000 BI by disease
           500,000 BI by disease - policy limit

States: Alabama, Florida, Massachusetts,  Missouri, New Jersey, Nevada++. Tennessee####, Wisconsin.

Limit:   1,000,000 BI by accident
           1,000,000 BI by disease
           1,000,000 BI by disease - policy limit

State: California

Limit:  Unlimited

States:  New York.

* Policies effective 1/8/1997
** Policies effective 1/15/1997
*** Policies effective 1/7/1997
**** Policies effective 1/30/1997
***** Policies effective 5/1/1997
# Policies effective 8/1/1997
## Policies effective 9/1/1997
### Policies effective 4/23/1998
#### Policies effective 2/1/1998
+ Policies effective 1/1/1999
+ + Policies effective 7/1/1999

This endorsement is executed by the   LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium $

Effective Date          Expiration Date

For attachment to Policy No.   WC2-141-433102-011

Audit Basis

Issued To

1

Countersigned by ..................................................................................
                                     Authorized Representative

      Issued             Sales Office and No.         End. Serial No.    9

WC 99 04 37 R2
(1/99)

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY**
**PREMIUM DISCOUNT ENDORSEMENT**

The premium for this policy and the policies, if any, listed in item 3 of the Schedule may be eligible for a discount. This endorsement shows your estimated discount in item 1 or 2 of the Schedule. The final calculation of premium discount will be determined by our manuals and your premium basis as determined by audit. Premium subject to retrospective rating is not subject to premium discount.

Schedule

1.  Policy Numbers                                    Estimated Eligible Premium

Total $  _____

2.  Average percentage discount:          %          SEE SCHEDULE GPO 2925

3.  If there are no entries in items 1. and 2. of the Schedule see the Premium Discount Endorsement attached to your policy number:

This endorsement is executed by the   **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date                    Expiration Date

For attachment to Policy No.   **WC2-141-433102-011**

Audit Basis

Issued To

1                             Countersigned by ....................................................................
                                                     Authorized Representative

          Issued          Sales Office and No.          End. Serial No.    **10**

**WC 00 04 06**
**(Ed. 4-84)**

Copyright 1983 National Council on Compensation Insurance.

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY**

**EXPERIENCE RATING MODIFICATION FACTOR ENDORSEMENT**

The premium for the policy will be adjusted by an experience rating modification factor. The factor was not available when the policy was issued. The factor, if any, shown on the Information Page is an estimate. We will issue an endorsement to show the proper factor, if different from the factor shown, when it is calculated.

This endorsement is executed by the  **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Premium $

Effective Date

Expiration Date

For attachment to Policy No.  **WC2-141-433102-011**

Audit Basis

Issued To

1

Countersigned by ...................................................................................................
Authorized Representative

Issued          Sales Office and No.          End. Serial No.    **11**

**WC 00 04 03**
(Ed. 4-84)

Copyright 1983 National Council on Compensation Insurance.

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY

### MASSACHUSETTS PENDING PREMIUM CHANGE ENDORSEMENT

A filing is being considered by the Massachusetts Division of Insurance which may result in premiums different from those shown on the policy.  If it does, we will issue an endorsement to show the new premiums and their effective date.

This endorsement is executed by the  LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium $

Effective Date                     Expiration Date

For attachment to Policy No.    WC2-141-433102-011

Audit Basis

Issued To

1                           Countersigned by ................................................................
                                                    Authorized Representative

Issued                    Sales Office and No.              End. Serial No.    12

WC 20 04 01

FORM 101 

**THE COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 101**
**600 WASHINGTON STREET - 7TH FLOOR, BOSTON, MA 02111**

**EMPLOYER'S FIRST REPORT OF INJURY OR FATALITY**

DIA BOARD NO.:

ENTER IF KNOWN

File this form if injury has resulted in death or in 5 or more calendar days of total or partial incapacity from earning wages.

**INSTRUCTIONS AND CODES ON THE REVERSE SIDE. PLEASE PRINT OR TYPE.**

| EMPLOYEE | | |
|---|---|---|
| 1. Employee's Name (Last, First, MI) Gonzalez Ramon | 2. Home Telephone 978 168-088 | 3. Social Security Number .9465 | 4. Sex M☒ F☐ |
| 5. Home Address (No. and Street, City, State, Zip) 65 Shawsheen Rd MA 01843 Lawrence | 6. Marital Status M☐ S☒ | 7. Number of Dependents |
| 8. Date of Hire (mm/dd/yy) 3/26/01 | 9. Date of Birth (mm/dd/yy) /57 | 10. Average Weekly Wage $ 3260 00  ☒ Estimated  ☐ Actual |

| EMPLOYER | | |
|---|---|---|
| 11. Employer's Name Liberty Standard LLC | 12. Federal Tax I.D. Number 4-197 5133 | |
| 13. Employer's Address (No. and Street, City, State, Zip) One 1st Ave Peabody MA 01960 | 14. Employer's Telephone 978 538-7630 | |
| | 15. Industry Code 26 | |
| 16. Worker's Compensation Insurance Carrier (Not Local Agent/Adjuster) Liberty Mutual | 17. W.C. Policy Number | |
| 18. Self-Insured? ☐ Yes ☒ No | 19. Self-Insurer Number: | |
| 20. Describe Nature of Business or Article Manufactured (check one) ☐ Service ☐ Wholesale ☐ Retail ☐ Manufacturing | 21. Dept. No.   Floor No. | |

| INJURY INFORMATION | | |
|---|---|---|
| 22. Date of Injury (mm/dd/yy) 9/18/01 | | |
| 23. Location Where Injury Occurred (If Different Than #13) | 24. Injured on Employer's Premises? ☒ Yes ☐ No | |
| 25. Employer's Location Code | 26. If Employee Has Died, Date of Death (mm/dd/yy) | |
| 27. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 9/19/01 | 28. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 9/23/01 | |
| 29. Source of Injury (Chemicals, Machinery, Etc.) Machinery | | |
| 30. Describe How Injury/Exposure Occurred (Struck By...Fell From...Exposed To...) Arm caught in machine | | |
| 31. To Whom Was Injury/Death Reported? George Baxter  Position: Laminating Sp. | 32. Date Reported (mm/dd/yy) 9/18/01 | 33. Date Reported at Work Existed (mm/dd/yy) 9/18/01 |
| 34. Injury Code(s) 160 | 35. Body Part Code(s) 311  b  c | |
| 36. Description (Left Leg, Lower Back...) Left arm | | |
| 37. Witness(es) To The Injury? ☒ Yes  ☐ No   If "YES" Please Specify: George Baxter | | |
| 38. Has Employee Returned to Work? ☐ Yes ☒ No | 39. Date of Return (mm/dd/yy) / | |
| 40. Employee's Regular Occupation | 40A. Returned to Regular Occupation? ☐ Yes ☐ No | |
| 41. Preparer for Employer (Please Print or Type) Nancy P. LaPlante | 42. Title HR Manager | |
| 43. Preparer's Signature | 44. Date Prepared (mm/dd/yy) 3/21/01 | |

*Disclosing Social Security Number is voluntary. It will assist in the processing of your report.
REPRODUCE AS NEEDED
20-CSF-7  R5

Form 6101 (2/93)

** TOTAL PAGE.02 **

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAMON GONZALEZ,           )
                             )
      Plaintiff           )
                             )
v.                             )      Civil Action No. 04-12609-RGS
                             )
ASITRADE, AG, BOBST GROUP, USA,  )
INC., and LIBERTY-STANDARD, LLC,  )
d/b/a BICKNELL & FULLER SPECIALTY )
PACKAGING,                   )
                             )
      Defendants     )
                             )

## AFFIDAVIT OF NANCY P. LAPLANTE

Now comes Nancy P. LaPlante and avers as follows:

1.     My name is Nancy P. LaPlante.  I am the Human Resources Manager for Liberty Carton New England.

2.     On September 18, 2001 I was the Human Resources Manager of Bicknell & Fuller Corrugated Packaging at 4 First Avenue, Peabody, Massachusetts and I provided human resources support for Bicknell & Fuller Specialty Packaging at 1 First Avenue, Peabody, Massachusetts.

3.     In the course of my work providing human resources support for Bicknell & Fuller Specialty Packaging I had personal knowledge that Ramon Gonzalez was an employee of Bicknell & Fuller Specialty Packaging.  This includes my attending the accident site at Bicknell & Fuller Specialty Packaging immediately after the accident on September 18, 2001.

4.    I initiated Mr. Gonzalez's workers' compensation claim for this accident under the Liberty-Standard, LLC and Bicknell & Fuller Specialty Packaging workers' compensation policy with Liberty Mutual Insurance Company and, along with the Senior Case Manager assigned by Liberty Mutual Insurance Company, I managed the workers' compensation claim made by Mr. Gonzalez.

5.    Exhibit 1 is a true copy of the Employer's First Report of Injury which I completed and signed on behalf of Mr. Gonzalez's employer on September 21, 2001, and which I forwarded at that time to Liberty Mutual Insurance Company's office in Weston, Massachusetts.

Signed under the penalties of perjury this ___5th___ day of April, 2005.


Nancy P. LaPlante
Human Resources Manager
Liberty Carton New England

-2-

07/01/2005 15:43 FAX 916172^43477    OMALLEY HARVEY    Ø 002

"EXHIBIT A"

FORM 101

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 101
600 WASHINGTON STREET - 7TH FLOOR, BOSTON, MA 02111

EMPLOYER'S FIRST REPORT OF INJURY OR FATALITY

DIA BOARD NO.:
354.9.901
ENTER IF KNOWN

File this form if injury has resulted in death or in 5 or more calendar days of total or partial incapacity from earning wages.

Claim No. WC101-948495

INSTRUCTIONS AND CODES ON THE REVERSE SIDE. PLEASE PRINT OR TYPE.

| E M P L O Y E E | 1. Employee's Name (Last, First, MI) GONZALEZ, RAMON | 2. Home Telephone (978) 682-0861 | 3. Social Security Number -9465 | 4. Sex M X F |
| | 5. Home Address (No. and Street, City, State, Zip) 65 SHAWSHEEN RD 1ST FLOOR LAWRENCE MA 01843 | | 6. Marital Status M S X | 7. Number of Dependents 0 |
| | 8. Date of Hire (mm/dd/yy) 03/26/2001 | 9. Date of Birth (mm/dd/yy) /1957 | 10. Average Weekly Wage $ X Estimated Actual |

| E M P L O Y E R | 11. Employer's Name LIBERTY DIVERSIFIED INDUSTRIES | 12. Federal Tax I.D. Number |
| | 13. Employer's Address (No. and Street, City, State, Zip) ONE FIRST AVE PEABODY MA 01960 Mailing Address FOUR FIRST AVE PEABODY MA 01960 | 14. Employer's Telephone (978) 538-7630 15. Industry Code |
| | 16. Workers' Compensation Insurance Carrier (Not Local Agent/Adjuster) LIBERTY MUTUAL INSURANCE | 17. W.C. Policy Number |
| | 18. Self-Insured? Yes X No | 19. Self-Insurer Number: |
| | 20. Describe Nature of Business or Article Manufactured (check one) Service Wholesale Retail Manufacturing | 21. Dept. No.    Floor No. |

| I N J U R Y | 22. Date of Injury (mm/dd/yy) 09/18/2001 | |
| | 23. Location Where Injury Occurred (If Different Than # 13) ONE FIRST AVE PEABODY, MA 01960 | 24. Injured on Employer's Premises? X Yes No |
| | 25. Employer's Location Code 210100 | 26. If Employee Has Died, Date of Death (mm/dd/yy) |
| | 27. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 09/19/2001 | 28. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy) 9/23/01 |

| I N F O R M A T I O N | 29. Source of Injury (Chemicals, Machinery, Etc.) MACHINE ROLLERS |
| | 30. Describe How Injury/Exposure Occurred (Struck By...Fell From...Exposed To...) EMPLOYEE WAS SPEEDING PAPERS WHILE RUNNING MACHINE LT LOWER ARM GOT CAUGHT BETWEEN WRAP ARM AND PRECONDITIONER ROLLERS. |
| | 31. To Whom Was Injury/Death Reported? BAXTER, GEORGE    Position: | 32. Date Reported (mm/dd/yy) 09/18/2001 | 33. Date Reported as Work Related (mm/dd/yy) 09/18/2001 |
| | 34. Injury Code(s)    a.    b.    c. | 35. Body Part Code(s)    a.    b.    c. |
| | 36. Description (Left Leg - Lower Back...) POSSIBLE FRACTURE OF LEFT LOWER ARM | |
| | 37. Witness(es) To The Injury? Yes No If "YES" Please Specify. GONZALEZ, ERASMO    (978) 573-2532 | A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST: DEPARTMENT OF INDUSTRIAL ACCIDENTS Elaine M. Lydston / RPR 5/24/05 |
| | 38. Has Employee Returned to Work? Yes X No | 39. Date of Return (mm/dd/yy) |
| | 40. Employee's Regular Occupation SINGLE FACE OPS | 40A. Returned to Regular Occupation? Yes X No |

| 41. Preparer for Employer (Please Print or Type) LAPLANTE, NANCY | 42. Title HR MGR |
| 43. Preparer's Signature Nancy LaPlante Leigh | 44. Date Prepared (mm/dd/yy) 09/19/2001 |

Disclosing Social Security Number is voluntary. It will assist in the processing of your report.

REPRODUCE AS NEEDED

20-CSF-7 R5

Form #101 (2/93)

**Liberty Mutual.**

POLICYHOLDER/CLIENT
LIBERTY DIVERSIFIED INDUSTRIES INC
POLICY/CONTRACT
C141-063453-**                                        Comments:    31573
Effective From: 05-31-2001 To:  05-31-2002

                                    REPORT REQUEST #: 2037
Valued as of: 10-01-2001               LOCATION SUMMARY
                                    WORKERS COMPENSATION                Page:        1

| LOCATION NO. | NAME OF LOCATION | CLAIM COUNT | TOTAL INCURRED | TOTAL PAID | O/S RESERVE |
|---|---|---|---|---|---|
| | LOCATION NOT SPECIFIED | 1 | 1,908 | 1,908 | 0 |
| 110000 | DIVERSIPLAST | 1 | 0 | 0 | 0 |
| 170000 | LIBERTY PAPER INC | 2 | 0 | 0 | 0 |
| 190000 | BICKNELL & FULLER CORRUGATED PKG | 1 | 0 | 0 | 0 |
| 200000 | LIBERTY CARTON | 16 | 28,161 | 8,003 | 20,158 |
| 210000 | BICKNELL & FULLER SPECIALTY PKG | 1 | 33,063 | 334 | 32,729 |
| 220000 | WSI | 1 | 0 | 0 | 0 |
| 300000 | SAFCO PRODUCTS | 4 | 68 | 68 | 0 |
| 600000 | VALLEY CRAFT INC | 11 | 7,293 | 5,729 | 1,564 |
| 700000 | LIBERTY CARTON TEXAS | 6 | 20,495 | 10,876 | 9,619 |
| 800000 | NORTHERN PACKAGE CORP | 7 | 1,726 | 1,726 | 0 |
| 900000 | SOUTHERN DIVERSIFIED INDUSTRIES | 14 | 15,956 | 11,066 | 4,890 |
| 990000 | | 3 | 4,792 | 925 | 3,867 |
| | **TOTAL** | **68** | **113,462** | **40,635** | **72,827** |

LDI ACCOUNTING

JUL.18.2005   10:59AM

**Liberty Mutual**

POLICYHOLDER/CLIENT
LIBERTY DIVERSIFIED INDUSTRIES INC
POLICY/CONTRACT
41-043453-**
Effective From: 05-31-2001 To: 05-31-2002

Comments:   31574

REPORT REQUEST #: 2037
LOCATION SUMMARY
WORKERS COMPENSATION

Page:   7

Issued as of: 10-01-2001

| LOCATION | NAME OF LOCATION | CLAIM COUNT | TOTAL INCURRED | TOTAL PAID | O/S RESERVE |
|---|---|---|---|---|---|
| 210000 | BICKNELL & FULLER SPECIALTY PKG | | | | |
| 0100 | BICKNELL & FULLER SPECIALTY PKG PRODUCTION | 1 | 33,063 | 334 | 32,729 |
| | TOTAL | 1 | 33,063 | 334 | 32,729 |

ICYHOLDER/CLIENT
BERTY DIVERSIFIED INDUSTRIES INC
CY/CONTRACT
1-043453-**
ictive From: 05-31-2001 To: 05-31-2002

sed as of: 10-01-2001

**Liberty Mutual.**

Selection Criteria:
All Losses

Comments:    31571

REPORT REQUEST #: 2037
CAUSE SUMMARY
WORKERS COMPENSATION

Page:    21

| E | DESCRIPTION | | CLAIM COUNT | TOTAL INCURRED | TOTAL PAID | O/S RESERVE |
|---|---|---|---|---|---|---|
| 210000 | BICKNELL & FULLER SPECIALTY PKG | | | | | |
| | CAUGHT IN MACHINE,POINT OF OPERATION | | 1 | 33,063 | 334 | 32,729 |
| | | TOTAL | 1 | 33,063 | 334 | 32,729 |

**Liberty Mutual.**

POLICYHOLDER/CLIENT

LIBERTY DIVERSIFIED INDUSTRIES INC

POLICY/CONTRACT

WC2-141-043453-08

Effective From: 05/31/2001 To: 05/31/2002

Comments:    31572

REPORT REQUEST #: 2037
ITEMIZED STATEMENT OF LOSS
WORKERS COMPENSATION

Issued as of: 10-01-2001

Page:    41

| ITEM NO  CLAIMANT | LOCATION | ST O | ACC DATE | INCUR INDEM | INCUR MEDIC | INCUR EXP | TOTAL INCUR | O/S |
| CASE DESCRIPTION | | C | RPT DATE | PAID INDEM | PAID MEDIC | PAID EXP | TOTAL PAID | RESERVE |
|---|---|---|---|---|---|---|---|---|
| 210100    BICKNELL & FULLER SPECIALTY PKG PRODUCTION | | | | | | | | |
| 1-948495  GONZALEZ,RAMON | 210100 | MA O | 09/18/2001 | 17,063 | 15,000 | 1,000 | 33,063 | 32,729 |
| B CAUGHT IN MACHINE,POINT OF OPERATI | | | 09/19/2001 | 274 | 60 | 0 | 334 | |
| | | | | | | | | |
| TOTAL NUMBER OF ALL CLAIMS : | 1 | | LOCATION TOTAL | 17,063 | 15,000 | 1,000 | 33,063 | 32,729 |
| | | | | 274 | 60 | 0 | 334 | |

Glenn Medenwaldt          To: Nancy LaPierita/LDI
02/21/2003 02:28 PM       cc:
                          Subject:

Hi Nancy -

Please fax me a copy of the First Report on this claim.  On our 2/1/03 monthly loss report from Liberty Mutual, this claim is listed as a B & F Specialty Packaging claim.  As you know, this has been a problem with Liberty Mutual in the past.  Specialty Packaging was on a separate (fully insured) work comp policy and their claims should not have been included on listed on the these loss runs.

I've asked Ron Freiling at Liberty Mutual (again) to take care of the problem.

Glenn

POLICYHOLDER/CLIENT
  LIBERTY DIVERSIFIED INDUSTRIES INC
POLICY/CONTRACT
  14D-043453-**
Effective From: 05-31-2002 To: 05-31-2003

**Liberty Mutual.**

Selection Criteria:
  All Losses

Comments:  49009

Valued as of: 02-01-2003

REPORT REQUEST #: 2037
LOCATION SUMMARY
WORKERS COMPENSATION

Page:  1

| LOCATION | NAME OF LOCATION | CLAIM COUNT | TOTAL INCURRED | TOTAL PAID | O/S RESERVE |
|---|---|---|---|---|---|
| | LOCATION NOT SPECIFIED | 2 | 519 | 169 | 350 |
| 100000 | LDI | 1 | 263 | 263 | 0 |
| 170000 | LIBERTY PAPER INC | 5 | 1,322 | 1,322 | 0 |
| 190000 | BICKNELL & FULLER CORRUGATED PKG | 8 | 1,967 | 1,967 | 0 |
| 200000 | LIBERTY CARTON | 27 | 71,606 | 24,703 | 46,903 |
| 210000 | BICKNELL & FULLER SPECIALTY PKG | 1 | 98 | 98 | 0 |
| 220000 | WSI | 4 | 20,769 | 5,576 | 15,193 |
| 400000 | SAFCO PRODUCTS | 6 | 2,064 | 2,064 | 0 |
| 600000 | VALLEY CRAFT INC | 20 | 34,926 | 16,292 | 18,634 |
| 700000 | LIBERTY CARTON TEXAS | 9 | 103,714 | 30,324 | 73,390 |
| 800000 | NORTHERN PACKAGE CORP | 3 | 3,331 | 1,819 | 1,512 |
| 900000 | SOUTHERN DIVERSIFIED INDUSTRIES | 9 | 10,543 | 4,543 | 6,000 |
| | **TOTAL** | 95 | 251,122 | 89,140 | 161,982 |

2/21/03  Ron –

I don't have a copy of the 1st Rpt. for the
claim. I've asked Nancy LaPlante to fax me a copy.

As we have talked about before, B&F Specialty had a separate
policy number & was closed down in December 2001. They
should not be showing up on these loss runs.

**Liberty Mutual.**

Selection Criteria:
All Losses

POLICYHOLDER/CLIENT
  LIBERTY DIVERSIFIED INDUSTRIES INC
POLICY/CONTRACT
  WA2-14D-043453-08
Effective From: 05/31/2002 To: 05/31/2003

Comments:    49008

REPORT REQUEST #: 2037
ITEMIZED STATEMENT OF LOSS
WORKERS COMPENSATION

Page:    43

Valued as of: 02-01-2003

| CLAIM NO  CLAIMANT<br>CAUSE DESCRIPTION | LOCATION | ST O<br>C | ACC DATE<br>RPT DATE | | INCUR INDEM<br>PAID INDEM | INCUR MEDIC<br>PAID MEDIC | INCUR EXP<br>PAID EXP | TOTAL INCUR<br>TOTAL PAID | O/S<br>RESERVE |
|---|---|---|---|---|---|---|---|---|---|
| 210000    BICKNELL & FULLER SPECIALTY PKG | | | | | | | | | |
| 101-968131 ▓▓▓▓▓▓▓▓▓ | 210000 | MA C | 12/30/2002 | | 0 | 0 | 98 | 98 | 0 |
| JC INJURED-MANUAL MATERIAL HANDLING-N | | | 01/16/2003 | | 0 | 0 | 98 | 98 | |
| | | | | | | | | | |
| TOTAL NUMBER OF ALL CLAIMS : | 1 | | | LOCATION TOTAL: | 0 | 0 | 98 | 98 | 0 |
| | | | | | 0 | 0 | 98 | 98 | |

Ronald.Freiling@Liberty          To: GlennMedenwaldt@LibertyDiversified.com
Mutual.com                       cc:
                                 Subject: RE: Liberty Standard Work Comp Claim Coding Question
07/02/2002 01:01 PM


This has been taken care of today.

            -----Original Message-----
            From:        GlennMedenwaldt@LibertyDiversified.com
[SMTP:GlennMedenwaldt@LibertyDiversified.com]
            Sent:        Friday, June 28, 2002 6:15 PM
            To:          Ronald.Freiling@LibertyMutual.com
            Subject:     RE: Liberty Standard Work Comp Claim Coding
Question

            Sorry, I thought you received copies of our monthly work comp
loss
reports.  There are two claims that need to be removed from our LDI policy
(WC2-141-043453-08) loss report and moved to the Liberty Standard/B & F
Specialty policy.

*           Claim # 101-948495, Ramon Gonzalez, DOI 9/18/01
*           Claim # 101-950698, Luis Batista, DOI 11/5/01

We should have been getting separate loss reports for Liberty Standard under
their work comp policy (WC2-141-433102-011) from the beginning.  Better late
than never, I guess.  This needs to be corrected because it affects company
claims reporting accuracy, billing and retro adjustment calculations.
Thanks.

                         Ronald.Freiling@LibertyMutual.com

            06/28/2002 09:13 AM

            To:          GlennMedenwaldt@LibertyDiversified.com
            cc:
            Subject:     RE: Liberty Standard Work Comp Claim
Coding
Question


            Let me know which claims(claim number, and claimant)
have
been incorrectly
            included from Bicknell and Fuller Specialty, and I will have
those
            corrected.

            Thanks,
            Ron

            > -----Original Message-----
            > From:        GlennMedenwaldt@LibertyDiversified.com
            > [SMTP:GlennMedenwaldt@LibertyDiversified.com]
            > Sent:        Thursday, June 27, 2002 5:40 PM
            > To:          ronald.freiling@libertymutual.com
            > Cc:          sean.kelly@libertymutual.com

```
                  > Subject:                Liberty Standard Work Comp Claim
Coding
Question
                  >
                  >
                  > Need you to make necessary coding corrections.
                  >
                  > ----- Forwarded by Glenn Medenwaldt/LDI on 06/27/2002 05:40 PM
-----
                  >
                  >                   Glenn Medenwaldt
                  >
                  > 06/27/2002 05:36 PM
                  >
                  >        To:       ronald.freiling@libertymutual.com
                  >        cc:       sean.kelly@libertymutual.com
                  >        Subject:      Liberty Standard Work Comp Claim Coding
Question
                  >
                  >
                  > Ron -
                  >
                  > I think we've talked about this before, but maybe not.  Liberty
Standard
                  > (Bicknell & Fuller Specialty Packaging) claims have been
included
on our
                  > monthly loss reports for the 5/31/01-02 policy period under
Policy
                  > WC2-141-043453-08.  Since Liberty Standard had a separate work
comp policy
                  > (WC2-141-433102-011), their claims should have been
reported/counted
                  > against this policy and not LDI's policy.
                  >
                  > Let me know if you have any questions.  Thanks.
                  >
                  > Glenn
                  >
```

This document contains the screen prints to validate the data in the
Claim 101-948495 research.doc write-up.





**Step #1:**

Convert the claim number to claim ID:

```
        CLAIM NUMBER/CLAIM ID SEARCH
ENTER ONLY ONE OF THE SEARCH CRITERIA BELOW
        CLAIM NUMBER: 101-948495
        CLAIM ID:      473170585
```

**Step #2:**

Using the claim ID, retrieve the corresponding policy system ID
(ID_CNTR) and insured reference number (ID_CUST) history:

```
SELECT *
FROM PRODWW.WWXPRCWT
      WHERE
          ID_CLM = 473170585;
```

| | ID_CNTR | ID_CUST | ID_CLM |
|---|---|---|---|
| 1_ | 2610070 | 681602114 | 473170585 |
| 2_ | 2612987 | 52203614 | 473170585 |

| DATETIME_EFF | DATETIME_EXP |
|---|---|
| 2001-09-20-24.00.00.000000 | 2002-07-02-24.00.00.000000 |
| 2002-07-02-24.00.00.000000 | 9999-12-31-24.00.00.000000 |

This displays the policy system IDs and the insured reference numbers
that this claim has been attached to.  This data shows that this claim
was attached to 2 different polices:

> 1) It was attached to policy system ID 2610070 (from DATETIME_EFF
> of 9/20/2001 until DATETIME_EXP of 7/2/2002).
> 2) It was attached to policy system ID 2612987 (from DATETIME_EFF
> of 7/02/2002 and is still attached to that policy system ID today
> as evident by the DATETIME_EXP of 12/31/9999).

**Step #3:**
Convert the policy system ID to the corresponding policy numbers.

```
DSLIST     WBMC88.XS.CL948495.POLICIES                    Line
  Command ===>
******************************* Top of Data ************
   polsysgen    policy number        pole ff dte pol exp dte
     2610070 WC2-141-043453-081-22 2001-05-31. 2002-05-31.
     2612987 WC2-141-433102-011-22 2001-05-31. 2002-05-31.
***************************** Bottom of Data **********
```

       This shows:
       1) That policy system ID 2610070 is policy number WC2-141-043453-
       081-22 with the policy effective/expiration dates of 5-31-2001/5-
       31-2002.
       2) That policy system ID 2612987 is policy number WC2-141-433102-
       011-22 with the same policy effective/expiration dates of 5-31-
       2001/5-31-200.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAMON GONZALEZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-12609-RGS |
| | ) | |
| ASITRADE, AG, BOBST GROUP, USA, | ) | |
| INC., and LIBERTY-STANDARD, LLC, | ) | |
| d/b/a BICKNELL & FULLER SPECIALTY | ) | |
| PACKAGING, | ) | |
| | ) | |
| Defendants | ) | |

## AFFIDAVIT OF JOSEPH COLUCCI

Now comes Joseph Colucci and avers as follows:

1.    My name is Joseph Colucci.  I am the Director of Business Systems Projects for Liberty Mutual Insurance Company.  I have held this position for approximately seven years.

2.    I asked for proof held in the Liberty Mutual computer system that claim No. 101-948495 was transferred from Policy No. WC2-141-043453-081-22 to Policy No. WC2-141-433102-011-22.

3.    Michael McCaffery, a senior software engineer, retrieved the information from the computer at my request.

4.    Exhibit 14 to this affidavit consists of copies of the computer screens that were pulled up.  Exhibit 15 to this affidavit is my analysis of the information contained in the computer screens.

5.    The first computer screen shown in Exhibit 14(a) shows the conversion of the claim number 101-948495 to Liberty Mutual's claim identification number, 473170585.

6.    The second computer screen shown in Exhibit 14(b) shows that the claim was attached to two different policies with two different customer identification numbers. The screen shows that claim 473170585 was attached to the policy with the system ID 2610070 from September 20, 2001 until July 2, 2002. On July 2, 2002 claim 473170585 was switched to the policy with the system ID 2612987 and currently remains attached to that policy.

7.    The third computer screen shown in Exhibit 14(c) shows the conversion of the system ID numbers back to policy numbers. System ID 2610070 is policy number WC2-141-043453-081-22. System ID 2612987 is policy number WC2-141-433102-011-22.

8.    Therefore, claim 101-948495 was originally associated with policy No. WC2-141-043453-081-22 from September 20, 2001 to July 2, 2002; it was removed from that policy and associated with policy No. WC2-141-433102-011-22 on July 2, 2002; and it remains associated with policy No. WC2-141-433102-011-22.

9.    I certify that the printouts of computer screens in Exhibits 14 are records kept in the course of a regularly conducted business activity.

Signed under the pains and penalties of perjury.

_____
Joseph Colucci

Dated:  March _____, 2006

**LIBERTY MUTUAL.**

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    1

WORKERS COMPENSATION
LOSS DEVELOPMENT
SALES OFF: 0465    STATE SUMMARY

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| | VALUATIONS | ACCIDENT COUNT | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|---|
| **STATE:    CA    CALIFORNIA** | | | | | | | | | |
| ** TOTAL FOR STATE: CALIFORNIA | FIRST RPT 11/01/2002 | 2 | 408 | 0 | 0 | 408 | 408 | 0 | 408 |
| LOST TIME CLAIMS:    0 | | | | | | | | | |
| **STATE:    GA    GEORGIA** | | | | | | | | | |
| ** TOTAL FOR STATE: GEORGIA | FIRST RPT 11/01/2002 | 6 | 2,944 | 0 | 239 | 3,183 | 3,183 | 239 | 3,183 |
| LOST TIME CLAIMS:    0 | | | | | | | | | |
| **STATE:    MA    MASSACHUSETTS** | | | | | | | | | |
| ** TOTAL FOR STATE: MASSACHUSETTS | FIRST RPT 11/01/2002 | 4 | 11,076 | 46,550 | 6,249 | 63,875 | 22,360 | 3,634 | 61,260 |
| LOST TIME CLAIMS:    2 | | | | | | | | | |
| **STATE:    MN    MINNESOTA** | | | | | | | | | |
| ** TOTAL FOR STATE: MINNESOTA | FIRST RPT 11/01/2002 | 124 | 346,534 | 186,751 | 50,660 | 583,945 | 362,254 | 25,269 | 558,554 |
| LOST TIME CLAIMS:    18 | | | | | | | | | |
| **STATE:    MS    MISSISSIPPI** | | | | | | | | | |
| ** TOTAL FOR STATE: MISSISSIPPI | FIRST RPT 11/01/2002 | 25 | 15,703 | 4,422 | 854 | 20,979 | 20,979 | 854 | 20,979 |
| LOST TIME CLAIMS:    5 | | | | | | | | | |
| **STATE:    TX    TEXAS** | | | | | | | | | |
| ** TOTAL FOR STATE: TEXAS | FIRST RPT 11/01/2002 | 23 | 172,017 | 76,687 | 15,624 | 264,328 | 181,392 | 11,333 | 260,037 |
| LOST TIME CLAIMS:    9 | | | | | | | | | |

**LIBERTY MUTUAL**

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC                  PAGE:    2

WORKERS COMPENSATION       CONTRACT: WC2-141-043453-08
LOSS DEVELOPMENT        EFFECTIVE: 05/31/2001 THRU 05/31/2002
SALES OFF: 0465       STATE SUMMARY          LOSSES VALUED: 11/01/2002
                                           EXPENSES INCLUDED: INCURRED

| | VALUATIONS | ACCIDENT COUNT | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|---|
| ** TOTAL FOR CONTRACT: WC2-141-043453-08 | FIRST RPT 11/01/2002 | 184 | 548,682 | 314,410 | 73,626 | 936,718 | 590,576 | 41,329 | 904,421 |

| | | | | | |
|---|---|---|---|---|---|
| FIRST RPT 11/01/2002 | CWS COUNT | 17 | FIRST RPT 11/01/2002 | CLAIM COUNT | 184 |

```
          RUN: 11/06/2002     LIBERTY DIVERSIFIED INDUSTRIES INC                    PAGE:    3

LIBERTY                             WORKERS COMPENSATION        CONTRACT: WC2-141-043453-08
MUTUAL                              LOSS DEVELOPMENT            EFFECTIVE: 05/31/2001 THRU 05/31/2002
          SALES OFF: 0465             STATE DETAIL             LOSSES VALUED: 11/01/2002
                                                              EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT    INJ COV CLASS | | | | | TOTAL | TOTAL | TOTAL | TOTAL INC |
|---|---|---|---|---|---|---|---|---|
| CLAIMANT                    LOCATION | | INCURRED | INCURRED | INCURRED | INCURRED | PAID | PAID | LOSS & |
| CAUSE CODE AND DESCRIPTION    VALUATION O/C | | MED | IND | EXPENSE | LOSS & | LOSS & | EXPENSE | PAID |
| STATE  ACC DATE  REPORT DATE         ACC COUNT | | | | | EXPENSE | EXPENSE | | EXPENSE |

```
STATE:   CA    CALIFORNIA
-----------------------------------------------------------------------------------------------

WC602-292330       6    8293 FIRST RPT
CORTEZ,JESUS PEREZ        220200 11/01/2002 C      408        0        0      408      408        0      408
ND  MACHINE INJURIES - NOC                    --------------------------------------------------------
CA   01/30/2002 02/04/2002


WC602-298685       6   03 8810 FIRST RPT
ELLIOTT,ROBYN             100100 11/01/2002 C        0        0        0        0        0        0        0
VK  MULTIPLE COMPLAINTS                        --------------------------------------------------------
CA   05/13/2002 05/14/2002



** TOTAL FOR STATE:        FIRST RPT
   CALIFORNIA              11/01/2002        2      408        0        0      408      408        0      408
                                              --------------------------------------------------------
```

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    4

**LIBERTY MUTUAL.**

WORKERS COMPENSATION
LOSS DEVELOPMENT
SALES OFF: 0465    STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT CLAIMANT CAUSE CODE AND DESCRIPTION STATE ACC DATE REPORT DATE | INJ COV CLASS LOCATION VALUATION O/C ACC COUNT | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE:    GA    GEORGIA | | | | | | | | |
| WC544-344628          6         8742 FIRST RPT PINEDA,ESPERANZA        220100 11/01/2002 C RM  STRUCK BY/AGAINST-NOC GA      08/14/2001  08/14/2001 | | 149 | 0 | 11 | 160 | 160 | 11 | 160 |
| WC544-346137          6         8742 FIRST RPT MILLS,LERONZO           220100 11/01/2002 C RB  STRUCK BY FALLING OBJECTS GA      09/10/2001  09/12/2001 | | 388 | 0 | 30 | 418 | 418 | 30 | 418 |
| WC544-346326          6     11  8044 FIRST RPT TIMMONS,BRIAN           220100 11/01/2002 C DR  FALLS FROM MACHINES OR EQUIPMENT, N GA      09/17/2001  09/17/2001 | | 1,623 | 0 | 140 | 1,763 | 1,763 | 140 | 1,763 |
| WC544-350756          6         8742 FIRST RPT TRASOLINE,THERESA M     220100 11/01/2002 C AD  FALLS ON SAME LEVEL, NOC GA      01/02/2002  01/04/2002 | | 233 | 0 | 23 | 256 | 256 | 23 | 256 |
| WC544-352550          6         8044 FIRST RPT CARLILE,STEVE W         220100 11/01/2002 C HB  LIFTING,LOWERING-MANUAL HANDLING GA      02/11/2002  02/12/2002 | | 251 | 0 | 15 | 266 | 266 | 15 | 266 |
| WC544-353795          6         8742 FIRST RPT MILLS,LORENZO           220100 11/01/2002 C JC  INJURED-MANUAL MATERIAL HANDLING-NO GA      03/11/2002  03/14/2002 | | 300 | 0 | 20 | 320 | 320 | 20 | 320 |
| ** TOTAL FOR STATE:         FIRST RPT GEORGIA                   11/01/2002          6 | | 2,944 | 0 | 239 | 3,183 | 3,183 | 239 | 3,183 |

```
                    RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC                    PAGE:      5

LIBERTY                                  WORKERS COMPENSATION           CONTRACT: WC2-141-043453-08
MUTUAL                                    LOSS DEVELOPMENT              EFFECTIVE: 05/31/2001 THRU 05/31/2002
                    SALES OFF: 0465           STATE DETAIL              LOSSES VALUED: 11/01/2002
                                                                        EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE   REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:    MA    MASSACHUSETTS** | | | | | | | | |
| WC101-946598          6<br>GRANGER,THOMAS<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MA    08/01/2001  08/02/2001 | 4244 FIRST RPT<br>190200 11/01/2002 C | 321 | 0 | 14 | 335 | 335 | 14 | 335 |
| WC101-949253          6<br>MELANSON,EDWARD<br>RM  STRUCK BY/AGAINST-NOC<br>MA    10/08/2001  10/09/2001 | 4244 FIRST RPT<br>190300 11/01/2002 C | 96 | 0 | 7 | 103 | 103 | 7 | 103 |
| WC101-950940          9  11  4244 FIRST RPT<br>MARQUES,MANNY<br>DS  FALLS FROM ELEVATION, NOC<br>MA    11/15/2001  11/16/2001 | 190200 11/01/2002 O | 10,028 | 44,528 | 6,187 | 60,743 | 19,228 | 3,572 | 58,128 |
| WC101-956648          5  11  7380 FIRST RPT<br>DAVIS,GEORGE<br>DM  FALLS FROM HIGHWAY VEHICLES<br>MA    03/01/2002  03/05/2002 | 190200 11/01/2002 C | 631 | 2,022 | 41 | 2,694 | 2,694 | 41 | 2,694 |
| ** TOTAL FOR STATE:      FIRST RPT<br>    MASSACHUSETTS        11/01/2002          4 | | 11,076 | 46,550 | 6,249 | 63,875 | 22,360 | 3,634 | 61,260 |

**LIBERTY MUTUAL.**

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE   ACC DATE   REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:   MN   MINNESOTA** | | | | | | | | |
| WC465-393701        6        3632 FIRST RPT<br>GNOTKE,ELWOOD            600600 11/01/2002 C<br>RH   STRUCK BY/AGAINST-NOC<br>MN      06/01/2001  06/04/2001 | | 131 | 0 | 6 | 137 | 137 | 6 | 137 |
| WC465-393736        6   11  4244 FIRST RPT<br>ERICKSON,DAVID           200206 11/01/2002 C<br>YL   INJURY - CUTS<br>MN      06/05/2001  06/06/2001 | | 3,216 | 0 | 111 | 3,327 | 3,327 | 111 | 3,327 |
| WC465-393788        6        4244 FIRST RPT<br>ST ONGE,RHIANNON         400403 11/01/2002 C<br>YA   MISCELLANEOUS-NOC<br>MN      06/06/2001  06/11/2001 | | 303 | 0 | 23 | 326 | 326 | 23 | 326 |
| WC465-394273        6   11  4299 FIRST RPT<br>CROSSMAN,LAURA           400403 11/01/2002 C<br>RH   STRUCK BY/AGAINST-NOC<br>MN      06/20/2001  06/29/2001 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-394287        6        3632 FIRST RPT<br>HANSON,JAMES             600600 11/01/2002 C<br>HB   LIFTING,LOWERING-MANUAL HANDLING<br>MN      06/20/2001  06/21/2001 | | 165 | 0 | 8 | 173 | 173 | 8 | 173 |
| WC465-394329        6        4244 FIRST RPT<br>SEAY,FREDERICK           800800 11/01/2002 C<br>JC   INJURED-MANUAL MATERIAL HANDLING-NO<br>MN      06/26/2001  06/28/2001 | | 650 | 0 | 70 | 720 | 720 | 70 | 720 |
| WC465-394331        6        4244 FIRST RPT<br>SCHWARTZBAUER,TIMOTHY     800800 11/01/2002 C<br>RB   STRUCK BY FALLING OBJECTS<br>MN      06/15/2001  06/28/2001 | | 403 | 0 | 40 | 443 | 443 | 40 | 443 |

**LIBERTY MUTUAL**

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:    MN    MINNESOTA** | | | | | | | | |
| WC465-394421              6<br>NAZIRI,ZOBAIR<br>RM  STRUCK BY/AGAINST-NOC<br>MN    06/27/2001  07/02/2001 | 4244 FIRST RPT<br>200204 11/01/2002 C | 192 | 0 | 13 | 205 | 205 | 13 | 205 |
| WC465-394422              6<br>ZIMMERMAN,SAMUEL<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    06/25/2001  06/29/2001 | 4244 FIRST RPT<br>200206 11/01/2002 C | 105 | 0 | 11 | 116 | 116 | 11 | 116 |
| WC465-394423              5    11  4299 FIRST RPT<br>ANTON,CHRISTIE<br>Y9  SPORTS ACTIVITIES<br>MN    06/26/2001  06/29/2001 | 200207 11/01/2002 C | 2,748 | 554 | 218 | 3,520 | 3,520 | 218 | 3,520 |
| WC465-394466              6<br>DAY,DARROLL<br>YL  INJURY - CUTS<br>MN    06/27/2001  07/02/2001 | 3632 FIRST RPT<br>600600 11/01/2002 C | 143 | 0 | 16 | 159 | 159 | 16 | 159 |
| WC465-394535              6<br>BEENKEN,BETTY<br>YL  INJURY - CUTS<br>MN    07/06/2001  07/09/2001 | 4244 FIRST RPT<br>200210 11/01/2002 C | 269 | 0 | 11 | 280 | 280 | 11 | 280 |
| WC465-394684              6<br>GONZALEZ,ANGEL<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    07/09/2001  07/16/2001 | 4244 FIRST RPT<br>200210 11/01/2002 C | 527 | 0 | 42 | 569 | 569 | 42 | 569 |
| WC465-394695              6<br>KOCH,HEATHER<br>YL  INJURY - CUTS<br>MN    07/09/2001  07/13/2001 | 3632 FIRST RPT<br>600600 11/01/2002 C | 129 | 0 | 13 | 142 | 142 | 13 | 142 |

**LIBERTY MUTUAL**

RUN: 11/06/2002          LIBERTY DIVERSIFIED INDUSTRIES INC          PAGE:     8

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT  CLAIMANT  CAUSE CODE AND DESCRIPTION  STATE ACC DATE  REPORT DATE | INJ COV CLASS  LOCATION  VALUATION O/C  ACC COUNT | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:   MN   MINNESOTA** | | | | | | | | |
| WC465-394696          6  TOOLE,DAVID  RM  STRUCK BY/AGAINST-NOC  MN     07/09/2001  07/13/2001 | 3632 FIRST RPT  600600 11/01/2002 C | 297 | 0 | 16 | 313 | 313 | 16 | 313 |
| WC465-394733          6  CROW,JOHN  VK   MULTIPLE COMPLAINTS  MN     07/09/2001  07/18/2001 | 4244 FIRST RPT  800800 11/01/2002 C | 258 | 0 | 28 | 286 | 286 | 28 | 286 |
| WC465-394828          6  CHRISTO,RAYMOND  DS  FALLS FROM ELEVATION, NOC  MN     07/12/2001  07/18/2001 | 4239 FIRST RPT  170100 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-395138          6  DAMMANN,TERRY LEE  JC  INJURED-MANUAL MATERIAL HANDLING-NO  MN     07/26/2001  07/30/2001 | 3632 FIRST RPT  600600 11/01/2002 C | 591 | 0 | 22 | 613 | 613 | 22 | 613 |
| WC465-395174          6  SMITH,BRIAN  A9  SLIP OR TRIP (NOT FALL)  MN     07/30/2001  08/01/2001 | 4244 FIRST RPT  200207 11/01/2002 C | 222 | 0 | 14 | 236 | 236 | 14 | 236 |
| WC465-395175          6  KILGO,BARTOW  HB  LIFTING,LOWERING-MANUAL HANDLING  MN     07/31/2001  08/01/2001 | 4244 FIRST RPT  200210 11/01/2002 C | 382 | 0 | 27 | 409 | 409 | 27 | 409 |
| WC465-395251          9  61 MELENDEZ,ANA  JC  INJURED-MANUAL MATERIAL HANDLING-NO  MN     08/04/2001  08/08/2001 | 4244 FIRST RPT  800800 11/01/2002 O | 83,157 | 43,447 | 3,347 | 129,951 | 89,621 | 1,847 | 128,451 |

**LIBERTY MUTUAL**

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:   9

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>REPORT DATE  ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:    MN    MINNESOTA** | | | | | | | | |
| WC465-395350          5  11  3632 FIRST RPT<br>SPRICK,JEREMY                   600600 11/01/2002 C<br>YL  INJURY - CUTS<br>MN    08/07/2001  08/09/2001 | | 3,825 | 1,407 | 89 | 5,321 | 5,321 | 89 | 5,321 |
| WC465-395422          6      4244 FIRST RPT<br>FERNANDEZ,FERNANDO              400403 11/01/2002 C<br>YL  INJURY - CUTS<br>MN    08/08/2001  08/09/2001 | | 163 | 0 | 10 | 173 | 173 | 10 | 173 |
| WC465-395533          6      3632 FIRST RPT<br>LARIOS,CLEMENTE                 600600 11/01/2002 C<br>YL  INJURY - CUTS<br>MN    08/03/2001  08/09/2001 | | 91 | 0 | 5 | 96 | 96 | 5 | 96 |
| WC465-395537          5  61  4244 FIRST RPT<br>GUZMAN,GERARDO                  800800 11/01/2002 O<br>ND  MACHINE INJURIES - NOC<br>MN    08/13/2001  08/15/2001 | | 7,320 | 4,749 | 1,169 | 13,238 | 7,148 | 228 | 12,297 |
| WC465-395732          6      4484 FIRST RPT<br>MAGLAUGHLIN,MICHAEL             110102 11/01/2002 C<br>YL  INJURY - CUTS<br>MN    08/07/2001  08/13/2001 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-395750          6      4244 FIRST RPT<br>LANGER,CAROL                    200205 11/01/2002 C<br>YM  INJURY - BURNS<br>MN    08/10/2001  08/21/2001 | | 80 | 0 | 5 | 85 | 85 | 5 | 85 |
| WC465-395857          6      3632 FIRST RPT<br>MARNELL,STANLEY                 600600 11/01/2002 C<br>RM  STRUCK BY/AGAINST-NOC<br>MN    08/23/2001  08/27/2001 | | 140 | 0 | 13 | 153 | 153 | 13 | 153 |

RUN: 11/06/2002          LIBERTY DIVERSIFIED INDUSTRIES INC                          PAGE:     10

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
WORKERS COMPENSATION
LOSS DEVELOPMENT                    LOSSES VALUED: 11/01/2002
SALES OFF: 0465                     STATE DETAIL                        EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE  REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|

STATE:    MN    MINNESOTA

| WC465-395883      6      4244 FIRST RPT<br>SCHNEIDER,CHRISTINE      200206 11/01/2002 C<br>YB  HAND TOOLS<br>MN    08/25/2001  08/28/2001 | | 412 | 0 | 13 | 425 | 425 | 13 | 425 |

| WC465-396055      6      4244 FIRST RPT<br>RIDGE,JOHNATHAN      800800 11/01/2002 C<br>YL  INJURY - CUTS<br>MN    08/17/2001  08/29/2001 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

| WC465-396056      6      4244 FIRST RPT<br>FERCHO,DONALD      200204 11/01/2002 C<br>RM  STRUCK BY/AGAINST-NOC<br>MN    08/27/2001  08/28/2001 | | 431 | 0 | 39 | 470 | 470 | 39 | 470 |

| WC465-396104      6      4239 FIRST RPT<br>SNYDER,RYAN      170100 11/01/2002 C<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    08/20/2001  08/31/2001 | | 162 | 0 | 5 | 167 | 167 | 5 | 167 |

| WC465-396190      6      3632 FIRST RPT<br>PICHLER,MICHELLE      600600 11/01/2002 C<br>HC  PUSHING,PULLING-MANUAL HANDLING<br>MN    08/31/2001  08/31/2001 | | 71 | 0 | 5 | 76 | 76 | 5 | 76 |

| WC465-396191      6      3632 FIRST RPT<br>PASSE,TONI MARI      600600 11/01/2002 C<br>VK  MULTIPLE COMPLAINTS<br>MN    08/31/2001  09/05/2001 | | 145 | 0 | 6 | 151 | 151 | 6 | 151 |

| WC465-396318      6      4244 FIRST RPT<br>HART,LAWRENCE      800800 11/01/2002 C<br>RM  STRUCK BY/AGAINST-NOC<br>MN    09/11/2001  09/12/2001 | | 166 | 0 | 13 | 179 | 179 | 13 | 179 |

```
             RUN: 11/06/2002      LIBERTY DIVERSIFIED INDUSTRIES INC                                    PAGE:     11
LIBERTY                                                               CONTRACT: WC2-141-043453-08
MUTUAL                              WORKERS COMPENSATION             EFFECTIVE: 05/31/2001 THRU 05/31/2002
                                      LOSS DEVELOPMENT              LOSSES VALUED: 11/01/2002
             SALES OFF: 0465            STATE DETAIL                EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT | INJ COV CLASS | | | | | TOTAL | TOTAL | TOTAL | TOTAL INC |
| CLAIMANT | LOCATION | INCURRED | INCURRED | INCURRED | INCURRED | PAID | PAID | LOSS & |
| CAUSE CODE AND DESCRIPTION | VALUATION O/C | MED | IND | EXPENSE | LOSS & | LOSS & | EXPENSE | PAID |
| STATE  ACC DATE   REPORT DATE | ACC COUNT | | | | EXPENSE | EXPENSE | | EXPENSE |

STATE:  MN   MINNESOTA

```
WC465-396331        6   11  4244 FIRST RPT
WILLENBRING,FRED             400400 11/01/2002 C      1,822         0        334       2,156       2,156        334      2,156
HB  LIFTING,LOWERING-MANUAL HANDLING            ----------------------------------------------------------------------------
MN    08/29/2001  09/13/2001

WC465-396342        6       4244 FIRST RPT
VANG,CHRISTIE               200207 11/01/2002 C        156         0         11         167         167         11        167
HC  PUSHING,PULLING-MANUAL HANDLING             ----------------------------------------------------------------------------
MN    09/12/2001  09/17/2001

WC465-396349        6   11  4244 FIRST RPT
KLEIN,NEAL                  200208 11/01/2002 C          0         0          2           2           2          2          2
YA  MISCELLANEOUS-NOC                            ----------------------------------------------------------------------------
MN    09/11/2001  09/17/2001

WC465-396358        6       4244 FIRST RPT
MILLER,RICHARD              800800 11/01/2002 C        218         0         27         245         245         27        245
LB  MOBILE EQUIPMENT-OPERATOR OR RIDER          ----------------------------------------------------------------------------
MN    07/27/2001  09/13/2001

WC465-396604        6       4244 FIRST RPT
CARLSON,CHARLES             200204 11/01/2002 C        184         0         11         195         195         11        195
RM  STRUCK BY/AGAINST-NOC                        ----------------------------------------------------------------------------
MN    09/19/2001  09/21/2001

WC465-396608        6       4244 FIRST RPT
HILSGEN,DANIEL             200203 11/01/2002 C         607         0         41         648         648         41        648
RM  STRUCK BY/AGAINST-NOC                        ----------------------------------------------------------------------------
MN    09/18/2001  09/21/2001

WC465-396609        6   11  4244 FIRST RPT
FURROW,SANDRA              200202 11/01/2002 C       5,998         0        385       6,383       6,383        385      6,383
YL  INJURY - CUTS                               ----------------------------------------------------------------------------
MN    09/19/2001  09/21/2001
```

**LIBERTY MUTUAL.**

RUN: 11/06/2002          LIBERTY DIVERSIFIED INDUSTRIES INC                    PAGE:    12

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE:    MN    MINNESOTA | | | | | | | | |
| WC465-396872          6<br>BACCHUS,KHARIM<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN    09/27/2001  10/01/2001 | 4244 FIRST RPT<br>400403 11/01/2002 C | 187 | 0 | 20 | 207 | 207 | 20 | 207 |
| WC465-397008          5   67 4244 FIRST RPT<br>PHABSOMPHOU,KEANCHANH      200205 11/01/2002 C<br>YA  MISCELLANEOUS-NOC<br>MN    10/04/2001  10/08/2001 | | 10,366 | 9,845 | 257 | 20,468 | 20,468 | 257 | 20,468 |
| WC465-397074          6        4244 FIRST RPT<br>MORGAN,DAVID              800800 11/01/2002 C<br>RM  STRUCK BY/AGAINST-NOC<br>MN    10/05/2001  10/08/2001 | | 193 | 0 | 34 | 227 | 227 | 34 | 227 |
| WC465-397075          6        4244 FIRST RPT<br>MILLER,JEFFREY            800800 11/01/2002 C<br>NB  CAUGHT IN MACHINE,POINT OF OPERATIO<br>MN    10/08/2001  10/08/2001 | | 140 | 0 | 13 | 153 | 153 | 13 | 153 |
| WC465-397197          6   56 4244 FIRST RPT<br>SYLVESTER,CAROL ANN       200200 11/01/2002 C<br>AD  FALLS ON SAME LEVEL, NOC<br>MN    09/30/2001  10/10/2001 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-397198          9   11 4244 FIRST RPT<br>COLLINS,THOMAS            200203 11/01/2002 C<br>YA  MISCELLANEOUS-NOC<br>MN    10/04/2001  10/10/2001 | | 8,847 | 1,818 | 181 | 10,846 | 10,846 | 181 | 10,846 |
| WC465-397218          6        4244 FIRST RPT<br>NABORS,REGINALD           800800 11/01/2002 C<br>HC  PUSHING,PULLING-MANUAL HANDLING<br>MN    10/11/2001  10/15/2001 | | 73 | 0 | 8 | 81 | 81 | 8 | 81 |

```
                              RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC                          PAGE:    13
LIBERTY                                                                    CONTRACT: WC2-141-043453-08
MUTUAL.                                        WORKERS COMPENSATION        EFFECTIVE: 05/31/2001 THRU 05/31/2002
                                               LOSS DEVELOPMENT           LOSSES VALUED: 11/01/2002
                       SALES OFF: 0465              STATE DETAIL           EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT | INJ COV CLASS | | | | | TOTAL | TOTAL | TOTAL | TOTAL INC |
|---|---|---|---|---|---|---|---|---|---|
| CLAIMANT | LOCATION | | INCURRED | INCURRED | INCURRED | INCURRED | PAID | PAID | LOSS & |
| CAUSE CODE AND DESCRIPTION | VALUATION O/C | | MED | IND | EXPENSE | LOSS & | LOSS & | EXPENSE | PAID |
| STATE ACC DATE REPORT DATE | ACC COUNT | | | | | EXPENSE | EXPENSE | | EXPENSE |

STATE:    MN    MINNESOTA

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| WC465-397219 | 6   11  4244 FIRST RPT | | | | | | | | |
| JONES,GREGORY | 800800 11/01/2002 C | 0 | 0 | 5 | 5 | 5 | 5 | 5 |
| JC  INJURED-MANUAL MATERIAL HANDLING-NO | | | | | | | | | |
| MN    10/10/2001 10/15/2001 | | | | | | | | | |
| | | | | | | | | | |
| WC465-397224 | 6       3632 FIRST RPT | | | | | | | | |
| PASSOW,CURT | 600600 11/01/2002 C | 327 | 0 | 43 | 370 | 370 | 43 | 370 |
| JC  INJURED-MANUAL MATERIAL HANDLING-NO | | | | | | | | | |
| MN    10/11/2001 10/12/2001 | | | | | | | | | |
| | | | | | | | | | |
| WC465-397599 | 6       4244 FIRST RPT | | | | | | | | |
| BRAZIEL,PATRICIA | 200211 11/01/2002 C | 633 | 0 | 46 | 679 | 679 | 46 | 679 |
| DS  FALLS FROM ELEVATION, NOC | | | | | | | | | |
| MN    10/22/2001 10/25/2001 | | | | | | | | | |
| | | | | | | | | | |
| WC465-397887 | 9   11  4244 FIRST RPT | | | | | | | | |
| WILSON,HAROLD | 200207 11/01/2002 C | 18,076 | 6,450 | 207 | 24,733 | 24,733 | 207 | 24,733 |
| NL  CAUGHT IN/UNDER/BETWEEN | | | | | | | | | |
| MN    10/31/2001 11/06/2001 | | | | | | | | | |
| | | | | | | | | | |
| WC465-397906 | 6       4244 FIRST RPT | | | | | | | | |
| FONDRK,BENJAMIN | 400403 11/01/2002 C | 112 | 0 | 11 | 123 | 123 | 11 | 123 |
| HB  LIFTING,LOWERING-MANUAL HANDLING | | | | | | | | | |
| MN    10/23/2001 11/02/2001 | | | | | | | | | |
| | | | | | | | | | |
| WC465-398174 | 6       3632 FIRST RPT | | | | | | | | |
| MCGUIRE,SHARON | 600600 11/01/2002 C | 499 | 0 | 36 | 535 | 535 | 36 | 535 |
| YL  INJURY - CUTS | | | | | | | | | |
| MN    11/07/2001 11/08/2001 | | | | | | | | | |
| | | | | | | | | | |
| WC465-398211 | 6       4244 FIRST RPT | | | | | | | | |
| LEE,XU | 200207 11/01/2002 C | 263 | 0 | 9 | 272 | 272 | 9 | 272 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | | |
| MN    11/07/2001 11/12/2001 | | | | | | | | | |

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    14

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

SALES OFF: 0465

| CLAIM NUMBER CAT | INJ COV CLASS | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLAIMANT | LOCATION | | | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
| CAUSE CODE AND DESCRIPTION | VALUATION O/C | | | | | | | | |
| STATE ACC DATE REPORT DATE | ACC COUNT | | | | | | | | |

STATE:   MN    MINNESOTA

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| WC465-398332 | 5  11  3632 FIRST RPT | | | | | | | |
| GLUESEN,DALE | 600600 11/01/2002 C | 915 | 149 | 81 | 1,145 | 1,145 | 81 | 1,145 |
| HB  LIFTING,LOWERING-MANUAL HANDLING | | | | | | | | |
| MN    11/19/2001 11/19/2001 | | | | | | | | |

| WC465-398333 | 6      3632 FIRST RPT | | | | | | | |
| NEWMAN,DARLENE | 600600 11/01/2002 C | 167 | 0 | 11 | 178 | 178 | 11 | 178 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | |
| MN    11/19/2001 11/20/2001 | | | | | | | | |

| WC465-398334 | 6      4244 FIRST RPT | | | | | | | |
| WILSON,ANNETTE | 800600 11/01/2002 C | 374 | 0 | 27 | 401 | 401 | 27 | 401 |
| HC  PUSHING,PULLING-MANUAL HANDLING | | | | | | | | |
| MN    11/13/2001 11/14/2001 | | | | | | | | |

| WC465-398683 | 9  11  4484 FIRST RPT | | | | | | | |
| LAND,DENNY | 110102 11/01/2002 O | 10,000 | 5,238 | 371 | 15,609 | 7,200 | 198 | 15,436 |
| RD  STRUCK BY FLYING OBJECT-NOC | | | | | | | | |
| MN    12/05/2001 12/06/2001 | | | | | | | | |

| WC465-398744 | 6      4244 FIRST RPT | | | | | | | |
| WILBUERT,ROXANNE | 200201 11/01/2002 C | 75 | 0 | 5 | 80 | 80 | 5 | 80 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | |
| MN    11/27/2001 12/07/2001 | | | | | | | | |

| WC465-398748 | 6      4244 FIRST RPT | | | | | | | |
| DAO,THUY | 200202 11/01/2002 C | 75 | 0 | 6 | 81 | 81 | 6 | 81 |
| YM  INJURY - BURNS | | | | | | | | |
| MN    12/05/2001 12/07/2001 | | | | | | | | |

| WC465-398754 | 6  11  4244 FIRST RPT | | | | | | | |
| DOREE,AVERY | 200204 11/01/2002 C | 2,595 | 0 | 137 | 2,732 | 2,732 | 137 | 2,732 |
| JC  INJURED-MANUAL MATERIAL HANDLING-NO | | | | | | | | |
| MN    11/14/2001 12/07/2001 | | | | | | | | |

RUN: 11/06/2002      LIBERTY DIVERSIFIED INDUSTRIES INC

**LIBERTY MUTUAL**

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

SALES OFF: 0465

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:   MN    MINNESOTA** | | | | | | | | |
| WC465-398996       5  61  4244 FIRST RPT<br>KORZH,VASILY          200206 11/01/2002 O<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN   12/04/2001  12/11/2001 | | 19,448 | 11,178 | 1,319 | 31,945 | 16,944 | 819 | 31,445 |
| WC465-399062       6      4484 FIRST RPT<br>STUEVE,DAVID          110102 11/01/2002 C<br>YL  INJURY - CUTS<br>MN   12/12/2001  12/15/2001 | | 361 | 0 | 9 | 370 | 370 | 9 | 370 |
| WC465-399127       9  61  4244 FIRST RPT<br>ENNINGA,DAVID         200204 11/01/2002 O<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN   12/13/2001  12/17/2001 | | 20,715 | 12,833 | 994 | 34,542 | 26,170 | 763 | 34,311 |
| WC465-399246       5  11  4299 FIRST RPT<br>JONES,CRAIG           200204 11/01/2002 O<br>YA  MISCELLANEOUS-NOC<br>MN   12/02/2001  12/28/2001 | | 2,500 | 1,500 | 5,519 | 9,519 | 2,307 | 2,204 | 6,204 |
| WC465-399667       6      3632 FIRST RPT<br>SEXTON,JUDITH         600600 11/01/2002 C<br>LA  MATERIAL HANDLING - MECHANICAL<br>MN   12/15/2001  01/14/2002 | | 1,097 | 0 | 101 | 1,198 | 1,198 | 101 | 1,198 |
| WC465-399705       6      4239 FIRST RPT<br>WEINARD,PATRICK       170100 11/01/2002 C<br>DS  FALLS FROM ELEVATION, NOC<br>MN   01/08/2002  01/10/2002 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-399716       6      3632 FIRST RPT<br>SAND,KATHY            600600 11/01/2002 C<br>RB  STRUCK BY FALLING OBJECTS<br>MN   01/14/2002  01/17/2002 | | 71 | 0 | 5 | 76 | 76 | 5 | 76 |

RUN: 11/06/2002          LIBERTY DIVERSIFIED INDUSTRIES INC                      PAGE:     16

LIBERTY MUTUAL.
                                        WORKERS COMPENSATION          CONTRACT: WC2-141-043453-08
                                          LOSS DEVELOPMENT            EFFECTIVE: 05/31/2001 THRU 05/31/2002
                      SALES OFF: 0465         STATE DETAIL            LOSSES VALUED: 11/01/2002
                                                                     EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT      INJ COV CLASS | | | | | | | |
| CLAIMANT                   LOCATION | INCURRED | INCURRED | INCURRED | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
| CAUSE CODE AND DESCRIPTION      VALUATION O/C | MED | IND | EXPENSE | | | | |
| STATE  ACC DATE    REPORT DATE        ACC COUNT | | | | | | | |

STATE:    MN      MINNESOTA

| WC465-399737       6       4484 FIRST RPT | | | | | | | |
| VILLANVEVA,VICENTE          110102 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| HC PUSHING,PULLING-MANUAL HANDLING | | | | | | | |
| MN     01/15/2002  01/17/2002 | | | | | | | |

| WC465-399903       6   11  4484 FIRST RPT | | | | | | | |
| GERBER,TROY                 110102 11/01/2002 C | 1,411 | 0 | 90 | 1,501 | 1,501 | 90 | 1,501 |
| AV  FALLS OUTSIDE-NOC | | | | | | | |
| MN     01/23/2002  01/28/2002 | | | | | | | |

| WC465-399905       6       4244 FIRST RPT | | | | | | | |
| HORN,DONNA                  200207 11/01/2002 C | 612 | 0 | 43 | 655 | 655 | 43 | 655 |
| HC PUSHING,PULLING-MANUAL HANDLING | | | | | | | |
| MN     01/18/2002  01/22/2002 | | | | | | | |

| WC465-400135       6       8810 FIRST RPT | | | | | | | |
| ATKINS,KAREN                100101 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AD  FALLS ON SAME LEVEL, NOC | | | | | | | |
| MN     01/30/2002  01/31/2002 | | | | | | | |

| WC465-400167       6   11  3632 FIRST RPT | | | | | | | |
| GILBERT,CHARLES             600600 11/01/2002 C | 2,240 | 0 | 46 | 2,286 | 2,286 | 46 | 2,286 |
| RD  STRUCK BY FLYING OBJECT-NOC | | | | | | | |
| MN     01/30/2002  02/01/2002 | | | | | | | |

| WC465-400282       6       4244 FIRST RPT | | | | | | | |
| WILLENBRING,FRED            400402 11/01/2002 C | 298 | 0 | 83 | 381 | 381 | 83 | 381 |
| HB  LIFTING,LOWERING-MANUAL HANDLING | | | | | | | |
| MN     01/30/2002  02/04/2002 | | | | | | | |

| WC465-400337       5   11  4244 FIRST RPT | | | | | | | |
| GUZMAN,GERARDO              800800 11/01/2002 C | 17,542 | 1,315 | 258 | 19,115 | 19,115 | 258 | 19,115 |
| LB  MOBILE EQUIPMENT-OPERATOR OR RIDER | | | | | | | |
| MN     02/07/2002  02/08/2002 | | | | | | | |

**LIBERTY MUTUAL.**

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:    MN    MINNESOTA** | | | | | | | | |
| WC465-400357          6<br>NOTVEDT,TERRY<br>RB  STRUCK BY FALLING OBJECTS<br>MN    02/06/2002  02/08/2002 | 4244 FIRST RPT<br>400403 11/01/2002 C | 233 | 0 | 9 | 242 | 242 | 9 | 242 |
| WC465-400561          6<br>ROLAND,RONALD<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    02/12/2002  02/15/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 71 | 0 | 5 | 76 | 76 | 5 | 76 |
| WC465-400893          6<br>STRUTHERS,JOANN<br>AD  FALLS ON SAME LEVEL, NOC<br>MN    02/21/2002  02/25/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 127 | 0 | 8 | 135 | 135 | 8 | 135 |
| WC465-400940          6<br>MARNELL,STANLEY<br>YA  MISCELLANEOUS-NOC<br>MN    01/30/2002  02/27/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 302 | 0 | 13 | 315 | 315 | 13 | 315 |
| WC465-400942          6<br>LAROCQUE,ROBIN<br>YA  MISCELLANEOUS-NOC<br>MN    01/30/2002  02/27/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 474 | 0 | 22 | 496 | 496 | 22 | 496 |
| WC465-401028          6<br>OBI,CEDRIC<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN    02/11/2002  03/01/2002 | 4244 FIRST RPT<br>200207 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-401029          9   61<br>JOE,BRIAN<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    02/26/2002  03/01/2002 | 4244 FIRST RPT<br>200210 11/01/2002 O | 19,714 | 32,541 | 16,657 | 68,912 | 28,907 | 7,352 | 59,607 |

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    18

**LIBERTY MUTUAL.**

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE   REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:   MN    MINNESOTA** | | | | | | | | |
| WC465-401108       6<br>SCHMIDT,RODERIC<br>YL  INJURY - CUTS<br>MN    02/28/2002  03/05/2002 | 4244 FIRST RPT<br>400403 11/01/2002 C | 335 | 0 | 24 | 359 | 359 | 24 | 359 |
| WC465-401524       6<br>SCHMIDT,RODERIC<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN    11/06/2001  03/15/2002 | 4244 FIRST RPT<br>400403 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-401539       5   11<br>MALONE,NICOLE<br>GD  MOTOR VEHICLE ACCIDENT, NOC<br>MN    03/14/2002  03/18/2002 | 8810 FIRST RPT<br>100100 11/01/2002 O | 3,503 | 2,242 | 671 | 6,416 | 3,784 | 310 | 6,055 |
| WC465-401595       6<br>PERSAUD,RAJIN<br>NB  CAUGHT IN MACHINE,POINT OF OPERATIO<br>MN    03/15/2002  03/15/2002 | 4244 FIRST RPT<br>800800 11/01/2002 C | 381 | 0 | 45 | 426 | 426 | 45 | 426 |
| WC465-401679       6<br>MENKE,DAVID<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    03/13/2002  03/19/2002 | 4244 FIRST RPT<br>200210 11/01/2002 C | 272 | 0 | 32 | 304 | 304 | 32 | 304 |
| WC465-401680       6<br>KOSKI,DANIEL<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    03/19/2002  03/20/2002 | 4244 FIRST RPT<br>800800 11/01/2002 C | 247 | 0 | 16 | 263 | 263 | 16 | 263 |
| WC465-401731       6<br>VANWEY,SCOTT<br>HD  CARRYING,HOLDING-MANUAL HANDLING<br>MN    03/20/2002  03/21/2002 | 4484 FIRST RPT<br>110101 11/01/2002 C | 554 | 0 | 34 | 588 | 588 | 34 | 588 |

```
                    RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC              PAGE:     19
                                                                        CONTRACT: WC2-141-043453-08
LIBERTY                                   WORKERS COMPENSATION          EFFECTIVE: 05/31/2001 THRU 05/31/2002
MUTUAL                                     LOSS DEVELOPMENT             LOSSES VALUED: 11/01/2002
                    SALES OFF: 0465            STATE DETAIL             EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT | INJ COV CLASS | | | INCURRED | INCURRED | INCURRED | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|---|---|
| CLAIMANT | LOCATION | | | MED | IND | EXPENSE | | | | |
| CAUSE CODE AND DESCRIPTION | VALUATION | O/C | | | | | | | | |
| STATE  ACC DATE   REPORT DATE | ACC COUNT | | | | | | | | | |

STATE:   MN   MINNESOTA

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| WC465-401791 | 6 | 4239 FIRST RPT | | | | | | | | |
| HENAGIN,EDWARD | 170100 | 11/01/2002 C | | 1,142 | 0 | 69 | 1,211 | 1,211 | 69 | 1,211 |
| RB  STRUCK BY FALLING OBJECTS | | | | | | | | | | |
| MN   03/18/2002 03/25/2002 | | | | | | | | | | |
| WC465-401911 | 6 | 3632 FIRST RPT | | | | | | | | |
| GLUESEN,DALE | 600600 | 11/01/2002 C | | 1,361 | 0 | 112 | 1,473 | 1,473 | 112 | 1,473 |
| AV  FALLS OUTSIDE-NOC | | | | | | | | | | |
| MN   03/20/2002 03/27/2002 | | | | | | | | | | |
| WC465-401914 | 6 | 3632 FIRST RPT | | | | | | | | |
| LARIOS,HILARIO | 600600 | 11/01/2002 C | | 451 | 0 | 14 | 465 | 465 | 14 | 465 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | | | |
| MN   03/27/2002 03/28/2002 | | | | | | | | | | |
| WC465-402026 | 6 | 4239 FIRST RPT | | | | | | | | |
| NOTSCH,STEVE | 170100 | 11/01/2002 C | | 686 | 0 | 28 | 714 | 714 | 28 | 714 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | | | |
| MN   03/30/2002 04/01/2002 | | | | | | | | | | |
| WC465-402030 | 6 | 4244 FIRST RPT | | | | | | | | |
| MCDONALD,EDWARD L | 200208 | 11/01/2002 C | | 115 | 0 | 9 | 124 | 124 | 9 | 124 |
| DS  FALLS FROM ELEVATION, NOC | | | | | | | | | | |
| MN   03/26/2002 04/01/2002 | | | | | | | | | | |
| WC465-402163 | 6 | 4244 FIRST RPT | | | | | | | | |
| HESSE,DWAYNE | 200205 | 11/01/2002 C | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AD  FALLS ON SAME LEVEL, NOC | | | | | | | | | | |
| MN   03/28/2002 04/03/2002 | | | | | | | | | | |
| WC465-402174 | 5 | 4244 FIRST RPT | | | | | | | | |
| PHABSOMPHOU,KONGKHAM | 200204 | 11/01/2002 O | | 13,269 | 6,804 | 561 | 20,634 | 4,247 | 61 | 20,134 |
| VK  MULTIPLE COMPLAINTS | | | | | | | | | | |
| MN   04/03/2002 04/04/2002 | | | | | | | | | | |

```
                           RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC          PAGE:    20

LIBERTY                                        WORKERS COMPENSATION        CONTRACT: WC2-141-043453-08
MUTUAL.                                         LOSS DEVELOPMENT          EFFECTIVE: 05/31/2001 THRU 05/31/2002
                           SALES OFF: 0465         STATE DETAIL           LOSSES VALUED: 11/01/2002
                                                                         EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT / CLAIMANT / CAUSE CODE AND DESCRIPTION / STATE ACC DATE REPORT DATE | INJ COV CLASS / LOCATION / VALUATION O/C ACC COUNT | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE: MN  MINNESOTA | | | | | | | | |
| WC465-402205  6<br>DAY,DARROLL<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN    04/05/2002  04/05/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 596 | 0 | 21 | 617 | 617 | 21 | 617 |
| WC465-402377  6<br>HUSSER,DANIEL<br>VK  MULTIPLE COMPLAINTS<br>MN    04/04/2002  04/09/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 271 | 0 | 14 | 285 | 285 | 14 | 285 |
| WC465-402393  6<br>XIONG,XUE<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN    04/05/2002  04/10/2002 | 4244 FIRST RPT<br>200204 11/01/2002 C | 113 | 0 | 9 | 122 | 122 | 9 | 122 |
| WC465-402399  6  11<br>HUERD,EDWIN<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    04/08/2002  04/10/2002 | 4244 FIRST RPT<br>200206 11/01/2002 O | 2,499 | 0 | 125 | 2,624 | 1,684 | 70 | 2,569 |
| WC465-402499  6<br>BLANDO,JUDY<br>AD  FALLS ON SAME LEVEL, NOC<br>MN    04/09/2002  04/12/2002 | 4244 FIRST RPT<br>400300 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-402599  9  61<br>WILSON,ANNETTE M<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    04/09/2002  04/19/2002 | 4244 FIRST RPT<br>800800 11/01/2002 O | 22,079 | 13,577 | 5,319 | 40,975 | 29,325 | 5,069 | 40,725 |
| WC465-402795  6<br>SAND,KATHRYN<br>WP  CARPAL TUNNEL SYND/TENOSYNOVITIS/WH<br>MN    04/18/2002  04/26/2002 | 3632 FIRST RPT<br>600600 11/01/2002 C | 180 | 0 | 6 | 186 | 186 | 6 | 186 |

**LIBERTY MUTUAL.**

RUN: 11/06/2002          LIBERTY DIVERSIFIED INDUSTRIES INC                           PAGE:    21

                              WORKERS COMPENSATION        CONTRACT: WC2-141-043453-08
                              LOSS DEVELOPMENT            EFFECTIVE: 05/31/2001 THRU 05/31/2002
          SALES OFF: 0465       STATE DETAIL             LOSSES VALUED: 11/01/2002
                                                         EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT   INJ COV CLASS<br>CLAIMANT                     LOCATION<br>CAUSE CODE AND DESCRIPTION      VALUATION O/C<br>STATE  ACC DATE    REPORT DATE        ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|
| STATE:    MN    MINNESOTA | | | | | | | |
| WC465-402798        9   61  4244 FIRST RPT<br>MATVEEVA,TATIANA        200207 11/01/2002 O<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    04/02/2002  04/25/2002 | 10,000 | 14,750 | 7,821 | 32,571 | 1,850 | 1,850 | 26,600 |
| WC465-402799        6      4244 FIRST RPT<br>ROLES,MARLENE           200207 11/01/2002 C<br>RM  STRUCK BY/AGAINST-NOC<br>MN    04/23/2002  04/25/2002 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| WC465-402867        6      4244 FIRST RPT<br>KOSKI,DANIEL            800800 11/01/2002 C<br>RB  STRUCK BY FALLING OBJECTS<br>MN    04/29/2002  04/29/2002 | 193 | 0 | 16 | 209 | 209 | 16 | 209 |
| WC465-402905        6      4244 FIRST RPT<br>FERCHO,DONALD           200204 11/01/2002 C<br>ND  MACHINE INJURIES - NOC<br>MN    04/29/2002  04/30/2002 | 769 | 0 | 45 | 814 | 814 | 45 | 814 |
| WC465-402916        6      4244 FIRST RPT<br>ROTH,TIMOTHY            800800 11/01/2002 C<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    04/30/2002  05/01/2002 | 88 | 0 | 5 | 93 | 93 | 5 | 93 |
| WC465-403062        5   11  4244 FIRST RPT<br>BANKHEAD,CURTIS         800800 11/01/2002 O<br>HC  PUSHING,PULLING-MANUAL HANDLING<br>MN    05/06/2002  05/07/2002 | 2,529 | 1,946 | 1,117 | 5,592 | 2,374 | 252 | 4,727 |
| WC465-403109        6      3632 FIRST RPT<br>DWELLE,GLENN            600600 11/01/2002 C<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MN    05/01/2002  05/09/2002 | 126 | 0 | 6 | 132 | 132 | 6 | 132 |

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    22

**LIBERTY MUTUAL**

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

SALES OFF: 0465

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT | INJ COV CLASS | | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|---|
| CLAIMANT | LOCATION | | | | | | | | |
| CAUSE CODE AND DESCRIPTION | VALUATION O/C | | | | | | | | |
| STATE  ACC DATE  REPORT DATE | ACC COUNT | | | | | | | | |

STATE:    MN    MINNESOTA

| WC465-403123 | 6 | 4239 FIRST RPT | 913 | 0 | 43 | 956 | 956 | 43 | 956 |
|---|---|---|---|---|---|---|---|---|---|
| WHITE,CHRISTOPH | 170100 11/01/2002 C | | | | | | | | |
| YL  INJURY - CUTS | | | | | | | | | |
| MN    05/06/2002  05/07/2002 | | | | | | | | | |

| WC465-403601 | 6 | 3632 FIRST RPT | 108 | 0 | 6 | 114 | 114 | 6 | 114 |
|---|---|---|---|---|---|---|---|---|---|
| BREUER,JODY | 600600 11/01/2002 C | | | | | | | | |
| AD  FALLS ON SAME LEVEL, NOC | | | | | | | | | |
| MN    05/21/2002  05/22/2002 | | | | | | | | | |

| WC465-403657 | 9  14 | 4484 FIRST RPT | 1,500 | 3,750 | 500 | 5,750 | 0 | 0 | 5,250 |
|---|---|---|---|---|---|---|---|---|---|
| PETERSON,BRUCE | 110102 11/01/2002 O | | | | | | | | |
| VM  HEARING LOSS | | | | | | | | | |
| MN    01/08/2002  05/24/2002 | | | | | | | | | |

| WC465-403661 | 6 | 4484 FIRST RPT | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|
| PETERSON,BRUCE | 110102 11/01/2002 C | | | | | | | | |
| AD  FALLS ON SAME LEVEL, NOC | | | | | | | | | |
| MN    05/20/2002  05/22/2002 | | | | | | | | | |

| WC465-403663 | 6 | 4244 FIRST RPT | 255 | 0 | 26 | 281 | 281 | 26 | 281 |
|---|---|---|---|---|---|---|---|---|---|
| NAZIRI,ZOBAIR | 200204 11/01/2002 C | | | | | | | | |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | | |
| MN    05/24/2002  05/29/2002 | | | | | | | | | |

| WC465-403842 | 6 | 4484 FIRST RPT | 131 | 0 | 13 | 144 | 144 | 13 | 144 |
|---|---|---|---|---|---|---|---|---|---|
| LEE,WILLIAM | 110102 11/01/2002 C | | | | | | | | |
| JC  INJURED-MANUAL MATERIAL HANDLING-NO | | | | | | | | | |
| MN    04/25/2002  06/04/2002 | | | | | | | | | |

| WC465-403844 | 6 | 4484 FIRST RPT | 583 | 0 | 28 | 611 | 611 | 28 | 611 |
|---|---|---|---|---|---|---|---|---|---|
| CHROMEY,RENEE | 110101 11/01/2002 C | | | | | | | | |
| VK  MULTIPLE COMPLAINTS | | | | | | | | | |
| MN    05/13/2002  06/05/2002 | | | | | | | | | |

```
              RUN: 11/06/2002      LIBERTY DIVERSIFIED INDUSTRIES INC                    PAGE:    23
                                                                    CONTRACT: WC2-141-043453-08
LIBERTY                                  WORKERS COMPENSATION       EFFECTIVE: 05/31/2001 THRU 05/31/2002
MUTUAL                                     LOSS DEVELOPMENT         LOSSES VALUED: 11/01/2002
                   SALES OFF: 0465           STATE DETAIL          EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT  INJ COV CLASS<br>CLAIMANT                LOCATION<br>CAUSE CODE AND DESCRIPTION     VALUATION O/C<br>STATE  ACC DATE   REPORT DATE        ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|
| STATE:   MN    MINNESOTA | | | | | | | |
| WC465-403846      6      3632 FIRST RPT<br>SANBORN,DONNA           600600 11/01/2002 C<br>VK  MULTIPLE COMPLAINTS<br>MN    06/02/2001  06/05/2002 | 237 | 0 | 9 | 246 | 246 | 9 | 246 |
| WC465-403892      9  14  4244 FIRST RPT<br>KLEIN,NEAL              200208 11/01/2002 O<br>VM  HEARING LOSS<br>MN    05/30/2002  06/06/2002 | 8,359 | 3,000 | 500 | 11,859 | 3,878 | 19 | 11,378 |
| WC465-403897      5  61  4244 FIRST RPT<br>MAJERUS,JERRY           600600 11/01/2002 O<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MN    05/13/2002  06/05/2002 | 15,677 | 7,658 | 503 | 23,838 | 6,845 | 60 | 23,395 |
| WC465-408087      6      3632 FIRST RPT<br>MCGUIRE,SHARON          600600 11/01/2002 C<br>VK  MULTIPLE COMPLAINTS<br>MN    03/21/2002  10/03/2002 | 0 | 0 | 5 | 5 | 5 | 5 | 5 |
| WC465-408103      6      3632 FIRST RPT<br>DAMMANN,TERRY L         600600 11/01/2002 C<br>HC  PUSHING,PULLING-MANUAL HANDLING<br>MN    07/26/2002  10/03/2002 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| ** TOTAL FOR STATE:        FIRST RPT<br>   MINNESOTA            11/01/2002      124 | 346,534 | 186,751 | 50,660 | 583,945 | 362,254 | 25,269 | 558,554 |

**LIBERTY MUTUAL.**

RUN: 11/06/2002      LIBERTY DIVERSIFIED INDUSTRIES INC                          PAGE:    24

WORKERS COMPENSATION          CONTRACT: WC2-141-043453-08
LOSS DEVELOPMENT              EFFECTIVE: 05/31/2001 THRU 05/31/2002
SALES OFF: 0465          STATE DETAIL               LOSSES VALUED: 11/01/2002
                                                    EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|

STATE:  MS    MISSISSIPPI

| WC544-341929<br>SPENCER,ROBERT E<br>YL  INJURY - CUTS<br>MS    06/07/2001  06/12/2001 | 6    11  4484 FIRST RPT<br>900907 11/01/2002 C | 1,875 | 0 | 33 | 1,908 | 1,908 | 33 | 1,908 |
| WC544-342205<br>KING,MICHAEL G<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>MS    06/12/2001  06/15/2001 | 5    11  4484 FIRST RPT<br>900906 11/01/2002 C | 2,593 | 2,034 | 111 | 4,738 | 4,738 | 111 | 4,738 |
| WC544-342278<br>DULANEY,MAX L<br>YA  MISCELLANEOUS-NOC<br>MS    06/18/2001  06/19/2001 | 5    11  4484 FIRST RPT<br>900905 11/01/2002 C | 1,599 | 1,266 | 104 | 2,969 | 2,969 | 104 | 2,969 |
| WC544-342545<br>CUMMINGS,CHRISTA<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MS    06/12/2001  06/19/2001 | 6      4484 FIRST RPT<br>900907 11/01/2002 C | 141 | 0 | 13 | 154 | 154 | 13 | 154 |
| WC544-343620<br>RUSH,RONALD E<br>AJ  INSIDE FALLS-LOBBY-OBJECT/LIQUID ON<br>MS    07/18/2001  07/23/2001 | 5    11  4484 FIRST RPT<br>900907 11/01/2002 C | 1,234 | 777 | 98 | 2,109 | 2,109 | 98 | 2,109 |
| WC544-343623<br>BURTON,MARY E<br>RM  STRUCK BY/AGAINST-NOC<br>MS    07/05/2001  07/13/2001 | 6      4484 FIRST RPT<br>900907 11/01/2002 C | 361 | 0 | 21 | 382 | 382 | 21 | 382 |
| WC544-343628<br>GATES,KIZZY S<br>NB  CAUGHT IN MACHINE,POINT OF OPERATIO<br>MS    07/18/2001  07/23/2001 | 6      4484 FIRST RPT<br>900906 11/01/2002 C | 193 | 0 | 13 | 206 | 206 | 13 | 206 |

**LIBERTY MUTUAL.**

RUN: 11/06/2002          LIBERTY DIVERSIFIED INDUSTRIES INC                          PAGE:     25

SALES OFF: 0465                  WORKERS COMPENSATION          CONTRACT: WC2-141-043453-08
                                     LOSS DEVELOPMENT          EFFECTIVE: 05/31/2001 THRU 05/31/2002
                                      STATE DETAIL             LOSSES VALUED: 11/01/2002
                                                               EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT | INJ COV CLASS | | | | TOTAL | TOTAL | TOTAL | TOTAL INC |
| CLAIMANT | LOCATION | INCURRED | INCURRED | INCURRED | INCURRED | PAID | PAID | LOSS & |
| CAUSE CODE AND DESCRIPTION | VALUATION O/C | MED | IND | EXPENSE | LOSS & | LOSS & | EXPENSE | PAID |
| STATE  ACC DATE  REPORT DATE | ACC COUNT | | | | EXPENSE | EXPENSE | | EXPENSE |

STATE:   MS     MISSISSIPPI

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| WC544-344837        6       4484 FIRST RPT | | | | | | | | |
| SMITH,JIMMIE D               900906 11/01/2002 C | | 250 | 0 | 24 | 274 | 274 | 24 | 274 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | |
| MS    08/01/2001 08/06/2001 | | | | | | | | |
| WC544-344920        5  11  4484 FIRST RPT | | | | | | | | |
| FLOYD,JEREMY K              900906 11/01/2002 C | | 455 | 86 | 27 | 568 | 568 | 27 | 568 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | |
| MS    08/13/2001 08/17/2001 | | | | | | | | |
| WC544-345236        6       4484 FIRST RPT | | | | | | | | |
| LONDON,PAUL A               900906 11/01/2002 C | | 352 | 0 | 19 | 371 | 371 | 19 | 371 |
| RM  STRUCK BY/AGAINST-NOC | | | | | | | | |
| MS    08/13/2001 08/23/2001 | | | | | | | | |
| WC544-345682        5  11  4484 FIRST RPT | | | | | | | | |
| WILSON,RANDY G              900905 11/01/2002 C | | 1,049 | 259 | 54 | 1,362 | 1,362 | 54 | 1,362 |
| RB  STRUCK BY FALLING OBJECTS | | | | | | | | |
| MS    08/27/2001 08/29/2001 | | | | | | | | |
| WC544-346444        6       4484 FIRST RPT | | | | | | | | |
| SANDERS,RAY A               900907 11/01/2002 C | | 556 | 0 | 14 | 570 | 570 | 14 | 570 |
| YA  MISCELLANEOUS-NOC | | | | | | | | |
| MS    09/06/2001 09/18/2001 | | | | | | | | |
| WC544-346445        6       4484 FIRST RPT | | | | | | | | |
| WEST,TABATHA D              900905 11/01/2002 C | | 647 | 0 | 54 | 701 | 701 | 54 | 701 |
| ND  MACHINE INJURIES - NOC | | | | | | | | |
| MS    09/08/2001 09/18/2001 | | | | | | | | |
| WC544-346448        6       4484 FIRST RPT | | | | | | | | |
| PRENTISS,BARBARA            900906 11/01/2002 C | | 306 | 0 | 22 | 328 | 328 | 22 | 328 |
| RB  STRUCK BY FALLING OBJECTS | | | | | | | | |
| MS    07/24/2001 09/18/2001 | | | | | | | | |

RUN: 11/06/2002        LIBERTY DIVERSIFIED INDUSTRIES INC                      PAGE:      26

**LIBERTY MUTUAL**                    WORKERS COMPENSATION          CONTRACT: WC2-141-043453-08
                          LOSS DEVELOPMENT              EFFECTIVE: 05/31/2001 THRU 05/31/2002
            SALES OFF: 0465          STATE DETAIL                 LOSSES VALUED: 11/01/2002
                                                                 EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE:  MS    MISSISSIPPI | | | | | | | | |
| WC544-346704        6    11  4484 FIRST RPT<br>BURCHAM,EDDY C          900905 11/01/2002 C<br>NK  CAUGHT IN-CONVEYOR,ELEVATOR,HOIST<br>MS    09/22/2001  09/25/2001 | | 1,040 | 0 | 52 | 1,092 | 1,092 | 52 | 1,092 |
| WC544-347590        6        4484 FIRST RPT<br>SHUMPERT,ARCHIE         900906 11/01/2002 C<br>HC  PUSHING,PULLING-MANUAL HANDLING<br>MS    09/28/2001  10/10/2001 | | 109 | 0 | 11 | 120 | 120 | 11 | 120 |
| WC544-347922        6        4484 FIRST RPT<br>WEST,TABITHA D          900906 11/01/2002 C<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>MS    10/08/2001  10/17/2001 | | 167 | 0 | 16 | 183 | 183 | 16 | 183 |
| WC544-349245        6        4484 FIRST RPT<br>RINICKER,RICKY O        900906 11/01/2002 C<br>RM  STRUCK BY/AGAINST-NOC<br>MS    10/23/2001  11/19/2001 | | 533 | 0 | 24 | 557 | 557 | 24 | 557 |
| WC544-349246        6        4484 FIRST RPT<br>FAULKNER,ROBERT D       900907 11/01/2002 C<br>HD  CARRYING,HOLDING-MANUAL HANDLING<br>MS    10/25/2001  11/19/2001 | | 326 | 0 | 28 | 354 | 354 | 28 | 354 |
| WC544-349833        6        4484 FIRST RPT<br>LATCH,KIMBERLY S        900906 11/01/2002 C<br>YA  MISCELLANEOUS-NOC<br>MS    11/29/2001  12/04/2001 | | 268 | 0 | 21 | 289 | 289 | 21 | 289 |
| WC544-350997        6        4484 FIRST RPT<br>EVANS,CHRYSTAL E        900907 11/01/2002 C<br>AD  FALLS ON SAME LEVEL, NOC<br>MS    01/08/2002  01/10/2002 | | 306 | 0 | 21 | 327 | 327 | 21 | 327 |

```
                RUN: 11/06/2002      LIBERTY DIVERSIFIED INDUSTRIES INC                              PAGE:      27
LIBERTY                                                              CONTRACT: WC2-141-043453-08
MUTUAL                                   WORKERS COMPENSATION        EFFECTIVE: 05/31/2001 THRU 05/31/2002
                                           LOSS DEVELOPMENT          LOSSES VALUED: 11/01/2002
                SALES OFF: 0465              STATE DETAIL            EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE  REPORT DATE | INJ COV CLASS<br><br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE:  MS    MISSISSIPPI | | | | | | | | |
| WC544-352100         6<br>DILLINGHAM,TIMOTHY W<br>YB  HAND TOOLS<br>MS   01/28/2002  02/04/2002 | 4484 FIRST RPT<br>900906 11/01/2002 C | 275 | 0 | 14 | 289 | 289 | 14 | 289 |
| WC544-356565         6<br>FISHER,MELISSA D<br>YL  INJURY - CUTS<br>MS   04/23/2002  05/02/2002 | 4484 FIRST RPT<br>900907 11/01/2002 C | 266 | 0 | 13 | 279 | 279 | 13 | 279 |
| WC544-356568         6<br>WRIGHT,TRESIA<br>RB  STRUCK BY FALLING OBJECTS<br>MS   04/29/2002  05/10/2002 | 4484 FIRST RPT<br>900906 11/01/2002 C | 187 | 0 | 13 | 200 | 200 | 13 | 200 |
| WC544-357644         6<br>SMITH,JIMMIE<br>HC  PUSHING,PULLING-MANUAL HANDLING<br>MS   05/14/2002  05/22/2002 | 4484 FIRST RPT<br>900905 11/01/2002 C | 615 | 0 | 34 | 649 | 649 | 34 | 649 |
| ** TOTAL FOR STATE:<br>   MISSISSIPPI | FIRST RPT<br>11/01/2002      25 | 15,703 | 4,422 | 854 | 20,979 | 20,979 | 854 | 20,979 |

**LIBERTY MUTUAL**

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    28

WORKERS COMPENSATION
LOSS DEVELOPMENT
SALES OFF: 0465    STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE   REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| **STATE:    TX    TEXAS** | | | | | | | | |
| WC973-388829      6<br>GRANADO,RICHARDO<br>AD  FALLS ON SAME LEVEL, NOC<br>TX   06/22/2001  06/28/2001 | 4244 FIRST RPT<br>700704 11/01/2002 C | 386 | 0 | 19 | 405 | 405 | 19 | 405 |
| WC973-388831      6<br>ANZALDUA,ADAM<br>YM  INJURY - BURNS<br>TX   06/16/2001  06/28/2001 | 4244 FIRST RPT<br>700710 11/01/2002 C | 992 | 0 | 62 | 1,054 | 1,054 | 62 | 1,054 |
| WC973-392724      4  11<br>SORIA,JOSE S<br>RM  STRUCK BY/AGAINST-NOC<br>TX   08/08/2001  08/09/2001 | 4244 FIRST RPT<br>700704 11/01/2002 C | 7,494 | 910 | 319 | 8,723 | 8,723 | 319 | 8,723 |
| WC973-392726      6  11<br>MEADOWS,BECKY L<br>LB  MOBILE EQUIPMENT-OPERATOR OR RIDER<br>TX   07/17/2001  08/09/2001 | 4244 FIRST RPT<br>700710 11/01/2002 C | 3,125 | 0 | 134 | 3,259 | 3,259 | 134 | 3,259 |
| WC973-393440      4  11<br>SANCHEZ,JUANITA<br>JC  INJURED-MANUAL MATERIAL HANDLING-NO<br>TX   06/26/2001  08/23/2001 | 4244 FIRST RPT<br>700702 11/01/2002 O | 36,771 | 19,674 | 2,716 | 59,161 | 44,159 | 2,503 | 58,948 |
| WC973-393595      6  11<br>JENNINGS,NORMA C<br>AD  FALLS ON SAME LEVEL, NOC<br>TX   08/01/2001  08/27/2001 | 4244 FIRST RPT<br>700711 11/01/2002 C | 5,775 | 0 | 254 | 6,029 | 6,029 | 254 | 6,029 |
| WC973-396750      4  11<br>BELDOWSKI,RICHARD A<br>NB  CAUGHT IN MACHINE,POINT OF OPERATIO<br>TX   10/28/2001  10/30/2001 | 4244 FIRST RPT<br>700706 11/01/2002 O | 12,482 | 24,918 | 1,006 | 38,406 | 23,230 | 706 | 38,106 |

RUN: 11/06/2002    LIBERTY DIVERSIFIED INDUSTRIES INC    PAGE:    29

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

SALES OFF: 0465

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

**LIBERTY MUTUAL.**

| CLAIM NUMBER CAT / CLAIMANT / CAUSE CODE AND DESCRIPTION / STATE ACC DATE REPORT DATE | INJ COV CLASS LOCATION VALUATION O/C ACC COUNT | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE: TX TEXAS | | | | | | | | |
| WC973-397379 STATON,PAUL W YL INJURY - CUTS TX 11/09/2001 11/13/2001 | 4 11 4244 FIRST RPT 700706 11/01/2002 C | 6,589 | 2,202 | 231 | 9,022 | 9,022 | 231 | 9,022 |
| WC973-397983 ZALDIVAR,BERNARDIN DS FALLS FROM ELEVATION, NOC TX 11/26/2001 11/30/2001 | 4 11 4244 FIRST RPT 700708 11/01/2002 C | 15,537 | 1,315 | 726 | 17,578 | 17,578 | 726 | 17,578 |
| WC973-398889 PETERS,LARRY M RM STRUCK BY/AGAINST-NOC TX 12/13/2001 12/21/2001 | 6 4244 FIRST RPT 700702 11/01/2002 C | 349 | 0 | 30 | 379 | 379 | 30 | 379 |
| WC973-400093 EVANS,CHRISTOPH J VL DERMATITIS TX 01/15/2002 01/30/2002 | 6 10 4244 FIRST RPT 700704 11/01/2002 C | 138 | 0 | 22 | 160 | 160 | 22 | 160 |
| WC973-400114 MEADOWS,BECKY HB LIFTING,LOWERING-MANUAL HANDLING TX 01/17/2002 01/30/2002 | 6 4244 FIRST RPT 700710 11/01/2002 C | 1,301 | 0 | 76 | 1,377 | 1,377 | 76 | 1,377 |
| WC973-400409 PENA,ROBERTO RM STRUCK BY/AGAINST-NOC TX 02/04/2002 02/06/2002 | 4 11 4244 FIRST RPT 700708 11/01/2002 C | 4,099 | 1,478 | 209 | 5,786 | 5,786 | 209 | 5,786 |
| WC973-401032 LEMUS,FELIPE AD FALLS ON SAME LEVEL, NOC TX 02/15/2002 02/20/2002 | 4 11 4244 FIRST RPT 700704 11/01/2002 O | 33,805 | 7,205 | 2,577 | 43,587 | 19,325 | 1,077 | 42,087 |

**LIBERTY MUTUAL.**

RUN: 11/06/2002        LIBERTY DIVERSIFIED INDUSTRIES INC                    PAGE:    30

                         WORKERS COMPENSATION           CONTRACT: WC2-141-043453-08
                         LOSS DEVELOPMENT              EFFECTIVE: 05/31/2001 THRU 05/31/2002
SALES OFF: 0465          STATE DETAIL                 LOSSES VALUED: 11/01/2002
                                                      EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT | INJ COV CLASS | | INCURRED MED | INCURRED IND | INCURRED EXPENSE | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|---|---|---|---|
| CLAIMANT | LOCATION | | | | | | | | |
| CAUSE CODE AND DESCRIPTION | VALUATION O/C | | | | | | | | |
| STATE  ACC DATE  REPORT DATE | ACC COUNT | | | | | | | | |

STATE:  TX   TEXAS

WC973-401033          5   11  4244 FIRST RPT
SALAZAR,EDWARD,,JR        700710 11/01/2002 O      5,500      10,776      3,773      20,049      7,988      3,106      19,382
HA  MATERIAL HANDLING - MANUAL
TX    02/13/2002 02/20/2002

WC973-402001          6   11  4244 FIRST RPT
CAMPOS,ROY,,JR           700703 11/01/2002 C      1,045          0         60       1,105      1,105         60       1,105
JC  INJURED-MANUAL MATERIAL HANDLING-NO
TX    02/22/2002 03/13/2002

WC973-402212          4   11  4244 FIRST RPT
MURILLO,CRUZ ALEJAN      700703 11/01/2002 O     25,300      8,209      2,273      35,782     21,522        751      34,260
YM  INJURY - BURNS
TX    03/13/2002 03/19/2002

WC973-402262          6   11  4244 FIRST RPT
HUESO,RAUL               700701 11/01/2002 C      2,748          0        163       2,911      2,911        163       2,911
HC  PUSHING,PULLING-MANUAL HANDLING
TX    03/04/2002 03/19/2002

WC973-402527          6       4244 FIRST RPT
BRUMMETT,APRIL           700711 11/01/2002 C        909          0        101       1,010      1,010        101       1,010
NB  CAUGHT IN MACHINE,POINT OF OPERATIO
TX    03/18/2002 03/25/2002

WC973-404772          6   11  4244 FIRST RPT
RAMOS,DIANA A            700703 11/01/2002 O      5,913          0        756       6,669      4,494        667       6,580
JC  INJURED-MANUAL MATERIAL HANDLING-NO
TX    04/23/2002 05/10/2002

WC973-405151          6       4244 FIRST RPT
UNDERWOOD,TRAVIS L       700704 11/01/2002 C      1,441          0         83       1,524      1,524         83       1,524
HC  PUSHING,PULLING-MANUAL HANDLING
TX    05/16/2002 05/21/2002

**LIBERTY MUTUAL**

```
                    RUN: 11/06/2002      LIBERTY DIVERSIFIED INDUSTRIES INC              PAGE:    31
                                         WORKERS COMPENSATION        CONTRACT: WC2-141-043453-08
                                         LOSS DEVELOPMENT            EFFECTIVE: 05/31/2001 THRU 05/31/2002
                    SALES OFF: 0465      STATE DETAIL                LOSSES VALUED: 11/01/2002
                                                                    EXPENSES INCLUDED: INCURRED
```

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE  REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| STATE:  TX    TEXAS | | | | | | | | |
| WC973-405241        6<br>SMITH,CHRISTOPH S<br>HB  LIFTING,LOWERING-MANUAL HANDLING<br>TX    05/09/2002  05/21/2002 | 4244 FIRST RPT<br>700710 11/01/2002 C | 318 | 0 | 34 | 352 | 352 | 34 | 352 |
| WC973-407607        6  56<br>ASHLEY,MONICA M<br>VK  MULTIPLE COMPLAINTS<br>TX    05/15/2002  07/18/2002 | 4244 FIRST RPT<br>700703 11/01/2002 C | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| ** TOTAL FOR STATE:<br>    TEXAS | FIRST RPT<br>11/01/2002    23 | 172,017 | 76,687 | 15,624 | 264,328 | 181,392 | 11,333 | 260,037 |

LIBERTY MUTUAL.

RUN: 11/06/2002        LIBERTY DIVERSIFIED INDUSTRIES INC                     PAGE:      32

SALES OFF: 0465

WORKERS COMPENSATION
LOSS DEVELOPMENT
STATE DETAIL

CONTRACT: WC2-141-043453-08
EFFECTIVE: 05/31/2001 THRU 05/31/2002
LOSSES VALUED: 11/01/2002
EXPENSES INCLUDED: INCURRED

| CLAIM NUMBER CAT<br>CLAIMANT<br>CAUSE CODE AND DESCRIPTION<br>STATE  ACC DATE    REPORT DATE | INJ COV CLASS<br>LOCATION<br>VALUATION  O/C<br>ACC COUNT | INCURRED<br>MED | INCURRED<br>IND | INCURRED<br>EXPENSE | TOTAL<br>INCURRED<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>LOSS &<br>EXPENSE | TOTAL<br>PAID<br>EXPENSE | TOTAL INC<br>LOSS &<br>PAID<br>EXPENSE |
|---|---|---|---|---|---|---|---|---|
| ** TOTAL FOR CONTRACT:<br>  WC2-141-043453-08 | FIRST RPT<br>11/01/2002      184 | 548,682 | 314,410 | 73,626 | 936,718 | 590,576 | 41,329 | 904,421 |

|  |  |  |  |
|---|---|---|---|
| FIRST RPT<br>11/01/2002  CWS COUNT    17 | FIRST RPT<br>11/01/2002  CLAIM COUNT    184 | | |

**LIBERTY MUTUAL.**

RUN: 11/06/2002        LIBERTY DIVERSIFIED INDUSTRIES INC                    PAGE:    33

WORKERS COMPENSATION                CONTRACT: WC2-141-043453-08
LOSS DEVELOPMENT                    EFFECTIVE: 05/31/2001 THRU 05/31/2002
SALES OFF: 0465        STATE DETAIL                        LOSSES VALUED: 11/01/2002
                                                           EXPENSES INCLUDED: INCURRED

| | VALUATIONS | TOTAL INCURRED LOSS & EXPENSE | TOTAL PAID LOSS & EXPENSE | TOTAL PAID EXPENSE | TOTAL INC LOSS & PAID EXPENSE |
|---|---|---|---|---|---|
| GRAND TOTAL | FIRST RPT | 0 | 0 | 0 | 0 |
| GRAND TOTAL | 11/01/2002 | 936,718 | 590,576 | 41,329 | 904,421 |
| TOTAL NET CHANGE | | 936,718 | 590,576 | 41,329 | 904,421 |

REPORT TOTALS

| VALUATION | | COUNT |
|---|---|---|
| FIRST RPT | OPEN CLAIMS | 0 |
| | CLOSED CLAIMS | 0 |
| | TOTAL CLAIMS | 0 |
| | TOTAL ACCIDENTS | 0 |

| VALUATION | | COUNT |
|---|---|---|
| 11/01/2002 | OPEN CLAIMS | 23 |
| | CLOSED CLAIMS | 161 |
| | TOTAL CLAIMS | 184 |
| | TOTAL ACCIDENTS | 184 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ, )<br><br>        Plaintiff )<br><br>v. )<br><br>ASITRADE, AG, BOBST GROUP, USA, )<br>INC., and LIBERTY-STANDARD, LLC, )<br>d/b/a BICKNELL & FULLER SPECIALTY )<br>PACKAGING, )<br><br>        Defendants ) | Civil Action No. 04-12609-RGS |

## AFFIDAVIT OF COLLEEN VERREAULT

Now comes Colleen Verreault and avers as follows:

1.      My name is Colleen Verreault.  I am a supervisor in the Retro department at Liberty Mutual Insurance Company.

2.      I am the retro supervisor for the Liberty Diversified, Inc., Liberty Mutual policy WC2-141-043453-08.

3.      Exhibit 17, attached, is a copy of the loss development summary for policy WC2-141-043453-08.  The loss development summary is a record of all of the claims that have been or are being paid out of a policy as of a specific date, broken down by state.  Exhibit 17 is the loss development summary as of November 1, 2002.

4.      Page 5 of Exhibit 17 is the loss development summary for Massachusetts.  The four claims listed are the only claims incurred against policy WC2-141-

043453 in Massachusetts as of November 1, 2002.

5.       I certify that Exhibit 17 is a record kept in the course of a regularly

conducted business activity.

Signed under the pains and penalties of perjury.


_Colleen Verreault_
Colleen Verreault


Date: March __9__ , 2006

JAN. 7.2003   4:05PM   LDI ACCOUNTING                    NO.635   P.2/2
JAN 1. 2003 1:54PM   HP LASERJET 3200                                  P.2
LMG                    1/16/2003 10:08   PAGE  3/3   RightFax

**FORM 116A**

|  |
|---|
| *DIA BOARD NO:* |
| *ENTER IF KNOWN* |

### THE COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF INDUSTRIAL ACCIDENTS
### DEPARTMENT 116A
### 600 WASHINGTON STREET - 7TH FLOOR
### BOSTON, MA 02111

I, *Stephen Richardson*_____ , sole proprietor/partner/corporate

officer of *Liberty Diversified Industries*_____

Company of *Liberty Diversified Industries*

*New Hope*_____ , *Minnesota*_____
     (city)                                    (state)

experience-modified insured of _____ *Liberty Mutual Insurance*_____
                                              (insurer)

Company, hereby consent to the payment of a lump sum settlement in the gross amount

of $ *27500.00*_____ in the workers' compensation

case of *Ramon Gonzalez  (WC101-948495)*_____ . The terms of such

settlement are more fully set forth in the attached lump sum agreement.

Signed this _____ *27th*_____ day of _____ *January*_____

Year *2003* , pursuant to the provisions of Section 48 of Chapter 152 of the General Laws of

Massachusetts as most recently amended by Section 74 of Chapter 398 of the Acts of 1991.

_____
(signature)

*REPRODUCE AS NEEDED*

*20-CSN-125*

*FORM 116A (2/93)*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,                )<br>                              )<br>  Plaintiff                    )<br>                              )<br>v.                            )<br>                              )<br>ASITRADE, AG, BOBST GROUP, USA, )<br>INC., and LIBERTY-STANDARD, LLC, )<br>d/b/a BICKNELL & FULLER SPECIALTY)<br>PACKAGING,                    )<br>                              )<br>  Defendants                   )<br>                              ) | Civil Action No. 04-12609-RGS |

## AFFIDAVIT OF STEPHEN RICHARDSON

Now comes Stephen Richardson and avers as follows:

1.     My name is Stephen Richardson. I am the Vice President and Chief Financial Officer for Liberty Diversified Industries, Inc.

2.     I am familiar with Liberty-Standard, LLC because Liberty Diversified Industries, Inc. owned 50% of the stock of Liberty-Standard, LLC until Liberty-Standard, LLC was dissolved in 2003, and I was active in the oversight of the joint venture operation known as Liberty-Standard, LLC.

3.     In 2001, including September 18, 2001, Liberty-Standard, LLC operated a plant at One First Avenue, Peabody, Massachusetts. The name of that business was Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging.

4.     Liberty-Standard, LLC carried workers compensation insurance with Liberty Mutual

Insurance Company, policy number WC2-141-433102-011.

5.      Liberty-Standard, LLC ceased business in Massachusetts in December 2001 and the corporation was dissolved on or about October 15, 2003.

6.      On or about January 27, 2003, I signed the Massachusetts Department of Industrial Accidents (DIA) form 116A in my capacity as an officer of Liberty Diversified Industries, Inc., approving a lump sum settlement for Ramon Gonzalez's workers' compensation claim.

7.      I signed the form unaware that Ramon Gonzalez was an employee of the Liberty-Standard, LLC joint venture and not of Liberty Diversified Industries, Inc., and that the Liberty-Standard, LLC policy was paying for his compensation claim.

8.      I am now aware that Ramon Gonzalez was an employee of Liberty-Standard, LLC and that the Liberty-Standard, LLC policy paid for his workers' compensation claim.

9.      I certify that the following exhibits are records that were kept in the course of the regularly conducted business activity of Liberty-Standard, LLC d/b/a Bicknell and Fuller Specialty Packaging, Inc.:

          Ex. 2: Personnel Action Form

          Ex. 3: Human Resources checklist

          Ex. 4: Department of Justice Eligibility form

          Ex. 6: electronic copy of paycheck

          Ex. 7: payroll records

          Ex. 8: Earnings Statement

          Ex. 10 and 12: First Report of Injury forms

          Ex. 19:  Consent to Lump Sum Agreement form

Signed under the pains and penalties of perjury.

_____
Stephen Richardson

Date: March  13, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 04-12609-RGS |
| ASITRADE, AG, BOBST GROUP, USA, INC., and LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING, | ) |
| Defendants | ) |

## AFFIDAVIT OF GLENN MEDENWALDT

Now comes Glenn Medenwaldt and avers as follows:

1.    My name is Glenn Medenwaldt. I am the Risk and Insurance Manager for Liberty Diversified Industries, Inc.

2.    I was a participant in an e-mail exchange that took place on June 27 and 28 and July 2, 2002, which is reproduced in printout as part of Exhibit 13.

3.    I certify that this e-mail record was kept in the course of a regularly conducted business activity.

Signed under the pains and penalties of perjury.

_____
Glenn Medenwaldt

Dated: March 9, 2006