UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 04-12609-RGS |
| ) | |
| ASITRADE, AG, BOBST GROUP, USA, ) | |
| INC., and LIBERTY-STANDARD, LLC, ) | |
| d/b/a BICKNELL & FULLER SPECIALTY ) | |
| PACKAGING, ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT LIBERTY-STANDARD, LLC,
d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging ("Liberty-Standard") hereby submits this memorandum of law in support of its Motion for Summary Judgment.

**BACKGROUND**

This case arises out of an incident that took place in a Liberty-Standard manufacturing facility located at 1 First Avenue, Peabody, Massachusetts, on September 18, 2001. Plaintiff Ramon Gonzalez[1] was operating an industrial machine when his hand was caught between the rollers and pulled in.

---

[1] Plaintiff is also known as Ramon Gonzalez Fabian, his name as it appears on his Resident Alien card. The Social Security number for Ramon Gonzalez Fabian in all of the records is identical to that listed by the plaintiff in his Answers to Interrogatories.

Defendant Liberty-Standard was a joint venture between Liberty Diversified Industries, Inc. ("LDI") and another company. Liberty-Standard and LDI were insured by separate workers' compensation policies issued through Liberty Mutual Insurance Company ("Liberty Mutual").[2]

Liberty-Standard ceased business in Massachusetts in December 2001 and the corporation was dissolved on or about October 15, 2003.

Liberty-Standard now seeks summary judgment on the grounds that it was plaintiff's employer, it paid plaintiff workers' compensation benefits for this injury through its insurance policy, and plaintiff's lawsuit is therefore foreclosed by M.G.L. c. 152, §24.

## ISSUES PRESENTED

I. Was Liberty-Standard, LLC the direct employer of Ramon Gonzalez?

II. Was Liberty-Standard, LLC the insured party liable for the payment of workers' compensation benefits to Ramon Gonzalez?

III. Has Ramon Gonzalez waived his right to sue Liberty-Standard, LLC at common law?

## DISCUSSION

For an employer to be immune from liability under M.G.L. c. 152, it must meet a two-part test: "(1) the employer must be an insured person liable for the payment of compensation, and (2) the employer must be the direct employer of the employee." *Lang v. Edward J. Lamothe Co.*, 20 Mass. App. Ct. 231, 232 (1985). Liberty-Standard satisfies both prongs of the test.

---

[2]Liberty-Standard was insured under policy WC2-141-433102-011. LDI was insured under policy WC2-141-043453-081.

I.   **The Evidence Conclusively Demonstrates that Liberty-Standard, LLC was Ramon Gonzalez's Direct Employer.**

In *Melendez v. Gibraltar Associates, Inc.,* No. 01558897 (DIA Review Board, April 25, 2001) (Exhibit 1)[3], the Department of Industrial Accidents Review Board found itself faced with a situation similar to the one at bar. The case presented evidence that the worker's employer could be one of two related entities. All work-related documents were on one entity's letterhead, and the release indicated that entity was the employer. However, the worker appeared on the payroll records of the second entity, and that entity was named on the First Report of Injury. In remanding the case to the administrative judge, the Board made the following observation:

> Central to the employment relationship, as defined in G.L. c. 152, §1(4), is the concepts [sic] of service to another under a contract of hire. The employee/employer relationship is rooted in the common law master and servant concepts. *See McDermott's Case*, 283 Mass. 74 (1933). With the contract of hire comes subjection to direction and control. This, rather than peripheral matters, such as the time spent at hearing on examination of payroll methods or the non issue arising from the insurer's belated audit and how insurance determinations are made, is the key to who employed Mr. Melendez. Once it is determined with whom the employee entered into the contract of hire, there the employee remained unless he assented to becoming an employee of a new employer. *See Sargentilli's Case*, 331 Mass. 193 (1954).

The Board remanded the case with directions to the judge to make findings on the critical issue of who hired the employee.

Liberty-Standard's human resources file for Mr. Gonzalez contains a Personnel Action

---

[3]Where necessary, exhibits have been redacted in accordance with Local Rule 5.3(A). Certain other exhibits have been redacted to protect the privacy of individuals not party to this case.

Form dated March 26, 2001, the start date of plaintiff's employment (Exhibit 2). The top of the document lists the names of eleven entities, including LDI. The box next to "Bicknell Fuller" is checked and the word "Specialty" handwritten after "Bicknell Fuller." The file also includes a checklist dated March 26, 2001, entitled "Bicknell & Fuller Human Resources Specialty Plant," and a U.S. Department of Justice Employment Eligibility Verification form, dated March 26, 2001, stating that the organization employing the plaintiff is "Bicknell & Fuller Specialty" (Exhibits 3 and 4, respectively). These documents, taken together, make it abundantly clear that the organization that hired the plaintiff was Bicknell & Fuller Specialty Packaging, the name under which Liberty-Standard operated.

In addition, plaintiff's 2001 W-2 form identifies his employer as Liberty-Standard LLC, state ID no. 411-975-133 (Exhibit 5); a payroll check stub from Liberty-Standard LLC d/b/a Bicknell & Fuller Specialty Packaging, dated September 28, 2001, is payable to the order of the plaintiff (Exhibit 6); payroll records produced by Bicknell & Fuller, which is the name under which Liberty-Standard did business, indicate that plaintiff was an employee in 2001 (Exhibit 7); and an earnings statement for the period ending September 8, 2001, shows the plaintiff's wages from Liberty Standard d/b/a Bicknell & Fuller Specialty Packaging (Exhibit 8).

Liberty-Standard clearly satisfies the second prong of the *Lang* test, in that Liberty-Standard d/b/a Bicknell and Fuller Specialty Packaging hired the plaintiff and was his direct employer.

**II.  Liberty-Standard Was the Insured Party Responsible for Payment to the Plaintiff, and Made Said Payments.**

Liberty-Standard was insured for the period 5/31/01 through 5/31/02 by Liberty Mutual

4

Fire Insurance Company's Workers Compensation and Employee Liability Policy No. WC2-141-433102-011 (Exhibit 9). The "name of insured" on the face of the policy is "Liberty-Standard LLC and Bicknell and Fuller Specialty Packaging." There is no question that Liberty-Standard was "the insured party liable for the payment of compensation" as required by the second prong of the standard. As the evidence demonstrates, Liberty-Standard did, in fact, pay for the plaintiff's compensation claim.

The unfortunate confusion in this case stems from the existence of two First Reports of Injury. One of them, dated September 21, 2001, was filled out and signed by Nancy LaPlante, then the Human Resources manager for Liberty-Standard. (Exhibit 10; see also Affidavit of Nancy LaPlante, Exhibit 11.) Ms. LaPlante then forwarded this form to Liberty Mutual Insurance Co. The form correctly identifies the employer as Liberty-Standard. The other First Report of Injury is dated September 19, 2001, and was apparently prepared by an employee of Liberty Mutual Insurance Co., possibly from information received by telephone (Exhibit 12). This form is typewritten and signed on behalf of Nancy LaPlante by someone with the initials "EGH." The form incorrectly identifies the employer as Liberty Diversified Industries, Inc. The form is stamped "RECEIVED 2001 SEP 25 DIA CLAIMS" and so is presumably the form that the Department of Industrial Accidents ("DIA") received. As noted above, both Liberty-Standard and LDI had workers' compensation insurance policies with Liberty Mutual.

Because of the error, the payments for Mr. Gonzalez's workers' compensation claim were originally charged against LDI's policy with Liberty Mutual instead of against Liberty-Standard's policy with Liberty Mutual. In June of 2002, Glenn Medenwaldt, Risk and Insurance Manager for LDI, noticed that claims against Liberty-Standard for the 5/1/01 to 5/1/02 policy

period, including Mr. Gonzalez's claim, were being charged against LDI's policy.  Mr.

Medenwaldt notified Liberty Mutual of the problem via e-mail and asked that the claims be

correctly charged against Liberty-Standard's policy.  Ronald Frieberg, a Liberty Mutual

employee, acknowledged receipt of the e-mail.  (Exhibit 13; see also Affidavit of Glenn

Medenwaldt, Exhibit 21.)

     At defendant's request, Liberty Mutual was able to access Mr. Gonzalez's claim

information on its computer system.    His claim number is attached to two policies, WC2-141-

043453-081-22 (LDI's policy) and WC2-141-433102-011-22 (Liberty-Standard's policy).  The

claim was associated with LDI's policy from September 20, 2001 until July 2, 2002.  (See

Exhibits 14 and 15 and Affidavit of Joseph Colucci, Exhibit 16.)  Since July 2, 2002, the claim

has been attached to Liberty-Standard's policy and remains so today.[4]

     Liberty Mutual also provided the loss development summary for the LDI policy.  (See

Exhibit 17 and Affidavit of Colleen Verreault , Exhibit 18.)  The loss development summary is

an internal Liberty Mutual document that shows every claim that has been or is being paid out of

a policy as of a given date.  For each claim, the report lists the name of the claimant, the date of

accident, the reporting date, and a brief description of the injury, along with the amounts

incurred and paid under the policy.  Liberty Mutual provided LDI's loss development summary

as of November 6, 2002.  The report identifies four Massachusetts claims that have been or are

being paid from policy WC2-141-043453-08.  None of the claimants are Ramon Gonzalez.  The

LDI policy did not pay for plaintiff's workers' compensation claim.

---

[4]The Complaint in the instant case was filed September 14, 2004.

Plaintiff has pointed to the documents in the Department of Industrial Accidents file as evidence that the LDI policy paid for plaintiff's claim. As noted above, the incorrect First Report of Injury, listing LDI as the employer, was the form sent to the DIA. It is logical, therefore, that the DIA would open its file under the LDI name. Liberty Diversified Industries and Liberty-Standard are similar names, and since the mistake apparently did not interfere with the DIA's handling of the claim, no one seems to have caught it. By the time the parties reached a lump sum payment agreement, in January of 2003, Liberty-Standard had ceased operations as a business entity. Stephen Richardson, who signed the Employer Consent to Lump Sum Agreement form, was an officer of LDI. (See Ex. 19 and Affidavit of Stephen Richardson, Exhibit 20.) By that point, no officer of Liberty-Standard existed to sign the forms. In light of the plaintiff's W-2 form and other documents relating to his hiring and employment, along with the Liberty Mutual materials documenting the fact that the plaintiff's claim was not paid from the LDI policy, the DIA materials cannot be considered sufficient evidence to raise an issue as to the identity of Mr. Gonzalez's employer or the payer of his workers' compensation claim.

### III.    Plaintiff Has Waived His Right to Sue Liberty-Standard Under M.G.L. c. 152.

M.G.L. c. 152, §24 states that an employee waives his right of action against his employer unless he has given written notice otherwise. It is clear that Liberty-Standard was plaintiff's employer. There is no evidence that plaintiff gave notice that he did not waive his right to sue. Liberty-Standard is therefore immune from suit by plaintiff.

### CONCLUSION

Despite the confusion created by documents with the incorrect employer's name on them, the above evidence demonstrates that Ramon Gonzalez's employer was Liberty-Standard LLC,

d/b/a Bicknell and Fuller Specialty Packaging; that Liberty-Standard was the insured party liable for the payment of workers' compensation; and that Liberty-Standard actually paid Mr. Gonzalez's compensation claim.  Liberty-Standard is therefore immune from liability for suit under M.G.L. c. 152, §24, and summary judgment should be entered in its favor.

        Respectfully submitted,

        LIBERTY-STANDARD, LLC

        By its attorneys,

        /s/ James E. Harvey, Jr.
        James E. Harvey, Jr./BBO No. 224920
        Corinne E. Casarino/BBO No. 638081
        O'Malley and Harvey, LLP
        Two Oliver Street, 9th Floor
        Boston, MA  02109-4908
        TEL:   (617) 357-5544
        FAX:   (617) 204-3477

Date: March 13, 2006