UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| | ) |
| RAMON GONZALEZ, | ) |
| Plaintiff | ) |
| v. | )Civil Action No.:04-12609-RGS |
| | ) |
| ASITRADE, AG, | ) |
| BOBST GROUP USA, INC., and | ) |
| LIBERTY-STANDARD, LLC, | ) |
| d/b/a BICKNELL & FULLER SPECIALTY | ) |
| PACKAGING, | ) |
| Defendants | ) |

_____)

### PLAINTIFF RAMON GONZALEZ' MOTION TO COMPEL FED.R.CIV.P. 30(b)(6) DEPOSITION OF DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING
Pursuant to Fed.R.Civ.P. 37(a) and L.R. 37.1

Now comes the Plaintiff Ramon Gonzalez pursuant to Fed. R. Civ. P. 37(a) and L.R. 37.1 and hereby moves to compel Defendant Liberty–Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Defendant") to designate a witness or witnesses pursuant to Fed.R.Civ.P. 30(b)(6) and appear for deposition.

As grounds therefore Plaintiff states as follows:

1.      On October 13, 2005 Plaintiff served Notice of Taking Rule 30(b)6 Deposition of Defendant Liberty–Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging on Defendant.  (See deposition notice attached hereto as EXHIBIT A.)

2.      At Defendant's request Plaintiff agreed to postpone Defendant's Rule 30(b)(6) deposition. (See letter dated November 7, 2005 from Defendant's counsel Corinne E. Casarino attached hereto as EXHIBIT B.)

3.      Plaintiff's counsel repeatedly requested that Defendant provide a

convenient date for Defendant's Rule 30(b)(6) deposition and when Plaintiff's counsel expressed concern that the discovery deadline of February 9, 2006 was approaching in this matter Defendant's counsel informed Plaintiff's counsel that Defendant would not object to said deposition occurring after the discovery deadline. (See letter dated March 17, 2006 from Plaintiff's counsel Jeffrey S. Ahearn attached hereto as EXHIBIT C.)

4.      On Friday March 10, 2006 Defendant's counsel informed Plaintiff's counsel via telephone that Defendant intended to file Defendant's Motion for Summary Judgment unless Plaintiff agreed to dismiss Plaintiff's claim against Defendant. (See EXHIBIT C.) At this point Plaintiff's counsel informed Defendant's counsel that he believed it was inappropriate that Defendant file said summary judgment motion in lieu of Defendant's failure to yet appear for said Rule 30(b)(6) deposition and discussed possible ways to resolve this issue. (See EXHIBIT C.) On March 13, 2006 Defendant filed Defendant's Motion for Summary Judgment. (See EXHIBIT C.) On March 15, 2006 Defendant's counsel informed Plaintiff's counsel that Defendant would not designate a witness nor appear for Rule 30(b)(6) deposition. (See EXHIBIT C.)

WHEREFORE Plaintiff Ramon Gonzalez respectfully requests that the Court enter an order:

a.      Compelling Defendant to designate a witness or witnesses pursuant to Fed.R.Civ.P. 30(b)(6) and appear for deposition on a date certain;

b.      Allowing additional discovery in follow up of information obtained through said Fed.R.Civ.P. 30(b)(6) deposition;

c.      Awarding Plaintiff's reasonable costs including attorney's fees incurred in connection with this motion; and

d.        For any other relief this Honorable Court deems appropriate.

Plaintiff submits herewith Plaintiff's Memorandum in Support of Plaintiff Ramon

Gonzalez' Motion to Compel Fed.R.Civ.P. 30(b)(6) Deposition of Defendant Liberty-

Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d) Plaintiff hereby requests that oral argument be heard on

this matter as oral argument may assist the Court in ruling on Defendant's Motion for

Summary Judgment.

Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,

/s/ Jeffrey S. Ahearn____
Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA  02108
(617) 523-7470


/s/ George J. Nader_____
George J. Nader, BBO#549149
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA  01940
(781) 581-9880

**Rule 37(a)(2)(B)  and L.R. 7.1 CERTIFICATION**

Plaintiff's counsel Jeffrey S. Ahearn has in good faith conferred with Corinne E.

Casarino, counsel for Defendant, in an effort to resolve this issue without court action.

> Respectfully submitted,
> Plaintiff Ramon Gonzalez,
> By his attorneys,
>
> /s/ Jeffrey S. Ahearn_____
> Jeffrey S. Ahearn, BBO#558562
> 44 School Street, 6th Fl.
> Boston, MA  02108
> (617) 523-7470

**L.R. 37.1 CERTIFICATION**

Plaintiff's counsel Jeffrey S. Ahearn certifies that the provisions of L.R.37.1 have

been complied with.

> Respectfully submitted,
> Plaintiff Ramon Gonzalez,
> By his attorneys,
>
> /s/_Jeffrey S. Ahearn_____
> Jeffrey S. Ahearn, BBO#558562
> 44 School Street, 6th Fl.
> Boston, MA  02108
> (617) 523-7470

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON GONZALEZ,<br>                    Plaintiff<br>v.<br><br>ASITRADE, AG,<br>BOBST GROUP USA, INC., and<br>LIBERTY-STANDARD, LLC,<br>d/b/a BICKNELL & FULLER SPECIALTY<br>PACKAGING,<br>                    Defendants | )<br>)<br>)<br>)Civil Action No.:04-12609-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF TAKING RULE 30(b)(6) DEPOSITION

To:    Kevin G. Kenneally, Esq.                James E. Harvey, Jr., Esq.
       DONOVAN HATEM LLP                        O'MALLEY AND HARVEY, LLP
       World Trade Center East                 Two Oliver Street, 9th Floor
       Two Seaport Lane                         Boston, MA  02109-4908
       Boston, MA  02210

PLEASE TAKE NOTICE that at 10:00 a.m. on Friday, November 11, 2005, at the office of Jeffrey S. Ahearn, Esq., 44 School Street, 6th Fl. Boston, MA, the Plaintiff, by his attorney, will take the deposition upon oral examination of Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging by a person or persons designated by Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging, who consent(s) to testify on behalf of Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before a Notary Public in the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.  The oral examination will continue from day to day until completed.

The subject matters of the deposition, of which the person or persons so
designated to testify shall have knowledge, are the following:

1.      Whether Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller
Specialty Packaging (hereinafter "Defendant") is a corporation, partnership, sole,
proprietorship or other legal entity, the date and place of incorporation or organization;
date of dissolution or termination; the address of the principal place of business; and the
name and address of any parent, subsidiary or affiliated corporation or partnership.

2.      The incident occurring on or about September 18, 2001 whereby Plaintiff
claims to have suffered the injuries which form the basis of this action (hereinafter the
"incident").

3.      The identity and last known contact information for the owner of the
machine involved in the incident (hereinafter the "machine") as of the date of the
incident.

4.      If Defendant conducted an investigation of the incident and the results of
any such investigation.

5.      The name, last know address and telephone number of all persons
responsible for the maintenance and management of the machine as of the date of the
incident.

6.      The name, last known address and telephone number of each person
having any knowledge of relevant facts related to the incident, the cause thereof, or the
damages resulting therefrom and the substance of each such person's knowledge.

7.      The tasks the operator of the machine must undertake when operating the
machine for its intended uses or purposes and how each such task is to be accomplished
by each operator and whether Plaintiff was operating the machine properly at the time of
the incident.

8.      Any special skill, training or knowledge required or recommended to use
or operate the machine.

9.      Any guards, protectives or safety features of the machine including the
location of any such guard, protective or safety feature; the hazard said guard, protective
or safety feature was intended to protect against; and the method or manner by which said
guard, protective or safety feature operated.

10.     Whether Defendant ever considered or installed any guard, protective or
other safety feature which was not originally included with the machine and for each such
guard, protective or safety feature: the location of any such guard, protective or safety

feature; the hazard said guard, protective or safety feature was intended to protect against; and the method or manner by which said guard, protective or safety feature operated.

11.     Any Occupational Safety and Health Administration investigation regarding the incident including when said investigation occurred; what said investigation consisted of; the findings or results of any such investigation; Defendant's response to said findings; the amount of any fine or penalty as a result of such investigation; and whether any such fine was paid and by who paid any such fine.

12.     Whether Defendant, at any time, identified any hazard associated with the use of the machine and if so: the method of identification; the hazards identified; the name address and position with Defendant of the person who identified the hazards; the dates of any such identifications; whether any such identifications were reported to the Defendant; and whether any of the identifications of hazards were reported to any governmental agency.

13.     Any malfunction or complaint concerning the machine including: the number, type and form (oral or written) of each complaint; the number and type of malfunction or complaint;  the person who notified Defendant of the malfunction or complaint; and what, if any, action was taken as a result of each malfunction or complaint.

14.     Defendant's policies, procedures and practices relating to inspecting, maintaining and repairing the machine during the time period when the incident occurred.

15.     Any education, training and instruction Plaintiff received regarding the machine including: the manner of education, training and instruction: and the name and last known address of the person providing said education, training and instruction.

16.     The location of the machine as of this date including, if the machine is no longer in Defendant's custody, possession or control: any sales price; name and address of purchaser or recipient of the machine; the reason sold, discarded or otherwise disposed of; and the name and address of the person who made the decision to sell, discard or otherwise dispose of the machine.

17.     Any changes, repairs, alterations or additions made to the machine before or after the incident including: the reason for any such changes, repairs, alterations or additions; who made the decision to perform such changes, repairs, alterations or additions; and who made such changes, repairs, alterations or additions.

18.     Defendant's relationship to Plaintiff as of the date of the incident.

19.     As for the worker's compensation insurance policy under which Plaintiff received workers compensation benefits as a result of the incident: the name of the

3

who paid the premium on said policy.

20.     Defendant's relationship to Liberty Diversified Industries, Inc.

21.     Whether any person other than Plaintiff sustained physical injuries from using, operating or maintaining the machine and, if so, for each such physical injury: the name, last known address and telephone number of each such person; the nature of the injury; the alleged cause of the injury; and the date of the injury.

22.     Who designed, manufactured, sold, distributed, installed and maintained the machine.

You are invited to attend and cross-examine.

                              Plaintiff, Ramon Gonzalez
                              By his Attorneys,


                              Jeffrey S. Ahearn, BBO#558562
                              44 School Street, 6th Fl.
                              Boston, MA 02108
                              (617) 523-7470


                              George J. Nader, BBO#549149
                              RILEY & DEVER, P.C.
                              Lynnfield Woods Office Park
                              210 Broadway, Suite 201
                              Lynnfield, MA 01940
                              (781) 581-9880


                         CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via U.S. mail, postage prepaid on _Oct 13_ , 2005.


                              Jeffrey S. Ahearn, BBO#558562
                              44 School Street, 6th Fl.
                              Boston, MA 02108
                              (617) 523-7470

4

## O'MALLEY AND HARVEY, LLP

ATTORNEYS AT LAW

TWO OLIVER STREET

9TH FLOOR

BOSTON, MASSACHUSETTS 02109-4908

JAMES E. HARVEY, JR.
KEVIN D. McELANEY
ANN O'MALLEY
JOHN F. BROSNAN
ALEXANDRA M.H. McPEEK
CORINNE E. CASARINO

JOHN D. CORRIGAN
JOANNE B. ZOBBI
OF COUNSEL

TELEPHONE
617-357-5544
FAX
617-204-3477

CHARLES J. O'MALLEY
(1965-1996)

November 7, 2005

Jeffrey S. Ahearn, Esq.
44 School Street, 6th Floor
Boston, MA  02108

**RE:**   *Ramon Gonzalez V. Asitrade, AG, Bobst Group, USA, Inc., and Liberty-Standard, LLC,*
*d/b/a Bicknell & Fuller Specialty Packaging*
**U.S. District Court C.A. No. 04-12609-RGS**

Dear Jeff:

This letter is to confirm our conversation of this afternoon and your agreement to postpone the 30(b)(6) deposition of Liberty-Standard, LLC scheduled for this Friday, November 11.

Thank you for your courtesy in this matter.

Sincerely,

Corinne E. Casarino

cc: Kevin G. Kenneally, Esq.

## JEFFREY S. AHEARN

ATTORNEY AT LAW

6TH FLOOR
44 SCHOOL STREET
BOSTON, MASSACHUSETTS 02108

(617) 523-7470
FAX (617) 523-6310

March 17, 2006

Corinne E. Casarino, Esq.
O'MALLEY AND HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908

RE:    Gonzalez v. Asitrade, AG, et al.
       U.S. District Court C.A. No.: 04-12609-RGS

Dear Ms. Casarino:

Please find this letter in confirmation of our discussions via telephone of the last several days. On Friday, March 10, 2006 you informed me that you intended to file a motion for summary judgment and were calling pursuant to L.R. 7.1 to see if I would agree to dismiss Plaintiff's claims against your client. I informed you that I believed it was premature for you to file your motion for summary judgment as you had not yet produced a witness for the long ago noticed rule 30(b)(6) deposition of your client. As you recall I agreed to continue said deposition at your request. I have repeatedly asked you to provide me with a date certain to conduct said rule 30(b)(6) deposition. When I expressed concern that the discovery deadline, which had already been enlarged, was approaching you informed me that you would not object to my conducting discovery beyond the deadline. You informed me that you were filing your summary judgment motion as the scheduling order deadline to do so was March 13, 2006. I informed you that I would not object to your filing of the summary judgment motion beyond the filing deadline and again requested a date from you for the 30(b)(6) deposition. You informed me that your office was preparing for a trial and that I should re-notice said deposition for sometime at least two (2) weeks into the future. Based upon this conversation I assumed you would not file your summary judgment motion until I had the opportunity to conduct said 30(b)(6) deposition of your client.

On Monday March 13, 2006 I received notice from the Court that you filed your motion for summary judgment. When I phoned you to discuss this matter I stated I believed our agreement was that you would not file the summary judgment motion until I had the opportunity to conduct the rule 30(b)(6)deposition. You stated that your understanding was the exact opposite. In an attempt to amicably resolve this issue I then requested that we stipulate that I would have an enlargement of time to oppose your summary judgment motion until after the rule 30(b)(6) deposition of your client. You stated that you would check with your partner and get back to me.

On Wednesday March 15, 2006 you informed me that you would not agree to any enlargement of time to oppose your summary judgment motion. You also informed me that you would not produce a witness for a rule 30(b)(6) deposition. You stated that you could not locate a witness. Recently you stated to me the rule 30(b)(6) witness was on call for jury duty and may be available to be deposed in the evening hours. I informed you that I believed your refusal to produces a witness for the properly noticed rule 30(b)(6) deposition which was continued at your request was without basis.

After you informed me that you would not produce a rule 30(b)(6) witness for deposition I asked that you provide me with additional documents, in addition to documents produced to me for the first time as Exhibits attached to your summary judgment memorandum, which appear to exist with regard to the workers' compensation coverage issue. Namely I asked that you provide me with a printout of claims paid under the Liberty Standard policy as well as a copy of the Liberty Diversified Industries worker's compensation policy. You stated you would not. I asked you if Liberty Standard was named on an endorsement on the Liberty Diversified Industries policy. You stated you did not know then you stated that Liberty Standard was not named on an endorsement on the Liberty Diversified Industries workers' compensation policy. I asked you to put this in writing and you refused.

Thank you.

Very truly yours,

Jeffrey S. Ahearn

cc: Kevin Kenneally, Esq.