UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
RAMON GONZALEZ,                     )
        Plaintiff                   )
v.                                  )   Civil Action No.:04-12609-RGS
                                    )
ASITRADE, AG,                       )
BOBST GROUP USA, INC., and          )
LIBERTY-STANDARD, LLC,              )
d/b/a BICKNELL & FULLER SPECIALTY   )
PACKAGING,                          )
        Defendants                  )
_____)
```

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF RAMON GONZALEZ'
MOTION TO COMPEL FED.R.CIV.P. 30(b)(6) DEPOSITION OF DEFENDANT
LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY
PACKAGING</u>**
Pursuant to Fed.R.Civ.P. 37(a) and L.R. 37.1

In support of Plaintiff Ramon Gonzalez' Motion to Compel Fed.R.Civ.P.30(b)(6) Deposition of Defendant Liberty–Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging and pursuant to the requirements of L.R. 37.1(B) Plaintiff states as follows:

1. Discovery conferences were held regarding the issue addressed by Plaintiff's Motion to Compel.

2. On March 13, 2006 in the afternoon and on March 15, 2006 also in the afternoon Plaintiff's counsel Jeffrey S. Ahearn conferred with Defendant's counsel Corinne E. Casarino via telephone regarding, among other things, Plaintiff conducting a Rule 30(b)(6) deposition of Defendant. Plaintiff's position is that Plaintiff is entitled to conduct a Rule 30(b)(6) deposition of Defendant. Defendant's counsel has stated Defendant shall not designate a rule 30(b)(6) deponent and shall not appear for

deposition. The parties were unable to reach agreement on this issue. The issue to be decided by the Court is whether Defendant must designate a witness or witnesses pursuant to Rule 30(b)(6) and appear for deposition.

3. This is an action for personal injuries brought by Plaintiff Ramon Gonzalez. Plaintiff was seriously and permanently injured when his left arm was pulled between the rollers of an industrial machine (hereinafter the "machine") in the usual course of Plaintiff's employment on September 18, 2001. Defendant Asitrade, AG manufactured the machine. Defendant Bobst Group USA, Inc. marketed, sold, distributed, installed and/or serviced the machine. Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging owned the machine.

Plaintiff's Complaint alleges, among other things, Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Defendant") owned the machine, had a duty to provide Plaintiff with a reasonably safe machine and that Defendant breached said duty thereby substantially contributing to the cause of Plaintiff's injuries.

Plaintiff originally noticed Defendant's Rule 30(b)(6) deposition for November 11, 2005. (See Rule 30(b)(6) deposition notice attached to Plaintiff's Motion to Compel as EXHIBIT A.). Plaintiff agreed to postpone said deposition at Defendant's request. (See letter dated November 7, 2005 from Defendant's counsel Corinne E. Casarino attached to Plaintiff's Motion to Compel as EXHIBIT B.) Defendant's counsel has now, after filing Defendant's summary judgment motion, stated Defendant shall not designate a Rule 30(b)(6) witness and shall not appear for deposition. (See letter dated March 17,

2006 from Plaintiff's counsel Jeffrey S. Ahearn attached to Plaintiff's Motion to Compel as EXHIBIT C.)

    4.    The discovery matter raising an issue for the Court is Plaintiff's Rule 30(b)(6) deposition and whether Defendant is justified in refusing to designate a Rule 30(b)(6) witness or witnesses and appear for deposition.

    5.    Plaintiff's position is Plaintiff served a Rule 30(b)(6) deposition notice seeking inquiry into matters nonprivileged, relevant to the subject matter involved and reasonably calculated to lead to the discovery of admissible evidence thus Defendant must designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf and appear for deposition. See Fed.R.Civ.P. 30(b)(6) and Fed.R.Civ.P.26(b)(1).

Based on the foregoing the Court should allow Plaintiff Ramon Gonzalez' Motion to Compel Fed.R.Civ.P.30(b)(6) Deposition of Defendant Liberty–Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging and enter an order for the relief prayed for therein.

    Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,
/s/ Jeffery Ahearn

Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA 02108
(617) 523-7470
/s/ George Nader

George J. Nader, BBO#549149
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA 01940
(781) 581-9880