UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RAMON GONZALEZ,                     )
        Plaintiff                   )
v.                                  ) Civil Action No.:04-12609-RGS
                                    )
ASITRADE, AG,                       )
BOBST GROUP USA, INC., and          )
LIBERTY-STANDARD, LLC,              )
d/b/a BICKNELL & FULLER SPECIALTY   )
PACKAGING,                          )
        Defendants                  )
_____)

**PLAINTIFF RAMON GONZALEZ' RESPONSE TO DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff Ramon Gonzalez and hereby responds to Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's (hereinafter "Defendant") statement of material facts as follows:

1.   Plaintiff agrees with Defendant's material facts in paragraph 1.

2.   Plaintiff disagrees with Defendant's material fact in Paragraph 2 to the extent that Defendant was not a corporation but a limited liability company. (See certified copy of Application for Registration as a Foreign Limited Liability Company indicating Defendant was a foreign limited liability company organized in Minnesota with a date of organization of May 26, 2000 attached hereto as EXHIBIT G.)

3.   Plaintiff agrees with Defendant's material facts in paragraph 3.

4.   Plaintiff disagrees with Defendant's material facts in paragraph 4. Although Plaintiff agrees Defendant has produced documents, some for the first time with its motion for summary judgment, allegedly indicating that Defendant's workers'

compensation policy paid Plaintiff's workers' compensation claim, all documents filed with the Department of Industrial Accidents, including all documents filed by Liberty Mutual Insurance Company, indicate Plaintiff's workers' compensation claim was initiated, administered and paid not under Defendant's workers' compensation policy but under the workers' compensation policy of a separate and distinct entity known as Liberty Diversified Industries, Inc.  (See certified copy of Employer's First Report of Injury or Fatality filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT A; certified copy of Average Weekly Wage Computation Schedule filed with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT B; certified copy of Insurer's Notification of Payment filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT C; certified copy of Insurer's Notification of Termination or Modification of Weekly Compensation During Payment Without Prejudice Period filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT D; certified copy of Insurer's Complaint for Modification Discontinuance or Recoupment of Compensation filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT E; and certified copy of Agreement for Redeeming Liability by Lump Sum Under G.L. CH 152 For Injuries Occurring on or after Nov. 1, 1986 filed with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT F.)

PLAINTIFF SUBMITS THE FOLLOWING ADDITIONAL MATERIAL FACTS:

5.     Plaintiff's workers' compensation benefits as a result of the injuries Plaintiff sustained on September 18, 2001 were paid under a workers' compensation policy issued to a separate and distinct corporate entity known as Liberty Diversified Industries, Inc. and not under any workers' compensation insurance policy issued to Defendant. (See EXHIBITS A-F.)

    Respectfully submitted,
    Plaintiff Ramon Gonzalez,
    By his attorneys,

    /s/ Jeffrey S. Ahearn
    Jeffrey S. Ahearn, BBO#558562
    44 School Street, 6th Fl.
    Boston, MA  02108
    (617) 523-7470

    /s/ George J. Nader
    George J. Nader, BBO#549149
    RILEY & DEVER, P.C.
    Lynnfield Woods Office Park
    210 Broadway, Suite 201
    Lynnfield, MA  01940
    (781) 581-9880