UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
RAMON GONZALEZ,                         )
                Plaintiff               )
v.                                      )Civil Action No.:04-12609-RGS
                                        )
ASITRADE, AG,                           )
BOBST GROUP USA, INC., and              )
LIBERTY-STANDARD, LLC,                  )
d/b/a BICKNELL & FULLER SPECIALTY       )
PACKAGING,                              )
                Defendants              )
_____)


**PLAINTIFF RAMON GONZALEZ' OPPOSITION TO DEFENDANT LIBERTY-STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM**

Now comes the Plaintiff Ramon Gonzalez and hereby opposes Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion for Summary Judgment.

As grounds therefore Plaintiff states as follows:

1.    Defendant is not immune from this lawsuit by Plaintiff under G.L. c.152 because G.L. c.152, s.15 provides immunity from suit only to the insured person employing Plaintiff *and liable for payment of Plaintiff's workers' compensation benefits* (emphasis added). See G.L. c.152, s.15. As there is ample evidence that Defendant was not the insured person liable for payment of Plaintiff's workers' compensation insurance benefits, Defendant is not immune from Plaintiff's suit.

WHEREFORE as there exist genuine issues of material facts Plaintiff Ramon Gonzalez respectfully requests that this Honorable Court deny Defendant Liberty-

Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion for Summary Judgment.

**PLAINTIFF RAMON GONZALEZ' MEMORANDUM IN SUPPORT OF
PLAINTIFF RAMON GONZALEZ' OPPOSITION TO DEFENDANT LIBERTY-
STANDARD, LLC, d/b/a BICKNELL & FULLER SPECIALTY PACKAGING'S
MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This is an action for personal injuries brought by Plaintiff Ramon Gonzalez (hereinafter "Plaintiff"). Plaintiff was seriously and permanently injured when his left arm was pulled between the rollers of an industrial machine (hereinafter the "machine") in the usual course of Plaintiff's employment on September 18, 2001. Defendant Asitrade, AG manufactured the machine. Defendant Bobst Group USA, Inc. marketed, sold, distributed, installed and/or serviced the machine. Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging owned the machine.

Plaintiff's Complaint alleges, among other things, Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Defendant") owned the machine, had a duty to provide Plaintiff with a reasonably safe machine and that Defendant breached said duty thereby substantially contributing to the cause of Plaintiff's injuries. The parties agree that in order for Defendant to be immune from suit by Plaintiff Defendant must satisfy a two-part test as stated in M.G.L. c.152, s.15. As there is ample evidence that Defendant fails one part of said two-part test Defendant is not immune from Plaintiff's suit and Defendant's summary judgment motion must be denied.

## II. ARGUMENT

### A. <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED SINCE GENUINE ISSUES OF MATERIAL FACTS EXIST</u>

A motion for summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court is to examine the materials presented "in the light most favorable to the nonmoving party and indulge in all inferences in that party's favor." <u>Moody v. Boston and Maine Corporation</u>, 921 F.2d 1, 5 (1 Cir. 1990); <u>Casas Office Machines Inc. v. Mita Copystar America, Inc</u>., 42 F.3d 668, 684 (1 Cir. 1994). As there exist genuine issues of material facts as discussed below, Defendant's Motion for Summary Judgment must be denied.

### B. <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE THERE IS A GENUINE ISSUE AS TO WHETHER DEFENDANT IS IMMUNE FROM LIABILITY FOR PLAINTIFF'S INJURIES UNDER G.L. c.152, s. 15</u>

G.L. c. 152, s. 15 permits actions at law for "damages for personal injuries . . . by an employee against any person other than the insured person employing such employee *and liable for payment of the compensation provided by this chapter. . . .*" (emphasis added). G.L. c.152, s.15. G.L. c. 152, s.15 thus creates a two-part test to determine whether Defendant is immune from suit for Plaintiff's injuries. <u>See</u> <u>Numberg v. GTE Transport, Inc</u>., 34 Mass. App. Ct. 904, 904, 607 N.E.2d 1 (1993); <u>Lang v. Edward J. Lamothe Co., Inc</u>., 20 Mass. App. Ct. 231, 232 (1985). Pursuant to G.L. c.152, s.15 in order to gain immunity from suit by Plaintiff Defendant must be both (1) the insured

person liable for the payment of the [workers'] compensation, and (2) the direct employer of the employee. See Numberg, at 904; Lang, at 232. If either part of this two-part test is not satisfied, there is no immunity under G.L. c.152. Id. There is ample evidence that Defendant was not the insured person liable for the payment of Plaintiff's [workers'] compensation thus Defendant fails part one of this two-part test and is therefore not immune from Plaintiff's suit under any section of G.L. c.152.

All documents filed with the Department of Industrial Accidents in connection with Plaintiff's workers' compensation claim show that Plaintiff's workers' compensation claim was initiated and administered in its entirety under a workers' compensation policy issued not to Defendant but to Liberty Diversified Industries, Inc., a separate and distinct corporate entity from Defendant. (See certified copy of Employer's First Report of Injury or Fatality filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT A; certified copy of Average Weekly Wage Computation Schedule filed with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT B; certified copy of Insurer's Notification of Payment filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT C; certified copy of Insurer's Notification of Termination or Modification of Weekly Compensation During Payment Without Prejudice Period filed by Liberty Mutual Insurance Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT D; certified copy of Insurer's Complaint for Modification Discontinuance or Recoupment of Compensation filed by Liberty Mutual Insurance

Company with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT E; and certified copy of Agreement for Redeeming Liability by Lump Sum Under G.L. CH 152 For Injuries Occurring on or after Nov. 1, 1986 filed with the Department of Industrial Accidents in connection with Board No.: 035499-01 attached hereto as EXHIBIT F.)   Thus, as ample evidence indicates Defendant was not the "insured person liable for payment of the compensation provided by G.L.c.152 for the employee's injuries" Defendant is not immune from Plaintiff's lawsuit. See Numberg, at 904-905; Lang, at 232. As there is evidence that Defendant was not the insured person responsible for payment of Plaintiff's workers' compensation benefits Defendant is not immune from Plaintiff's suit and Defendant's Motion for Summary Judgment must be denied.

The mere fact that Liberty Diversified Industries, Inc. may have owned some amount of the stock of Defendant does not change the above analysis as Massachusetts courts have consistently denied immunity to subsidiary or closely affiliated entities which are distinct entities.  See Searcy v. Paul, 20 Mass. App. Ct. 134, 139, 478 NE 2d 1275 (1985).  Defendant and Liberty Diversified Industries, Inc. are separate and distinct entities. (See certified copy of Application for Registration as a Foreign Limited Liability Company indicating Defendant was a foreign limited liability company organized in Minnesota with a date of organization of May 26, 2000 attached hereto as EXHIBIT G and Minnesota Secretary of State Business Organizations Inquiry indicating Liberty Diversified Industries, Inc. is a Minnesota domestic corporation originally filed on September 25, 1972 attached hereto as EXHIBIT H.)

Defendant does not deny that all documents filed with the Department of Industrial Accidents in connection with Plaintiff's workers' compensation claim indicate that Liberty Diversified Industries, Inc., and not Defendant, was the employer or insured person responsible for paying Plaintiff's workers' compensation benefits. Defendant actually admits that payments for Plaintiff's workers' compensation claim were originally charged against Liberty Diversified Industries, Inc.'s workers' compensation policy. (See Defendant's Memorandum in Support of Motion for Summary Judgment at page 5.) Instead, Defendant argues that any evidence that Liberty Diversified Industries, Inc.'s workers' compensation policy paid Plaintiff's compensation was the result of "unfortunate confusion" due to an "error" and points to various documents, some produced to Plaintiff for the first time with Defendant's Motion for Summary Judgment[1], purportedly evidencing said "unfortunate confusion" and "error".  This argument relies on the credibility of Defendant's witnesses or weight of Defendant's evidence in explaining said "unfortunate confusion" and "error" and the Court is not to evaluate credibility of witnesses or weigh evidence in ruling on a motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

---

[1] In support of its summary judgment motion Defendant relies, in part, on documents attached to said motion as EXHIBITS which were not previously produced to Plaintiff.  In addition, *after* filing said summary judgment motion Defendant's counsel informed Plaintiff's counsel that Defendant would not appear for properly noticed Rule 30(b)(6) deposition.  Said deposition having been previously postponed at Defendant's request.  Although such tactics are grounds for plaintiff to file a Rule 56(f) affidavit herewith the evidence as discussed in Plaintiff's opposition establishes a dispute of material facts thus Plaintiff does not file a Rule 56(f) affidavit herewith but simultaneously files herewith Plaintiff's Rule 37(a) Motion to Compel Defendant to designate a Rule 30(b)(6) witness or witnesses and appear for deposition.

**C. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE THERE IS A GENUINE ISSUE AS TO WHETHER PLAINTIFF WAIVED HIS RIGHT TO SUE DEFENDANT UNDER G.L. c.152**

Defendant's final argument that pursuant to G.L. c.152, s.24 Plaintiff waived his right to sue Defendant as Plaintiff failed to give written notice of his intent to sue Defendant ignores the plain language of G.L. c. 152, s.15 which sates:

> "[n]othing in this section, or in section eighteen *or twenty-four* (emphasis added) shall be construed to bar an action at law for damages for personal injuries or wrongful death by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by this chapter for the employee's personal injury or wrongful death and said insured person's employees."

Thus in order to invoke immunity from suit under G.L. c.152, s.24 based upon Plaintiff's alleged failure to give his employer written notice of his intent to sue, Defendant would first have to establish it was both the insured person employing Plaintiff and liable for payment of Plaintiff's compensation. G.L. c.152, s.15. As there is ample evidence as discussed above that Defendant was not the insured entity that paid Plaintiff's compensation, G.L. c.152, s.24 provides no immunity to Defendant from Plaintiff's suit.

## IV. CONCLUSION

For the reasons discussed above, the Plaintiff Ramon Gonzalez respectfully requests that this Honorable Court deny Defendant Liberty-Standard, LLC, d/b/a Bicknell & Fuller Specialty Packaging's Motion for Summary Judgment.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d) Plaintiff hereby requests that oral argument be heard on this matter as oral argument may assist the Court in ruling on Defendant's Motion for Summary Judgment.

Respectfully submitted,
Plaintiff Ramon Gonzalez,
By his attorneys,

/s/ Jeffrey S. Ahearn
Jeffrey S. Ahearn, BBO#558562
44 School Street, 6th Fl.
Boston, MA  02108
(617) 523-7470

/s/ George J. Nader
George J. Nader, BBO#549149
RILEY & DEVER, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 201
Lynnfield, MA  01940
(781) 581-9880

FORM 101

*Debora*

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 101
600 WASHINGTON STREET - 7TH FLOOR, BOSTON, MA 02111

EMPLOYER'S FIRST REPORT OF INJURY OR FATALITY

DIA BOARD NO.:

354990 1

ENTER IF KNOWN

File this form if injury has resulted in death or in 5 or more calendar days of total or partial incapacity from earning wages.

Claim No. WC101-948495   *HOD*

INSTRUCTIONS AND CODES ON THE REVERSE SIDE. PLEASE PRINT OR TYPE:

| | | | |
|---|---|---|---|
| **EMPLOYEE** | 1. Employee's Name (Last, First, MI)<br>GONZALEZ, RAMON | 2. Home Telephone<br>(978) 682-0881 | 3. Social Security Number*<br>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 | 4. Sex<br>M [X]  F [ ] |

**1. Employee's Name (Last, First, MI)** GONZALEZ, RAMON

**2. Home Telephone** (978) 682-0881

**3. Social Security Number*** 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

**4. Sex** M [X]  F [ ]

**5. Home Address (No. and Street, City, State, Zip)**
65 SHAWSHEEN RD
1ST FLOOR
LAWRENCE MA  01843

**6. Marital Status** M [ ]  S [X]

**7. Number of Dependents** 0

**8. Date of Hire (mm/dd/yy)** 03/26/2001

**9. Date of Birth (mm/dd/yy)** 08/31/1957

**10. Average Weekly Wage $** [X] Estimated   [ ] Actual

**11. Employer's Name** LIBERTY DIVERSIFIED INDUSTRIES

**12. Federal Tax I.D. Number**

**13. Employer's Address (No. and Street, City, State, Zip)**
ONE FIRST AVE
PEABODY MA  01960

Mailing Address
FOUR FIRST AVE
PEABODY          , MA 01960

**14. Employer's Telephone** (978) 538-7630

**15. Industry Code**

**16. Workers' Compensation Insurance Carrier (Not Local Agent/Adjuster)** LIBERTY MUTUAL INSURANCE

**17. W. C. Policy Number**

**18. Self-Insured?** [ ] Yes  [X] No

**19. Self-Insurer Number:**

**20. Describe Nature of Business or Article Manufactured (check one)**
[ ] Service  [ ] Wholesale  [ ] Retail  [ ] Manufacturing

**21. Dept. No.**

**Floor No.**

**22. Date of Injury (mm/dd/yy)** 09/18/2001

**23. Location Where Injury Occurred (If Different Than # 13)**
ONE FIRST AVE
PEABODY, MA 01960

**24. Injured on Employer's Premises?** [X] Yes  [ ] No

**25. Employer's Location Code** 210100

**26. If Employee Has Died, Date of Death (mm/dd/yy)**

**27. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy)** 09/19/2001

**28. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yy)** 9/23/01

**29. Source of Injury (Chemicals, Machinery, Etc.)** MACHINE ROLLERS

**30. Describe How Injury/Exposure Occurred (Struck By...Fell From...Exposed To...)**
EMPLOYEE WAS SPEEDING PAPERS WHILE RUNNING MACHINE LT LOWER ARM GOT
CAUGHT BETWEEN WRAP ARM AND PRECONDITIONER ROLLERS.

**31. To Whom Was Injury/Death Reported?** BAXTER, GEORGE
Position:

**32. Date Reported (mm/dd/yy)** 09/18/2001

**33. Date Reported as Work Related (mm/dd/yy)** 09/18/2001

**34. Injury Code(s)** a.   b.   c.

**35. Body Part Code(s)** a.   b.   c.

**36. Description (Left Leg...Lower Back...)**
POSSIBLE FRACTURE OF LEFT LOWER ARM

**37. Witness(es) To The Injury?** [ ] Yes  [ ] No   If "YES" Please Specify.
GONZALEZ, ERASAMO      (978) 573-2532

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
*Claris M. Lydster / COR*
5/24/05

**38. Has Employee Returned to Work?** [ ] Yes  [X] No

**39. Date of Return (mm/dd/yy)**

**40. Employee's Regular Occupation** SINGLE FACE OPE

**40A. Returned to Regular Occupation?** [ ] Yes  [X] No

**41. Preparer for Employer (Please Print or Type)** LAPLANTE, NANCY

**42. Title** HR MGR

**43. Preparer's Signature** *Nancy LaPlante / cgh*

**44. Date Prepared (mm/dd/yy)** 09/19/2001

*Disclosing Social Security Number is voluntary. It will assist in the processing of your report.

REPRODUCE AS NEEDED

20-CSF-7 R5

Form #101 (2/93)

** TOTAL PAGE 12 **
** FORM ...

# The ~~monwealth~~ of Massachu ~~s~~

DEPARTMENT OF INDUSTRIAL ACCIDENTS - Department 117
600 Washington Street - 7th Floor, Boston, Massachusetts 02111

## AVERAGE WEEKLY WAGE COMPUTATION SCHEDULE

FILE

PLEASE PRINT OR TYPE:

| Employer Name and Address | Date (MM/DD/YY): |
|---|---|
| Liberty Diversified Industries | |
| 4 First Ave | Insurer Case File Number |
| Peabody, MA 01960 | 101-948495 |

| Employee Name | Children Under 18 Years Old | Dependents Other Than Children |
|---|---|---|
| Ramon Gonzalez | NO | NO |
| Date of injury (MM/DD/YY) 09/18/01 | First Date of Disability (MM/DD/YY): 09/19/01 | Date Employed (MM/DD/YY): 03/26/01 |

Has Employee been certified by U.S. Veterans Administration for any type of disability?  ☐ Yes  ☑ No

Indicate only those wages earned by the injured employee during the 52 week period immediately preceding the accident. If the injured employee has worked less than 52 weeks, report wages for the time worked and, for the remaining weeks on this schedule, substitute wages of a fellow employee in the same class of employment who has worked for one year or more.

| Week No | Year: 2001 Week Ending Month | Day | Gross Amount Paid Including Overtime | No. of Meals Per Week | Week No | Year: 2001 Week Ending Month | Day | Gross Amount Paid Including Overtime | No. of Meals Per Week | Week No | Year: Week Ending Month | Day | Gross Amount Paid Including Overtime | No. of Meals Per Week |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | 19 | 5 | 05 | 460.00 | | 37 | 9 | 08 | 484.38 | |
| 2 | | | | | 20 | 5 | 12 | 439.88 | | 38 | 9 | 15 | 523.44 | |
| 3 | | | | | 21 | 5 | 19 | 460.00 | | 39 | 9 | 22 | 200.00 | |
| 4 | | | | | 22 | 5 | 26 | 431.25 | | 40 | | | | |
| 5 | | | | | 23 | 6 | 02 | 460.00 | | 41 | | | | |
| 6 | | | | | 24 | 6 | 09 | 437.00 | | 42 | | | | |
| 7 | | | | | 25 | 6 | 16 | 460.00 | | 43 | | | | |
| 8 | | | | | 26 | 6 | 23 | 442.75 | | 44 | | | | |
| 9 | | | | | 27 | 6 | 30 | 460.00 | | 45 | | | | |
| 10 | | | | | 28 | 7 | 07 | 457.13 | | 46 | | | | |
| 11 | | | | | 29 | 7 | 14 | 460.00 | | 47 | | | | |
| 12 | | | | | 30 | 7 | 21 | 460.00 | | 48 | | | | |
| 13 | | | | | 31 | 7 | 28 | 109.25 | | 49 | | | | |
| 14 | 3 | 31 | 460.00 | | 32 | 8 | 04 | 503.13 | | 50 | | | | |
| 15 | 4 | 07 | 460.00 | | 33 | 8 | 11 | 460.00 | | 51 | | | | |
| 16 | | | | | 34 | 8 | 18 | 460.00 | | 52 | | | | |
| 17 | 4 | 21 | 460.00 | | 35 | 8 | 25 | 498.81 | | TOTAL | | | | |
| 18 | 4 | 28 | 460.00 | | 36 | 9 | 01 | 487.50 | | AVERAGE | | | 10,994.52 | |

Was Room Furnished To Employee?  ☐ Yes  ☑ No

Comments

If Tips or Other Benefits Were Earned, Describe and State Value Per Week:

Average Weekly Wage computed above is based on **25** weeks wage data.

THIS IS A TRUE COPY OF THE PAYROLL RECORD OF THE ABOVE NAMED EMPLOYEE OR OF A FELLOW EMPLOYEE IN THE SAME CLASS OF EMPLOYMENT

| Name of Fellow Employee | Employer Preparer's Signature _Pamela J. Georgenes_ | Preparer's Title _Payroll Administrator_ |
|---|---|---|

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
_Elaine M. Lydston/KDR_

20-CSF-139

FORM 103

**COMMONWEALTH OF MASSACHUSETTS**
DEPARTMENT OF INDUSTRIAL ACCIDENTS - DEPARTMENT 103
600 WASHINGTON STREET-7TH FLOOR, BOSTON, MA 02111

BOARD NO.:

*354990L*

ENTER IF KNOWN

### INSURER'S NOTIFICATION OF PAYMENT

FILE THIS FORM WHEN WEEKLY BENEFITS ARE PAID WITHIN 14 DAYS OF INSURER'S RECEIPT OF
A FIRST REPORT OF INJURY OR AN INITIAL WRITTEN CLAIM FOR WEEKLY BENEFITS

**INSTRUCTIONS ARE ON THE REVERSE SIDE. PLEASE PRINT OR TYPE:**

**INSURER**

| 1. Insurance Carrier's name and Address<br>LIBERTY MUTUAL GROUP<br>PO Box 9102<br>Weston, MA  02493-9102 | 2. Self-Insured?  ☐ Yes  ☒ No |
|---|---|
| | 3. Self - Insurer Number: |
| 4. Claims Representative's Name<br>Lois Deharo | 5. Claims Representative's Telephone<br>1-800-762-5026 |

| 6. Insurer's Case File Number<br>101-948495 | 7. Did Insurer Receive First Report<br>of Injury from Employer?   ☒ Yes  ☐ No | 8. Date Received<br>(mm/dd/yy)   09/19/2001 |
|---|---|---|

| 9. Did Insurer Receive a Written Claim for Weekly Benefits from the Employee?   ☐ Yes  ☐ No | 10. Date Received<br>(mm/dd/yy) |
|---|---|

**EMPLOYEE**

| 11. Employee's Name (Last, First, MI)<br>Gonzalez, Ramon | 12. Social Security Number*<br>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 |
|---|---|
| 13. Employee's Address (No. and Street, City, State, Zip)<br>65 Shawsheen Road, 1st Floor, Lawrence, MA 01843 | 14. Date of Birth (mm/dd/yy)<br>08/31/57 |

| 15. Employer's Name<br>Liberty Diversified Industries, Inc. |
|---|
| 16. Employer's Address (No. and Street, City, State, Zip)<br>Attn: Nancy Laplante, 4 First Ave, Peabody, MA 01960 |

**INJURY**

| 17. Date of Injury<br>09/18/2001 | 18. First Date of Total or Partial Incapacity to Earn<br>Wages (mm/dd/yy)   09/19/2001 | 19. Injury Code(s)<br>a. 210    b.    c. |
|---|---|---|
| 20. If Employee has Died<br>Date of Death (mm/dd/yy) | 21. Fifth Date of Total or Partial Incapacity to Earn<br>Wages (mm/dd/yy)   09/23/2001 | 22. Body Part Code(s)<br>a. 315    b.    c. |

| 23. Description (left Leg...Lower Back...)  Possible fracture of left forearm |
|---|

RECEIVED
DIA - CLAIMS
2001 OCT -2  A 10: 22

**COMPENSATION**

24.  ☐ ACCEPTED    ☒ PAID WITHOUT PREJUDICE

Average Weekly Wage: $ _____ 400.00 _____   ☒ Estimated    ☐ Actual
(See M.G.L. Chapter 152, section 1(1) for definition.)

| | | |
|---|---|---|
| Date Insurer Mailed First Payment<br>(mm/dd/yy) _____ 09/26/01 | | Amount Paid to Date:<br>$ _____ 240.00 |
| Paid Through (mm/dd/yy)<br>09/26/2001 | Type of Weekly Compensation | Weekly Compensation Amount |
| | a.  ☒ Temporary, Total Incapacity (s.34) | $ _____ 240.00 |
| | b.  ☐ Permanent & Total Incapacity (s.34 A) | $ _____ |
| | c.  ☐ Partial Incapacity (s.35) | $ _____ |
| | d.  ☐ Dependency Coverage (s.35 A) | $ _____ |
| | e.  ☐ Survivor's Benefits (s.31) | $ _____ |

| 25. Insurer's Signature | 26. Date Prepared (mm/dd/yy)<br>09/26/2001 |
|---|---|

*Disclosing Social Security Number is voluntary.  It will assist in the processing of your report.
REPRODUCE AS NEEDED

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Rydston/KDR
5/20/05

FORM #103 (2/93)

20-CSF-99 R2

**FORM 106**

The Commonwealth of Massachusetts
Department of Industrial Accidents - Department 706
600 Washington Street - 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. -617-727-4900 ext. 470
http://www.state.ma.us/dia

DIA Board #
(If Known):

3549901

## INSURER'S NOTIFICATION OF TERMINATION OR MODIFICATION OF WEEKLY COMPENSATION DURING PAYMENT WITHOUT PREJUDICE PERIOD

CHECK ONE BOX: *TERMINATION* ☐  *MODIFICATION* ☑

FILE ONLY WHEN PAYMENT HAS BEEN MADE WITHIN 14 DAYS. AT LEAST 7 DAYS WRITTEN NOTICE MUST BE GIVEN TO EMPLOYEE OF THE INTENT TO STOP PAYMENTS, UNLESS BASED ON ACTUAL INCOME OF EMPLOYEE

**I N S U R E R**

| 1. Insurance Carrier's Name and Address | 2. Self-insured?: ☐ Yes ☑ No |
|---|---|
| Liberty Mutual Group PO Box 9102, Weston, MA 02493-9102 | If Yes Please Give Self-insurer Number: |

| 3. Name & Address of Insurer's Attorney: | 4. Telephone Number of Insurer's Attorney: |
|---|---|

| 5. Claim Representative's Name: | 6. Claim Representative's Tel. Number & Ext.: |
|---|---|
| Lois Deharo | (800) 762-5026 |

| 7. Insurer's Case File Number: | 8. Did Insurer Receive First Report of Injury (Form 101): |
|---|---|
| 101-948495 | ☑ Yes ☐ No - If Yes - Date Received (mm/dd/yyyy): 09/19/2001 |

**E M P L O Y E E**

| 9. Employee's Name (Last, First, MI): | 10. Employee's Social Security Number*: |
|---|---|
| Gonzalez, Ramon | 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 |

| 11. Employee's Address (No. and Street, City, State, Zip Code): | 12. Date of Birth (mm/dd/yyyy): |
|---|---|
| 65 Shawsheen Road, 1st Floor Lawrence, MA 01843 | 08/31/1957 |
| | 13. Date of Injury (mm/dd/yyyy): 09/18/2001 |

| 14. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy): | 15. Fifth Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy): |
|---|---|
| 09/19/2001 | 09/23/2001 |

| 16. Employer's Name & Address (No. and Street, City, State, Zip code): |
|---|
| Libert Diversified Industries, Inc. 4 First Ave, Attn: Nancy Laplante, Peabody, MA 01960 |

| 17. Employer's Federal Tax ID #: | 18. Employee Returned to Work: ☐ Yes ☐ No  (If Yes - 7 days written notice not required) |
|---|---|
| | If Yes - Date Return (mm/dd/yyyy): Employee's Income $ |

**G R O U N D S**

19. Specify grounds for termination and give a brief statement of the specific facts supporting the grounds for termination. Failure to do so may cause loss of defenses under M.G.L. c 152, Sections 7(1) and 7(2).

A. ☐ No Personal Injury _____
B. ☐ No Injury Arising Out of and in the Course of Employment _____
C. ☐ No Disability _____
D. ☐ No Casual Relation Between Personal Injury and Disability _____
G. ☐ Lack of Jurisdiction _____
X. ☐ Lack of Notice _____
Y. ☐ Late Claim _____
H. ☐ Other (Specify) _____
Use additional space on back of form if needed.

| 20. Last Date Through Which Payment Will Be Made (mm/dd/yyyy): | 21. Date of Notification of Termination or Modification to the Employee (mm/dd/yyyy): 10/05/2001 |
|---|---|

22. If this is a Modification rather than a Termination, please state the grounds and factual basis for the Modification and the prior rate(s) of weekly compensation paid and the Modification rate(s) of weekly compensation.     *Basis for Modification (use reverse side if needed).*

| Prior Rate(s): | $ 240.00 | $ _____ | Employee's benefits are being modified |
|---|---|---|---|
| Modified Rate(s): | $ 269.86 | $ _____ | based on receipt of wage statement. |

| 23. Insurer's Signature: | 24. Date Prepared (mm/dd/yyyy): 10/05/2001 |
|---|---|

*Disclosure of Social Security Number is Voluntary.  It will aid in the processing of documents. Please Print Clearly or Type.  Unreadable forms will be returned.

Form 106 - Revised 9/2001 - Reproduce as needed.

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
Elaine M. Lydeton/KBR

20-CSF-102 R2

FORM 108



### The Commonwealth of Massachusetts
### Department of Industrial Accidents – Department 108
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass.  Outside Mass. - 617-727-4900 ext. 470
http://www.state.ma.us/dia



DIA BOARD #
(If Known):

354990

## INSURER'S COMPLAINT FOR MODIFICATION,
## DISCONTINUANCE OR RECOUPMENT OF COMPENSATION

**CHECK ONE BOX:**  ☐ *MODIFICATION*    ☑ *DISCONTINUANCE*    ☐ *RECOUPMENT*

INSURER **MUST** SEND A COPY OF THIS NOTICE TO THE EMPLOYEE AND THE EMPLOYEE'S REPRESENTATIVE

| | | |
|---|---|---|
| **I N S U R E R** | 1. Insurance Carrier Name and Address:<br>Liberty Mutual Group<br>PO Box 9102, Weston  MA  02493-9102 | 2. Self-insured?:  ☐ Yes  ☑ No<br>If Yes Please Give Self-insurer Number: |
| | 3. Name & Address of Insurer's Attorney: | 4. Telephone Number of Insurer's Attorney: |
| | 5. Claim Representative's Name:<br>LOIS DEHARO | 6. Claim Representative's Tel. Number & Ext.:<br>(800) 762-5026                    27420 |
| | 7. Insurer's Case File Number:<br>WC101-948495 | 8. Did Insurer Receive First Report of Injury (Form 101):<br>☑ Yes  ☐ No If Yes - Date Received (mm/dd/yyyy):<br>09/19/2001 |

| | | |
|---|---|---|
| **E M P L O Y E E** | 9. Employee's Name (Last, First, MI):<br>GONZALEZ, RAMON | 10. Employee's Social Security Number*:<br>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 |
| | 11. Employee's Address (No. and Street, City, State, Zip Code):<br>525 ESSEX STREET - PMB #1143, LAWRENCE, MA. 01841 | 12. Date of Birth (mm/dd/yyyy):<br>08/31/1957 |
| | 13. Date of Injury (mm/dd/yyyy):<br>09/18/2001 | 14. First Day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):<br>09/19/2002 |
| | 15. Name, Address & Telephone Number of Employee's Attorney:<br>DAVID J. RHEIN<br>100 STATE STREET - 6TH FLOOR<br>BOSTON, MA. 02109<br>Tel. Number -   (617) 523-6250 | |
| | 16. Employer's Name & Address (No. and Street, City, State, Zip Code):<br>LIBERTY DIVERSIFIED INDUSTRIES<br>FOUR FIRST AVENUE<br>PEABODY, MA. 01960 | |

| | | |
|---|---|---|
| **G R O U N D S** | 17. This is the Insurer's Request to MODIFY Weekly Compensation | ☐ Attach Proper Document under 452 CMR 1.07(J) |
| | This is the Insurer's Request to DISCONTINUE Weekly Compensation | ☑ Attach Proper Document under 452 CMR 1.07(J) |
| | This is the Insurer's Request to RECOUP Weekly Compensation | ☐ Attach Proper Document under 452 CMR 1.07(K) |
| | 18. Give Specific Basis for Complaint (continue on reverse side if necessary):<br>BASED ON DR. DUFF'S IME OF 8/8/02 WHICH FINDS THAT THE EMPLOYEE IS CAPABLE OF RETURNING TO WORK. | |
| | 23. Insurer's Signature:<br>*Lois Deharo Clm* | 24. Date Prepared (mm/dd/yyyy):<br>08/16/2002 |

*Disclosure of Social Security Number is Voluntary.  It will aid in the processing of documents.  Form 108 - Revised 11/2001 - Reproduce as needed.
Please Print Clearly or Type.  Unreadable forms will be returned.

20-CSF-104 R2

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
*Claire M. Lyddeton/KDR*



**FORM 117**

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

**AGREEMENT FOR REDEEMING LIABILITY**
**BY LUMP SUM UNDER G.L. CH. 152**
**FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986**

DIA Board #
(If Known):

35499–01

Page 1 of 2
*Please Print or Type*

EMPLOYEE   Ramon Gonzalez

**LUMP SUM AMOUNT** $ 27,500.00

EMPLOYER   Liberty Diversified

TOTAL DEDUCTIONS $ 4,000.00

INSURER   Liberty Mutual Insurance

NET TO CLAIMANT $ 23,500.00

BOARD NUMBER   35499–01

TOTAL PAYMENTS $ 46,500.00
(Weekly benefits plus lump sum)

DATE OF INJURY   9–18–01

## CHECK WHERE APPLICABLE

( x )   Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(  )   Liability has **NOT** been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( x )   In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

(  )   The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

| | NAME | ADDRESS |
|---|---|---|
| 1. $ 2,667<br>Attorney's Fee | Fairburn & Dike | 234 Essex St. Lawrence, MA 01840 |
| 2. $ 1,333.00<br>Attorney's Expenses | Mitchell Garabedian | 100 State St. Boston, MA 02109 |
| | (Please attach documentation) | |
| 3. $ N/A<br>Liens | (Please attach discharges) | |
| 4. $ N/A<br>Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | | |
| 7. $ | | |

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
**APPROVED**
JAN 29 2003

A TRUE COPY BY PHOTOSTATIC PROCESS ATTEST:
DEPARTMENT OF INDUSTRIAL ACCIDENTS
*Elaine M. Lydston/KOR*
5/24/05   (OVER)

by
Administrative Judge
in Accordance with Mass. G.L.c. 152

Form 117   Revised 8/2001

EMPLOYEE MEDICAL INFORMATION:

Age __45__ No. of Dependents __0__ Average Weekly Wage $ 440.77 Compensation Rate $_____

Social Security No.*: 020 - 849465 Occupation Machine Operator Educational Background 8th grade

On Social Security: YES ( ) NO (x)

On Public Employee Disability Retirement: YES ( ) NO (x)

DIAGNOSIS __crush injury to left__ PRESENT MEDICAL CONDITION __End result with period__

__arm, shoulder injuries__ Treatment

Present Work Capacity: Limited & use of minor Third Party Action Pending

__arm__

**PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS
IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):**

See Attachment "A"

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
A P P R O V E D
JAN 2 9

(Please attach a separate sheet if necessary.)

Received of __Liberty Mutual Insurance__ the Lump Sum of Twenty Seven thousand,

__five hundred__ dollars and __No__ cents ($ 27,500 ) in accordance with Mass. G.L. c. 152

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers'
Compensation Act, for all injuries received by __Ramon Gonzalez__

on or about __9-18-01__ while in the employ of __Liberty Diversified Industries__

_____. I fully understand that after all of the deductions herein I will receive

$ __23,000.00__ . I am fully satisfied with and request approval of this settlement. This agreement

has been translated for me into my native language of __english__ .

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| **CLAIMANT:** | Ramon Gonzalez | ~~65 Shawsheen Rd.~~ C/o Herbert Mike Lawrence, MA Below | 01843 |
| **CLAIMANT'S COUNSEL:** | | 234 Essex St. | 01840 |
| **INSURER'S COUNSEL:** | | Lawrence, MA ON E Penn Ct Suite Andvr MA 01811 | |
| **Signed this** | _____ day of __January__ | | 2003 |

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

EMPLOYEE: RAMON GONZALEZ
EMPLOYER: LIBERTY DIVERSIFIED INDUSTRIES
INSURER:   LIBERTY MUTUAL INSURANCE
DOI:       9-18-01
DIA#:      35499-01

## ATTACHMENT "A" TO LUMP SUM AGREEMENT

Now come the parties asking this Honorable Court to approve the attached lump sum agreement. As reasons therefore the employee states as follows:

The Employee, Ramon Gonzalez, is a forty-five year old man, educated through the 8th grade in his native country of Dominican Republic. He immigrated into the United States in 1980 and taught himself English. He is a fluent speaker of English but has only a limited ability to read and write in that language. Upon coming to the United States he worked as a factory worker for Cardinal Shoe. He remained employed at Cardinal Shoe for approximately twenty years until the factory closed down. Thereafter, on March 26, 2001, he became employed at The Employer, Liberty Diversified Industries, as a Machine Operator. He has worked no other job in the United States.

On September 18, 2001 Mr. Gonzalez was working his normal job at the Employer when his left arm was caught in the intake rollers of his machine. The rollers pulled his arm into the machine causing sever crush injuries to his left wrist and arm. The twisting of his arm in the machine also injured his left shoulder. After being extricated from the machine Mr. Gonzalez was taken directly to a local hospital and ultimately his care was transferred to the Massachusetts General Hospital in Boston.

The Insurer commenced payments without prejudice but ultimately the Insurer accepted liability by continuing his payments beyond the 180-day period. On August 8, 2002 the Insurer had an Independent Medical Exam performed by John F. Duff, M.D. He opined that the Mr. Gonzalez had recovered well from his injuries and the subsequent surgeries he endured. Doctor Duff concluded that it would be appropriate for Mr. Gonzalez to attempt to return to the workforce with limitations. He further opined that Mr. Gonzalez would suffer some permanent impairment from the injury but did not quantify this in a percentage of loss of function pursuant to the AMA guidelines.

At about the same time period Mr. Gonzalez new treating physician at Massachusetts General Hospital, Dr. Phani Dantuluri, released him to p.r.n. care. Essentially indicating that Mr. Gonzalez was at an end result unless further complications arose. Based on these reports the Employee was entered into a vocational re-training program. Presently Mr. Gonzalez is in the early stages of this program, which includes

This settlement nets the Employee twenty-three thousand, five hundred dollars
($23,500.00). This amount represents over one and one half years of additional
temporary total benefits. In fact this amount represents nearly the entire remaining s.34
exposure. Procedurally the Insurer has moved for a modification of benefits. Based upon
the aforementioned medical records it is anticipated that Mr. Gonzalez' benefits would
have been reduced at Conference and this matter would have been extensively litigated.

The settlement proceeds are to be based upon Mr. Gonzalez' life expectancy
pursuant to Sciarrota v. Bowden . Pursuant thereto this settlement represents a lifetime
monthly income of forty-one dollars and thirty-five cents ($41.35). This is calculated as
follows:

| | |
|---|---|
| Total Settlement | $27,500.00 |
| Less | |
| | |
| Legal Fees & Liens | $ 4,000.00 |
| Loss of Function Award | $ 7,500.00 |
| | |
| Indemnity Award | $ 16,000.00 |

At forty-five years of age Mr. Gonzalez has a life expectancy of approximately forty
years. As such for the purposes of Social Security offset provisions his indemnity award
is equal to a monthly lifetime award of forty-one dollars and thirty-five cents ($41.35)
pursuant to Sciaratta, *Ibid.*

Given the above information the Employee believes that this settlement is in his
best interest and respectfully requests that this Honorable Court approve it. Please Send
Employee's Check C/o Herbert C Dike.

_____
Employee

_____
Employee Counsel

_____
Insurer's Counsel

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION.

APPROVED

JAN 2 9 2003

by
Administrative    Judge
in Accordance with Mass. G.L.c. 152

**FORM 116C**

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 116C**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board #
(If Known):

35499-01

# LIEN DISCLOSURE FORM
## TO BE COMPLETED BY THE EMPLOYEE

I, _____Ramon Gonzalez_____ ,

(Print Name)

hereby certify that, to the best of my knowledge, there are no outstanding
liens or claims for reimbursement out of the proceeds of my workers'
compensation settlement by the Department of Transitional Assistance,
Department of Revenue Child Support Enforcement Unit, Veterans
Services, prior counsel, or any medical, dental, hospital or disability
income provider. My workers' compensation DIA Board number(s)
is (are): 35499-01 _____

*SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.*

_Ramon Gonzals_
**Signature of Employee**

65 Shawsheen Rd. Lawrence, MA 01843
**Address of Employee**

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
**Social Security Number***

1-28-03
**Date**

*Disclosure of Social Security Number is voluntary. It will assist in the processing of this document.

Reproduce as needed.                                  FORM 116C Revised 8/2001

JAN 28 '03 09:02 FR LAW OFFICES          978 685 6984 TO 19786833137      P.02/02
28.JAN.2003 ᴊ410Case 1:04-cv-12609-RGS   Document 45-7   Filed 03/25/2006   Page 6 of 7
JAN.27.2003  4:05PM  LDI  ᵃᴄᴄOUNTING                          ᴾ NO.635    P.2/2
JAN 18 2003 1:54PM  HP LASERJET 3200                                       P. 2
LMG              1/18/2003 10:08   PAGE  3/3   RightFax

FORM 116A

<div style="border:1px solid">
DIA BOARD NO:

ENTER IF KNOWN
</div>

### THE COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF INDUSTRIAL ACCIDENTS
### DEPARTMENT 116A
#### 600 WASHINGTON STREET - 7TH FLOOR
#### BOSTON, MA 02111

I, _Stephen Richardson_ , sole proprietor/partner/corporate

officer of _Liberty Diversified Industries_

Company of _Liberty Diversified Industries_ .

_New Hope_ . _Minnesota_
(city)                                       (state)

experience-modified insured of _Liberty Mutual Insurance_
(insurer)

Company, hereby consents to the payment of a lump sum settlement in the gross amount

of $ _27500.00_ in the workers' compensation

case of _Ramon Gonzalez  (WC101-948405)_ . The terms of such

settlement are more fully set forth in the attached lump sum agreement.

Signed this _27th_ day of _January_ .

Year _2003_ , pursuant to the provisions of Section 48 of Chapter 152 of the General Laws of

Massachusetts as most recently amended by Section 74 of Chapter 398 of the Acts of 1991.

_(signature)_

REPRODUCE AS NEEDED

20-CSP-125

FORM 116A (2/93)

Form 116B

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 116B**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line (800) 323-3249 ext. 470 in Mass.  Outside Mass. - (617) 727-4900 ext. 470
http://www.state.ma.us/dia

DIA Board #
(If Known):

# ADDENDUM TO LUMP SUM SETTLEMENT AGREEMENT
## PURSUANT TO M.G.L. c. 398 § 75 OF THE ACTS OF 1991,
### EFFECTIVE DECEMBER 23, 1991 - VOCATIONAL REHABILITATION STATUS

Employee Name: Ramon Gonzalez          Board #: 0354990/

**PART A**
Written consent of the Office of Education and Vocational Rehabilitation is not required as a
condition precedent to the validity of the lump sum agreement where:

**PLEASE CHECK ONE:**

☐ No determination has been made with respect to the employee's suitability for vocational
rehabilitation pursuant to G.L. c. 152, § 30G.

☐ The employee has been found unsuitable by the Office of Education and Vocational
Rehabilitation for vocational rehabilitation pursuant to G.L. c. 152, § 30G.

☐ The employee has returned to continuous employment for a period of six months or more.

☐ The employee has completed an approved rehabilitation plan.

Signed this _____ day of _____ 20___.

SIGNATURE                                    ADDRESS

CLAIMANT

CLAIMANT'S COUNSEL

INSURER'S

**PART B**
Where the employee has been found suitable for vocational rehabilitation services pursuant to G.L. c. 152, § 30G and
has not returned to continuous employment for a period of six or more months or completed an approved
rehabilitation plan, the Office of Education and Vocational Rehabilitation may nevertheless consent in writing to the
lump sum, or an administrative law judge or administrative law judge, by order or decision may authorize such
agreement. G.L. c. 152, § 48 (3). "Any employee who receives a [lump sum] amount in violation of [§ 48(3)] shall
have the right to re-open his or her claim for compensation." Id.

**PART C**
Please note that when liability is established, the lump sum agreement shall not redeem liability for the payment of
medical benefits or vocational rehabilitation benefits with respect to such injury. An employee may seek vocational
rehabilitation within two (2) years of perfection of the lump sum settlement. G.L. c. 152, § 48 (2).

Consented to: Robert P. Demeter                    Date: Jan. 29, 2003
                 Office of Education and Vocational Rehabilitation

OEVR Comments: The insurer agrees to fund all necessary reasonable
services pursuant to the development of an Individual Written
Rehabilitation Plan.

Order/Decision: _____
                 Administrative Judge/Administrative Law Judge

                                          FORM 116B Revised 7/2001



**APPLICATION FOR REGISTRATION
AS A FOREIGN LIMITED LIABILITY COMPANY**
(Massachusetts General Laws, Chapter 156C, Section 48)

To the State Secretary
Commonwealth of Massachusetts

Federal Employer
Identification Number
41-1973115

1) The name of the foreign limited liability company (hereinafter referred to as the "company")  Liberty-Standard, LLC

   The name, if different than the aforesaid name, under which the company proposes to do business in the Commonwealth of Massachusetts is _____

2) The jurisdiction where the company was organized is ___Minnesota___ and the date of its organization is _May 26, 2000_

3) The general character of the business the company proposes to do in the Commonwealth of Massachusetts is ___manufacture and sale of laminated paper packaging___

4) The address of the principal office of the company, wherever located, is _____
   5600 North Highway 169, Minneapolis, MN 55428

5) The company has no managers.

6) The address of the company's principal office in the Commonwealth of Massachusetts, if any, is _____One 1st Avenue, Peabody, MA 01960

51220/1

1

4

7) The name and address of the company's resident agent in the Commonwealth of Massachusetts is _____ CT Corporation System, 101 Federal Street, Boston, MA 02110 _____

8) The company has no specific date of dissolution.

9) The name of each person authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property, whether to be recorded with a registry of deeds or a district office of the land court, is _____
  _____ Michael Fiterman, David Lenzen, Stephen Richardson
  _____ Steven Levkoff, Jeff Appleman

　　　IN WITNESS WHEREOF AND UNDER THE PENALTIES OF PERJURY, the person whose signature appears below, does hereby affirm and execute thus document as an authorized person this _____ 7th _____ day of _____ June _____ , 2000.

Name and Title
David Lenzen, Secretary

31328/1                                    2

# State of Minnesota

# SECRETARY OF STATE

### CERTIFICATE OF GOOD STANDING

I, Mary Kiffmeyer, Secretary of State of Minnesota, do certify that: the limited liability company listed below is a limited liability company formed or registered to do business under the laws of Minnesota; the limited liability company was formed by filing an application for a certificate of authority with the Office of the Secretary of State on the date listed below; the limited liability company is governed by Chapter 322B of Minnesota Statutes; and this limited liability company is authorized to do business as a limited liability company at the time this certificate is issued.

**Name: LIBERTY-STANDARD, LLC**

**Date Formed or Registered: 05/26/2000**

**State of Organization: Minnesota**

This certificate has been issued on May 26, 2000.



*Mary Kiffmeyer*
Secretary of State

709392

Cu.# 1004

The Commonwealth of Massachusetts
Limited Liability Company
(General Laws, Chapter 156C)

Filed this ___8th___ day ___June___ 2000.

A TRUE COPY ATTEST

_William Francis Galvin_
WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE 6/05  CLERK ___

$10.00

_William Francis Galvin_

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH

CT
_____
_____
_____
Phone:_____

# Minnesota
## Secretary of State Online Access
PRO*file*

DA Home   UCC   Business Services   Account   Session Briefcase   Help/FAQs   About   Login

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 2E-156 | **Entity Type:** | Domestic Corporation |
| **Original Date of Filing:** | 9/25/1972 | **Entity Status:** | Active |
| **Chapter:** | 302A | **Good Standing:** (date of last annual filing) | 2002 |
| **Duration:** | PERPETUAL | | |
| **Name:** | Liberty Diversified Industries, Inc. | | |
| **Address:** | 5600 N Hwy 169 Mpls, MN, 55428 | | |

**(Principal Executive Office Address)**

[ Additional Entity Detail ]    [ Return to Search List ]    [ New Search ]

---

DA Home | OSS Home | Contacts | Privacy Policy | Terms & Conditions

Use of this site and services indicates your acceptance of the Terms & Conditions of Use.
©Copyright 2001 , Minnesota Office of the Secretary of State. All Rights Reserved.