UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
RAMON GONZALEZ,                          )
            Plaintiff                    )
v.                                       )Civil Action No.:04-12609-RGS
                                         )
ASITRADE, AG,                            )
BOBST GROUP USA, INC., and               )
LIBERTY-STANDARD, LLC,                   )
d/b/a BICKNELL & FULLER SPECIALTY        )
PACKAGING,                               )
            Defendants                   )
                                         )

## PETITION FOR APPROVAL OF
## THIRD PARTY SETTLEMENT UNDER G.L. c.152, s.15

Ramon Gonzalez: Plaintiff/Employee
Liberty-Standard, LLC d/b/a Bicknell & Fuller Specialty Packaging: Employer
Liberty Mutual Insurance Company: Workers' Compensation Insurer
Asitrade, AG, Bobst Group USA, Inc. and Liberty-Standard, LLC d/b/a Bicknell & Fuller
Specialty Packaging: Third Parties
~~Liberty Mutual Insurance Company: Third Party Insurer (Liberty-Standard, LLC d/b/a
Bicknell & Fuller Specialty Packaging)~~
Date of Injury: September 18, 2001
Board No.: 3549901

Now come the parties to this action and pursuant to M.G.L. c.152, s.15 petition
that this Honorable Court approve the settlement reached by the parties. The parties have
agreed to settle all claims to this action for the sum of **ONE HUNDRED SEVENTY
EIGHT THOUSAND DOLLARS ($178,000.00)** to be paid to the Plaintiff by the
Defendants. Following are the terms and conditions of the settlement.

1.The plaintiff/employee and the workers' compensation insurer are entitled to a hearing
before the board or the reviewing board acts on the petition. Do the parties:

        ___   Request such a hearing?
        _X_   Waive their right to a hearing?

2.Descrbe in detail the accident, event, incident or series of incidents which form the
basis of the workers' compensation claim and the third party claim.

        On or about September 18, 2001 while performing his usual job duties at Liberty-
Standard LLC d/b/a Bicknell & Fuller Specialty Packaging (hereinafter "Bicknell &

Fuller") in Peabody, Massachusetts, Ramon Gonzalez' left arm was pulled between two rollers of a paper corrugating machine (hereinafter "the Machine"). As a result Mr. Gonzalez sustained a crush injury to his left hand, wrist, forearm and elbow. Asitrade AG designed and manufactured the Machine. Bobst Group USA, Inc. (hereinafter "Bobst") marketed, sold, distributed, installed and/or serviced the Machine. The employer, Bicknell & Fuller owned the Machine.

3.Briefly describe the injuries and course of medical treatment.

Although Mr. Gonzalez suffered no broken bones as a result of this incident, as a result of having his left arm pulled between the rollers of the Machine Mr. Gonzalez suffered a crush injury requiring the following treatment:

1. Left forearm and hand compartment releases and left carpal tunnel release on September 18, 2001;
2. I&D of left forearm wounds and closure of left hand fasciotomies on September 21, 2001; and
3. I&D and split thickness skin graft of left upper and lower forearm from left thigh area on September 25, 2001.

Mr. Gonzalez was hospitalized from September 18, 2001 through October 2, 2001 at Massachusetts General Hospital. Upon discharge from Massachusetts General Hospital Mr. Gonzalez was followed initially at home by visiting nurses as well as the orthopedic department of Massachusetts General Hospital. Mr. Gonzalez underwent physical therapy and was discharged from care on August 9, 2002, approximately eleven (11) months post injury. Mr. Gonzalez has permanent scarring and disfigurement to his left forearm and elbow as well as his skin graft donor site at his left hip area. An independent medical examiner opined that Mr. Gonzalez could return to work with some limitation as of August 8, 2002. Mr. Gonzalez actually returned to work (not at Bicknell & Fuller) as of July 2003 and has been employed continuously since that time.

4. Set out the periods of incapacity.

Mr. Gonzalez was temporarily totally disabled from September 18, 2001 through August 8, 2002.

5. Set out the amounts paid by the workers' compensation insurer under the following sections of c.152.

| s.30 | $28,973.55 | s.34B | $0 |
|------|-----------|-------|-----|
| s.31 | $0 | s.35 | $0 |
| s.33 | $0 | s.36 | $0 |
| s.34 | $49,957.53 | s.48 | $0 |
| s.34A | $0 | Other | $0 |

6. Why is settlement advisable?

The third party claim has been extensively litigated (Gonzalez v. Asitrade, AG ,et al., United States District Court Civil Action No.: 04-12609-RGS) and was scheduled for trial on October 10, 2006. It is anticipated that Defendants Asitrade and Bobst would present expert witness testimony that the Machine was not defective in design or instruction and that Mr. Gonzalez' accident occurred due to the unforeseeable misuse of the machine at Bicknell & Fuller, i.e., threading stock through the Machine while the rollers were turning under power. Mr. Gonzalez also named his employer Bicknell & Fuller as a defendant in the third party lawsuit as although Bicknell & Fuller was Mr. Gonzalez' employer it appeared that a different entity was the named insured on documents filed with the Department of Industrial Accidents in connection with Mr. Gonzalez' workers' compensation claim thus Bicknell & Fuller would not be entitled to immunity from suit under G.L. c.152. Defendant Bicknell & Fuller was expected to offer evidence that Mr. Gonzalez' worker's compensation claim was, through administrative error, initially associated with the worker's compensation policy of another closely related company but that once the error was discovered the claim was associated with the Defendant Bicknell & Fuller's policy thus entitling Defendant Bicknell & Fuller to immunity from this suit.

Settlement is advisable in light of the risk associated with the liability aspect of the case. Mr. Gonzalez shall receive $80,000.00 after all expenses and legal fees are paid which is fair based upon the liability and injuries. Mr. Gonzalez also wishes to resolve this matter and put this matter behind him.

7.What is the total amount of the proposed third party settlement?

$178,000.00

8.For purposes of s.15, "excess" means the amount by which the gross tort settlement exceeds the total amount of compensation paid. What, if any, is the amount of the "excess"?

| Gross Settlement | (1) $178,000.00 |
| Less: Any allocation to family members | (2) $0 |
| | |
| Subtract (2) from (1) and enter result | (3) $178,000.00 |
| | |
| Less: Total compensation payments (from #5 above) | (4) $78,931.08 |
| Subtract (4) from (3) to arrive at the "excess", if any | (5) $99,068.92 |

9. How much, if any, of the proposed third party settlement will be allocated to the plaintiff/employee's family, or next of kin, who have claims arising from the injury?

| Allocation for family members | (1) $0 |
| Less; legal fee and expenses from this allocation | (2) $0 |

3

Net payment to family members                    (3) $0

10. After any allocation to family members [from #9(1)], how will the third party settlement be apportioned among the plaintiff/employee, the workers' compensation insurer, and plaintiff counsel?

| | |
|---|---|
| Plaintiff/Employee: | $80,000.00 |
| Workers' Compensation Insurer: | $48,153.95 |
| Legal fee: | **$49,846.05 (reduced from $59,333.33)** |
| Legal costs: | $7,549.14 **(waived)** |
| TOTAL: | $178,000.00 |

11. What percentage of the gross settlement is payable to plaintiff counsel under the terms of the contingent fee agreement (i.e. $59,333.33 fee plus $7,549.14 waived costs = $59,333.33 total. When this total is divided by the gross tort settlement ($178,000.00), the result = 33 1/3 %).

33 1/3 % of the gross settlement, or $59,333.33 is payable to plaintiff counsel under the terms of the contingent fee agreement. Plaintiffs' counsel has reduced his legal fee from $58,333.33 to $49,846.05 and waived expenses in order that plaintiff/employee may receive $80,000.00 of the third party settlement proceeds.

12. G.L. c.152, s.15 provides that the "…attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively…" How will legal fees and costs be apportioned?

| Legal Fee | | Costs (if any) |
|---|---|---|
| Paid by Plaintiff/employee: | $31,116.36 | waived |
| Paid by Comp Insurer: | $18,729.69 | waived |
| TOTAL FEE: | $49,846.05 | TOTAL COSTS: $7,549.14 waived |

13. **Unless the parties have agreed otherwise**, the amount of plaintiff/employee's recovery to be offset against any future c.152 payments to the employee is determined by subtracting the plaintiff/employee's legal fees and costs [$31,116.36] from the statutory excess [$99,068.92]. What amount, **if any**, will be offset against any future c.152 payments to the employee?

$80,000.00.

14. In the event the plaintiff/employee establishes entitlement to future c.152 compensation payments, set out the agreement between the plaintiff/employee and the workers' compensation insurer with regard to reimbursement of the employee's

proportionate share of counsel fees and expenses as provided by Hunter v. Midwest Coast Transport, Inc. et al., 400 Mass 779 (1987).

The insurer will pay 33 1/3 % of any future c.152 benefits until the plaintiff/employee has been reimbursed for his share of attorney's fees and costs in the amount of $31,116.36 and the workers' compensation insurer has exhausted its offset of $80,000.00. Thereafter, the workers' compensation insurer will pay 100% of any c.152 benefits which become due.

15. List any amounts paid or payable to the plaintiff/employee by the Workers' Compensation Trust under the provisions of G.L. c.152, s.65 subsections:
(2)(d)  payment of vocational rehabilitation benefits under G.L. c.152, s.30H

(2)(e)  payment of approved claims to employees of uninsured employers

(2)(f)  payment of approved fellow-worker claims under G.L. c.152, s.26

   None.

16. List any amounts paid or payable to the workers' compensation insurer by the Workers' Compensation Trust Fund under G.L. c.152, s.65 subsections:

(2)(a)  reimbursement of cost of living adjustments under G.L. c. 152, ss.31, 34A

(2)(b)  reimbursement of adjustments to weekly benefits under G.L. c.152, s.35C

(2)(c)  reimbursement of payments relating to second injuries under G.L. c.152, s. 37

(2)(g)  reimbursement of payments relating to second injuries under G.L. c.152, s.37A

   None.

17. a.  If expenses are being reimbursed attach receipted bills or appropriate proof of payment.

   Expenses waived.

17. b.  If the workers' compensation case has been settled, or is proposed for settlement, attach a copy of the lump sum agreement.

   See approved lump sum agreement attached hereto as EXHIBIT A.

17. c.  Attach a copy of the contingent fee agreement or explain the absence of such an agreement.

   See contingent fee agreement attached hereto as EXHIBIT B.

5

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ⁀ℓ DAY OF
SEPTEMBER , 2006

Plaintiff/Employee
Ramon Gonzalez
525 Essex Street
Lawrence, MA 01841
(978) 794-8192

Attorney for Plaintiff/Employee
Jeffrey S. Ahearn, BBO# 558563
44 School Street, 6ᵗʰ Fl.
Boston, MA 02108
(617) 523-7470

Representative for Workers'
Compensation Insurer
Liberty Mutual Insurance Company
Ernest Palazzolo, BBO# 637443
BLACK, CETKOVIC & WHITESTONE
200 Berkeley Street
Boston, MA 02116
(617) 236-1900

Representative for Defendants
Asitrade AG and Bobst Group USA, Inc.
Kevin G. Kenneally, BBO# 550050
DONAVAN HATEM LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Representative for Defendant
Liberty–Standard LLC
d/b/a Bicknell & Fuller Specialty Packaging
James E. Harvey, Jr., BBO# 224920
O'MALLEY and HARVEY LLP
155 Federal Street, 12ᵗʰ Fl.
Boston, MA 02110
(617) 357-5544

The foregoing petition adequately recites the terms, allocations and reasons for
the settlement of the third party claim. Accordingly, the reviewing board or the board, or
the presiding justice of the Court where the third party action was commenced approves
the petition. If the insurer recovers previously paid workers' compensation benefits as a
result of this settlement, it shall submit a revised statistical unit report to the appropriate
rating bureau within sixty (60) days of recovery. G.L.c.152, s.53A (4).

DATE: 9-18-06

Presiding Justice
United States District Court

6

**FORM 117**

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board #
(If Known):

35499-01

## AGREEMENT FOR REDEEMING LIABILITY
### BY LUMP SUM UNDER G.L. CH. 152
### FOR INJURIES OCCURRING ON OR AFTER NOV. 1. 1986

Page 1 of 2
*Please Print or Type*

EMPLOYEE __Ramon Gonzalez__ LUMP SUM AMOUNT $ __27,500.00__

EMPLOYER __Liberty Diversified__ TOTAL DEDUCTIONS $ __4,000.00__

INSURER __Liberty Mutual Insurance__ NET TO CLAIMANT $ __23,500.00__

BOARD NUMBER __35499-01__ TOTAL PAYMENTS $ __46,500.00__
(Weekly benefits plus lump sum)

DATE OF INJURY __9-18-01__

### CHECK WHERE APPLICABLE

( x ) Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( ) Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( x ) In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

( ) The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

| | NAME | ADDRESS |
|---|---|---|
| 1. $ 2,667 <br> Attorney's Fee | Fairburn & Dike | 234 Essex St. Lawrence,MA 0184 |
| 2. $ 1,333.00 <br> Attorney's Expenses | Mitchell Garabedian <br> (Please attach documentation) | 100 State Street Boston, MA 02109 |
| 3. $ N/A <br> Liens | (Please attach discharges) | |
| 4. $ N/A <br> Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | | |
| 7. $ | | |

(OVER)

Form 117 - Revised 8/2001 - Reproduce as needed.

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT

EMPLOYEE MEDICAL INFORMATION:

Age __45__ No. of Dependents __0__ Average Weekly Wage $ __440.77__ Compensation Rate $ _____

Social Security No.*: __020 - 849465__ Occupation __Machine Operator__ Educational Background __8th grade__

On Social Security: YES ( ) NO ( x )

On Public Employee Disability Retirement: YES ( ) NO ( x )

DIAGNOSIS __crush injury to left__ PRESENT MEDICAL CONDITION __End result with peri__

__arm, shoulder injuries__ _____ Treatment

Present Work Capacity: __Limited & use of minor__ Third Party Action __Pending__

__arm__

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS
IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):*

See Attachment "A"

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION
A P P R O V E D
JUN 29

(Please attach a separate sheet if necessary.)

Received of ____ Liberty Mutual Insurance ____ the Lump Sum of __Twenty-Seven thousand,__

__five hundred__ dollars and __No__ cents ($ 27,500.00 )

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers'

Compensation Act, for all injuries received by __Ramon Gonzalez__ _____

on or about ____ 9-18-01 ____ while in the employ of __Liberty Diversified Industries__

_____ . I fully understand that after all of the deductions herein I will receive

$ __23,000.00__ _____ . I am fully satisfied with and request approval of this settlement. This agreement

has been translated for me into my native language of __english__ _____ .

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | | 65 Shawsheen Rd. | 04843 |
| | | C/o of H-bert Nte Belo Lawrence, MA | |
| CLAIMANT'S COUNSEL: | | 234 Essex St. | 01840 |
| | | Lawrence, MA | |
| INSURER'S COUNSEL: | | R.N. E. Burns ClSint 110 Balre, ma 0510 | |
| Signed this | day of January | | 2003 |

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF INDUSTRIAL ACCIDENTS

EMPLOYEE: RAMON GONZALEZ
EMPLOYER: LIBERTY DIVERSIFIED INDUSTRIES
INSURER:    LIBERTY MUTUAL INSURANCE
DOI:          9-18-01
DIA#:        35499-01

## ATTACHMENT "A" TO LUMP SUM AGREEMENT

Now come the parties asking this Honorable Court to approve the attached lump sum agreement. As reasons therefore the employee states as follows:

The Employee, Ramon Gonzalez, is a forty-five year old man, educated through the 8th grade in his native country of Dominican Republic. He immigrated into the United States in 1980 and taught himself English. He is a fluent speaker of English but has only a limited ability to read and write in that language. Upon coming to the United States he worked as a factory worker for Cardinal Shoe. He remained employed at Cardinal Shoe for approximately twenty years until the factory closed down. Thereafter, on March 26, 2001, he became employed at The Employer, Liberty Diversified Industries, as a Machine Operator. He has worked no other job in the United States.

On September 18, 2001 Mr. Gonzalez was working his normal job at the Employer when his left arm was caught in the intake rollers of his machine. The rollers pulled his arm into the machine causing sever crush injuries to his left wrist and arm. The twisting of his arm in the machine also injured his left shoulder. After being extricated from the machine Mr. Gonzalez was taken directly to a local hospital and ultimately his care was transferred to the Massachusetts General Hospital in Boston.

The Insurer commenced payments without prejudice but ultimately the Insurer accepted liability by continuing his payments beyond the 180-day period. On August 8, 2002 the Insurer had an Independent Medical Exam performed by John F. Duff, M.D. He opined that the Mr. Gonzalez had recovered well from his injuries and the subsequent surgeries he endured. Doctor Duff concluded that it would be appropriate for Mr. Gonzalez to attempt to return to the workforce with limitations. He further opined that Mr. Gonzalez would suffer some permanent impairment from the injury but did not quantify this in a percentage of loss of function pursuant to the AMA guidelines.

At about the same time period Mr. Gonzalez new treating physician at Massachusetts General Hospital, Dr. Phani Dantuluri, released him to p.r.n. care. Essentially indicating that Mr. Gonzalez was at an end result unless further complications arose. Based on these reports the Employee was entered into a vocational re-training program. Presently Mr. Gonzalez is in the early stages of this program, which includes

training for a G.E.D. certificate. Vocational retraining has assented to this settlement as in Mr. Gonzalez' best interest.

This settlement nets the Employee twenty-three thousand, five hundred dollars ($23,500.00). This amount represents over one and one half years of additional temporary total benefits. In fact this amount represents nearly the entire remaining s.34 exposure. Procedurally the Insurer has moved for a modification of benefits. Based upon the aforementioned medical records it is anticipated that Mr. Gonzalez' benefits would have been reduced at Conference and this matter would have been extensively litigated.

The settlement proceeds are to be based upon Mr. Gonzalez' life expectancy pursuant to Sciarrota v. Bowden . Pursuant thereto this settlement represents a lifetime monthly income of forty-one dollars and thirty-five cents ($41.35). This is calculated as follows:

| | |
|---|---|
| Total Settlement | $27,500.00 |
|    Less | |
| Legal Fees & Liens | $4,000.00 |
| Loss of Function Award | $7,500.00 |
| | |
| Indemnity Award | $16,000.00 |

At forty-five years of age Mr. Gonzalez has a life expectancy of approximately forty years. As such for the purposes of Social Security offset provisions his indemnity award is equal to a monthly lifetime award of forty-one dollars and thirty-five cents ($41.35) pursuant to Sciaratta, *Ibid.*

Given the above information the Employee believes that this settlement is in his best interest and respectfully requests that this Honorable Court approve it. Please send Employees check to Atty Herbert Dike.

Employee

Employee Counsel

DEPARTMENT OF INDUSTRIAL ACCIDENTS
DIVISION OF DISPUTE RESOLUTION

APPROVED

JAN 2 9 2003

by _____
Administrative Judge
in Accordance with Mass. G.L.c. 152

Insurer's Counsel

"EXHIBIT B"

## CONTINGENT FEE AGREEMENT
To be Executed in Duplicate

Date: _AUGUST  1_, 200_4_

The Client _RAMON GONZALEZ 523 ESSEX ST. LAWRENCE MA._
                    (Name)              (Street & Number)            (City or Town)
retains the lawyer Jeffrey S. Ahearn, 44 School Street, 6th Floor, Boston, Massachusetts
02108 to perform the legal services mentioned in paragraph (1) below. The lawyer
agrees to perform them faithfully and with due diligence.

(1)   The claim, controversy and other matters with reference to which the services are
       to be performed are:   _INJURIES AT WORK ON 9/18/01_

(2)   The contingency upon which compensation is to be paid is:
       _RECOVERY OF MONIES FROM THIRD PARTIES_

(3)   The client is not liable to pay any compensation or court costs and expenses of
       litigation otherwise than from amounts collected for the client by the lawyer,
       except as follows:   _NONE OTHER THAN OUT OF POCKET EXP_

(4)   Compensation (including that of any associated counsel) to be paid to the lawyer
       by the client on the foregoing contingency shall be the following percentage of
       the gross amount collected.   _33 1/3 %_

(5)   The client is in any event to be liable to the lawyer for his reasonable expenses
       and disbursements.

(6)   If, at any time, the client requests his or her file, the client is required to pay any
       and all copying charges to the lawyer consistent with the lawyer's actual cost for
       the copying of any and all pleadings or other papers filed with or by the court or
       served upon any party, and for the copying of any and all of the lawyer's work
       product, as defined in Rule 3:07, Rule 1.16(e)(6) of the Rules of Professional
       Conduct adopted by the Massachusetts Supreme Judicial Court, including, but not
       limited to, legal research, records of witness interviews, reports of negotiations
       and correspondence.

This agreement and its performance are subject to Rule 1.5 of the Rules of Professional
Conduct adopted by the Massachusetts Supreme Judicial Court.

WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Witnesses to signatures:
(To Client) _Maxina Gozal_            _Ramon Gonzalez_
                                                      (Signature of Client)
(To Lawyer) _Maxina Gonzal_          _____
                                                      (Signature of Lawyer)